UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CONSUMER VEHICLE DRIVING
DATA TRACKING LITIGATION                                                                  MDL No. 3115


**TRANSFER ORDER**


**Before the Panel**:* Plaintiff in the Central District of California *Thongsawang* action moves under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California. This litigation consists of seven actions pending in five districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of 20 potentially-related actions.[1]

No responding party opposes centralization of the actions on the motion, but there is some disagreement on the transferee district and the scope of the litigation. One plaintiff does not oppose the motion. Plaintiffs in eleven actions and potential tag-along actions suggest centralization in the Eastern District of Michigan, in the first instance or in the alternative. Plaintiffs in one action and one potential tag-along action suggest centralization in the Middle District of Pennsylvania or, alternatively, the Eastern District of Pennsylvania. Plaintiffs in four potential tag-along actions suggest centralization in the Northern District of Georgia, in the first instance or in the alternative. Plaintiff in one potential tag-along action suggests centralization in the District of Minnesota. Plaintiff in one potential tag-along action suggests centralization in the Northern District of California. Defendants General Motors LLC (General Motors), OnStar, LLC (OnStar), and LexisNexis Risk Solutions Inc. (LexisNexis) support centralization in the Eastern District of Michigan, and LexisNexis alternatively supports the Northern District of Georgia. Defendant Verisk Analytics, Inc. (Verisk), named in four potential tag-along actions, supports centralization in the Southern District of York or, alternatively, the Eastern District of Michigan.

Regarding the scope of the litigation, movant argues that the MDL should include actions naming auto manufacturers other than General Motors. Currently, there are only two such actions—the Eastern District of Pennsylvania *Vaughn* potential tag-along action, which names Kia America, Inc. (Kia), and the Central District of California *Winkelvoss* potential tag-along action,

---

*       One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]     These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2. Movant notified the Panel of a nineteenth action in error, which no party disputes should not be included and will not be treated as a potential tag-along action.

- 2 -

which names Hyundai Motor America (Hyundai). Plaintiffs in *Vaughn* and one other action support including *Vaughn* and other actions naming non-General Motors manufacturers. Plaintiffs in four actions and potential tag-along actions and defendants General Motors, OnStar, and Kia oppose including actions naming non-General Motors manufacturers. The Panel was notified of the *Winkelvoss* action after the close of briefing, and its inclusion has not been addressed in briefing.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions share complex factual questions arising from allegations that General Motors equipped its vehicles with sensors and computer modules to collect information about personal driving behavior, and that it sold that information to data analytics companies like LexisNexis and Verisk, which then created reports of individuals' driving history and sold them to automobile insurance providers. Common factual questions will include: how General Motors and OnStar use the technology in General Motors vehicles to gather personal driving data, their policies and procedures surrounding gathering and sharing that data, their relationship with LexisNexis and Verisk, and whether defendants disclosed or obtained informed consent from drivers before collecting and disseminating driver data. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We cannot today conclusively reach the issue of whether the litigation should include actions naming non-General Motors auto manufacturers, because no such actions are included in the motion for centralization. Proponents of an industry-wide MDL generally have a heavy burden to show that the actions will share sufficient overlap that including them will promote the just and efficient conduct of the litigation. *See, e.g.*, *In re Proton-Pump Inhibitor Prods. Liab. Litig.*, 273 F. Supp. 3d 1360, 1362 (J.P.M.L. 2017) ("We are typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products.") (quotation omitted). The actions appear to involve unique factual issues concerning each automaker's design and implementation of technology for gathering driver data, its interactions and relationship with LexisNexis and/or Verisk, and its disclosures to drivers about data gathering and dissemination. Given that just two actions are pending naming two different non-General Motors auto manufacturers, we will not conditionally transfer these actions to the MDL. If any involved party believes that *Vaughn* or *Winkelvoss* should be centralized, it may file a separate motion to that effect. *See* Panel Rule 7.1(b)(i).

The Northern District of Georgia is an appropriate transferee district for this litigation. LexisNexis, named as a defendant in all but one action on the motion, is headquartered in this district. Relevant documents and witnesses, therefore, will be found there. This district is in an easily accessible, metropolitan area, and it is supported by both some defendants and some plaintiffs. Judge Thomas W. Thrash, Jr., who presides over five potentially-related actions, has a wealth of MDL experience, and we are confident he will steer this litigation on a prudent course.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash, Jr., for coordinated or consolidated pretrial proceedings.

                                PANEL ON MULTIDISTRICT LITIGATION

                                        Karen K. Caldwell
                                            Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
|---|---|
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: CONSUMER VEHICLE DRIVING
DATA TRACKING LITIGATION                                    MDL No. 3115

## SCHEDULE A

Central District of California

KING, ET AL. v. GENERAL MOTORS LLC, ET AL., C.A. No. 2:24−02560
THONGSAWANG v. GENERAL MOTORS LLC, ET AL., C.A. No. 8:24−00695

Southern District of Florida

CHICCO v. GENERAL MOTORS LLC, ET AL., C.A. No. 9:24−80281

Eastern District of Michigan

REED, ET AL. v. GENERAL MOTORS LLC, ET AL., C.A. No. 2:24−10804
BLOCK, ET AL. v. GENERAL MOTORS LLC, ET AL., C.A. No. 2:24−10824

Southern District of New York

LANDMAN v. GENERAL MOTORS LLC, ET AL., C.A. No. 1:24−02238

Middle District of Pennsylvania

DINARDO v. GENERAL MOTORS LLC, ET AL., C.A. No. 3:24−00524