# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | MDL Docket No. 3115<br>Case No. 1:24-md-3115-TWT<br><br>ALL ACTIONS<br>ALL DEFENDANTS |

## PLAINTIFFS' MOTION FOR LEAVE TO ALLOW LIMITED EARLY DISCOVERY AND BRIEF IN SUPPORT

Plaintiffs respectfully seek leave of court to obtain limited early discovery to accomplish the following:

- Securing preservation of relevant information currently being held by third parties;[1]

- Securing documents and other information provided by Defendants to various regulatory bodies, including the Texas Office of the Attorney General and various state insurance commissioners;

- Securing limited discovery, such as organizational charts and document storage and retention policies, to facilitate implementation of a meaningful and effective ESI protocol; and

- Permitting service of initial discovery requests to help frame the scope of discovery for this case.

While this limited early discovery imposes little to no burden on Defendants, it will materially advance the litigation once the anticipated motions to dismiss are

---

[1]  Plaintiffs filed a motion to allow the service of preservation subpoenas to third-parties who may have discoverable documents, which is incorporated herein. (ECF. 94.)

decided, answers are filed, and the formal discovery period commences under the Local Rules and Case Management Order No. 2. (ECF. 91.)  As good cause for granting the requested discovery, Plaintiffs show the Court as follows:

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

This MDL arises from General Motors LLC's ("GM") and OnStar LLC's ("OnStar"), secret collection of consumer vehicle driving data ("Driving Data"), and subsequent sale of this data to others, including LexisNexis Risk Solutions Inc. ("LNRS") and Verisk Analytics, Inc. ("VERISK"). As set forth in Plaintiffs' Consolidated Class Action Complaint ("CCAC"), Defendants have collected, harvested, marketed, and sold this Driving Data for millions of GM vehicle customers without their consent for millions of dollars.  (CCAC ¶ ¶ 1 - 3.)

After the centralization of cases in this Court on June 7, 2024 (ECF 1), and the appointment of leadership (ECF 63), counsel for Plaintiffs and Defendants began conferring on a scheduling order.  On October 9, 2024, the parties submitted separate proposed schedules within the Joint Preliminary Report and Discovery Plan (ECF 84), which previewed Plaintiffs' intention to seek leave to obtain the limited early discovery requested here.  At the October 18, 2024, Status Conference, the Court heard the initial positions of the parties, and directed Plaintiffs to file their motion for early discovery when the Consolidated Complaint is filed on December 13, 2024. (Tr. p. 20.)

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure are "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Rules afford broad authority for the Court to control the timing and scope of discovery. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011). To accomplish this aim, a district court has the inherent authority under the Federal and Local Rules "to alter the normal discovery schedule 'for the convenience of parties and witnesses and in the interests of justice.'" *White v. Georgia*, No. 1:07-cv-1739-WSD, 2007 WL 3170105, at *1 (N.D. Ga. Oct. 25, 2007) (citing Fed. R. Civ. P. 26(d) and LR 26.2(B)). And while a trial court should dispose of facial challenges to claims that "dramatically enlarge" the scope of discovery, *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997), it retains discretion to allow discovery before the resolution of such claims so long as they would not "significantly increase[] the burden of discovery." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1294 (11th Cir. 2005). Trial courts may also take a "preliminary peek" at the motion to dismiss stage to "balance the harm produced by the delay in discovery against the possibility that the motion will be granted ***and entirely eliminate*** the need for such discovery." *Fernandez v. Sita Info. Networking*

*Computing USA, Inc.*, No. 1:18-CV-4705-LMM-CCB, 2019 U.S. Dist. LEXIS 249471, at *4 (N.D. Ga. Jan. 25, 2019) (emphasis supplied).

In the context of requests for early or expedited discovery, "[i]n determining whether good cause exists, the court should weigh the need for quick discovery against the prejudice to the responding party." *Rivera v. Parker*, No. 1:20-CV-03210-SCJ, 2020 U.S. Dist. LEXIS 248707, at *7 (N.D. Ga. Aug. 28, 2020); *see also George v. Horne*, No. 1:22-CV-02176-SCJ, 2022 U.S. Dist. LEXIS 250029, at *3 (N.D. Ga. Aug. 12, 2022) (same). In deciding whether good cause exists for a party to conduct early or expedited discovery, courts in this district consider the following factors:

> (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.

*Polaris Experience, LLC v. Washington*, No. 1:23-CV-00750-ELR, 2023 U.S. Dist. LEXIS 92320, at *3-4 (N.D. Ga. Apr. 4, 2023)(cites); *Novelis Corp. v. Smith*, No. 1:16-CV-1557-ODE, 2016 U.S. Dist. LEXIS 202244, at *15 (N.D. Ga. Sep. 2, 2016) (identifying same factors).

## III.   ARGUMENT

The Northern District of Georgia's Local Rules provide that "[t]he discovery period shall commence thirty days after the appearance of the first

defendant by answer to the complaint, **_unless the parties mutually consent to_** **_begin earlier_**." _See_ LR 26.2 (emphasis added). Local Rule 26.2 does not outright prohibit early discovery as Defendants claim. (ECF 84, Joint Prelim. Rpt., p. 56.) Moreover, "this timing is not absolute and may be altered by the Court." _Solvay Specialty Polymers USA, Inc. v. Zhenguo Liu_, No. 1:18-CV-02120-ELR, 2018 WL 8221067, at *1 (N.D. Ga. July 17, 2018) (N.D. Ga. Mar. 8, 2018) (quoting Fed. R. Civ. P. 26(d)(1)).

Matters relating to the timing and scope of discovery are within the sound discretion of the district court, _see_ Fed. R. Civ. P. 26(b), (d); _Crawford-El v. Britton_, 523 U.S. 574, 598 (1998)(trial court has "broad discretion" over discovery process); _Patterson v. U.S. Postal Serv._, 901 F.2d 927, 929 (11th Cir. 1990); _White v. Georgia_, 2007 WL 3170105, at *1 (recognizing authority of trial court to alter normal schedule) (citing Fed. R. Civ. P. 26(d) and LR 26.2(B)), and this District will permit early discovery if the moving party shows good cause. The Court should exercise its sound discretion here and find good cause to permit the early but limited discovery requested here.

### A.   The Anticipated Motions to Dismiss Should Not Bar Plaintiffs' Request to Engage in Limited Early Discovery

Defendants' motions to dismiss are not due to be filed until March 13, 2025, and will not be fully briefed until May 23, 2025 – more than five (5) months from now.  (ECF 91, Scheduling Order.)  Delay has an inherent cost. _See_ Fed. R. Civ. P.

1; *Equity Lifestyle Props., Inc v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (recognizing goal of "the orderly and expeditious disposition of cases."). Accordingly, "[w]hen 'deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Reynolds v. Dekalb Cnty. Sch. Dist.*, No. 1:22-CV-04299-LMM-JEM, 2023 U.S. Dist. LEXIS 168413, at *6-7 (N.D. Ga. Sep. 21, 2023) (quoting *SP Frederica, LLC v. Glynn County*, No. 2:15-CV-73, 2015 U.S. Dist. LEXIS 119310, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015).[2] Here, the balance points in favor of allowing limited discovery now: Plaintiffs face the certain harm associated with delay, while Defendants face little burden they will have needlessly engaged in discovery. *See* Fed. R. Civ. P. 1 (specifying concerns of justice, speed, and economy). To illustrate, in the parties' Joint Discovery Plan (*see*

---

[2] While other district courts in this Circuit may not share this District's local rules, they are bound by the same precedent. For this reason, it is instructive that those district courts routinely allow discovery to commence before an answer has been filed. *See, e.g., Nankvil, supra*; *S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *1-2 (S.D. Fla. Jan. 24, 2007) (denying defendant's motion to stay discovery because any result would be much the same discovery); *Boccione v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) ("Because resolution of Defendants' Motion to Dismiss could not possibly resolve the entire case and because there is sufficient reason to question whether it will even dispose of all claims against these Defendants, it would be improper for the Court to stay discovery pending resolution of that Motion.").

ECF No. 84), Plaintiffs identified the following subjects on which they anticipated early discovery would be necessary:

> Along with document preservation efforts, Plaintiffs intend to seek leave from the Court to conduct targeted early discovery for three limited purposes: (1) to secure information from third parties such as GM dealers that likely possess relevant information; (2) to secure documents and other information provided by Defendants to regulators regarding the facts at issue; and (3) to secure documents and other information necessary to meaningfully engage in a process to facilitate the agreement and implementation of an ESI protocol.

(Joint Discovery Plan, ECF No. 84 at 31-32.)[3] Beyond these discrete items, Plaintiffs also proposed serving initial Requests for Production to help shape the scope of discovery in this case with a process starting after Plaintiffs file the Consolidated Class Action Complaint, such as conferring about custodians, search terms, production protocols, and the scope of the initial requests for production.  (ECF 84, p. 22.)  Defendants will not be expected to file formal response to the RFPs before discovery formally begins.[4] Indeed, the 2015 amendments to Federal Rule of Civil

---

[3]Both Congress and the Texas Attorney General have launched investigations concerning GM's sale of Driving Data for millions of GM's customers requesting information from GM. *See, e.g.*, CCAC ¶ 734 (Senate investigation confirming GM has shared data with Verisk and other unnamed commercial partners) and CCAC ¶ 720 (Texas Attorney General revealing GM agreement to share 2018 Driving Data for 2.6 million GM vehicles). Plaintiffs should be afforded the opportunity to start collecting that information.

[4]During the meet and conferrals, Plaintiffs agreed Defendants would not be obligated to respond to the initial discovery requests until the formal discovery process begins under the local rules and CMO No. 2.

Procedure specifically contemplate early Rule 34 Requests, prior to a Rule 26(f) conference. *See* F.R.C.P. Rule 26(d)(2) ("More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered.")  This proposal addresses and avoids the inevitable delay when *any* of the claims in Plaintiffs' CCAC survive dismissal. *See* Comment to Rule 26(d)(2) ("This relaxation of the discovery moratorium is designed to facilitate focused discussion during the Rule 26(f) conference.").

### B. Good Cause Exists to Allow Limited Discovery Now

 "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Voltage Pictures, LLC v. Does 1-31*, 291 F.R.D. 690, 694 n.8 (S.D. Ga. 2013); *Rivera v. Parker*, No. 1:20-CV-03210-SCJ, 2020 U.S. Dist. LEXIS 248707, at *7 (N.D. Ga. Aug. 28, 2020) (same); *see also George v. Horne*, No. 1:22-CV-02176-SCJ, 2022 U.S. Dist. LEXIS 250029, at *3 (N.D. Ga. Aug. 12, 2022) (same). Defendants will not be prejudiced by early limited discovery that will greatly facilitate efficiency by ensuring the parties prepared to proceed with substantive discovery once Defendants' answers are filed. First, the third-party preservation subpoenas are not directed at the Defendants so any perceived discovery burden on Defendants is nonexistent. Second, securing copies of documents Defendants already provided in response to the Texas Attorney General and other regulators, and organization

charts, is a minimal burden, if any, and does not unduly expand the scope of discovery. Third, allowing Plaintiffs to serve initial RFPs is consistent with well-reasoned principles of Rule 26(d)(2).

As mentioned *supra*, courts in this District have considered factors to determine good cause for allowing early discovery, including:

(1) whether a motion for preliminary injunction is pending;
(2) the breadth of the requested discovery;
(3) the reason(s) for requesting expedited discovery;
(4) the burden on the opponent to comply with the request for discovery; and
(5) how far in advance of the typical discovery process the request is made.

Although Plaintiffs seek no preliminary injunction in this case, the absence of such relief is not dispositive because all of the other factors weigh in favor of permitting early discovery. *Polaris Experience, LLC v. Washington*, No. 1:23-cv-00750-ELR, 2023 U.S. Dist. LEXIS 92320 (N.D. Ga. Apr. 4, 2023) (allowing early discovery where no preliminary injunction was pending).

As to the second and fourth factors, the breadth of the requested discovery is narrowly tailored and limited, and does not impose an unduly burden on Defendants. The third factor –the reason Plaintiffs' request early discovery – is to avoid inevitable delays when, many months later, one or more claims survives a motion to dismiss. Under the 11th Circuit's rational in *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1294 (11th Cir. 2005), this Court is permitted to "peek" under the hood of the millions of GM vehicles involved in this litigation to determine if there are any

claims that might survive the anticipated motions to dismiss. To do so serves the interests of justice and efficiency. These concerns are particularly heightened here given that Defendants take the position they are not obligated to run search terms across their collected documents until *after* they have lodged objections to Plaintiffs' documents requests in formal discovery. The fifth and final factor – how far in advance of the typical of typical discovery process the request is made – also weighs in favor of permitting the limited discovery requested. Plaintiffs are not seeking to advance full and robust discovery before Defendants' answers are filed. What Plaintiffs seek is to allow limited discovery that gives shape and context to the scope of discovery, once it formally begins.

## CONCLUSION

For the foregoing reasons, good cause supports early, but limited, discovery sought here, and Plaintiffs respectfully request the Court allow them to begin this discovery ahead of the Court's rulings on Defendants' anticipated Motions to Dismiss.

Dated: December 13, 2024.                    Respectfully submitted,

*/s/ John R. Bevis*                                    */s/ Norman E. Siegel*
John R. Bevis, GA Bar No. 056110        Norman E. Siegel*
**THE BARNES LAW GROUP, LLC**      **STUEVE SIEGEL HANSON LLP**
31 Atlanta Street                                    460 Nichols Road, Suite 200
Marietta, Georgia 30060                        Kansas City, Missouri 64112
Tel: (770) 227-6375                              Tel: (816) 714-7100
bevis@barneslawgroup.com                siegel@stuevesiegel.com
*MDL Co-Lead Counsel*

Bryan L. Clobes*
**CAFFERTY CLOBES
MERIWETHER & SPRENGEL
LLP**
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com

Amy Keller*
**DICELLO LEVITT LLP**
Ten North Dearborn
Street Ste Sixth Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
akeller@dlcfirm.com

*OnStar Track Co-Lead Counsel*

Joseph P. Guglielmo*
**SCOTT+SCOTT ATTORNEYS AT
LAW LLP**
230 Park Avenue, 17th Floor
New York, New York 10169
Tel: (212) 223-4478
jguglielmo@scott-scott.com

Sabita J. Soneji*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com

*LexisNexis/Verisk Track Co-Lead Counsel*

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send email notification of such filing to all counsel of record this 13th day of December, 2024.

*/s/ John R. Bevis*
John R. Bevis
Georgia Bar No. 056110
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com