**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | No. 1:24-md-3115-TWT |

**DEFENDANTS LEXISNEXIS RISK SOLUTIONS INC. AND VERISK ANALYTICS, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FAIR CREDIT REPORTING ACT CLAIM AND STATE LAW CLAIMS**

# TABLE OF CONTENTS

**Page**

ARGUMENT ....................................................................................................2

I. Plaintiffs' State Law Claims are Preempted Because They Stand as an Obstacle to the FCRA's Objectives. ........................................................2

A. Obstacle Preemption Applies. ........................................................2

B. The FCRA Squarely Covers the Conduct Alleged in the MCC...........3

C. Plaintiffs' Claims Are Tethered To A Consent Requirement That Would Pose An Impermissible Obstacle To The FCRA's Objectives. ....................................................................................3

II. Section 1681t(b)(1)(F) Expressly Preempts Plaintiffs' State Law Claims. ..........................................................................................5

III. The FCRA's Limitation of Liability Provision Preempts the Claims "in the nature of" Invasion of Privacy. ........................................................5

IV. Plaintiffs' § 1681e(b) Claims Must Be Dismissed. ......................................9

A. Plaintiffs Do Not Plausibly Allege Any Inaccuracies in Their Consumer Reports. ..........................................................................9

B. Plaintiffs' Conclusory Allegations Regarding Alleged Lack Of Reasonable Procedures Do Not State A Claim For Relief. ................11

C. The MCC Fails To Plead The Alleged Inaccurate Reporting Proximately Caused An Injury To The Plaintiffs. ..............................12

D. Plaintiffs Fail To Plead A "Willful" Violation Of The FCRA............13

E. The New Purported Claims Under §§ 1681b And 1681e(a) Must Be Dismissed...........................................................................14

CONCLUSION ..............................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aghaeepour v. N. Leasing Sys.*,
378 F. Supp. 3d 254 (S.D.N.Y. 2019) ....................4

*Barnette v. Equifax, Inc.*,
No. 2:18-cv-01348,
2019 U.S. Dist. LEXIS 128764 (S.D. W. Va. June 12, 2019) ....................7

*Beckford v. Clarity Servs.*,
No. 8:20cv2718,
2021 U.S. Dist. LEXIS 133902 (M.D. Fla. July 13, 2021) ....................15

*Brown v. Sterling Infosystems, Inc.*,
No. 3:10CV697,
2010 U.S. Dist. LEXIS 87873 (N.D. Ohio Aug. 2, 2010)....................7

*Crosby v. Nat'l Foreign Trade Council*,
530 U.S. 363 (2000)....................2, 5

*Cushman v. Trans Union Corp.*,
115 F.3d 220 (3d Cir. 1997) ....................8

*Erickson v. First Advantage Background Servs. Corp.*,
981 F.3d 1246 (11th Cir. 2020) ....................12

*Frazier v. TransUnion*,
No. 23-3637,
2023 U.S. Dist. LEXIS 177452 (E.D. Pa. Sept. 28, 2023)....................5

*Frydman v. Experian Info. Sols., Inc.*,
No. 14cv9013-PAC-FM,
2016 U.S. Dist. LEXIS 107139 (S.D.N.Y. Aug. 11, 2016)....................7, 8

*Gohman v. Equifax Info. Servs., LLC*,
395 F. Supp. 2d 822 (D. Minn. 2005)....................7

*Hill v. Equifax Info. Servs., LLC*,
No. 1:20-cv-04429,
2021 U.S. Dist. LEXIS 255710 (N.D. Ga. Dec. 22, 2021) ................................11

*In re Home Depot S'holder Derivative Litig.*,
223 F. Supp. 3d 1317 (N.D. Ga. 2016)............................................................14

*Jordan v. Equifax Info. Servs., LLC*,
410 F. Supp. 2d 1349 (N.D. Ga. 2006)..............................................................6

*Lazarre v. JPMorgan Chase Bank, N.A.*,
780 F. Supp. 2d 1320 (S.D. Fla. 2011) ............................................................12

*Lofton-Taylor v. Verizon Wireless*,
262 F. App'x 999 (11th Cir. 2008) .....................................................................6

*MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*,
60 F.4th 1314 (11th Cir. 2023) ...........................................................................2

*Neal v. Equifax Info Servs., LLC*,
1:03-cv-761,
2005 U.S. Dist. LEXIS 44784 (N.D. Ga. Mar. 5, 2005) .....................................8

*Pedro v. Equifax, Inc.*,
868 F.3d 1275 (11th Cir. 2017) ...................................................................13, 14

*Ponder v. Experian Info. Sols., Inc.*,
No. 1:19-CV-5494,
2021 U.S. Dist. LEXIS 126850 (N.D. Ga. May 18, 2021)..............................4, 7

*Purcell v. Bank of Am.*,
659 F.3d 622 (7th Cir. 2011) ..............................................................................7

*Red Hed Oil, Inc. v. H.T. Hackney Co.*,
292 F. Supp. 3d 764 (E.D. Ky. 2017)................................................................12

*Rivera v. Trans Union, LLC*,
No. 3:22-cv-1038,
2025 U.S. Dist. LEXIS 102879 (D. Conn. May 30, 2025) ................................15

*Ross v. FDIC*,
625 F.3d 808 (4th Cir. 2010) ..............................................................................6

*Safeco Ins. Co. of Am. v. Burr*,
551 U.S. 47 (2007)....................................................................3, 13, 14

*Saint-Cyr v. Equifax Info. Servs., LLC*,
No. 1:24-cv-3127,
2025 U.S. Dist. LEXIS 3750 (N.D. Ga. Jan. 8, 2025)......................................11

*Scott v. First Southern Nat'l Bank*,
936 F.3d 509 (6th Cir. 2019) ..........................................................................7

*Serfess v. Equifax Credit Info. Servs.*,
No. 13 Civ. 406,
2014 U.S. Dist. LEXIS 120138 (D.N.J. Aug. 28, 2014) .....................................8

*Shawlonda Hallback v. Carrington Mortg. Servs., LLC*,
No. 8:21-cv-1028,
2022 U.S. Dist. LEXIS 128949 (M.D. Fla. July 20, 2022) .................................4

*Snell v. G4S Secure Sols. (USA) Inc.*,
424 F. Supp. 3d 892 (E.D. Cal. 2019) ..............................................................3

*Spencer v. National City Mortg.*,
No. 1:10-cv-3532,
2011 U.S. Dist. LEXIS 168973 (N.D. Ga. Apr. 13, 2011).................................2

*Syed v. M-I, LLC*,
853 F.3d 492 (9th Cir. 2017) ..........................................................................3

*Thornton v. Equifax, Inc.*,
619 F.2d 700 (8th Cir. 1980) .......................................................................6, 8

*Washington v. CSC Credit Servs. Inc.*,
199 F.3d 263 (5th Cir. 2000) ........................................................................15

*White v. Trans Union LLC*,
No. 1:24cv324,
2025 U.S. Dist. LEXIS 21083 (E.D. Va. Feb. 5, 2025) ......................................8

**Statutes**

15 U.S.C. § 1681a(k)(1)(B)(i)...........................................................................13

15 U.S.C. § 1681b .....................................................................................1, 15

15 U.S.C. § 1681b(a) ....................16
15 U.S.C. § 1681b(a)(3)(C) ....................15
15 U.S.C. § 1681b(c)(1)....................15
15 U.S.C. § 1681e ....................15
15 U.S.C. § 1681e(a)....................1, 14, 15
15 U.S.C. § 1681e(b) ....................3, 9, 10, 11, 12, 14
15 U.S.C. § 1681g....................6
15 U.S.C. § 1681h....................6
15 U.S.C. § 1681h(e) ....................5, 6, 7, 8, 13
15 U.S.C. § 1681m....................6
15 U.S.C. § 1681n....................8
15 U.S.C. § 1681s-2 ....................5
15 U.S.C. § 1681s-2(a) ....................3
15 U.S.C. § 1681t(b)(1)(F) ....................5

**Other Authorities**

Local Civil Rule 7.1(B)....................5

Plaintiffs seek to disrupt over 50 years of law that has guided businesses regulated by the Fair Credit Reporting Act ("FCRA"). Their opposition rests on two primary fallacies: (1) the conduct Plaintiffs challenge is beyond the reach of the FCRA; and (2) the FCRA does not authorize consumer reporting agencies ("CRAs") to collect and disclose consumer data to insurers without consent. Plaintiffs are wrong on both fronts. ***All*** of Plaintiffs' claims involve the underwriting of insurance. That conduct falls squarely within the FCRA's scope. And the FCRA does ***not*** require consumers to consent to the collection and disclosure of their data for insurance underwriting. Any such requirement would pose an impermissible obstacle to a core FCRA objective—ensuring the free flow of consumer information for eligibility decisions. Hence, their claims are preempted.

Plaintiffs' FCRA claims also hinge on the creation of textually-unsupported legal requirements. Plaintiffs' argument that the "decontextualized" nature of their reports equates to an "inaccuracy" finds no support in the FCRA. And the arguments about CRA Defendants' lack of reasonable procedures are entirely conclusory and lacking in factual support. With respect to causation/damages, Plaintiffs' arguments of proximately caused premium increases are contradicted by their own allegations. Plaintiffs fail to demonstrate that CRA Defendants acted intentionally or recklessly, as required to show FCRA willfulness. Finally, the Court should reject Plaintiffs' attempt to add new and defective claims under FCRA §§ 1681b and 1681e(a).

## ARGUMENT

### I. Plaintiffs' State Law Claims are Preempted Because They Stand as an Obstacle to the FCRA's Objectives.

#### A. Obstacle Preemption Applies.

"[C]onflict preemption may occur when it is physically impossible to comply with both the federal and the state laws ***or* when the state law stands as an obstacle to the objective of the federal law**." *MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, 60 F.4th 1314, 1321 (11th Cir. 2023) (citation and internal quotation marks omitted) (emphasis added). In their opposition, Plaintiffs focus only on the first part of that standard, ignoring obstacle preemption. They argue that "[s]tate law is preempted as inconsistent with FCRA only where: (1) complying with the state law would 'cause a violation' of FCRA"; or (2) where the state laws are directly "regulated by FCRA." Pls.' Opp. Br. at 11-12; *see also id*. at 5. That is not the law.

Obstacle conflict preemption principles apply even where it is technically possible to comply with both the federal and the state laws. *MSP Recovery Claims, Series LLC*, 60 F. 4th at 1321. State law poses an unacceptable obstacle when "the purpose of the [federal] act cannot otherwise be accomplished," "its operation within its chosen field . . . [is] frustrated," or where "its provision[s] [are] refused their natural effect." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000). This Court has applied obstacle preemption principles to the FCRA. *Spencer v. National City Mortg.*, No. 1:10-cv-3532, 2011 U.S. Dist. LEXIS 168973, at *24

(N.D. Ga. Apr. 13, 2011) ("[a]llowing a private right of action under state law for conduct regulated by § 1681s-2(a) is . . . inconsistent with the FCRA" and therefore preempted); *see also* CRA Defs.' FCRA Mvg. Br. at 8 (citing additional cases).[1]

### B. The FCRA Squarely Covers the Conduct Alleged in the MCC.

Plaintiffs first argue their state law claims are not preempted "to the extent they challenge conduct that is not regulated by [the] FCRA at all." Pls.' Opp. Br. at 12. However, the MCC is ***all*** about FCRA-regulated activity, *i.e.*, the disclosure of data in consumer reports in connection with the underwriting of insurance. Indeed, Plaintiffs assert such reporting violates § 1681e(b), thereby conceding that it is, in fact, regulated by the statute.[2] Pls.' Opp. Br. at 25; *see also* MCC, ¶ 1108.

### C. Plaintiffs' Claims Are Tethered To A Consent Requirement That Would Pose An Impermissible Obstacle To The FCRA's Objectives.

Plaintiffs' claims are grounded in two theories: (1) a CRA has a duty to ensure a furnisher has consumer consent to transmit consumer data; and (2) a CRA must

---

[1] Plaintiffs cite an informal FTC Staff Opinion letter from 1981 to argue the FCRA preempts state law only when compliance violates federal law. Pls.' Opp. Br. at 9. However, informal opinion letters do not constitute authority. *See e.g.*, *Snell v. G4S Secure Sols. (USA) Inc.*, 424 F. Supp. 3d 892, 901 (E.D. Cal. 2019) ("[I]nformal opinion letters do not constitute *authoritative* guidance" from the FTC) (quoting *Syed v. M-I, LLC*, 853 F.3d 492, 504 n. 6 (9th Cir. 2017)); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 n. 19 (2007).

[2] Plaintiffs' lone reference to unspecified "non-FCRA products," MCC ¶ 751, unaccompanied by factual allegations, fails to save their claims from preemption.

also have consumer consent to furnish a consumer report. *See* CRA Defs.' FCRA Mvg. Br. at 6-12. Plaintiffs fail to explain how either claim can be squared with the fundamental objectives of the FCRA and its permissible purpose framework.

Courts have squarely held that: (1) the FCRA allows CRAs to collect and furnish information ***without*** consumer consent; and (2) requiring otherwise would stand as an obstacle to the FCRA's objectives. *See id*. at 10-11. In fact, this Court has previously held that "any state law requiring a CRA to first obtain authorization from a consumer before it produced or disseminated a report about that consumer would render the majority of the requirements found in the FCRA meaningless." *Ponder v. Experian Info. Sols., Inc.*, No. 1:19-CV-5494, 2021 U.S. Dist. LEXIS 126850, at *70 (N.D. Ga. May 18, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 126849 (N.D. Ga. May 18, 2021).[3]

Plaintiffs cannot avoid preemption by citing inapposite cases pertaining to ***notice***, as opposed to consent. *See* Pls.' Opp. Br. at 15 (citing *Aghaeepour v. N. Leasing Sys.,* 378 F. Supp. 3d 254 (S.D.N.Y. 2019)). A state law merely requiring

---

[3] Notwithstanding these authorities, Plaintiffs contend that CRA Defendants "knew that notice and consent were legal prerequisites to obtaining [and sharing] Plaintiffs' driving data." Pls.' Opp. Br. at 14 (citing MCC ¶¶ 761-62). But any such claimed knowledge of (false) "legal prerequisites" has no impact on whether the FCRA preempts the requirements Plaintiffs seek to impose. *See Shawlonda Hallback v. Carrington Mortg. Servs., LLC*, No. 8:21-cv-1028, 2022 U.S. Dist. LEXIS 128949, at *5-6 (M.D. Fla. July 20, 2022) ("ordinary preemption is a question of law that does not require factual support").

notice prior to the disclosure of information in consumer reports would ***not*** permit consumers to opt out of consumer reporting. By contrast, a law requiring consent would do precisely that. The FCRA does not create an "opt in" regime. *Frazier v. TransUnion*, No. 23-3637, 2023 U.S. Dist. LEXIS 177452, at *10-11 (E.D. Pa. Sept. 28, 2023). And any state law imposing such a regime would conflict with the FCRA's purpose of ensuring the free flow of consumer information, frustrating the operation of the statute within its chosen field. *Crosby*, 530 U.S. at 373.

## II. Section 1681t(b)(1)(F) Expressly Preempts Plaintiffs' State Law Claims.

Plaintiffs' state law claims also are expressly preempted under 15 U.S.C. § 1681t(b)(1)(F). *See* CRA Defs.' Mvg. Br. at 15 n.4. That provision preempts any "subject matter regulated under" Section 1681s-2, including the conduct at the heart of this case: the provision of consumer data by a furnisher (*i.e.,* GM) to a CRA. Plaintiffs' opposition omits any reference to the CRA Defendants' express preemption argument. In fact, Plaintiffs do not reference § 1681t(b)(1)(F) ***at all***. *See* Pls.' Opp. Br. at 16-17. That silence is an admission that § 1681t(b)(1)(F) preempts Plaintiffs' state law claims against CRA Defendants. *See* Local Civil Rule 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

## III. The FCRA's Limitation of Liability Provision Preempts the Claims "in the nature of" Invasion of Privacy.

Section 1681h(e) of the FCRA also requires dismissal of a claim "in the nature of" invasion of privacy, absent plausible allegations a CRA reported "false

information" with malice or willful intent to injure. *See Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1001-02 (11th Cir. 2008); 15 U.S.C. § 1681h(e). Many of Plaintiffs' state law claims are "in the nature of" invasion of privacy and are thus preempted by § 1681h(e). *See* CRA Defs.' Mvg. Br. at 15-17. Plaintiffs make various arguments to avoid that conclusion. Pls.' Opp. Br. at 18-25. None succeed.

Plaintiffs first argue § 1681h(e) is inapplicable because their claims do not concern disclosures to consumers (§ 1681g), conditions and forms of disclosures to consumers (§ 1681h), or the requirements on users of consumer reports (§ 1681m). Pls.' Opp. Br. at 18. But courts have rejected that same interpretation of § 1681h(e), holding that the provision bars ***all*** state law claims for defamation, invasion of privacy, or negligence. *See, e.g., Jordan v. Equifax Info. Servs., LLC*, 410 F. Supp. 2d 1349, 1355 (N.D. Ga. 2006); *Ross v. FDIC*, 625 F.3d 808, 814 (4th Cir. 2010) (referring to §1681h(e)'s "general bar on defamation, invasion of privacy, and negligence") (citing *Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980)).

Plaintiffs also argue "Section 1681h(e) does not apply to statutory claims at all, only tort claims," and even then only to the "specifically listed" tort claims of defamation, negligence and invasion of privacy. Pls.' Opp. Br. at 20-21. Initially, the federal appellate courts that have examined the issue consistently hold the FCRA's preemption framework does not require § 1681h(e) be limited to tort claims.

*See, e.g.*, *Purcell v. Bank of Am.*, 659 F.3d 622, 625-26 (7th Cir. 2011); *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019) (same).

Likewise, Plaintiffs' argument that only the three specifically mentioned tort claims are preempted lacks merit. This Court has held that other, additional claims "in the nature of" invasion of privacy are likewise preempted. *Ponder*, 2021 U.S. Dist. LEXIS 126850, at *65 ("Although Plaintiff has not brought a claim specifically of defamation, invasion of privacy, or negligence, the Court agrees with Experian that 15 U.S.C. § 1681h(e) preempts the Plaintiff's common-law claim for a violation of his right to publicity."); *see also Brown v. Sterling Infosystems, Inc.*, No. 3:10CV697, 2010 U.S. Dist. LEXIS 87873, at *14 (N.D. Ohio Aug. 2, 2010) (§ 1681h(e) preempts negligent misrepresentation claim); *Frydman v. Experian Info. Sols., Inc.*, No. 14cv9013-PAC-FM, 2016 U.S. Dist. LEXIS 107139, at *56 (S.D.N.Y. Aug. 11, 2016) (same); *Barnette v. Equifax, Inc.*, No. 2:18-cv-01348, 2019 U.S. Dist. LEXIS 128764, at *22 (S.D. W. Va. June 12, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 127409 (Jul. 31, 2019) (§ 1681h(e) preempts negligent infliction of emotional distress claim); *Gohman v. Equifax Info. Servs., LLC*, 395 F. Supp. 2d 822, 828-29 (D. Minn. 2005) (§ 1681h(e) preempts tortious interference with credit expectancy claim).

Finally, Plaintiffs argue their claims are not preempted because the MCC plausibly alleges "malice" or "willful intent" under § 1681h(e). Pls.' Opp. Br. at 21.

Plaintiffs argue that "[t]he standard for willful intent to injure under Section 1681h(e) is essentially the same as the standard for punitive damages under Section 1681n" (which is the FCRA subchapter relating to willful noncompliance with the statute). *Id.* at 22. While Plaintiffs have not plausibly asserted claims for punitive damages, *see infra* Section IV, courts have rejected the argument that § 1681n and § 1681h(e) are synonymous, as the standard for "malice" or "willful intent to injure" under § 1681h(e) is even ***higher*** than the standard for a willful violation under § 1681n.[4] *See, e.g., Thornton*, 619 F.2d at 706 (concluding § 1681h(e) imposes a "higher requirement of proof" than proof of willfulness under § 1681n); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 229 (3d Cir. 1997) (adopting *Thornton* holding); *Frydman*, 2016 U.S. Dist. LEXIS 107139 at *56 (collecting cases); *Serfess v. Equifax Credit Info. Servs.*, No. 13 Civ. 406 (RBK) (JS), 2014 U.S. Dist. LEXIS 120138, at *23 (D.N.J. Aug. 28, 2014) (same).

Further, to allege the requisite "malice," Plaintiffs must plausibly allege that the defendant ***knew*** that information was false or acted with reckless disregard for its truth. *See Neal v. Equifax Info Servs., LLC*, 1:03-cv-761, 2005 U.S. Dist. LEXIS 44784, *9-10 (N.D. Ga. Mar. 5, 2005); *White v. Trans Union LLC*, No. 1:24cv324,

[4] Because Plaintiffs wrongly conflate the standards, they wrongly contend that they have alleged malice under Section 1681h(e) because they have alleged willfulness under Section 1681n. *See* Pls' Opp. Br. At 24. Not only are the standards different, but, for the reasons explained in Section IV *infra*, Plaintiffs also have not plausibly alleged any FCRA violation, willfully or otherwise.

2025 U.S. Dist. LEXIS 21083, at *8 (E.D. Va. Feb. 5, 2025) (dismissing insufficiently pled claim of FCRA "malice"). Plaintiffs failed to do so here. As discussed below, the MCC does not allege facts supporting a plausible inference that CRA Defendants disclosed any false information, let alone knowingly or recklessly.

## IV. Plaintiffs' § 1681e(b) Claims Must Be Dismissed.

### A. Plaintiffs Do Not Plausibly Allege Any Inaccuracies in Their Consumer Reports.

Plaintiffs concede they must allege that CRA Defendants reported inaccurate information to state a claim under § 1681e(b). *See* Pls.' Opp. Br. at 25-26. They argue "all Plaintiffs plausibly allege inaccuracies," citing paragraphs 916-931 and 1106 of the MCC as support. *Id*. at 26, 27 n.20. But those allegations are deficient.

Initially, none of these allegations allege a particularized inaccuracy. Some generally allege the data in CRA Defendants' reports was "fundamentally flawed," but none are tied to particular plaintiffs. *See* MCC ¶¶ 928, 931. Additionally, most of the cited paragraphs simply allege differences between LNRS' and Verisk's reports. *See e.g.*, MCC ¶¶ 921-26, 928. But differences in how competitors analyze and present information does not support a plausible inference of inaccuracy.[5]

---

[5] *See* Prepared Statement of the Federal Trade Commission on Credit Scoring, at 2 (Sept. 21, 2000) ("Because the credit data reported to each may differ and each model is unique, the same consumer likely will have a different score from each of the three CRAs [Experian, Equifax and Trans Union] at any given time."), *available at* https://www.ftc.gov/sites/default/files/documents/public_statements/prepared-statement-federal-trade-commission-credit-scoring/creditscoring.pdf.

Plaintiffs further argue that: (1) "decontextualized" data is inaccurate; and (2) the "driving data" necessarily collects data on other drivers, not just Plaintiffs, "rendering the reports inaccurate." *See* Pls.' Opp. Br. at 27-28. Neither argument sufficiently pleads a claim under § 1681e(b). Plaintiffs argue that "[t]his is a situation where context matters." Pls.' Opp. Br. at 28. But the FCRA does not require "context" for otherwise-accurate data, which was sent to sophisticated insurance providers who are heavily regulated by state departments of insurance, including with respect to the use of data in insurance underwriting. Regardless, the MCC simply does not allege the data reported to insurers did not accurately reflect how the vehicle was driven.

With respect to information regarding "other drivers," Plaintiffs allege, "upon information and belief," that their reports included driving data where spouses or other individuals also drove the same vehicle. *See* MCC ¶¶ 19, 33, 79, 920. But nowhere do Plaintiffs allege: (1) that other drivers, in fact, drove the same vehicle; (2) what specific data about "other drivers" appeared on their reports; or (3) the insurance carriers would have been misled that the driving data related to a vehicle and not a specific driver.[6] This is not a "factual inquiry," as Plaintiffs suggest, Pls.' Opp. Br. at 28. It is a fundamental pleading deficiency.

---

[6] Insurers logically assess risk of the ***car*** being damaged, which includes considering all individuals who regularly drive the insured vehicle. Accordingly, driving data

### B. Plaintiffs' Conclusory Allegations Regarding Alleged Lack Of Reasonable Procedures Do Not State A Claim For Relief.

"A plaintiff asserting a claim under Section 1681e(b) . . . must [also] allege facts showing that a CRA's policies were unreasonable or that the CRA failed to follow reasonable procedures." *Saint-Cyr v. Equifax Info. Servs., LLC*, No. 1:24-cv-3127-TRJ-CMS, 2025 U.S. Dist. LEXIS 3750, at *12 (N.D. Ga. Jan. 8, 2025). Plaintiffs have failed to do so. *See* CRA Defs.' Mvg. Br. at 23-25.

While the reasonableness of procedures may be a "jury question" in certain cases, Pls.' Opp. Br. at 31, that does not relieve Plaintiffs of their duty to plead sufficient facts to state a claim for relief here. Indeed, courts frequently dismiss § 1681e(b) claims when a complaint fails to state sufficient facts plausibly suggesting that CRA Defendants' procedures were unreasonable. *See, e.g., Saint-Cyr*, 2025 U.S. Dist. LEXIS 3750, at *12-13 (dismissing § 1681e(b) claim where plaintiff simply stated defendant failed to follow reasonable procedures); *Hill v. Equifax Info. Servs., LLC*, No. 1:20-cv-04429-WMR, 2021 U.S. Dist. LEXIS 255710, at *7 (N.D. Ga. Dec. 22, 2021) (same).

Instead of alleging facts regarding unreasonable procedures, Plaintiffs rely on their arguments about the purported "inaccuracies" to argue that "Defendants used

---

reflects how that vehicle is driven. *See* CRA Defs.' Mvg. Br. at 23, 29 n.11. The MCC is devoid of any allegations that the identified sophisticated insurance carriers would be misled by the driving data they received even if there were multiple drivers.

flawed systems." Pls.' Opp. Br. at 31. While there are no "inaccuracies," the attempt to use claimed "inaccuracies" to infer "unreasonable procedures" would convert the FCRA into a strict liability statute, which courts have routinely rejected. *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1328-29 (S.D. Fla. 2011) (holding that alleging inaccuracy is insufficient without also plausibly demonstrating a lack of reasonable procedures).

### C. The MCC Fails To Plead The Alleged Inaccurate Reporting Proximately Caused An Injury To The Plaintiffs.

To prove a § 1681e(b) violation, a plaintiff must plead the inaccurate reporting proximately caused them injury. *See Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020). For that element, Plaintiffs rely exclusively on the allegations in the MCC regarding increases in certain Plaintiffs' insurance premiums. Pls.' Opp. Br. at 32. Those allegations are insufficient.

Plaintiffs generically allege, "upon information and belief," their automobile insurers increased their premiums based on CRA Defendants' reporting. *See, e.g.*, MCC ¶¶ 20, 22 (examples of boilerplate allegations). But they then disclaim any knowledge as to ***why*** their premiums increased. *See* MCC ¶¶ 20, 34, 49, 64, 80, 94, 144, 167, 199, 210, 237, 253, 267, 280, 292, 354, 367, 381, 450, 464, 515, 531, 555, 573, 598, 618, 648. Most importantly, Plaintiffs plead no facts plausibly supporting a claim that any increase in premiums was tied to any specific driving data, as opposed to a litany of other factors. *See Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292

F. Supp. 3d 764, 774 (E.D. Ky. 2017) (dismissing claim for lack of alleged causation when plaintiffs broadly attributed misconduct to multiple sources but failed to specify the reason each caused the alleged harm).

Further, nine named Plaintiffs do not allege that their premiums increased at all. *See* CRA Defs.' Mvg. Br. at 26 n.10. Plaintiffs do not address those named Plaintiffs at all in their opposition brief.[7]

### D. Plaintiffs Fail To Plead A "Willful" Violation Of The FCRA.

To establish a willful violation, Plaintiffs must also plead that CRA Defendants knowingly or recklessly violated the FCRA. *See Safeco*, 551 U.S. at 69; *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282 (11th Cir. 2017) ("District courts may, and often do, determine on the pleadings that a plaintiff failed to plead willfulness when the interpretation of the relevant statute by the consumer reporting agency was not objectively unreasonable."). The MCC fails to satisfy that standard. Setting aside the bare legal conclusions, *see* MCC ¶¶ 1106(a), (c) ("knowingly and willfully engaged;" "knew, or were reckless in not knowing"), Plaintiffs cite only three paragraphs in the MCC to support their willfulness claim. *See* MCC ¶¶ 1101, 1105,

[7] In connection with their arguments on § 1681h(e) preemption, Plaintiffs argue their claims "do not concern allegations that a user of collected information has taken adverse action against a consumer." Pls.' Opp. Br. at 18-19. If their claims do not concern any adverse action, then Plaintiffs have no basis to allege an injury in the form of higher insurance premiums. *See* 15 U.S.C. § 1681a(k)(1)(B)(i) (defining adverse action to include "an increase in any charge for" any insurance). Dismissal is thus required either on preemption grounds or for lack of pleading causation.

1106(b); *see also* Pls.' Opp. Br. at 34-35. Those paragraphs, however, merely allege that CRA Defendants willfully violated the FCRA by reporting decontextualized driving data that might have been associated with another driver of the same vehicle. *See* MCC ¶¶ 1101, 1105, 1106(b) However, as discussed above, the omission of context from consumer reports is not even a FCRA violation, let alone a willful one.[8]

### E. The New Purported Claims Under §§ 1681b And 1681e(a) Must Be Dismissed.

The Court should also reject Plaintiffs' belated attempt to add new FCRA claims to the MCC. Count 10 alleges a "willful violation of the Fair Credit Reporting Act." MCC ¶¶ 1096-1110. It cites only ***one*** subsection of the statute: § 1681e(b). MCC ¶¶ 1104, 1108. Plaintiffs now argue, however, that they are also implicitly asserting claims under §§ 1681b and 1681e(a). Pls.' Opp. Br. at 36.

A plaintiff cannot add new claims in a brief opposing a motion to dismiss. *See In re Home Depot S'holder Derivative Litig.*, 223 F. Supp. 3d 1317, 1328 (N.D. Ga. 2016). However, even if the Court considers those unpled claims, the MCC still fails to state a claim under either section. Section 1681e(a) is designed to ensure that CRAs have processes to avoid providing reports for purposes other than those listed

[8] Plaintiffs argue *Pedro* is distinguishable because the defendant there had a "plausible FCRA interpretation to fall back on." Pls.' Opp. Br. at 35. But *Pedro* confirmed: (1) a plaintiff bears the burden of proving CRA Defendants willfully violated the FCRA, and (2) plaintiffs bear the burden "to cite any authority that 'might have warned [CRA Defendants] away from the view [they] took.'" 868 F.3d at 1280-81 (quoting *Safeco*, 551 U.S. at 70). Plaintiffs fail meet their burden.

in § 1681b. Thus, "'a plaintiff bringing a claim that a reporting agency violated the reasonable procedures requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b.'" *Beckford v. Clarity Servs.*, No. 8:20cv2718, 2021 U.S. Dist. LEXIS 133902, at *8 (M.D. Fla. July 13, 2021) (quoting *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000)). Plaintiffs' MCC contains a single, conclusory allegation that CRA Defendants furnished consumer reports for "an impermissible purpose." But Plaintiffs' other allegations confirm the opposite, *i.e.*, the alleged reports were furnished for ***permissible*** purposes, specifically in connection with underwriting insurance. 15 U.S.C. § 1681b(a)(3)(C); *see, e.g.,* MCC ¶¶ 186-88; ¶ 1103. Accordingly, the claims under § 1681e(a) and § 1681b fail.

Plaintiffs' attempts to avoid that conclusion fail. Plaintiffs' citation to § 1681b(c)(1) – which implicates prescreen solicitations – is not relevant to any allegations in the MCC. Pls.' Opp. Br. at 37. And their argument that CRA Defendants did not "have any permitted purpose to sell Driving Data," *id.*, is contradicted by the allegations in the MCC, which confirm CRA Defendants permissibly furnished consumer reports in connection with the underwriting of insurance. *See, e.g.,* MCC ¶¶ 186-88; 1101-03; 15 U.S.C. § 1681b(a)(3)(C); *see also Rivera v. Trans Union, LLC*, No. 3:22-cv-1038, 2025 U.S. Dist. LEXIS 102879, at *10 n.7 (D. Conn. May 30, 2025) ("only one of the enumerated circumstances in §

1681b(a) must exist"). Additionally, Plaintiffs' argument that the insurance permissible purpose does not apply "to the extent Plaintiffs were already insured" or "had not sought insurance from insurers who received their Driving Data," Pls.' Opp. Br. at 37, finds no support in the MCC or the law.[9] Finally, Plaintiffs tacked-on argument that the driving data was allegedly "shared with additional third parties (*See* ¶¶ 695-768), none of whom were permitted recipients under FCRA," Pls.' Opp. Br. at 37, again finds no support in the MCC and is contrary to allegations confirming that the driving data was shared with their insurers. *See, e.g.,* MCC ¶¶ 186-88.

## CONCLUSION

For the foregoing reasons, CRA Defendants respectfully request the Court: (1) grant their Motion to Dismiss, (2) dismiss Plaintiffs' state law claims and FCRA claim with prejudice, and (3) grant any further relief the Court deems appropriate.

---

[9] Their argument is also contradictory to their position with respect to their alleged "significant premium increases." Pls.' Opp. Br. at 32. That alleged adverse action would have only occurred in the context of an insurance underwriting decision.

Dated: June 23, 2025

Respectfully submitted,

*/s/ Ronald I. Raether, Jr.*
Ronald I. Raether, Jr. (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
100 Spectrum Center Drive
Suite 1500
Irvine, California 92618
Tel: (949) 622-2700
ron.raether@troutman.com

Julie Hoffmeister Smith (*pro hac vice*)
Timothy J. St. George (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
1001 Haxall Point
Richmond, Virginia 23219
Tel: (804) 697-1200
julie.hoffmeister@troutman.com
timothy.st.george@troutman.com

Cindy D. Hanson
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Tel: (404) 885-3000
cindy.hanson@troutman.com

*Attorneys for Defendant LexisNexis Risk Solutions Inc.*

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja (*pro hac vice*)
**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267)-675-4667
jasmeet.ahuja@hoganlovells.com

Allison J. Caplis (*pro hac vice*)
**HOGAN LOVELLS US LLP**
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410)-659-2784
allison.caplis@hoganlovells.com

*Attorneys for Defendant Verisk Analytics, Inc.*

## RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Ronald I. Raether, Jr.*
Ronald I. Raether, Jr.

*Attorney for Defendant LexisNexis Risk Solutions Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to all ECF registered participants.

DATED this 23rd day of June, 2025.

*/s/ Ronald I. Raether, Jr.*
Ronald I. Raether, Jr.

*Attorney for Defendant LexisNexis Risk Solutions Inc.*