**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | No.: 1:24-md-3115-TWT |

**DEFENDANTS GENERAL MOTORS LLC AND ONSTAR, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS THE MASTER CONSOLIDATED COMPLAINT**

Defendants General Motors LLC and OnStar, LLC ("Defendants") notify the Court of a new interpretative rule issued by the Consumer Financial Protection Bureau ("CFPB" or "Bureau") on the scope of the Fair Credit Reporting Act's ("FCRA") express preemption provisions. *See* Fair Credit Reporting Act; Preemption of State Laws, 90 Fed. Reg. 48710 (Oct. 28, 2025).

Defendants' motion to dismiss argued that Plaintiffs' state law claims were preempted by the FCRA to the extent they would require Defendants to provide notice to consumers or obtain their consent before furnishing information to consumer reporting agencies. ECF No. 142 at 44-51; ECF No. 165 at 27-31. In their opposition, Plaintiffs cited CFPB guidance on FCRA preemption, which they acknowledged the CFPB had withdrawn. ECF No. 153 at 40 & n.29. But Plaintiffs nonetheless urged the Court to adopt the CFPB's reasoning because, as they put it,

that "reasoning was not challenged and it remains the reasoned analysis of FCRA preemption by the subject area experts," i.e., the CFPB. *Id.*

The CFPB's new guidance, however, rejects the Bureau's prior interpretation of the FCRA's preemption provisions as "manifestly wrong." 90 Fed. Reg. at 48712. In doing so, the CFPB echoes the reasoning of the preemption arguments Defendants advanced in support of their motion to dismiss. Specifically, the CFPB's new interpretative rule confirms that the FCRA's express preemption provisions—including section 1681t(b)(1)(F) at issue here—are broad. The rule confirms "the [FCRA] generally preempts State laws that touch on broad areas of credit reporting, consistent with Congress's intent to create national standards for the credit reporting system." *Id.* at 48710. The rule also confirms that the phrase "[n]o requirement or prohibition" in section 1681t(b) "sweeps broadly" and "applies to all State laws[.]" *Id.* at 48712 (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 521 (1992) (plurality op.)). Likewise, the rule confirms the phrase "with respect to" in section 1681t(b)(1) "has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject." *Id.* (quoting *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1760 (2018)); *see also id.* at 48713 (discussing reasons why the Bureau's prior rule was incorrect to construe the "with respect to" clause narrowly).

With respect to section 1681t(b)(1)(F) specifically, the rule confirms the phrase "relating to" has "a broad pre-emptive purpose" and "reach[es] any subject that has a connection with, or reference to, the topics the statute enumerates[.]" *Id.* at 48712 (quoting *Coventry Health Care of Missouri, Inc. v. Nevils*, 581 U.S. 87, 96 (2017)). Thus, "*any* State law that concerns the responsibilities of furnishers is preempted" under section 1681t(b)(1)(F). *Id.* (emphasis added). As Defendants have argued, Plaintiffs' claims seek to use state law to impose purported notice and consent requirements; this falls squarely within the ambit of the FCRA's regulation of furnishers' responsibilities. ECF No. 142 at 44-49; ECF No. 165 at 27-29.

The Court may consider the CFPB's views as persuasive authority. *See, e.g.*, *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024) (noting that "expertise has always been one of the factors which may give an Executive Branch interpretation particular 'power to persuade, if lacking power to control'" (quoting *Skidmore v. Swift & Co*., 323 U.S. 134, 140 (1944))). Thus, given Plaintiffs' reliance on now-superseded guidance, Defendants respectfully notify the Court of the CFPB's most recent word on FCRA preemption.

Dated: November 14, 2025

By: */s/ Susan M. Clare*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Susan M. Clare
Georgia Bar No. 262830

John C. Toro
Georgia Bar No. 175145
Peter Starr
Georgia Bar No. 648453
Matthew B. Rosenthal
Georgia Bar No. 871852
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
dbalser@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
pstarr@kslaw.com
mrosenthal@kslaw.com

*Attorneys for Defendants*
*General Motors LLC and OnStar, LLC.*

## RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Susan M. Clare*
Susan M. Clare
Georgia Bar No. 262830

*Attorney for Defendants General Motors LLC and OnStar, LLC.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

DATED this 14th day of November, 2025.

*/s/ Susan M. Clare*
Susan M. Clare
Georgia Bar No. 262830

*Attorney for Defendants General Motors LLC and OnStar, LLC.*