**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection Litigation | MDL Docket No. 3115<br>Case No. 1:24-md-3115-TWT |

**PLAINTIFFS' RESPONSE TO DEFENDANTS GENERAL MOTORS LLC AND ONSTAR, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' Opposition to Defendants General Motors LLC and OnStar, LLC's ("Defendants") Motion to Dismiss contains one reference to a July 2022 guidance document from the Consumer Financial Protection Bureau ("CFPB"), included only as supplemental support for the proposition that "a state law is not inconsistent with FCRA merely because it gives consumers *more* protection than FCRA." ECF No. 153 at 55 & n.29 (emphasis in original) (citing 87 Fed. Reg. 41042 (July 11, 2022)).

Last month, the CFPB replaced the July 2022 guidance with a new interpretative rule, citing disagreement with the former guidance's view that FCRA's preemption provisions, sections 1681t(b)(1) and 1681t(b)(5), "have a narrow and targeted scope." *See* 87 Fed. Reg. 41043; 90 Fed. Reg. 48710 (Oct. 28, 2025). For several reasons, the new guidance does not support dismissal of Plaintiffs' claims.

First, regardless of whether FCRA preemption provisions are generally regarded as broad or narrow, the result is the same under the specific facts of

Plaintiffs' case: FCRA has no preemptive effect. *See* ECF No. 153 at 53–60 (explaining that GM used and sold Driving Data to third parties in ways not covered by FCRA, including to entities that served no consumer reporting function).

Second, the CFPB expressly states that its guidance "has no legally binding effect," as "FCRA does not compel—or even authorize—the Bureau to provide [] legally binding views on preemption," and directs "[p]arties interested in the application of FCRA preemption to particular State laws" to "litigate such questions in court." 90 Fed. Reg. at 48711–12, 15. That recommendation is appropriate because the guidance fails to substantively address many key cases on FCRA preemption.

For example, the guidance dispenses with *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437 (2d Cir. 2015)[1] and other major Circuit Court decisions in a single sentence embedded in a footnote, *see* 90 Fed. Reg. at 48713 n.35, and instead relies on inapposite cases. The new guidance assumes that preemption under § 16816(b)(1) is broad because "Congress knew how to craft narrower preemption clauses in the FCRA." *Id.* at 48712. On the contrary, if "Congress intended to preempt all state laws relating to information contained in consumer reports, it could have easily so stated. Congress knows how to preempt states from regulating entire subject areas." *See, e.g., Consumer Data Indus. Ass'n v. Frey*, 26 F.4th 1, 8 (1st Cir. 2022) (citing

[1] Cited in Plaintiffs' opposition. ECF No. 153 at 56.

*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378–79 (1992) (explaining that "[t]o ensure that the States would not undo federal deregulation with regulation of their own, the [Airline Deregulation Act] included a pre-emption provision, prohibiting the States from enforcing any law 'relating to rates, routes, or services' of any air carrier")).

Further, the new guidance cites *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 521 (1992) (plurality op.), to support the view that FCRA ought to be interpreted broadly, and Defendant follows suit. *See* 90 Fed. Reg. at 48712 n.16; ECF No. 181 at 2. But *Cipollone* itself underscores that courts must "fairly but—in light of the strong presumption against pre-emption—narrowly construe the precise language," of the statute and examine each claim to determine whether it is "in fact" preempted. *Cipollone*, 505 U.S. at 523. Applying that standard here confirms that FCRA does not preempt Plaintiffs' claims—an outcome that the new guidance does not undermine.

Plaintiffs submit that cases like *Galper* and *Frey* offer far more reasoned and persuasive analyses than the CFPB's recent guidance—especially given the CFPB's own acknowledgment that, "courts are the ultimate arbiters of statutory meaning," and that "'agencies have no special authority to pronounce on pre-emption absent delegation by Congress.'" 90 Fed. Reg. at 48711 (citing *Loper Bright Enters. v.*

*Raimondo*, 603 U.S. 369, 412–13 (2024);[2] *Wyeth v. Levine*, 555 U.S. 555, 577 (2009)).

## CONCLUSION

For the foregoing reasons, the CFPB's new guidance provides no basis for dismissal. It is non-binding, insufficiently reasoned, and contrary to the weight of judicial authority interpreting FCRA preemption. The Court should follow the case law rather than the CFPB's new view, and should deny Defendants' motion to dismiss.

Date: November 21, 2025

Respectfully submitted,

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com

/s/ *Norman E. Siegel*
Norman E. Siegel, MO Bar No. 44378
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

***MDL Co-Lead Counsel***

[2] Defendants quote *Loper Bright* for the proposition that expertise "may give an Executive Branch interpretation particular power to persuade." ECF No. 181 at 3 (quoting 603 U.S. at 402). But as the Supreme Court recognized in *Loper Bright*: "delegating ultimate interpretive authority to agencies is simply not necessary to ensure that the resolution of statutory ambiguities is well informed by subject matter expertise. The better presumption is therefore that Congress expects courts to do their ordinary job of interpreting statutes, with due respect for the views of the Executive Branch. And to the extent that Congress and the Executive Branch may disagree with how the courts have performed that job in a particular case, they are of course always free to act by revising the statute." 603 U.S. at 402–03.

Bryan L. Clobes
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com

Amy Keller
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
akeller@dicellolevitt.com

***OnStar Track Co-Lead Counsel***

Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 24th Floor
New York, New York 10169
Tel: (212) 223-4478
jguglielmo@scott-scott.com

Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com

***LexisNexis/Verisk Track Co-Lead Counsel***

Kiley L. Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: (805) 270-7100
Kgrombacher@bradleygrombacher.com

Emily E. Hughes
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
eeh@millerlawpc.com

P. Graham Maiden
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9670
gmaiden@motleyrice.com

Thomas E. Loeser
**COTCHETT, PITRE & MCCARTHY LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel: (206) 802-1272
tloeser@cpmlegal.com

Adam E. Polk

John A. Yanchunis

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
apolk@girardsharp.com

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com

***OnStar Track Steering Committee***

Gayle M. Blatt
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, California 92101
Tel: (619) 238-1811
gmb@cglaw.com

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Rd., Suite 200
Montvale, New Jersey 07645
Tel: (201) 391-7000
ggraifman@kgglaw.com

Jennifer M. French
**LYNCH CARPENTER, LLP**
1234 Camino Del Mar
Del Mar, California 92014
Tel: (619) 762-1903
jennf@lcllp.com

Chris Springer
**KELLER ROHRBACK LLP**
801 Garden Street, Suite 301
Santa Barbara, California 93101
Tel: (805) 456-1496
cspringer@kellerrohrback.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

***LexisNexis/Verisk Track Steering Committee***

M. Brandon Smith
**CHILDERS, SCHLUETER & SMITH LLC**
1932 N. Druid Hills Road, Suite 100
Atlanta, Georgia 30319

Tel: (404) 419-9500
bsmith@cssfirm.com

***Plaintiffs' Liaison Counsel***

**CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to L.R. 7.1D that the foregoing complies with the font and point selections permitted by L.R. 5.1C. This brief was prepared on a computer using the Times New Roman font (14 point).

*/s/ John R. Bevis*
John R. Bevis

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 21st day of November, 2025.

*/s/ John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com