**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | No.: 1:24-md-3115-TWT |

**DEFENDANTS GENERAL MOTORS LLC AND ONSTAR, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE MASTER CONSOLIDATED COMPLAINT**

Plaintiffs contend that two recent state court decisions support the denial of the Motion to Dismiss the Master Consolidated Complaint filed by Defendants General Motors LLC and OnStar, LLC ("GM"). They do not.

In fact, the Nebraska court's decision supports GM's arguments. There, the court held that the State of Nebraska's statutory claims were not preempted by the FCRA because the State limited its claims to those based only on GM's data-collection practices, not on GM's provision of information to consumer reporting agencies ("CRAs"). ECF No. 183-1 at 2-3 ("[T]he State has now repeatedly told this Court the claims are about the collection of data."). The State of Nebraska's decision to limit its case was a tacit recognition that claims challenging GM's furnishing of information to CRAs would be preempted. Here, Plaintiffs' claims are not so limited; they squarely target GM's "selling" (i.e., furnishing) of information to CRAs. *E.g.*,

MC ¶¶ 1059, 1116(a)–(b), 1130(a)–(b), 1312(a)–(b). Plaintiffs' claims are therefore preempted to the extent they concern GM's furnishing of information to CRAs. *See* ECF No. 165 at 27 ("Plaintiffs' state-law claims effectively require GM to provide notice to consumers or obtain their consent before furnishing information to CRAs. These claims are preempted by the FCRA."); Sept. 5, 2025 Hr'g Tr. 31:21–24 ("[W]e ask the Court to rule that Plaintiffs' state law claims are preempted to the extent they allege that GM acted unlawfully by furnishing driving data to CRAs without notifying consumers or obtaining their consent."). Thus, to the extent the Nebraska court's decision is relevant at all, it supports GM's position.

The Indiana decision is similar. There too, the State of Indiana limited its claims to collection-based theories. *See* ECF No. 183-2 at 4 ("[Indiana's] DCSA claims concern the manner in which GM obtained Driving Data and purportedly disclosed or failed to disclose their practices to consumers."); *see also* Pl.'s Opp'n to Defs.' Mot. Dismiss at 16, *State of Indiana v. General Motors LLC*, No. 49D06-2503-PL-01383 (Marion Super. Ct. July 2, 2025) ("The Complaint is not based on any duty Defendants may have as furnishers of consumer data to CRAs under the FCRA."). Additionally, the court's order (which largely tracked the proposed order prepared by the State's counsel) incorrectly held that 15 U.S.C § 1681s-2(a)(7) has no preemptive force because GM is not a financial institution. ECF No. 183-2 at 4–5. As GM has explained, that is incorrect: Because section 1681s-2(a)(7) requires

notice of furnishing in certain circumstances, consumer notice is part of section 1681s-2's "subject matter" for purposes of express preemption. ECF No. 165 at 28 n.23.

Ultimately, Plaintiffs' cited cases do not refute GM's argument that Plaintiffs' claims are preempted to the extent they purport to require GM to provide notice to consumers or obtain their consent before furnishing information to CRAs. ECF No. 142 at 44–51; ECF No. 165 at 27–31.

Dated: December 19, 2025

By: */s/ Peter Starr*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Susan M. Clare
Georgia Bar No. 262830
John C. Toro
Georgia Bar No. 175145
Peter Starr
Georgia Bar No. 648453
Matthew B. Rosenthal
Georgia Bar No. 871852
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
dbalser@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
pstarr@kslaw.com
mrosenthal@kslaw.com

*Attorneys for Defendants*
*General Motors LLC and OnStar, LLC.*

## RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Peter Starr*
Peter Starr
Georgia Bar No. 648453

*Attorney for Defendants General Motors LLC and OnStar, LLC.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

DATED this 19th day of December, 2025.

*/s/ Peter Starr*
Peter Starr
Georgia Bar No. 648453

*Attorney for Defendants General Motors LLC and OnStar, LLC.*