**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | No. 1:24-md-3115-TWT |

**CRA DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants LexisNexis Risk Solutions Inc. ("LNRS") and Verisk Analytics, Inc. ("Verisk," and collectively with LNRS, "CRA Defendants") submit this response to Plaintiffs' Notice of Supplemental Authority in Opposition to Defendants' Motion to Dismiss the Master Consolidated Complaint (ECF No. 183).

Plaintiffs' Notice of Supplemental Authority identifies two irrelevant decisions in *State of Nebraska ex rel. Hilgers v. General Motors LLC*, No. CI-2325 (Lancaster Cnty. Dist. Ct. Dec. 5, 2025), and *State of Indiana v. General Motors LLC*, No. 49D06-2503-PL-01383 (Marion Superior Ct. Oct. 7, 2025). Both opinions address preemption arguments raised only by furnisher defendants General Motors, LLC and OnStar, LLC, the sole defendants in those cases. Neither opinion impacts the separate preemption arguments CRA Defendants raise in their Motion to Dismiss the instant litigation.

Initially, neither of those decisions from trial-level state courts outside of Georgia represent "authority" that is in any way binding upon this Court. Further, these cases are distinguishable, as the reasoning employed in both decisions is irrelevant to the arguments raised by the CRA Defendants.

In *State of Nebraska*, the court's preemption analysis focused entirely on Section 1681t(b)(1)(F)'s preemption of laws imposing requirements on furnishers of information that relate to furnisher's obligations under Section 1681s-2, not obligations of consumer reporting agencies such as CRA Defendants. Because Section 1681s-2 only regulates furnisher's actions "after they have collected data," and because the court concluded that the State's claims against GM related only to initial data collection (e.g., before the FCRA might apply), the court concluded those claims were not preempted by Section 1681t(b)(1)(F). Order at 2-3, *State of Nebraska ex rel. Hilgers v. General Motors LLC*, No. CI-2325 (Lancaster Cnty. Dist. Ct. Dec. 5, 2025). By contrast, the CRA Defendants have not asserted preemption under Section 1681t(b)(1)(F) but instead have shown that Plaintiffs' wide-ranging state law claims asserted against CRAs after the point of data collection and furnishing by GM (and thus governed by the FCRA) are fundamentally inconsistent with the FCRA. *See* ECF No. 140-1, CRA Defendants' Motion to Dismiss at 12-15.

Similarly, the *State of Indiana* decision focuses on the irrelevant issue of furnisher preemption under Section 1681t based on the requirements of Section

1681s-2. *See* Order Denying Defendants' Motion to Dismiss at 3-5, *State of Indiana v. General Motors LLC*, No. 49D06-2503-PL-01383 (Marion Superior Ct. Oct. 7, 2025). While that decision also briefly addressed a more general argument that Indiana's deceptive trade practices claim was preempted due to its conflict with the FCRA, even that cursory holding is irrelevant to the arguments made by the CRA Defendants because it was based upon the court's conclusion that "allowing *furnishers* to engage in unfair, abusive, or deceptive practices to obtain data from consumers would contravene the purposes and objectives of the FCRA," thereby avoiding conflict preemption. *Id.* at 5 (emphasis added). That court's reasoning, which was based on how the specific state law at issue interplayed with the data collection processes of furnishers, has no bearing on the claims asserted in this litigation against the CRA Defendants, as CRA Defendants are not involved in the data collection and furnishing process. Instead, Plaintiffs' claims against the CRA Defendants strike at the very heart of the FCRA by seeking to impose consumer notice and consent on CRAs that is contrary to the language and purpose of the FCRA. *See* ECF No. 140-1, CRA Defendants' Motion to Dismiss at 9-12.

Accordingly, the submitted supplemental authority does not change the analysis, and the CRA Defendants' Motion to Dismiss should be granted.

Dated: December 19, 2025

Respectfully submitted,

/s/ Ronald I. Raether, Jr.
Ronald I. Raether, Jr. (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
100 Spectrum Center Drive
Suite 1500
Irvine, California 92618
Tel: (949) 622-2700
ron.raether@troutman.com

Julie Hoffmeister Smith (*pro hac vice*)
Timothy J. St. George (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
1001 Haxall Point
Richmond, Virginia 23219
Tel: (804) 697-1200
julie.hoffmeister@troutman.com
timothy.st.george@troutman.com

Cindy D. Hanson
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Tel: (404) 885-3000
cindy.hanson@troutman.com

*Attorneys for Defendant LexisNexis Risk Solutions Inc.*

/s/ Jasmeet K. Ahuja
Jasmeet K. Ahuja (*pro hac vice*)
**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267)-675-4667
jasmeet.ahuja@hoganlovells.com

Peter J. Martinez (*pro hac vice*)
Allison J. Caplis (*pro hac vice*)

**HOGAN LOVELLS US LLP**
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410)-659-2784
peter.martinez@hoganlovells.com
allison.caplis@hoganlovells.com

*Attorneys for Defendant Verisk Analytics, Inc.*

**RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Ronald I. Raether, Jr.*
Ronald I. Raether, Jr.

*Attorney for Defendant LexisNexis Risk Solutions Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to all ECF registered participants.

DATED this 19th day of December, 2025.

*/s/ Ronald I. Raether, Jr.*
Ronald I. Raether, Jr.

*Attorney for Defendant LexisNexis Risk Solutions Inc.*