**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | No.: 1:24-md-3115-TWT |

**DEFENDANTS GENERAL MOTORS LLC AND ONSTAR, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE MASTER CONSOLIDATED COMPLAINT**

On March 19, 2026, Plaintiffs notified the Court of *In re Allstate and Arity Consumer Privacy Litigation*, No. 25-CV-407, 2026 WL 594708 (N.D. Ill. Mar. 3, 2026) ("*Allstate*"), contending that this decision supports denial of the Motion to Dismiss the Master Consolidated Complaint filed by Defendants General Motors LLC and OnStar, LLC (together, "GM"). *See* ECF 196. But the similarities between *Allstate* and this case are superficial, and if anything, the decision supports dismissal.

With respect to the Federal Wiretap Act ("FWA") claim, the *Allstate* court ruled that the party exception—which GM also invokes—applied because the "communications allegedly intercepted are between the plaintiffs and third-party apps, and the plaintiffs allege an agreement between the defendants and the third-party apps to intercept those communications." ECF No. 196-1 at 23 ("Slip Op."). Here, the party exception's applicability is even clearer because GM directly

received Driving Data. *See* ECF No. 142-1 at 23-25; ECF No. 165 at 9-12.[1] While the *Allstate* court ultimately allowed the FWA claim to survive based on the crime-tort exemption to the party exception, Slip Op. at 24-26, Plaintiffs here have not pled or argued the crime-tort exemption, *see* ECF No. 153 at 14-18, so this doctrine is irrelevant to this case.

Additionally, the *Allstate* court ruled that most of the data at issue did not constitute "contents" under the FWA because it is "either generated automatically in the course of using a device or likely stored." Slip Op. at 28. Here, GM made the same argument, *see* ECF No. 142-1 at 17-19; ECF No. 165 at 2-5, which the *Allstate* court acknowledged is supported by "the weight of authority," Slip Op. at 28. The *Allstate* court allowed the FWA claim to proceed only because a subset of the allegedly intercepted information in that case "may" have "reflect[ed] communications between users' devices and third-party websites or applications." *Id*. That is not true here. Plaintiffs allege that Driving Data is generated by vehicle "components" that "detect and record … data concerning vehicle operation and driver behavior." ECF No. 109 at ¶¶ 844-45. This case involves *only* the kind of automatically generated data that lacks content, unlike *Allstate*.

[1] The *Allstate* court's reasoning further supports GM's argument, including because the court rejected as not "persuasive" the Ninth Circuit's outlier decision from *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), *see* Slip Op. at 14, which Plaintiffs call their "[f]oremost" authority, ECF No. 153 at 16-17.

The *Allstate* decision also supports one of GM's arguments for preemption under the Fair Credit Reporting Act ("FCRA"). Specifically, the court ruled that certain consent-based claims were preempted as asserted against the Arity Defendants, which were CRAs, reasoning that the "FCRA allows consumer reporting agencies to furnish consumer reports to insurance companies for the purpose of underwriting insurance involving that consumer without first getting the consumer's permission." Slip Op. at 19-20 (citing *Davenport v. Farmers Ins. Grp.*, 378 F.3d 839, 843 (8th Cir. 2004)). That ruling reinforces GM's similar argument that the FCRA does not require furnishers to obtain consent prior to furnishing information to CRAs, and doing so would undermine the FCRA's purpose. *See* ECF No. 142-1 at 49-51; ECF No. 165 at 29-31.

The *Allstate* court's other preemption rulings are irrelevant. As to express preemption, the court ruled that 15 U.S.C. § 1681t(b)(1)(F) did not apply because those invoking it, the Arity Defendants, were CRAs rather than furnishers. Slip Op. at 20-21. Here, by contrast, GM is alleged to be a furnisher. *See* ECF No. 153 at 38-45; ECF No. 109 ¶ 1102. Thus, while the *Allstate* court ruled that the plaintiffs' state law claims premised on alleged lack of notice did not *conflict with* the FCRA, Slip Op. at 18-19, the court did not pass on the argument GM makes here—namely, that the claims here fall within the scope of section 1681t(b)(1)(F)'s preemption clause for furnishers irrespective of any conflict with the FCRA's requirements. As to

conflict preemption, the court found that claims against Allstate were not preempted because that entity, as an insurance company, was a user of consumer reports. Slip Op. at 28. That ruling is irrelevant because Plaintiffs do not allege GM uses consumer reports.

Finally, the *Allstate* court dismissed the plaintiffs' claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), and California's Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, for the plaintiffs' failure to allege a cognizable "loss" under those statutes. Slip Op. at 31-32. Here, GM moved to dismiss Plaintiffs' CFAA and CDAFA claims on that same basis. *See* ECF No. 142-1 at 41-44; ECF No. 165 at 19-21.

Dated: March 27, 2026

By: */s/ Peter Starr*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Susan M. Clare
Georgia Bar No. 262830
John C. Toro
Georgia Bar No. 175145
Peter Starr
Georgia Bar No. 648453
Matthew B. Rosenthal
Georgia Bar No. 871852
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
dbalser@kslaw.com
sclare@kslaw.com

jtoro@kslaw.com
pstarr@kslaw.com
mrosenthal@kslaw.com

*Attorneys for Defendants*
*General Motors LLC and OnStar, LLC.*

**RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Peter Starr*
Peter Starr
Georgia Bar No. 648453

*Attorney for Defendants General Motors LLC and OnStar, LLC.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

DATED this 27th day of March, 2026.

*/s/ Peter Starr*
Peter Starr
Georgia Bar No. 648453

*Attorney for Defendants General Motors LLC and OnStar, LLC.*