**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection Litigation | No. 1:24-md-3115-TWT |

**DEFENDANTS GENERAL MOTORS LLC AND ONSTAR, LLC'S MOTION FOR CLARIFICATION REGARDING CHOICE OF LAW AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendants General Motors LLC and OnStar, LLC (together, "GM") respectfully move for clarification of the Court's April 22, 2026 Opinion and Order (ECF No. 203) (the "Order") as it relates to choice of law. Consistent with undersigned counsel's statements at the May 4, 2026 Status Conference, this Motion does not seek reconsideration of any ruling in the Order as to survival of the underlying claims. GM instead seeks to clarify that Defendants GM, Verisk Analytics, Inc., and LexisNexis Risk Solutions Inc. (collectively, "Defendants") reserved all rights as to choice of law in consenting to the filing of a master complaint and that the Court did not find Defendants have waived any choice-of-law defenses that may be raised at later stages in this case.

The Order is generally consistent with Defendants' positions on this point. While the Court declines to engage in a searching choice-of-law analysis at the

pleading stage, the Order states that the Court will "engage in a more rigorous choice-of-law analysis when considering motions on class certification." Order at 101 (citing this Court's prior decision in *In re ConAgra Peanut Butter Products Liability Litigation*, 2008 WL 2132233 (N.D. Ga. May 21, 2008)). However, pages 102–103 of the Order could be read to suggest that Defendants consented to the *uniform* application of Georgia law by "consent[ing] to a superseding master complaint." *Id.* at 102–03.

This portion of the Order states that while a "transferee court typically applies the state law that the transferor court would have applied," the "choice-of-law rules of the transferee court" may apply if "both parties consent to filing a 'master complaint' that supersedes the previously filed individual pleadings." *Id.* at 102 (internal citations omitted). The Court then observes that "both parties have consented to a superseding master complaint" here, and notes that "Defendants reserved their right to object to venue and personal jurisdiction upon providing their consent," citing the parties' Joint Preliminary Report and Discovery Plan. *Id.* at 103. The Order fails to note, however, that the Defendants *also* expressly reserved choice-of-law defenses in providing their consent. *Id.*

In the Joint Preliminary Report and Discovery Plan, Defendants stated that they would not consent "to the filing of a superseding Master Consolidated Complaint that would displace the underlying complaints transferred into this MDL

without certain conditions listed below." ECF No. 84 at 20. Among those conditions was that Defendants "do not waive any arguments they would otherwise have," including: "arguments as to varying choice of law analysis and varying substantive law pertaining to the state law claims," "arguments as to varying choice of law analysis and varying substantive law pertaining to any item that is not governed by a uniform application of law," and arguments regarding venue and personal jurisdiction. *Id.* As such, Defendants' consent to the filing of a Master Consolidated Complaint was also expressly conditioned on the retention of choice-of-law arguments. No waiver—express or implied—occurred.

Although GM believes that the Court's Order was cabined as pertaining only to the Motions to Dismiss, out of an abundance of caution, GM seeks clarification of the Order to recognize that Defendants also explicitly reserved their rights to raise choice-of-law defenses, did not consent to the application of Georgia law, and that nothing in the Court's Order was meant to suggest that Defendants have waived their choice-of-law arguments for later stages of the case.

Notably, Plaintiffs' counsel does not appear to take a different view. At the May 4, 2026 Status Conference, Plaintiffs' counsel acknowledged that the Court's Order "addressed those arguments in the context of the motion to dismiss" and that the Court would "address those under a more rigorous analysis" at class certification. *See* ECF No. 213, Tr. of May 4, 2026 Status Conf. at 17:11-18:7. Moreover, in

opposing GM's Motion to Dismiss, Plaintiffs conceded that "a more fact-intensive choice of law analysis will likely be necessary when determining if a class may be certified[.]" ECF No. 153 at 45 (citing *Peterson v. Aaron's, Inc.*, 2017 WL 364094, at *6 (N.D. Ga. Jan. 25, 2017) (Thrash, J.)). GM agrees.

## CONCLUSION

For the foregoing reasons, GM respectfully requests that the Court enter an order or notation on the docket clarifying that nothing in the Order is intended to suggest that Defendants have waived choice-of-law arguments. To the extent the Court intended to hold otherwise, GM requests additional briefing on this subject.

A proposed order is filed herewith for the Court's convenience and consideration.

Dated: May 20, 2026

By: */s/ David L. Balser*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Susan M. Clare
Georgia Bar No. 262830
John C. Toro
Georgia Bar No. 175145
Peter Starr
Georgia Bar No. 648453
Matthew B. Rosenthal
Georgia Bar No. 871852
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-4600

Fax: (404) 572-5100
dbalser@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
pstarr@kslaw.com
mrosenthal@kslaw.com

*Attorneys for Defendants*
*General Motors LLC and OnStar, LLC.*

**RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ David L. Balser*
David L. Balser
Georgia Bar No. 035835

*Attorney for Defendants General Motors LLC and OnStar, LLC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

DATED this 20th day of May, 2026.

*/s/ David L. Balser*
David L. Balser
Georgia Bar No. 035835

*Attorney for Defendants General Motors LLC and OnStar, LLC.*