**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | No. 1:24-md-3115-TWT |

**VERISK ANALYTICS, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S RULING ON DEFENDANTS' MOTIONS TO DISMISS (ECF NO. 203)**

# TABLE OF CONTENTS

**Page**


INTRODUCTION AND RELEVANT BACKGROUND ....................................... 1

STANDARD OF REVIEW ....................................................................... 4

ARGUMENT ........................................................................................ 4

I. THE COURT ERRONEOUSLY CONCLUDED THAT THE COMMON LAW CLAIMS AGAINST VERISK ARE GOVERNED BY GEORGIA LAW. .................................................. 4

a. The Defendants did not consent to a superseding master complaint for choice of law purposes. ...................................... 6

b. Plaintiffs' intent to seek class certification in this forum is legally irrelevant. ................................................................ 7

c. Verisk did not waive its challenge to the application of Georgia law. ....................................................................... 9

II. THE COURT FAILED TO ANALYZE THE UNJUST ENRICHMENT CLAIM AGAINST VERISK. ................................ 12

CONCLUSION ..................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 21st Century Oncology Cust. Data Sec. Breach Litig.*,
380 F. Supp. 3d 1243 (M.D. Fla. 2019)....6

*In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*,
2018 WL 2929831 (N.D. Ga. Jun. 8, 2018) ....4

*Chang v. Baxter Healthcare Corp.*,
599 F.3d 728 (7th Cir. 2010) ....3

*In re Conagra Peanut Butter Prods. Liab. Litig.*,
251 F.R.D. 689 (N.D. Ga. 2008) ....5, 6, 8, 11

*In re Conagra Peanut Butter Prods. Litig.*,
2008 WL 2132233 (N.D. Ga. May 21, 2008)....8

*Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*,
597 F.3d 1374 (11th Cir. 2010) ....4

*In re Delta Dental Antirust Litig.*,
509 F. Supp. 3d 1377 (J.P.M.L. 2020) ....4, 9, 11

*Gelboim v. Bank of America Corp.*,
574 U.S. 405 (2015)....7

*In re General Motors LLC Ignition Switch Litig.*,
2017 WL 3382071 (S.D.N.Y. Aug. 3, 2017)....6

*Looper v. Cook Inc.*,
20 F. 4th 387 (7th Cir. 2021) ....1

*In re Managed Care Litig.*,
298 F. Supp. 2d 1259 (S.D. Fla. 2003)....5, 10, 11

*Melzer v. Johnson & Johnson*,
2023 WL 3098633 (D.N.J. Apr. 26, 2023)....13

*In re Propulsid Prods. Liab. Litig.*,
208 F.R.D. 133 (E.D. La. 2002) ....................8

*T.D. v. Piedmont Healthcare, Inc.*,
2024 WL 5284883 (N.D. Ga. Dec. 10, 2024) ....................4

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*,
97 F.3d 1050, 1055 (8th Cir. 1996) ....................4

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Prods. Liab. Litig.*,
785 F. Supp. 2d 925 (C.D. Cal. 2011) ....................8

*Trondheim Capital Partners, LP v. Life Ins. Co. of America*,
505 F. Supp. 1213 (N.D. Ala. 2020) ....................9

*In re Volkswagen & Audi Warranty Extension Litig.*,
692 F.3d 4 (1st Cir. 2012) ....................10

**Statutes**

28 U.S.C. § 1407 .................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 59(e) ....................4

Federal Rule of Civil Procedure 23 ....................10

## INTRODUCTION AND RELEVANT BACKGROUND

Defendant Verisk Analytics, Inc. ("Verisk") respectfully asks the Court to reconsider two aspects of its ruling on Defendants' Motions to Dismiss. *See* ECF No. 203.[1]

***First***, the Court should reconsider its holding that, for purposes of the motions to dismiss, Plaintiffs' common law claims are governed by Georgia law. *Id.* at 100–105. It is well settled that in multidistrict litigation under 28 U.S.C. § 1407, the transferee court (*i.e.*, this Court) applies the state choice of law rules that would have been applied by the transferor court. *See*, *e.g.*, *Looper v. Cook Inc.*, 20 F. 4th 387, 390 (7th Cir. 2021) ("A tagged [MDL] case preserves the choice-of-law rules of its originating jurisdiction."). There was no basis for departing from that principle here.

The application of Georgia law to Plaintiffs' common law claims is especially prejudicial as to Verisk, which, unlike the other defendants, is not subject to personal jurisdiction in Georgia. Indeed, the underlying complaint against Verisk was filed in the District of New Jersey for the specific purpose of establishing personal

[1] The Court's opinion ruled on three separate motions to dismiss, each of which was granted in part and denied in part: (i) Defendants Verisk and LexisNexis Risk Solutions' ("LNRS," and collectively with Verisk, "CRA Defendants") Motion to Dismiss Plaintiffs' Master Consolidated Class Action Complaint ("MCC") as to the Federal Wiretap Act, State Statutory, and Common Law Claims (ECF No. 141); (ii) CRA Defendants' Motion to Dismiss Plaintiffs' Fair Credit Reporting Act and State Law Claims (ECF No. 140); and (iii) Defendants General Motors LLC and OnStar LLC's Motion to Dismiss the Master Consolidated Class Action Complaint (ECF No. 142).

jurisdiction,[2] and is before this Court solely for pretrial management as part of an MDL.

The Court failed to recognize this distinction between Verisk and its codefendants in ruling on the Motions to Dismiss. It held that Verisk waived the argument that it is not subject to personal jurisdiction in Georgia, and that the claims against it should not be governed by Georgia law, by failing to raise the argument in its opening brief. ECF No. 203, 104 n.26. That conclusion was incorrect.

In its opening brief, which Verisk filed jointly with LexisNexis Risk Solutions Inc. ("LNRS"), Verisk moved to dismiss the common law claims on the ground that Plaintiffs failed to plead ***any*** source of law for those claims. ECF No. 141-1 at 17-19. Neither Plaintiffs' Complaint nor any other filing stated that Plaintiffs were seeking to apply Georgia law against Verisk. *See* Compl., ECF No. 109. Verisk thus had no reason to disclaim personal jurisdiction in Georgia, or to argue that Georgia law did not apply, in its motion to dismiss papers, given well-settled precedent holding that this case is governed by the choice of law rules that the transferor court would have applied (which here are New Jersey choice of law rules) and because Plaintiffs themselves filed what they termed as the "jurisdictional

---

[2] *See* Hr'g Tr., December 19, 2024 Status Conference, ECF No. 115 at 48-49 (characterizing the D.N.J. complaint against Verisk as a "jurisdictional complaint").

complaint" against Verisk specifically in New Jersey. *See* Hr'g Tr., December 19, 2024 Status Conference, ECF No. 115 at 48-49.

In opposing Verisk's motion and specifically because Verisk flagged the lack of any identifiable governing law in its Motion to Dismiss, Plaintiffs contended, for the first time, that their common law claims should be governed by Georgia law. ECF No. 152 at 18. In response to that argument, Verisk appropriately argued in its reply brief that (i) it was not subject to personal jurisdiction in Georgia; (ii) the cases against it had been filed in the District of New Jersey for the specific purpose of conferring jurisdiction over Verisk; and, (iii) under the rules governing MDLs, the cases remained subject to the choice of law rules that would have applied in a New Jersey court. ECF No. 166 at 9. Verisk asks the Court to reconsider its opinion, address Verisk's arguments on their merits, and conduct a choice of law analysis pursuant to New Jersey law. *See Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 732 (7th Cir. 2010) (Posner, J.) ("When a diversity case is transferred by the multidistrict litigation panel, the law applied is that of the jurisdiction from which the case was transferred.").

***Second***, the Court should reconsider its analysis of Plaintiffs' unjust enrichment claim. In addressing that claim, the Court focused solely on Plaintiffs' allegations against GM and OnStar, and it assumed, by virtue of the contracts between Plaintiffs and OnStar, that the unjust enrichment claim was governed by

Michigan law. ECF No. 203 at 149-151. But there was no basis for applying Michigan law against Verisk, or for disregarding Verisk's arguments that it was differently situated than OnStar and GM. Verisk thus asks the Court to revisit its analysis, consider Verisk's arguments, and dismiss Plaintiffs' unjust enrichment claim.

## STANDARD OF REVIEW

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) as well as this Court's Local Rules. *See T.D. v. Piedmont Healthcare, Inc.*, 2024 WL 5284883, at * 1 (N.D. Ga. Dec. 10, 2024) (Thrash, J.). As relevant here, a party may move for reconsideration when there is "a need to correct [a] clear error or prevent manifest injustice." *Id.* (citing *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010)). This motion is necessary to correct two clear errors in the ruling on the Motions to Dismiss.

## ARGUMENT

### I. THE COURT ERRONEOUSLY CONCLUDED THAT THE COMMON LAW CLAIMS AGAINST VERISK ARE GOVERNED BY GEORGIA LAW.

This Court has recognized that "in multidistrict litigation under 28 U.S.C. § 1407, the transferee court applies the state law that the transferor court would have applied." *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 2018 WL 2929831, at * 3 n.31 (N.D. Ga. Jun. 8, 2018) (Thrash, J.) (citing *In re*

*Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (same)); *see also In re Delta Dental Antirust Litig.*, 509 F. Supp. 3d 1377, 1380 (J.P.M.L. 2020) (same). In accordance with this principle, "all states in which the transferor court of an individual action sits are considered forum states, ***and an independent choice of law determination is necessary for the states of all transferor courts***." *In re Conagra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 693 (N.D. Ga. 2008) (Thrash, J.) (emphasis added); *see also In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1296–97 (S.D. Fla. 2003) ("In cases transferred pursuant to 28 U.S.C. § 1407, the transferee district court must apply the state law, including its choice of law rules, that would have applied had there been no change in venue.").

The Court erroneously departed from these principles in ruling on the motions to dismiss. The Court offered three reasons for doing so:

- First, the Court found that "the parties ha[d] consented to a superseding master [C]omplaint" that would serve as the operative pleading for choice of law purposes, ECF No. 203 at 103;

- Second, the Court found that, even if the Master Consolidated Complaint ("MCC") was not intended to be superseding, it placed Defendants on notice that Plaintiffs "intend[ed] to seek class certification within this forum," *id.* at 103–04; and

- Third, the Court concluded that, to the extent Verisk sought to challenge the application of Georgia choice of law rules on the ground that Verisk was not subject to personal jurisdiction there, Verisk had waived such a challenge by failing to raise the issue in its opening brief, *id*. at 104 n.26.

None of these conclusions warrants a departure from the choice of law framework that governs MDLs. As discussed below, the first finding is factually incorrect, the second is legally irrelevant, and the third results from a misapplication of waiver principles under longstanding caselaw governing MDLs.

**a. The Defendants did not consent to a superseding master complaint for choice of law purposes.**

In an MDL, a consolidated complaint may be treated as a substantive, superseding complaint "only where the [p]arties consent to such treatment." *In re 21st Century Oncology Cust. Data Sec. Breach Litig.*, 380 F. Supp. 3d 1243, 1259 (M.D. Fla. 2019); *see also In re General Motors LLC Ignition Switch Litig.*, 2017 WL 3382071, at * 8 (S.D.N.Y. Aug. 3, 2017) (absent consent, master complaint should not be used "as the operative pleading for choice of law purposes"); *In re Conagra Peanut Butter Prods. Litig.*, 251 F.R.D. at 693 (a master complaint is "generally used as a substantive pleading only where the parties have consented to such an arrangement").

The Court erroneously determined that the parties consented to such an arrangement here. Citing the Joint Preliminary Report and Discovery Plan, *see* ECF No. 84, the Court noted that the parties had agreed to the filing of a superseding master Complaint, and that Defendants had "reserved their right to object to venue and personal jurisdiction upon providing their consent." ECF No. 203 at 103. Critically, however, the Court overlooked that Defendants ***also*** declined to waive

"any arguments they would otherwise have if the consolidated complaint was administrative in nature, rather than superseding," including:

- "arguments as to varying choice of law analysis and varying substantive law pertaining to the state law claims"; and
- "arguments as to varying choice of law analysis and varying substantive law pertaining to any item that is not governed by a uniform application of law."

*See* ECF No. 84 at 20.

As these reservations make clear, Defendants expressly did ***not*** agree that the MCC would serve as the operative pleading, or that this Court serve as the forum court, for choice of law purposes. The Court's conclusion otherwise was clearly erroneous under governing law, and Verisk respectfully requests that it be reversed. *See Gelboim v. Bank of America Corp*., 574 U.S. 405, 413 n.3 (2015) ("No merger occurs … when the master complaint is not meant to be a pleading with legal effect but only an administrative summary of the claims brought by all of the plaintiffs.") (citations omitted).

**b. Plaintiffs' intent to seek class certification in this forum is legally irrelevant.**

As an alternative basis for its ruling, the Court pointed to allegations in the MCC indicating that "Plaintiffs intend[ed] to seek class certification in this forum." ECF No. 203 at 103-04. The Court then presumed that if class certification were

granted, "Georgia law would apply to the class's common law claims because the Court has supplemental jurisdiction over the claims." *Id*.

This conclusion was erroneous. As an initial matter, the application of choice of law rules does not turn on a plaintiff's intent. *See In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Prods. Liab. Litig.*, 785 F. Supp. 2d 925, 928 (C.D. Cal. 2011) ("[A] plaintiff's strategic decisions should not be permitted to dictate the applicable substantive law."). Moreover, the Court's analysis cannot be squared with its opinion in the *In re Conagra* litigation 18 years ago. There, as here, Plaintiffs filed a master complaint and sought to certify a class in this court. *In re Conagra Peanut Butter Prods. Litig.*, 251 F.R.D. at 691–92. But unlike in this case, the Court rejected Plaintiffs' argument that Georgia choice of law rules should apply, opting instead to apply the choice of law rules of all of the transferor courts. *Id*. at 692–696.[3]

The same result is warranted here. As *In re Conagra* demonstrates, a plaintiff's intention to certify a class in a particular forum has no bearing on which

[3] In its ruling on the Motions to Dismiss, the Court cited a different, earlier opinion from the *In re Conagra* litigation, in which the Court concluded that a rigorous choice of law analysis is unnecessary at the motion to dismiss stage. ECF No. 203 at 101 (citing *In re Conagra Peanut Butter Prods. Litig.*, 2008 WL 2132233, at * 2 (N.D. Ga. May 21, 2008)). Notwithstanding that conclusion, the Court did not simply default to applying Georgia choice of law rules, as it did here. To the contrary, the Court expressly noted that, even at the motion to dismiss stage, it was readily apparent that "this case implicates more than Georgia law." *Id*. The same is true here.

forum's law should apply. *Id*; *see also In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 142 (E.D. La. 2002) (at class certification stage, choice of law analysis is governed by law of transferor court).

**c. Verisk did not waive its challenge to the application of Georgia law.**

This Court should reconsider its conclusion that Verisk waived its argument that substantive Georgia law does not apply. This is an MDL, which means that the case is governed by the choice of law principles of the ***transferor*** court. *See In Re Delta Dental Antirust Litig.*, 509 F. Supp. 3d at 1380. Verisk was not required to disclaim the application of Georgia law in its motion to dismiss, when Plaintiffs filed their suits against Verisk in ***New Jersey***, which means that New Jersey choice of law rules apply. *Id*.

Moreover, a court should "strike or decline to consider new arguments in reply briefs ***only*** if those arguments are truly 'new.'" *Trondheim Capital Partners, LP v. Life Ins. Co. of America*, 505 F. Supp. 1213, 1224 (N.D. Ala. 2020) (emphasis original). When "a movant's 'new' argument in a reply brief merely responds to arguments raised by the non-movant in response to the motion, the argument is not truly 'new;' the court may properly consider it." *Id*.

That was the case here. When Verisk challenged the application of Georgia law in its reply brief, it was not raising a new argument or defense. It was instead responding to Plaintiffs' belated effort to supply a source of law for their claims,

which they failed to provide in the MCC. Indeed, had Plaintiffs pled their claims under Georgia law in the first instance, Verisk would have explained why that was inappropriate (at least as to Verisk) in CRA Defendants' opening brief.

But Plaintiffs did ***not*** invoke Georgia law in the MCC. Not a single paragraph in the MCC indicates in any way that Georgia law applies. *See* Compl., ECF No. 109. Because Plaintiffs cited ***no*** source of law in support of their common law claims, Verisk was left to argue that it lacked notice of the claims against it, ECF No. 141-1 at 37, and that it was prevented from conducting "a choice of law analysis that is anything more than guesswork." *Id*. at n.7. Rather than engage in such guesswork, Verisk expressly "reserv[ed] the right to submit choice of law arguments if cognizable sources of law are later pled." *Id*. Verisk further reserved—and continues to reserve—the "right to raise all applicable choice of law arguments at the class certification stage under Rule 23." *Id*.

Verisk made these reservations against the backdrop of a settled rule: "Where a suit is consolidated and transferred under § 1407, courts typically apply the choice of law principles of each of the transferor courts." *In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 17-18 (1st Cir. 2012); *see also In re Managed Care Litig.*, 298 F. Supp. 2d at 1296-97 (in MDL proceedings, the transferee court must apply the state choice of law rules "that would have applied had there been no change in venue").

Under these circumstances, there was no reason for Verisk to raise the issue of personal jurisdiction in its opening brief, much less rebut the argument (which Plaintiffs had not made in the MCC) that Georgia law applied. Verisk had previously informed the Court that it did ***not*** agree that the MCC would serve as the operative pleading for personal jurisdiction or choice of law purposes. ECF No. 84 at 20 (Joint Preliminary Report and Discovery Plan, wherein Verisk agreed to filing of the MCC, but expressly preserved objections relating to venue, personal jurisdiction, and choice of law). Indeed, that is the very reason Plaintiffs sued Verisk in New Jersey: to ensure that personal jurisdiction was proper.[4] Thus, at the time it filed its motion to dismiss, Verisk reasonably expected that pursuant to the rule set forth above, the Court would apply the choice of law rules that would have applied had the cases against Verisk not been transferred from the District of New Jersey, where Verisk is headquartered and subject to personal jurisdiction. *See*, *e.g.*, *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d at 1380; *In re Conagra Peanut Butter Prods. Litig.*, 251 F.R.D. at 693; *In re Managed Care Litig.*, 298 F. Supp. 2d at 1296–97.

Verisk thus asks this Court to reconsider its ruling and apply New Jersey choice of law principles to determine the applicable substantive law. Any other conclusion would fundamentally undermine how MDLs are conducted, and would

[4] *See* Hr'g Tr., December 19, 2024 Status Conference, ECF No. 115 at 48–49 (Plaintiffs characterizing the D.N.J. complaint against Verisk as a "jurisdictional complaint").

contravene the settled principle that the choice of law issues in MDL proceedings are governed by the rules of the transferor court.

## II. THE COURT FAILED TO ANALYZE THE UNJUST ENRICHMENT CLAIM AGAINST VERISK.

The Court should reconsider its analysis of the unjust enrichment claim against Verisk (Count Seven). Compl., ¶¶ 1078–1082. In analyzing Count Seven, the Court focused solely on the claims against GM and OnStar, and wholly disregarded the claims against Verisk, as well as the arguments Verisk presented in its Motion to Dismiss. ECF No. 203, 149–51. This was clear error, and the error was prejudicial to Verisk.

Relying on the contracts between Plaintiffs and OnStar, which included a Michigan forum selection clause, the Court assumed that Count Seven was governed by Michigan law. *Id*. at 146-47, 149 n.35. But even at the motion to dismiss stage, Plaintiffs' contracts with OnStar provide no basis for applying Michigan law against ***Verisk***. Plaintiffs did not have contracts with Verisk, in Michigan or anywhere else. And Plaintiffs do not allege, nor could they, that their injuries arose from, or were related to, Verisk's contacts with Michigan.

In its motion to dismiss, Verisk argued under New Jersey law that in the absence of a direct consumer relationship, Plaintiffs had failed to allege that they directly conferred a benefit on, or expected remuneration from, either Verisk or LNRS. ECF 141-1 at 30-31 (citing cases). And Plaintiffs said nothing in their

Opposition to dispute that. To the contrary, Plaintiffs allege in the MCC that they ***unknowingly*** conferred the benefit of their Driving Data on CRA Defendants. ECF 109, ¶ 1079. Thus, they could not have expected remuneration from Verisk. *See Melzer v. Johnson & Johnson*, 2023 WL 3098633, at * 7 (D.N.J. Apr. 26, 2023) (unjust enrichment claim failed where plaintiff "did not expect any of her biometric information or identifiers to be used by [defendant] in the first place"). The Court should thus revisit its unjust enrichment analysis, consider Verisk's arguments, and grant Verisk's motion to dismiss with respect to the unjust enrichment claim.

## CONCLUSION

For the foregoing reasons, Verisk respectfully requests that its motion for reconsideration be granted and, with respect to Plaintiffs' common law claims, that the Court revisit its opinion, consider Verisk's arguments on their merits, and conduct a choice of law analysis pursuant to New Jersey law. Similarly, with respect to Plaintiffs' unjust enrichment claim, Verisk requests that the Court consider its arguments and grant Verisk's motion to dismiss.

Dated: May 20, 2026

Respectfully submitted,

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja (*pro hac vice*)
**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267)-675-4667
jasmeet.ahuja@hoganlovells.com

Allison J. Caplis (*pro hac vice*)
Peter J. Martinez (*pro hac vice*)
**HOGAN LOVELLS US LLP**
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410)-659-2700
peter.martinez@hoganlovells.com

Brett M. Weinstein (*pro hac vice*)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
(212) 918-3000
brett.weinstein@hoganlovells.com

*Attorneys for Defendant Verisk Analytics, Inc.*

**CERTIFICATE OF COMPLIANCE**

By her signature below, and as required by Local Rule 7.1(D), counsel for Defendant Verisk certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), namely Times New Roman (14 point).

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja
Hogan Lovells US LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2026, I have caused a copy of the foregoing Motion for Reconsideration to be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja
Hogan Lovells US LLP