**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | No. 1:24-md-3115-TWT |

**VERISK ANALYTICS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

## TABLE OF CONTENTS

Introduction ........................................................................................................ 1

Argument ............................................................................................................. 3

I. Plaintiffs Fail to Demonstrate Relevance ....................................................... 3

II. Plaintiffs Misunderstand Burden and Relevancy Balancing .......................... 6

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anderson v. ABB Installation Prods., Inc.*,
2020 WL 10936044 (N.D. Ala. Nov. 30, 2020) ....................................................4

*Budeanu v. Allstate Ins. Co.*,
2024 WL 4543187 (N.D. Ga. July 12, 2024) ..................................................4, 5

*City of Chicago v. DoorDash, Inc.*,
2024 WL 4119165 (N.D. Ill. Sept. 9, 2024) ..........................................................8

*Dale v. Deutsche Telekom AG*,
2024 WL 4416761 (N.D. Ill. Oct. 4, 2024) ...........................................................7

*Diamond State Ins. Co. v. His House, Inc.*,
2011 WL 146837 (S.D. Fla. Jan. 18, 2011)............................................................3

*Easterwood v. Sedgwick Claims Mgmt. Servs. Inc.*,
2021 WL 2805923 (M.D. Fla. Mar. 17, 2021) ......................................................4

*Mauermann v. Cooper Tire & Rubber Co.*,
2016 WL 4718408 (S.D. Fla. Mar. 11, 2016) ........................................................6

*Murthy v. Missouri*,
603 U.S. 43 (2024)...................................................................................................7

*Newman v. Associated Press*,
2024 WL 4433465 (S.D. Fla. Oct. 4, 2024) .......................................................3, 8

*Penrod Bros., Inc. v. City of Miami Beach, Fla.*,
2025 WL 786493 (S.D. Fla. Mar. 12, 2025) ..........................................................6

*Reed v. Beko Techs. Corp.*,
2023 WL 11963637 (N.D. Ga. Dec. 6, 2023) ........................................................5

*United Parcel Serv., Inc. v. Nat'l Lab. Rels. Bd.*,
2024 WL 4003051 (11th Cir. Aug. 30, 2024) ........................................................6

## Introduction

Samantha Vaughan is Verisk's Chief Privacy Officer—an attorney reporting directly to Verisk's Chief Legal Officer and a high-ranking executive—who likely has no relevant, non-privileged documents in this litigation. In fact, Verisk's review of her Outlook mailbox—undertaken specifically at Plaintiffs' request—confirms this finding. This confirmation is unsurprising given Ms. Vaughan only joined Verisk in July 2023, approximately nine months before the publication of the New York Times article that triggered this lawsuit in March 2024. Further, any emails pertaining to the article are not only privileged but need not even be identified on a privilege log based on this Court's Discovery Order. Despite these facts, Plaintiffs remain adamant about keeping Ms. Vaughan identified as a custodian. Because Plaintiffs fail to provide any grounds, much less any compelling ones, for her inclusion, Plaintiffs' motion to compel Ms. Vaughan to be an ESI custodian should be denied.

Throughout the process of negotiating ESI custodians, Verisk has compromised and acted in good faith by agreeing to add additional custodians—bringing relevant custodians to Plaintiffs' attention and conducting extensive interviews to identify additional candidates. Meanwhile, Plaintiffs have disregarded the applicable standards for relevancy and burden, as well as Verisk's clear explanations of Ms. Vaughan's role, including her lack of involvement in issues that

would be relevant to this lawsuit. Without any justification, and based solely on Ms. Vaughan's title, Plaintiffs declared Verisk's explanations insufficient and insisted that the only way to determine Ms. Vaughan's relevancy was to run not-yet-negotiated search terms through her Outlook mailbox.

While neither the Discovery Protocol nor the Federal Rules contemplate such a backward method of discovery, as a show of further good faith, Verisk ran the broadest of search terms over Ms. Vaughan's mailbox in the hopes of avoiding unnecessary motion practice. The results confirmed that Ms. Vaughan was involved only in limited correspondence related to the subject matter of this litigation, and to the extent she interfaced with the personal auto underwriting telematics business at all, it was to give privileged legal advice in her role as an attorney serving under the Chief Legal Officer and in the run-up to the publication of the New York Times article. *See* Ex. A, Verisk Letter Regarding Meet and Confer, at 2. These communications were privileged and included at least one telematics team member who is already an agreed-upon custodian, meaning that Ms. Vaughan's name will already appear on any privilege log produced in the matter. But Plaintiffs do not want to accept this. Despite having initially been the ones to demand such a search as proof of Ms. Vaughan's lack of involvement, Plaintiffs remain unsatisfied, demanding that Verisk somehow further prove a negative.

For the reasons set forth below, Plaintiffs fall far short of establishing, as they must, that Ms. Vaughan is likely to possess unique, relevant ESI that cannot be obtained from the custodians whom Verisk has already designated in this case. And Plaintiffs disregard the burden on Verisk of designating a custodian whose only relevant documents are privileged. If Ms. Vaughan were designated a custodian, Verisk would be required to collect, review, and generate a privilege log for documents that will ultimately never be produced. For these reasons, Plaintiffs' motion to compel should be denied.

## **Argument**

### I. Plaintiffs Fail to Demonstrate Relevance

When Plaintiffs make a motion to compel, they bear the burden of demonstrating relevance. *See Diamond State Ins. Co. v. His House, Inc.*, 2011 WL 146837, at *5 (S.D. Fla. Jan. 18, 2011). Courts in this circuit have rejected motions to compel where, as here, movants have failed to demonstrate that a proposed additional custodian possessed "unique discovery material." *Newman v. Associated Press*, 2024 WL 4433465, at *5 (S.D. Fla. Oct. 4, 2024). And while the bar for relevance is low, "[a]bsent agreement among the parties, . . . the responding party is entitled to select the custodians most likely to possess responsive information and to search the files of those individuals. Unless that choice is manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient, the

court should play no role in . . . designating custodians." *Easterwood v. Sedgwick Claims Mgmt. Servs. Inc.*, 2021 WL 2805923, at *2 (M.D. Fla. Mar. 17, 2021) (citation omitted); *see also Anderson v. ABB Installation Prods., Inc.*, 2020 WL 10936044, at *5 (N.D. Ala. Nov. 30, 2020) (similar). Plaintiffs here completely fail to meet this burden.

Plaintiffs have admitted that they included Ms. Vaughan as a proposed custodian solely on account of her title, Chief Privacy Officer. *See* Mot. 2–3. This "relevancy by title" argument is meaningless. Verisk is a data analytics company; countless projects that its nearly ten thousand employees in dozens of countries work on touch on privacy issues in some way. By Plaintiffs' logic, Ms. Vaughan could potentially be a custodian in almost any lawsuit because her job involves overseeing a core aspect of the overall business. This not only defies common sense, it is also incompatible with the traditional caution courts have shown toward discovery demands on senior executives.

For example, the apex doctrine, regularly applied in this circuit, requires that the party seeking to compel discovery involving a high-ranking executive carry the burden of showing that the discovery is necessary. *See Budeanu v. Allstate Ins. Co.*, 2024 WL 4543187, at *1 (N.D. Ga. July 12, 2024) (collecting cases), *reconsideration denied*, 2024 WL 4535278 (N.D. Ga. Aug. 13, 2024). In particular, the movant must demonstrate that the executive has "unique or superior knowledge

of discoverable information that cannot be obtained by other, less intrusive means." *Reed v. Beko Techs. Corp.*, 2023 WL 11963637, at *2 (N.D. Ga. Dec. 6, 2023) (internal quotations omitted).

Plaintiffs have not come close to meeting this burden, as they point to nothing beyond Ms. Vaughan's job title. Courts adhere to the apex doctrine because "high-level executives are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *Budeanu*, 2024 WL 4543187, at *1 (internal citations omitted). While the apex doctrine may primarily address deposition testimony, the same logic applies to requests for production from their inboxes.

Moreover, even if Ms. Vaughan were to have any relevant communications concerning Verisk's personal auto underwriting telematics program before the publication of the New York Times article, she would have been communicating with members of the Verisk personal auto underwriting telematics business who are already custodians in this case. She is therefore duplicative by Plaintiffs' own definition, as stated at the discovery hearing. *See* Dkt. 191 at 21 (Ms. Kane stating that "what 'duplicative' means in the context of a custodian is whether or not another custodian will have all of that custodian's relevant ESI").

More crucially, Verisk has run the very search Plaintiffs seek and has been ***unable to identify a single relevant, non-privileged document***. That should end the

inquiry. Because Plaintiffs have completely failed to assert any facts to establish that Ms. Vaughan possesses uniquely relevant material, *i.e.*, material that cannot be obtained from the other custodians whom Verisk has agreed to designate, the motion should be denied.

## II. Plaintiffs Misunderstand Burden and Relevancy Balancing

Plaintiffs have opined that the burden of collecting and reviewing years of data from a high-level Verisk executive will be insignificant, despite Verisk's contention otherwise, and that Verisk should therefore be compelled to make Ms. Vaughan a custodian in order to determine whether she ***may be*** relevant. This is plainly not how the standards for burden and relevancy work. It is true that where the burden is especially high, the bar for relevance should be correspondingly higher, *see Mauermann v. Cooper Tire & Rubber Co.*, 2016 WL 4718408 at *3 (S.D. Fla. Mar. 11, 2016), but it does not therefore follow that the bar for relevancy is nonexistent where Plaintiffs claim the burden is light. Indeed, "[t]he key question in determining whether information must be produced is one of relevance." *United Parcel Serv., Inc. v. Nat'l Lab. Rels. Bd.*, 2024 WL 4003051, at *3 (11th Cir. Aug. 30, 2024) (citing *N.L.R.B. v. U.S. Postal Serv.*, 888 F.2d 1568, 1570 (11th Cir. 1989)). Plaintiffs may not simply assert that relevance based on vague and unsupported conjecture; while the burden is not high for relevancy, "[j]udges are not like pigs, hunting for truffles buried in the record." *Penrod Bros., Inc. v. City of*

*Miami Beach, Fla.*, 2025 WL 786493, at *2 (S.D. Fla. Mar. 12, 2025) (quoting *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024)).

Moreover, as discussed above, Ms. Vaughan did not join Verisk until mid-July 2023 and had virtually no contact with the personal auto underwriting telematics program until the publication of the New York Times article that triggered this lawsuit in March 2024. Verisk discontinued its personal auto underwriting telematics program shortly thereafter. Notably, this Court's Order for Production of Documents and ESI specifically exempts Defendants from listing on a privilege log communications and attorney work product generated after the article was published. ECF No. 119 at 17. The vast majority of Ms. Vaughan's communications and work product are presumptively privileged, and sifting through her ESI in order to catalogue those limited communications which would be added to a privilege log is unnecessary and to the benefit of no party, while creating significant burdens on Verisk. *See, e.g.*, *Dale v. Deutsche Telekom AG*, 2024 WL 4416761, at *4–5 (N.D. Ill. Oct. 4, 2024) (declining to add attorneys as ESI custodians due to similar concerns). In addition, the parties would necessarily spend considerable time and resources litigating the challenges to individual privilege claims that would inevitably ensue. *See id.*

Absent a showing that Ms. Vaughan possesses unique discoverable material, Plaintiffs are merely seeking court sanction of a "fishing expedition" into the

confidential files of a high-level Verisk executive, especially given the likelihood that most, if not all, of these sensitive documents will not be substantively relevant. *See, e.g.*, *City of Chicago v. DoorDash, Inc.*, 2024 WL 4119165, at *5–6 (N.D. Ill. Sept. 9, 2024) (declining request to designate CEO as ESI custodian on similar grounds); *Newman*, 2024 WL 4433465, at *5 (same).

The Court should deny Plaintiffs' motion to compel.

Dated: May 27, 2026

Respectfully submitted,

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja (*pro hac vice*)
**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4667
jasmeet.ahuja@hoganlovells.com

Allison J. Caplis (*pro hac vice*)
Peter J. Martinez (*pro hac vice*)
**HOGAN LOVELLS US LLP**
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410)-659-2700
allison.caplis@hoganlovells.com
peter.martinez@hoganlovells.com

Brett Weinstein (*pro hac vice*)
**HOGAN LOVELLS US LLP**
390 Madison Ave.
New York, New York 10017
Telephone: (212) 918-3000
brett.weinstein@hoganlovells.com
*Attorneys for Defendant Verisk Analytics, Inc.*

**CERTIFICATE OF COMPLIANCE**

By her signature below, and as required by Local Rule 7.1(D), counsel for Defendant Verisk certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), namely, Times New Roman (14 point).

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja
Hogan Lovells US LLP