**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| *In Re: Consumer Vehicle Driving Data Tracking Collection* | Case No. 1:24-MD-3115-TWT<br><br>CRA Track |

# PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT VERISK ANALYTICS, INC. TO SEARCH CERTAIN ESI CUSTODIANS

Plaintiffs' dispute with Verisk is limited to a single custodian, but that custodian is an important one. Samantha Vaughan has served as Verisk's Chief Privacy Officer since 2023. Plaintiffs seek to include Ms. Vaughan as a custodian not simply because of her title, as Verisk claims, but because Verisk has publicly identified her as the employee responsible for developing and implementing policies "to protect the data entrusted to Verisk" and ensure the "integrity of the company's data practices, regulation, and compliance."[1] The policies and practices Ms. Vaughan oversaw are central to this case, and their relevance should not be in dispute. And it will not be burdensome to add her as a custodian because Verisk claims that she has only limited responsive information.

[1] https://www.verisk.com/company/about/leadership/samantha-vaughan/.

## I. Verisk's Chief Privacy Officer possesses relevant information.

It is undisputed that Ms. Vaughn's custodial file contains relevant information. *See* Doc. 240-1 at 3. Verisk concedes that the bar for relevance is low but argues that Plaintiffs have not demonstrated that Ms. Vaughan possesses "unique discovery material." Doc. 240 at 3, 7. Yet based on information published by Verisk, Ms. Vaughan is a—potentially the—key decisionmaker on core issues like consumer consent and the use of driving data. When the available information shows that an individual was a "key decisionmaker" on issues related to the case, courts have found that sufficient to demonstrate a likelihood that the individual possesses unique discovery material. *See, e.g.*, *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC-JSC, 2021 WL 10282213, at *2 (N.D. Cal. Nov. 14, 2021) (ordering a custodial search because it was possible that the communications of two key decisionmakers would not be captured by other searches); *Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO (LJC), 2026 WL 1257935, at *3 (N.D. Cal. May 7, 2026) (finding that a custodian with a unique leadership role was likely to have unique documents even though known documents included other custodians). Ms. Vaughan is the Verisk employee responsible for the company's data policies and practices, so her custodial file will likely contain relevant unique communications.

Verisk next attempts to use Ms. Vaughan's role as a key decisionmaker to shield her custodial file. Verisk argues that the apex doctrine—or at least its

reasoning—should require Plaintiffs to meet a heightened burden to include her as a custodian. Doc. 240 at 4–5. But Verisk's reliance on the apex doctrine is misplaced. Running search terms through Ms. Vaughan's custodial inbox does not implicate the apex doctrine or its reasoning, which is concerned with the burden and potential for harassment when parties seek to depose high-ranking executives. *See, e.g.*, *Budeanu v. Allstate Ins. Co.*, No. 1:22-CV-04413-SCJ, 2024 WL 4543187, at *1–2 (N.D. Ga. July 12, 2024) (apex doctrine is concerned with deposing high-level executives).[2]

The information possessed by Verisk's Chief Privacy Officer is relevant to this case. She is a key decisionmaker on issues at the core of this case, and Verisk's own broad search of her mailbox identified relevant documents.

## II. The burden of adding Verisk's Chief Privacy Officer as a custodian would be minimal.

Verisk argues that it would be significantly burdened by adding its Chief Privacy Officer as a custodian despite also claiming that she has limited relevant information. *See* Doc. 240 at 10; Doc. 140-1 at 3. If it is true that Verisk's Chief Privacy Officer has very few responsive communications, that fact itself is relevant to Verisk's consumer privacy practices and priorities. And it directly contradicts

[2] Further, the party seeking protection must first demonstrate the officer is sufficiently senior to implicate the apex doctrine, which Verisk has not even attempted here. *See Budeanu,* 2024 WL 4543187, at *1–2 ("Simply having an impressive title is insufficient for application of the apex doctrine.").

Verisk's claim that it will be significantly burdened by including Ms. Vaughan as a custodian.

If there are indeed only limited responsive communications, it will not impose a significant burden on Verisk to review and log them. Verisk reports that running broad search terms on her inbox did not "identify a single relevant, non-privileged document." Doc. 240 at 8. Given the importance of Ms. Vaughan's role, however, Plaintiffs should have the opportunity to review a privilege log of those limited communications. The law is clear that attorney-client privilege does not automatically shield every one of Ms. Vaughan's internal communications from disclosure simply because she is an attorney. *See, e.g.*, *Colardo-Keen v. Rockdale Cnty.*, No. 1:14-CV-489-MHC, 2017 WL 4418669, at *3 (N.D. Ga. Mar. 24, 2017) (holding that a review was not privileged just because it was conducted by counsel); *Cap. Sec. Sys., Inc. v. NCR Corp.*, No. 1:14-CV-1516-WSD, 2016 WL 4191028, at *3 (N.D. Ga. May 26, 2016) (finding emails not protected by attorney-client privilege because "much of the substance of the emails concerned back-and-forth on business affairs" and "legal advice does not predominate").

Based on Verisk's own statements about the limited responsive information its Chief Privacy Officer possesses, it will not be burdensome to apply negotiated search terms to her custodial file and log any privileged documents.

## CONCLUSION

Plaintiffs respectfully request the Court grant Plaintiffs' motion.

Date: June 3, 2026

Respectfully submitted,

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com

/s/ *Norman E. Siegel*
Norman E. Siegel, MO Bar No. 44378
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

***MDL Co-Lead Counsel***

Bryan L. Clobes, PA Bar No. 68151
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com

Amy Keller
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel: (312)214-7900
akeller@dicellolevitt.com

***OnStar Track Co-Lead Counsel***

Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 24th Floor
New York, New York 10169
Tel: (212) 223-4478
jguglielmo@scott-scott.com

Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com

***LNRS/Verisk Track Co-Lead Counsel***

Kiley L. Grombacher, CA Bar No. 245960
**BRADLEY/GROMBACHER LLP**

Emily E. Hughes, MI Bar No. P68724
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300

31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: (805) 270-7100
Kgrombacher@bradleygrombacher.com

Rochester, Michigan 48307
Tel: (248) 841-2200
eeh@millerlawpc.com

P. Graham Maiden
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9670
gmaiden@motleyrice.com

Thomas E. Loeser
**COTCHETT, PITRE & MCCARTHY LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel: (206) 802-1272
tloeser@cpmlegal.com

Adam E. Polk, CA Bar No. 273000
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
apolk@girardsharp.com

John A. Yanchunis, Fla. Bar No. 324681
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com

***OnStar Track Steering Committee***

Gayle M. Blatt
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, California 92101
Tel: (619) 238-1811
gmb@cglaw.com

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Rd., Suite 200
Montvale, New Jersey 07645
Tel: (201) 391-7000
ggraifman@kgglaw.com

Jennifer M. French
**JENNIFER M. FRENCH, APC**
1050 University Ave. E107 80
San Diego, California 92103
(858) 205-4119
jenn@frenchlawapc.com

Chris Springer, CA Bar No. 291180
**KELLER ROHRBACK LLP**
801 Garden Street, Suite 301
Santa Barbara, California 93101
Tel: (805) 456-1496
cspringer@kellerrohrback.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

***LNRS/Verisk Track Steering Committee***

M. Brandon Smith, GA Bar No. 141418
**CHILDERS, SCHLUETER & SMITH LLC**
1932 N. Druid Hills Road, Suite 100
Atlanta, Georgia 30319
Tel: (404) 419-9500
bsmith@cssfirm.com

***Plaintiffs' Liaison Counsel***

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record. I further certify that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1.

This 3rd day of June, 2026.

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com