**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| *In Re: Consumer Vehicle Driving Data Tracking Collection* | Case No. 1:24-MD-3115-TWT<br><br>CRA Track |

# PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT LEXISNEXIS RISK SOLUTIONS INC. TO SEARCH CERTAIN ESI CUSTODIANS

Despite significant resistance from LNRS,[1] Plaintiffs have narrowed the request before the Court to just five custodians: senior executives, compliance officials, and data-governance personnel who approved, structured, and oversaw the conduct at issue. LNRS does not dispute the facts proving these custodians are important. Instead, LNRS asks the Court to ignore the gap posed by excluding them through a series of non-arguments—re-defining relevance to exclude decisionmakers and consumer privacy; posturing that many of these custodians' communications are privileged even though it has not yet reviewed them; and, after nearly a year, complaining of burden without providing any proof.

None of those objections outweigh the modest relief Plaintiffs seek: that LNRS be compelled to negotiate terms for this set of five custodians, and then produce responsive, non-privileged documents. That is precisely the type of

[1] *See* Docs. 188 at 44-50, 188-6, 188-7, 217-1, and 217-2.

proportional discovery Rule 26 contemplates. Plaintiffs respectfully request that the Court grant their motion.

## I. Mark Kelsey and William Madison are proper custodians.

LNRS does not dispute that Mr. Kelsey and Mr. Madison were responsible for LNRS's relationship with GM, were involved in LNRS's telematics strategy, and, in Mr. Madison's case, oversaw insurer relationships involving driving data products. *See* Doc. 217-1 at 4, Doc. 239 at 5–6. Instead, LNRS objects that Mr. Kelsey and Mr. Madison were not involved in "micro-level decision making." Doc. 239 at 5.

But Plaintiffs are not seeking only "micro-level" discovery. Documents showing what LNRS intended to do with consumers' driving data, what risks LNRS identified, what privacy concerns were escalated, and how senior leadership handled those issues are uniquely likely to be in Mr. Kelsey and Mr. Madison's files. While LNRS opposes these custodians because they do not "appear[] in any email" in LNRS's 362-document regulatory production, *id.*, this argument ignores that many of the custodians LNRS proposed do not appear in that production, and that regardless, Mr. Madison, at least, *does* appear in documents LNRS produced in its May 28, 2026, follow-up production. LNRS's argument that other custodians will capture all "communications between and among senior leadership" is nothing more

than pure speculation that is belied by its own production.[2] *Id.* at 6.

Conceding these custodians' relevance, LNRS argues Plaintiffs have not proved that relevance "outweighs the burden of collection, review, and production." *Id.* at 5. But LNRS has not quantified any burden in the first place, other than to point out that Mr. Kelsey and Mr. Madison generally have a lot of ESI. That notion is neither remarkable nor relevant because ESI "*unrelated to this litigation*" will be filtered out through the Parties' negotiated search term process. *See* Doc. 239 at 6.[3] None of LNRS's cited cases suggest, on these facts, that Mr. Kelsey and Mr. Madison are disproportionate custodians.[4]

## II. Annette Gaines and Patricia Lee are proper custodians.

LNRS does not dispute the facts that matter. Ms. Gaines is LNRS's Chief Compliance Officer and designated "Data Furnisher Expert" for the GM contract

[2] *See, e.g.,* LNRS-MDL00003228 (communication involving Mr. Madison and none of the agreed-upon custodians). Similar to the motion, Plaintiffs have not attached documents cited herein as exhibits because LNRS marked them as confidential, and Plaintiffs do not believe they are necessary to resolve the present disputes. *See* Doc. 117. Plaintiffs will make such documents available at the Court's request.

[3] LNRS also suggests, for the first time, that the UK GDPR may render Mr. Kelsey's document collection more costly, but it does not attempt to quantify that cost.

[4] *Newman v. Associated Press*, 2024 WL 4433465, at *5 (S.D. Fla. Oct. 4, 2024) (unlike here, plaintiffs did not establish relevance); *Dale v. Deutsche Telekom AG*, 2024 WL 4416761, at *4–5 (N.D. Ill. Oct. 4, 2024) (rejecting certain custodians that were not relevant); *City of Chicago v. DoorDash, Inc.*, 2024 WL 4119165, at *5 (N.D. Ill. Sept. 9, 2024) (declining plaintiffs' request for defendant to substantively review 9,000 documents in CEO's custodial file, considering specific cost estimates and that hundreds of emails produced to date involving the CEO did not demonstrate "substantive involvement with the issues").

involved in substantive contract negotiations and communications concerning FCRA compliance and consumer data. *Id.* at 8.[5] Ms. Lee, though corporate counsel, was likewise involved in substantial non-privileged communications relating to the GM relationship—she appears in nearly a third of the documents in LNRS's early discovery production. Emails LNRS produced last week demonstrate both custodians remained involved in substantive communications relating to the GM relationship through at least March 2024, after the New York Times article was released exposing the misconduct.[6]

LNRS responds by dismissing these custodians' relevance (without citing any support in the record) and objecting that these custodians would require an "unduly burdensome privilege review." *Id.* Despite making this same argument for nearly a year, LNRS again makes no effort to quantify that burden. The actual number of documents at issue have yet to be determined and will be appropriately managed by negotiating search terms for these custodians that are tailored to the issues. Regardless, LNRS has cited no case for the proposition that, on these facts, the attorney-client privilege should exempt a custodian's entire file.

---

[5] LNRS's contention that there are "no emails in LNRS' initial production from Ms. Gaines[,]"Doc. 239 at 8, neglects to mention that there are emails *involving* her.

[6] *See, e.g.*, LNRS-MDL00002804 (email chain involving Ms. Lee and referencing Ms. Gaines).

### III. The Data Protection Officers are proper custodians.

LNRS does not dispute that its Data Protection Officers ("DPOs") were responsible for how LNRS uses and shares consumer data. Instead, LNRS argues that its consumer privacy practices are actually not relevant and that it is not beholden to privacy laws outside of FCRA. Doc. 239 at 11. Neither point is true, *see, e.g.*, Doc. 203, and LNRS's suggestion that its consumer privacy practices did not influence the conduct at issue does not discount the DPO's relevance in this consumer privacy case.[7]

## CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' motion.

Date: June 3, 2026

Respectfully submitted,

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com

/s/ *Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

***MDL Co-Lead Counsel***

[7] LNRS's other objections do not support the DPO's exclusion. Plaintiffs allege DPO Rick Gardner fielded press inquiries after LNRS's misconduct was exposed. Doc. 109 at 356. Beside Mr. Gardner, Plaintiffs do not have the names of other DPOs during the relevant time period because LNRS has not provided them.

Bryan L. Clobes
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com

Amy Keller
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel: (312)214-7900
akeller@dicellolevitt.com

***OnStar Track Co-Lead Counsel***

Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 24th Floor
New York, New York 10169
Tel: (212) 223-4478
jguglielmo@scott-scott.com

Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com

***LNRS/Verisk Track Co-Lead Counsel***

Kiley L. Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: (805) 270-7100
Kgrombacher@bradleygrombacher.com

Emily E. Hughes
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
eeh@millerlawpc.com

P. Graham Maiden
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9670
gmaiden@motleyrice.com

Thomas E. Loeser
**COTCHETT, PITRE & MCCARTHY LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel: (206) 802-1272
tloeser@cpmlegal.com

Adam E. Polk
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, California 94108

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor

Tel: (415) 981-4800
apolk@girardsharp.com

Tampa, Florida 33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com

***OnStar Track Steering Committee***

Gayle M. Blatt
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, California 92101
Tel: (619) 238-1811
gmb@cglaw.com

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Rd., Suite 200
Montvale, New Jersey 07645
Tel: (201) 391-7000
ggraifman@kgglaw.com

Jennifer M. French
**JENNIFER M. FRENCH, APC**
1050 University Ave. E107 80
San Diego, California 92103
(858) 205-4119
jenn@frenchlawapc.com

Chris Springer
**KELLER ROHRBACK LLP**
801 Garden Street, Suite 301
Santa Barbara, California 93101
Tel: (805) 456-1496
cspringer@kellerrohrback.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

***LNRS/Verisk Track Steering Committee***

M. Brandon Smith
**CHILDERS, SCHLUETER & SMITH LLC**
1932 N. Druid Hills Road, Suite 100
Atlanta, Georgia 30319
Tel: (404) 419-9500
bsmith@cssfirm.com

***Plaintiffs' Liaison Counsel***

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record. I further certify that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1.

This 3rd day of June, 2026.

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com