**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| *In Re: Consumer Vehicle Driving Data Tracking Collection* | Case No. 1:24-MD-3115-TWT<br><br>GM/OnStar Track |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT GENERAL MOTORS LLC AND ONSTAR, LLC TO SEARCH CERTAIN ESI CUSTODIANS**

GM seeks to prevent discovery from two Chief Privacy Officers ("CPOs") (Christopher Murphy and Suzanne Miklos) and two Privacy Managers centrally responsible for GM's privacy program and consumer data sharing practices (Ryan Bowers and Susan Benington). GM does not dispute their relevance. Instead, it assumes their communications will be privileged—despite not having searched for, reviewed, or logged those communications. In effect, GM asks the Court to resolve the issue of attorney-client privilege in the abstract and in its favor, carving out a discovery-free zone around the very employees GM charged with overseeing consumer privacy.

GM offers no support for that request. Attorney-client privilege applies to discrete communications, not entire custodial files. While GM objects that any privilege review will be burdensome, it makes no effort to measure that burden against the actual number of documents at issue, which will be appropriately

managed by negotiating tailored search terms for these custodians. Plaintiffs respectfully request the Court grant Plaintiffs' motion.

**I. The requested custodians are central to the consumer privacy issues in this case and GM has failed to justify withholding their files.**

Rule 26 requires balancing burden against the likely benefit of the discovery. *See Lowery v. AmGuard Ins. Co.*, No. 1:20-CV-05148-TWT, 2022 WL 4596690, at *1 (N.D. Ga. May 2, 2022). Here, unlike the cases GM cites,[1] the importance of GM's CPOs and Privacy Managers is not reasonably disputed.[2] Instead, GM claims that Plaintiffs have not established relevance because any relevant documents are likely to be *privileged*. Doc. 238 at 9. That argument collapses relevance and privilege into a single test, flips the burden relating to attorney-client privilege, and finds no support in the law. None of GM's cases support the blanket exemption it seeks—rather, they affirm that privilege is narrowly-construed, communication-

---

[1] *N. Cnty. Commc'ns Corp. v. Verizon Global Networks, Inc.*, 2012 WL 12870300, at *1, 3 (S.D. Cal. Oct. 31, 2012) (in suit by NCC to recover charges for services provided to Verizon, Verizon counterclaimed that NCC artificially inflated its charges through a practice known as "traffic pumping"; the court overruled the magistrate judge's order for Verizon to produce "communications relating to the sixty-five carriers Verizon has suspected of traffic pumping over a four-year period" which "d[id] not…appear germane"); *Dale v. Deutsche Telekom AG*, 2024 WL 4416761, at *4-5 (N.D. Ill. Oct. 4, 2024) (rejecting certain custodians because they were not relevant to what "this case is about").

[2] *See, e.g.,* Doc. 238-2 at 6, ¶ 9 (confirming that Bowers and Benington acted as relevant Privacy Managers); Doc. 238 at 7-8 (explaining that Privacy Managers are responsible for accessing, reviewing, and commenting on Privacy Impact Assessments).

specific, and GM's burden to prove.[3] GM should not be permitted to avoid that burden, or transform every privacy, compliance, governance, or data-practice document into privileged material, simply by assigning lawyers to key privacy functions.

Plaintiffs are not asking GM to hand over or even review each custodian's *entire* file—only that GM negotiate search terms for those files, produce documents responsive to those terms, and log any documents it claims are privileged. While GM asserts that nearly all of these custodians' files will necessarily be privileged, the record does not support that contention. For example, GM does not deny that the CPOs and Privacy Managers engaged in non-privileged, relevant communications. While GM disputes that the proposed custodians perform primarily business functions, GM does not dispute that it uses non-attorneys as Privacy Managers, only

---

[3] *See United States v. Davita Inc.*, 2014 WL 11516550, at *1 (N.D. Ga. Aug. 13, 2014) ("The magistrate judge undertook an *in camera* inspection of every document for which privilege was claimed"); *Newman v. Associated Press*, 2024 WL 4433465, at *5 (S.D. Fla. Oct. 4, 2024) (plaintiffs did not establish defendant's president was involved in relevant issues); *id.* at n. 3 (distinguishing *Cemex Construction Materials Florida, LLC v. Armstrong World Industries, Inc.*, 2018 WL 11455634, at *2 (M.D. Fla. May 16, 2018) (finding defendant's in-house counsel was an appropriate custodian)); *Does 1-5 v. Kaiser Found. Health Plan, Inc.*, 2025 WL 815934, at *6–7 (N.D. Cal. Mar. 14, 2025) (finding "some of the disputed documents have been shown to be privileged, while for others [defendant] has not met that burden" after *in camera* review); *see id.* at *4 ("[s]ending a document separately to a lawyer does not automatically transform that document into a privileged communication, particularly where it was separately sent to non-lawyers."); *Hazel v. Prudential Fin., Inc.*, 2024 WL 5440736, at *1-2 (N.D. Cal. Oct. 24, 2024) (finding, after *in camera* review, that certain documents were not protected by the attorney-client privilege).

that GM has always *assigned* attorneys as the Privacy Managers for OnStar and connected services "given the nature of that work[.]" Doc. 238 at 8. While GM claims the privacy impact assessment ("PIA") process is a legal one, it does not dispute that GM produced several PIAs in largely unredacted form in its early discovery production, some of which are attributed in the metadata to Bowers' and Benington's custodial files.

GM's fallback argument—that any non-privileged business communications involving the CPOs and Privacy Managers would "almost certainly" or "likely" be "duplicative of or captured by documents held by the dozens of agreed-upon custodians" Doc. 238 at 4, 10—is based on pure speculation.[4] The 42 agreed-upon custodians reflect only a fraction of the individuals involved in GM's relevant conduct over the past decade; there is no basis to conclude that all relevant, non-privileged communications involving these roles are duplicated elsewhere.[5] Further, GM's objection to the CPOs as "apex" witnesses does not hold water given their

---

[4] *See* Transcript of Feb. 20, 2026, Status Conference, Doc. 191 at 36 (The Court: "I'm not inclined to accept any objections that are based upon duplicative custodians.").

[5] *See, e.g.*, *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. MDL No. 2843, 2021 WL 10282213, at *2 (N.D. Cal. Oct. 21, 2021) (ordering a custodial search because it was possible that the communications of two key decisionmakers would not be captured by other searches).

relevance to the consumer privacy issues at stake.[6]

Finally, GM's burden argument is unsubstantiated. GM recycles cost estimates that do not account for the discovery requests Plaintiffs have served, the results of negotiated search terms and de-duplication, or the volume of documents actually at issue. Nor does the estimate recognize that Plaintiffs have, in the spirit of compromise, narrowed their requests to only 2 (of 5) relevant CPOs and only 2 (of at least 7) relevant Privacy Managers. At most, GM's burden objections support using tools, like search terms and deduplication, that are already available to the Parties—not excluding these important custodians altogether.

## CONCLUSION

Plaintiffs respectfully request the Court grant Plaintiffs' Motion.

Date: June 3, 2026

Respectfully submitted,

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com

/s/ *Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

***MDL Co-Lead Counsel***

[6] *See* Fed. R. Civ. P. 26(b)(1); Doc. 191 at 35 (The Court: "I don't buy this idea that these so-called apex managers are exempt from production if they have relevant information.").

Bryan L. Clobes
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com

Amy Keller
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel: (312)214-7900
akeller@dicellolevitt.com

***OnStar Track Co-Lead Counsel***

Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 24th Floor
New York, New York 10169
Tel: (212) 223-4478
jguglielmo@scott-scott.com

Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com

***LNRS/Verisk Track Co-Lead Counsel***

Kiley L. Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: (805) 270-7100
Kgrombacher@bradleygrombacher.com

Emily E. Hughes
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
eeh@millerlawpc.com

P. Graham Maiden
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9670
gmaiden@motleyrice.com

Thomas E. Loeser
**COTCHETT, PITRE & MCCARTHY LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel: (206) 802-1272
tloeser@cpmlegal.com

Adam E. Polk
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, California 94108

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor

Tel: (415) 981-4800
apolk@girardsharp.com

Tampa, Florida 33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com

***OnStar Track Steering Committee***

Gayle M. Blatt
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, California 92101
Tel: (619) 238-1811
gmb@cglaw.com

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Rd., Suite 200
Montvale, New Jersey 07645
Tel: (201) 391-7000
ggraifman@kgglaw.com

Jennifer M. French
**JENNIFER M. FRENCH, APC**
1050 University Ave. E107 80
San Diego, California 92103
(858) 205-4119
jenn@frenchlawapc.com

Chris Springer
**KELLER ROHRBACK LLP**
801 Garden Street, Suite 301
Santa Barbara, California 93101
Tel: (805) 456-1496
cspringer@kellerrohrback.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

***LNRS/Verisk Track Steering Committee***

M. Brandon Smith
**CHILDERS, SCHLUETER & SMITH LLC**
1932 N. Druid Hills Road, Suite 100
Atlanta, Georgia 30319
Tel: (404) 419-9500
bsmith@cssfirm.com

***Plaintiffs' Liaison Counsel***

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record. I further certify that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1.

This 3rd day of June, 2026.

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com