**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | Case No. 1:24-MD-3115-TWT<br><br>CRA Track |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO VERISK ANALYTICS, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S RULING ON DEFENDANTS' MOTIONS TO DISMISS**

# TABLE OF CONTENTS

LEGAL STANDARD .......... 2

ARGUMENT .......... 3

I. The CRA Defendants fail to establish clear error warranting reconsideration of the Court's choice-of-law analysis as applied to Plaintiffs' common law claims. .......... 3

II. The CRA Defendants fail to establish clear error warranting reconsideration of the Court's unjust enrichment analysis. .......... 7

CONCLUSION .......... 11

**TABLE OF AUTHORITIES**


*Callano v. Oakwood Park Homes Corp.*,
219 A.2d 332 (N.J. Super. Ct. App. Div. 1966) ... 10

*Gelboim v. Bank of Am. Corp.*,
574 U.S. 405 (2015) ... 4, 5

*Georgia Advoc. Off. v. Georgia*,
2025 WL 2979702 (N.D. Ga. Sept. 19, 2025) ... 2, 3, 6, 8, 11

*H.R. v. New Jersey State Parole Bd.*,
231 A.3d 617 (N.J. 2020) ... 7

*H&H Wholesale Servs., Inc. v. Kamstra Int'l, B.V.*,
2021 WL 1747849 (E.D. Mich. May 4, 2021) ... 6

*In re D.C.*,
792 F.3d 96 (D.C. Cir. 2015) ... 2

*McQueen v. Credit One Bank, N.A.*,
769 F. Supp. 3d 321 (D.N.J. 2025) ... 7

*Melzer v. Johnson & Johnson Consumer Inc.*,
2023 WL 3098633 (D.N.J. Apr. 26, 2023) ... 10

*Pottayil v. Thyssenkrupp Elevator Corp.*,
574 F. Supp. 3d 1282 (N.D. Ga. 2021) ... 2, 8, 11

*Shuler v. Garrison*,
718 F. App'x 825 (11th Cir. 2017) ... 3, 5

*Stewart v. Beam Global Spirits & Wine, Inc.*,
877 F. Supp. 2d 192 (D.N.J. 2012) ... 10

*T.D. v. Piedmont Healthcare, Inc.*,
2024 WL 5284883 (N.D. Ga. Dec. 10, 2024) ... 2, 5

*Whitehead v. City of Atlanta*,
2024 WL 2763840 (N.D. Ga. Apr. 22, 2024) ... 6

Defendant Verisk Analytics, Inc.'s ("Verisk") Motion for Reconsideration ("Motion"), joined by LexisNexis Risk Solutions Inc. ("LNRS")[1] (together with Verisk, the "CRA Defendants"), asks this Court to reconsider two aspects of its April 22, 2026, Opinion and Order ("Order"): (1) applying Georgia law to Plaintiffs' common law claims for purposes of the motions to dismiss; and (2) denying their motion to dismiss Plaintiffs' unjust enrichment claim. Doc. 228; Doc. 230. The CRA Defendants fail to identify any error, much less establish clear error, warranting reconsideration.

First, the CRA Defendants fail to identify any controlling authority with which the Court's application of Georgia law conflicts. Nor do the CRA Defendants argue that the Court's ruling would change if it applied New Jersey's choice-of-law rules. The CRA Defendants' challenge to the Court's unjust enrichment order is similarly flawed. Contrary to their assertions, the Court addressed the substance of the CRA Defendants' unjust enrichment arguments in its Order. And the CRA Defendants fail

---

[1] LNRS merely joins Verisk's Motion and "moves for reconsideration of the Court's Ruling on Defendants' Motions to Dismiss for the reasons stated in Verisk's Motion." Doc. 230 at 2. Since LNRS has provided no discernable argument to which Plaintiffs may respond, Plaintiffs address Verisk's arguments in this Opposition.

to establish that the application of Michigan law to Plaintiffs' unjust enrichment claim caused any error in the Court's ruling on that claim.

In short, the CRA Defendants make two separate requests for the Court to reconsider its analyses without demonstrating or even arguing that doing so would change the Court's Order. The Court should deny their Motion.

## LEGAL STANDARD

A party may seek reconsideration of an order "only when 'absolutely necessary.'" *Pottayil v. Thyssenkrupp Elevator Corp.*, 574 F. Supp. 3d 1282, 1300 (N.D. Ga. 2021) (quoting N.D. Ga. L.R. 7.2(E)). "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error or prevent a manifest injustice." *Id.* at 1300–01 (citation modified). A clear error, also referred to as a manifest error, "'is not just any error,' a conclusion that 'may or may not have been error,' or a finding about which there is some 'doubt.'" *Georgia Advoc. Off. v. Georgia*, No. 17-cv-3999-MLB, 2025 WL 2979702, at *2 (N.D. Ga. Sept. 19, 2025) (quoting *In re D.C.*, 792 F.3d 96, 98 (D.C. Cir. 2015)). Instead, "[a] manifest error of law is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *T.D. v. Piedmont Healthcare, Inc.*, No. 23-CV-5416-TWT, 2024 WL 5284883, at *1 (N.D. Ga. Dec. 10, 2024) (Thrash, J.)

(quoting *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017)). This standard is "stringent . . . and its application is committed to the sound discretion of the district judge." *Georgia Advoc. Off.*, 2025 WL 2979702, at *2 (citation modified).

## ARGUMENT

### I. The CRA Defendants fail to establish clear error warranting reconsideration of the Court's choice-of-law analysis as applied to Plaintiffs' common law claims.

The CRA Defendants seek reconsideration of the Court's holding that Plaintiffs' common law claims were governed by Georgia law pursuant to Georgia's choice-of-law rules for purposes of the Motions to Dismiss. They ask the Court instead to "apply New Jersey choice of law principles to determine the applicable substantive law."[2] Doc. 228 at 11. The CRA Defendants claim that the Court committed clear error in three different ways when it based its application of Georgia's choice-of-law rules on: (1) the CRA Defendants consenting to the Master Consolidated Class Action Complaint ("MCC") serving as the operative pleading for choice-of-law purposes; (2) Plaintiffs' intention to seek class certification in this

---

[2] The complaint conferring subject matter jurisdiction in this Court against LNRS was filed in this Court. LNRS adopts Verisk's argument that Georgia law should not have applied to Plaintiffs' common law claims, but it does not identify a particular state's choice-of-law rules it believes the Court should have applied to those claims.

Court, including through their assertion in the MCC that personal jurisdiction exists over all Defendants in this forum; and (3) Verisk waiving any challenge to the application of Georgia choice-of-law rules (on the ground that this Court lacks personal jurisdiction over Verisk) by failing to raise that argument until filing its reply brief. Doc. 228 at 5; Doc. 203 at 103–04.

In arguing that the Court clearly erred in its choice-of-law analysis, the CRA Defendants disregard the standard for establishing clear error in a motion for reconsideration. Their failure to do so is fatal for multiple reasons.

First, the CRA Defendants do not identify any controlling precedent with which this Court's ruling conflicts. The only controlling precedent upon which the CRA Defendants rely is a Supreme Court case establishing the general rule that there is no merger of the discrete actions in an MDL "when the master complaint is not meant to be a pleading with legal effect but only an administrative summary of the claims brought by all the plaintiffs." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3 (2015) (citation modified); *see* Doc. 228 at 7. But the Court's order is consistent with this principle. The Court acknowledged that, in an MDL, "the transferee court typically applies the state law that the transferor court would have applied." Doc. 203 at 102. The Court noted, however, that there is an exception to this rule "if both parties consent to filing a 'master complaint' that supersedes the

previously filed individual pleadings and merges the transferred actions until pretrial proceedings have concluded." *Id.* (citation modified). Under that exception, the Court found the CRA Defendants consented to a superseding master complaint (the MCC), and although they had reserved their right to argue that the transferor court's choice-of-law rules applied, they failed to do so, as it was not until their reply brief that they argued the Court lacked personal jurisdiction over Verisk and could not apply Georgia's choice-of-law rules. *Id.* at 103–04.

Nothing in *Gelboim* calls into question the Court's analysis, and the CRA Defendants do not identify any other controlling authority that does. The CRA Defendants have thus failed to meet their threshold burden of showing a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *T.D.*, 2024 WL 5284883, at *1 (quoting *Shuler*, 718 F. App'x at 828).

Second, the CRA Defendants do not address how the application of New Jersey choice-of-law rules would result in a different outcome for the two surviving common law claims analyzed under Georgia law: Count 5 (invasion of privacy) and Count 6 (civil conspiracy to commit invasion of privacy). Indeed, the CRA Defendants do not even argue *which state law would apply* to these claims had the Court applied New Jersey's choice-of-law rules, let alone how the Court's rulings would have changed pursuant to whichever state law would apply. The CRA

Defendants' Motion thus amounts to a request for this Court to re-do its analysis without any consideration of whether such analysis would impact the outcome of the underlying ruling.

This sort of hollow request is entirely insufficient to meet the "stringent" standard for establishing clear error. *Georgia Advoc. Off.*, 2025 WL 2979702, at *2 (citation modified). Even assuming the Court erred in applying Georgia's choice-of-law rules (which it did not), this Court's prior decisions make clear that it will not grant a motion for reconsideration unless the movant establishes that if the error is corrected, the outcome of the underlying ruling will change. *See, e.g.*, *id.* at *3 (denying motion for reconsideration when movants "fail to identify any errors—let alone 'manifest errors'—that, if corrected, would change the outcome of the Court's ruling"); *Whitehead v. City of Atlanta*, No. 22-CV-00353-SEG, 2024 WL 2763840, at *2 (N.D. Ga. Apr. 22, 2024) ("[n]othing in the reconsideration motion suggests that the Court reached an incorrect conclusion on the claims asserted against" the defendant); *see also H&H Wholesale Servs., Inc. v. Kamstra Int'l, B.V.*, No. 217CV13422LJMAPP, 2021 WL 1747849, at *4 (E.D. Mich. May 4, 2021) (when moving for reconsideration, the movant "has the burden of showing that the Court made a clear error, and that if that clear error were corrected, the outcome would be different").

Even if the Court applied New Jersey choice-of-law rules and then applied New Jersey law to Count 5 and Count 6, the Court's holdings likely would not have changed. Under New Jersey law, the tort of intrusion upon seclusion "covers *indirect* intrusions," such as the intrusions alleged here, "in which the alleged intrusion runs through a third-party intermediary." *McQueen v. Credit One Bank, N.A.*, 769 F. Supp. 3d 321, 327 (D.N.J. 2025). Further, under New Jersey law, continuous location monitoring, like the conduct Plaintiffs alleged here, "significantly infringes on an individual's privacy interests." *H.R. v. New Jersey State Parole Bd.*, 231 A.3d 617, 628 (N.J. 2020).

Because the CRA Defendants have not made any showing as to how the Court's choice-of-law analysis conflicted with controlling precedent or that any error in the analysis impacted the Court's rulings, the Court should reject the CRA Defendants' attempt to relitigate these issues.

## II. The CRA Defendants fail to establish clear error warranting reconsideration of the Court's unjust enrichment analysis.

The CRA Defendants also ask the Court to reconsider its analysis of Plaintiffs' unjust enrichment claim (Count 7). Doc. 228 at 12; Doc. 230 at 1.

First, Verisk asserts that the Court disregarded its unjust enrichment arguments. However, although the Court may not have specifically cited to the CRA

Defendants' arguments, the Court's decision addressed each of those arguments, as set out below:

- First, the CRA Defendants argued that Plaintiffs have an adequate remedy at law. Doc. 141-1 at 29-30. The Court rejected this argument, holding that "Plaintiffs are not precluded from asserting an unjust enrichment claim simply because they plead a breach of contract claim on the basis of an express contract or plead other remedies at the motion to dismiss stage." Doc. 203 at 150;

- Second, the CRA Defendants argued that the unjust enrichment claim must fail because Plaintiffs conferred no benefit on the CRA Defendants due to the absence of a direct relationship between Plaintiffs and the CRA Defendants. Doc. 141-1 at 30. But in sustaining Plaintiffs' unjust enrichment claims, the Court explained that "unjust enrichment is not derived from any express terms between two parties, likely because it is a common-law claim brought in the absence of a contract," *i.e.* that a direct relationship was unnecessary. Doc. 203 at 115; and

- Third, the CRA Defendants argued that the unjust enrichment claim must fail because Plaintiffs did not expect renumeration. Doc. 141-1 at 30-31. The Court rejected this argument "[b]ecause it is plausible that the Plaintiffs did not intend to confer this information gratuitously and that the Plaintiffs suffered a detriment." Doc. 203 at 151.

Accordingly, Verisk has suffered no prejudice. Even if the Court was to amend its decision to cite specifically to the CRA Defendants' motion to dismiss, the outcome would be the same. There is no clear error of manifest injustice here which requires reconsideration. *Pottayil*, 574 F. Supp. 3d at 1301; *Georgia Advoc. Off.*, 2025 WL 2979702, at *2.

The CRA Defendants also assert that the Court should not have applied Michigan unjust enrichment law against them. Doc. 228 at 12; Doc. 230 at 1. While Verisk claims that it argued in the motion to dismiss that New Jersey law applied to the unjust enrichment claim against it, LNRS does not specify which law it believes the Court should have applied. In addition, in their motion to dismiss, the CRA Defendants did not specifically argue that New Jersey unjust enrichment law applies to them, instead citing state and federal court cases from New Jersey, Florida and Georgia, and arguing that the common law claims against the CRAs "would fail under the laws of those states—and many others." Doc. 141-1 at 20, 29–31.

Further, though Verisk now suggests that the Court should have applied New Jersey unjust enrichment law, it fails to establish that there exists any conflict between Michigan and New Jersey unjust enrichment law such that the outcome would have been different had the Court applied New Jersey law instead of Michigan law. Verisk argues only that "under New Jersey law . . . in the absence of a direct consumer relationship, Plaintiffs had failed to allege that they directly conferred a benefit on, or expected renumeration from, either Verisk or LNRS." However, even assuming that New Jersey unjust enrichment law applies to Verisk (and Plaintiffs do not concede that it does), Verisk's argument cannot succeed because it misstates New Jersey law.

First, the single, sixty-year old decision cited by the CRA Defendants in their motion to dismiss for the proposition that unjust enrichment under New Jersey law "requires [a] direct commercial relationship" (*see* Doc. 141-1 at 30) says no such thing, stating only that "[i]t is further noted that quasi-contract cases involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit." *Callano v. Oakwood Park Homes Corp*., 219 A.2d 332, 335 (N.J. Super. Ct. App. Div. 1966). Indeed, subsequent decisions have also clarified that New Jersey law does not always require a direct commercial relationship and that unjust enrichment claims may be brought, for example, against a manufacturer for misrepresenting its product by individuals who purchased the product from a third party. *Stewart v. Beam Global Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 199-200 (D.N.J. 2012).

Second, Verisk cites *Melzer v. Johnson & Johnson Consumer Inc.*, No. 22-3149, 2023 WL 3098633 (D.N.J. Apr. 26, 2023). In that case, the court held that the plaintiff insufficiently alleged her unjust enrichment claim under New Jersey law because she did not expect renumeration from the defendant and did not sufficiently allege that the defendant's enrichment caused her any loss or damage. *Id*. at *7. Plaintiffs already addressed arguments regarding remuneration in their opposition to the CRA Defendants' motion to dismiss and incorporate those points here. Doc. 152

at 25–26. And this Court concluded that Plaintiffs *had* sufficiently alleged both an expectation of remuneration and detriment: “there is proof that the Plaintiffs did not intend to convey the benefit gratuitously at the time the information was taken. The detriment suffered by the Plaintiffs arises out of the GM Defendants’ retention of profits.” Doc. 203 at 151 (citation modified). Again, there is no clear error in the Court’s decision warranting reconsideration. *Pottayil*, 574 F. Supp. 3d 1301; *Georgia Advoc. Off.*, 2025 WL 2979702, at *2.

## CONCLUSION

The Court should deny the CRA Defendants’ motion for reconsideration.

Date: June 3, 2026

Respectfully submitted,

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com

/s/ *Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

***MDL Co-Lead Counsel***

Bryan L. Clobes
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com

Amy Keller
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel: (312)214-7900
akeller@dicellolevitt.com

***OnStar Track Co-Lead Counsel***

Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 24th Floor
New York, New York 10169
Tel: (212) 223-4478
jguglielmo@scott-scott.com

Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com

***LNRS/Verisk Track Co-Lead Counsel***

Kiley L. Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: (805) 270-7100

Emily E. Hughes
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200

Kgrombacher@bradleygrombacher.com

eeh@millerlawpc.com

Graham Maiden
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9670
gmaiden@motleyrice.com

Thomas E. Loeser
**COTCHETT, PITRE & MCCARTHY LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel: (206) 802-1272
tloeser@cpmlegal.com

Adam E. Polk
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
apolk@girardsharp.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com

***OnStar Track Steering Committee***

Gayle M. Blatt
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, California 92101
Tel: (619) 238-1811
gmb@cglaw.com

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Rd., Suite 200
Montvale, New Jersey 07645
Tel: (201) 391-7000
ggraifman@kgglaw.com

Jennifer M. French
**JENNIFER M. FRENCH, APC**
1050 University Ave. E107 80
San Diego, California 92103
(858) 205-4119
jenn@frenchlawapc.com

Chris Springer
**KELLER ROHRBACK LLP**
801 Garden Street, Suite 301
Santa Barbara, California 93101
Tel: (805) 456-1496
cspringer@kellerrohrback.com

Jeff Ostrow

**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

*LNRS/Verisk Track Steering Committee*

M. Brandon Smith
**CHILDERS, SCHLUETER & SMITH LLC**
1932 N. Druid Hills Road, Suite 100
Atlanta, Georgia 30319
Tel: (404) 419-9500
bsmith@cssfirm.com

*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record. I further certify that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1.

3rd day of June, 2026.

/s/ *James Ulwick*
Attorney for Plaintiffs