**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | No. 1:24-md-3115-TWT |

**VERISK ANALYTICS, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S RULING ON DEFENDANTS' MOTIONS TO DISMISS (ECF NO. 203)**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................ 1

ARGUMENT ........................................................................................ 2

I. The Court's Choice of Law Analysis Was Clearly Erroneous, and it Materially Impacted the Ruling on the Motions to Dismiss.. ........................................................................................ 2

II. Plaintiffs Ignore the Clear Errors in the Court's Unjust Enrichment Analysis.. ........................................................................................ 5

CONCLUSION ........................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AndroGel Antitrust Litig. (No. II)*,
687 F. Supp. 3d 1371 (N.D. Ga. 2010)....................5

*Badalamenti v. Resideo Technologies, Inc.*,
807 F. Supp. 3d 414 (D.N.J. 2025)....................6

*Bedi v. BMW of N. Am., LLC*,
2016 WL 324950 (D.N.J. Jan. 27, 2016)....................6

*Boxy, LLC v. Jay at Play Int'l Hong Kong, LTD*,
No. 20-80893, 2021 WL 1226388 (S.D. Fla. Mar. 31, 2021)....................5

*Eli Lily & Co. v. Roussel Corp.*,
23 F. Supp. 2d 460 (D.N.J. 1998)....................6

*In re Conagra Peanut Butter Prods Liab. Litig.*,
251 F.R.D. 689 (N.D. Ga. 2008)....................2

*In re Delta Dental Antitrust Litig.*,
509 F. Supp. 3d 1377 (J.P.M.L. 2020)....................2

*In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.*,
2013 WL 5503308 (D.N.J. Oct. 2, 2013)....................5

*Stewart v. Beam Glob. Spirits & Wine, Inc.*,
877 F. Supp. 2d 192 (D.N.J. 2012)....................6

**Statutes**

28 U.S.C. § 1407....................2

## INTRODUCTION

Plaintiffs hardly lift a finger to defend the Court's analysis with respect to choice of law and unjust enrichment. They argue, instead, that the errors in the Court's opinion are inconsequential, and that its rulings would remain the same even if the errors were corrected. Plaintiffs are wrong on both fronts.

With respect to choice of law, a legally correct analysis would change the Court's opinion in three ways. First, it would result in a finding that Verisk has not waived any defenses relating to choice of law. Second, it would result in the application of New Jersey choice of law rules to Plaintiffs' common law claims. Third, to the extent that Plaintiffs' failure to specify a source of law for their claims renders the choice of law analysis impracticable, it would result in dismissal of the remaining common law counts (Counts 5, 6, and 7).

Similarly, with respect to unjust enrichment, a legally correct analysis would result in a finding that Plaintiffs have failed to allege the requisite direct relationship between themselves and Verisk under New Jersey law, which, in turn, would result in a finding that the unjust enrichment claim against Verisk should be dismissed.

In sum, Verisk's Motion for Partial Reconsideration is hardly a "hollow request," as Plaintiffs contend. *See* ECF No. 251 at 9. To the contrary, Verisk seeks concrete remedies for clear legal errors that materially impacted the rulings on the

motions to dismiss. The requested remedies are amply justified on the facts of this case.

## ARGUMENT

### I. THE COURT'S CHOICE OF LAW ANALYSIS WAS CLEARLY ERRONEOUS, AND IT MATERIALLY IMPACTED THE RULING ON VERISK'S MOTION TO DISMISS.

Plaintiffs fail to acknowledge, much less address, the fundamental error in the Court's choice of law analysis. Nor do they confront its impact on the Court's ultimate ruling.

The error was this: in holding that the common law claims against Verisk are governed by Georgia law, the Court improperly departed from the settled rule that governs choice of law issues in MDL proceedings. ECF No. 203 at 103-04. The rule states that when a case is transferred under 28 U.S.C. § 1407, the transferee court must apply the state choice of law rules that would have been applied by the transferor court (in Verisk's case, the United States District Court for the District of New Jersey). *See*, *e.g.*, *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1380 (J.P.M.L. 2020); *In re Conagra Peanut Butter Prods Liab. Litig.*, 251 F.R.D. 689, 693 (N.D. Ga. 2008) (Thrash, J.).

Plaintiffs fail to grapple with the Court's stated reasons for departing from the settled rule. They instead attempt to sanitize the Court's analysis. Specifically, in addressing the Court's conclusion that Verisk consented to the filing of a

superseding complaint, Plaintiffs contend that the Court accepted that Verisk had preserved its arguments relating to choice of law. ECF 251 at 5. But the Court did no such thing. Although the Court acknowledged that Verisk had preserved defenses relating to personal jurisdiction and venue in the Joint Preliminary Report and Discovery Plan, it failed to recognize that Verisk had ***also*** preserved defenses relating to choice of law. ECF No. 203 at 103. From this mistaken premise, the Court concluded that Verisk had agreed that the Master Consolidated Complaint would serve as the operative pleading for choice of law purposes. *Id*. at 102-03. That holding was clearly erroneous, as Verisk explained in its opening brief. ECF No. 228 at 6-7. Plaintiffs make no attempt to defend it—or, indeed, to accurately convey the Court's reasoning—in their response.

Similarly, Plaintiffs offer nothing to support the Court's conclusion that Verisk waived its challenge to the application of Georgia law. Plaintiffs' silence with respect to waiver is telling. Plaintiffs cannot deny that they failed to invoke Georgia law—or indeed, any source of law—in support of their common law claims. *See* Compl., ECF No. 109. They also cannot deny that the underlying, "jurisdictional" complaint was filed against Verisk in the District of New Jersey. Under these circumstances, there was no reason for Verisk to disclaim the application of Georgia law, or to raise the issue of personal jurisdiction, in its opening brief. Rather, in the face of a clearly defective complaint, Verisk did

everything it could to preserve its defenses, expressly stating in its opening brief that it "reserv[ed] the right to submit choice of law arguments if cognizable sources of law are later pled." ECF No. 141-1 at 37, n.7. Plaintiffs point to no authority—nor do they advance a logical argument—supporting a finding of waiver on these facts.

Ultimately, rather than defend the Court's analysis relating to choice of law, Plaintiffs resort to saying, "no harm, no foul." They contend that even if the Court committed errors, and even if the errors were corrected, the Court's ultimate rulings would not change. ECF No. 251 at 5-6. This argument misses the mark. If the Court's erroneous ruling as to waiver is not corrected, it will materially harm Verisk by limiting its ability to raise choice of law defenses at critical future stages of this case. This harm should be redressed by an order stating that: (i) Verisk has not waived ***any*** defenses relating to choice of law, including but not limited to arguments that Verisk is not subject to personal jurisdiction in a particular forum; and (ii) the Court's opinion is amended to the extent that it suggested otherwise.[1]

Plaintiffs take a similar tack with respect to the choice of law analysis itself. They criticize Verisk for failing to specify, for 47 Plaintiffs residing in 27 different states, how the Court's opinion would have been different—and specifically, which state's law would have applied—had the Court applied New Jersey choice of law

[1] Defendants General Motors LLC and Onstar LLC (collectively, "GM") have requested similar relief in a Motion for Clarification, *see* ECF No. 225 & 225-1, which Verisk has joined, *see* ECF No. 229.

rules. *See* ECF No. 251 at 5-6. But it is ***Plaintiffs,*** not Verisk, who bear the burden of specifying a source of law for their claims. *See, e.g., In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litig.*, No. 12–169, 2013 WL 5503308, at *8 (D.N.J. Oct. 2, 2013) (dismissing unjust enrichment claim for failure to specify which state law applied); *Boxy, LLC v. Jay at Play Int'l Hong Kong, LTD*, No. 20-80893, 2021 WL 1226388, at *10 (S.D. Fla. Mar. 31, 2021) (similar). To the extent that Plaintiffs' failure to plead a source of law for their claims renders the choice of law analysis impracticable, the remedy is simple: the remaining common law claims should be dismissed, and Plaintiffs should be precluded from relying on a source of law they have not pled. *See In re AndroGel Antitrust Litig. (No. II)*, 687 F. Supp. 3d 1371, 1381 (N.D. Ga. 2010) (Thrash, J.) ("[P]laintiff[s] cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss.").

## II. PLAINTIFFS IGNORE THE CLEAR ERRORS IN THE COURT'S UNJUST ENRICHMENT ANALYSIS.

Plaintiffs concede that the Court did not engage with Verisk's arguments relating to unjust enrichment in deciding the motions to dismiss. *See* ECF No. 251 at 7-8. They nonetheless contend that even had the Court considered Verisk's arguments and properly applied New Jersey law, it would have reached the same result. *Id*. at 8-11. That is incorrect.

Plaintiffs' position is grounded in a fundamental misstatement of New Jersey law. They contend that New Jersey courts do ***not*** require a direct, commercial

relationship between a plaintiff and a defendant for an unjust enrichment claim to proceed. *Id*. at 10. But the weight of authority suggests otherwise: New Jersey courts have repeatedly held that "a direct relationship between the parties" is a core essential element of an unjust enrichment claim. *See, e.g.*, *Badalamenti v. Resideo Technologies, Inc.*, 807 F. Supp. 3d 414, 436 (D.N.J. 2025) (holding, after extensive examination of New Jersey case law, that unjust enrichment claim could not proceed absent direct relationship between plaintiff and defendants); *Bedi v. BMW of N. Am., LLC*, 2016 WL 324950, at * 5 (D.N.J. Jan. 27, 2016) ("[T]here must be a direct relationship to assert an unjust enrichment claim."); *Eli Lily & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998) ("[I]t is the plaintiff's (as opposed to a third party's) conferral of a benefit on defendant which forms the basis of an unjust enrichment claim.").[2]

Had the Court considered these authorities, it would have concluded that Plaintiffs had failed to allege the requisite direct relationship between themselves

---

[2] Plaintiffs cite a single case, *Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192 (D.N.J. 2012), in support of their argument that New Jersey Courts do not require a direct commercial relationship between a plaintiff and a defendant for an unjust enrichment claim to proceed. But *Beam* did not dispose of the "direct relationship requirement." It held only that where a manufacturer makes false claims for the purpose of affecting retail sales, and where retail sales could have the effect of increasing wholesale sales to the manufacturer, a plaintiff who purchases a product from a retailer may plausibly allege a direct relationship with the product's manufacturer under New Jersey law. *Id*. at 200. That holding does not apply here. Plaintiffs do not allege that they purchased a Verisk product through a downstream retailer. Indeed, they do not allege that they purchased a Verisk product at all.

and Verisk for purposes of their unjust enrichment claim. But as the Court's opinion makes clear, it failed to consider these authorities, or, indeed, to conduct any type of "direct relationship" analysis in connection with its ruling on the motions to dismiss. In short, the Court committed a clear error that materially impacted the substance of its ruling against Verisk. Verisk asks the Court to correct this error, conduct a proper analysis of the unjust enrichment claim, and grant Verisk's motion to dismiss.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in Verisk's opening brief, *see* ECF No. 228, Verisk respectfully requests that its motion for reconsideration be granted, and that the Court revisit its opinion and grant Verisk the following relief: (1) an order stating that Verisk has not waived any defenses relating to choice of law; (2) with respect to Plaintiffs' common law claims, conduct a proper choice of law analysis pursuant to New Jersey law and, to the extent that such an analysis is impracticable because Plaintiffs have failed to plead a source of law for their claims, dismiss the remaining common law counts (Counts 5, 6, and 7); and (3) with respect to Plaintiffs' unjust enrichment claim, consider Verisk's arguments and grant Verisk's motion to dismiss.

Dated: June 17, 2026

Respectfully submitted,

*/s/ Jasmeet K. Ahuja*

Jasmeet K. Ahuja (*pro hac vice*)
**HOGAN LOVELLS US LLP**
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267)-675-4667
jasmeet.ahuja@hoganlovells.com

Allison J. Caplis (*pro hac vice*)
Peter J. Martinez (*pro hac vice*)
**HOGAN LOVELLS US LLP**
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410)-659-2700
peter.martinez@hoganlovells.com

Brett M. Weinstein (*pro hac vice*)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
(212) 918-3000
brett.weinstein@hoganlovells.com

*Attorneys for Defendant Verisk Analytics, Inc.*

**CERTIFICATE OF COMPLIANCE**

By her signature below, and as required by Local Rule 7.1(D), counsel for Defendant Verisk certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), namely Times New Roman (14 point).

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja
Hogan Lovells US LLP

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2026, I have caused a copy of the foregoing Reply Memorandum to be filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja
Hogan Lovells US LLP