**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection Litigation | MDL Docket No. 3115<br>Case No. 1:24-md-3115-TWT |

**GENERAL MOTORS LLC AND ONSTAR, LLC'S ANSWER TO MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants General Motors LLC and OnStar, LLC (collectively, "Defendants" or "GM") submit their Answer and Defenses to the Master Consolidated Class Action Complaint (the "Master Complaint" or "MC").

## ANSWER

The cover page of the Master Complaint, the Table of Contents of the Master Complaint, the footnotes in the Master Complaint, and the headings and subheadings appearing throughout the Master Complaint do not contain allegations to which responses are required. To the extent those portions of the Master Complaint contain allegations to which a response is required, GM denies the allegations. In response to the allegations in the numbered paragraphs of the Master Complaint, GM responds as follows:

## ANSWERING THE SECTION TITLED "INTRODUCTION"

1. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that telematics systems have enabled the collection of certain data from GM vehicles, which included certain data elements described in this paragraph. GM denies the remaining allegations in this paragraph and specifically denies that GM violated the Federal Wiretap Act, any other federal or state law, or engaged in any misconduct.

2. GM denies the allegations in this paragraph.

3. GM denies the allegations in this paragraph.

4. GM admits that Plaintiffs purport to assert allegations against Defendants, including GM, on behalf of themselves and putative classes. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the source or basis of Plaintiffs' allegations and denies those allegations on that basis. GM denies the remaining allegations in this paragraph and denies that it engaged in any misconduct.

5. GM denies the allegations in this paragraph.

**ANSWERING THE SECTION TITLED "JURISDICTION AND VENUE"**

6. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that Plaintiffs purport to assert claims under federal and state law and denies any remaining allegations in this paragraph.

7. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits that at least one putative class member is of diverse citizenship from one defendant, that Plaintiffs seeks in excess of $5 million, exclusive of interest and costs, and that Plaintiffs seek to certify a class of more than 100 class members. GM denies the remaining allegations in this paragraph.

8. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits that General

Motors LLC and OnStar, LLC are registered to do business in the State of Georgia and conduct business in the Northern District of Georgia. GM denies any remaining allegations in this paragraph.

9. GM admits that the Master Complaint purports to be a superseding complaint intended to govern pretrial proceedings in this multidistrict litigation and that this paragraph purports to quote or describe an order of the Judicial Panel on Multidistrict Litigation. GM states that the referenced order speaks for itself, and to the extent the allegations misquote or mischaracterize the order, GM denies the allegations. GM denies any remaining allegations in this paragraph.

## ANSWERING THE SECTION TITLED "PLAINTIFFS"

10. GM admits that Plaintiffs purport to bring this action on behalf of themselves and putative classes of similarly situated persons in the United States and certain states. GM denies the remaining allegations in this paragraph.

11. This paragraph does not contain factual allegations directed at GM and, therefore, no response is required. To the extent a response is required, GM denies the allegations in this paragraph.

## ALABAMA

### Chad Weaver

12. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff

obtained a 2023 Chevrolet Corvette on April 17, 2023 from a GM-authorized retail dealership in Hoover, Alabama. GM further admits that the 2023 Chevrolet Corvette referenced in this paragraph was equipped with OnStar hardware and software. GM denies any remaining allegations in this paragraph.

13. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

14. GM denies the allegations in this paragraph.

15. GM denies the allegations in this paragraph.

16. GM denies that Plaintiff's data was intercepted, accessed, recorded, or disclosed without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

17. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded, or disclosed by GM without his consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

18. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

19. GM denies the allegations in this paragraph.

20. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

21. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

22. GM denies the allegations in this paragraph that Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

23. GM denies the allegations in this paragraph.

24. GM denies the allegations in this paragraph.

25. GM denies the allegations in this paragraph.

## ARIZONA

**Brian Johnson**

26. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Tahoe in November 2023 from a GM-authorized retail dealership. GM further admits that the 2023 Chevrolet Tahoe referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

27. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

28. GM denies the allegations in this paragraph.

29. GM denies the allegations in this paragraph.

30. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

31. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

32. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

33. GM denies the allegations in this paragraph.

34. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

35. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

36. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

37. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

38. GM denies the allegations in this paragraph that Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

39. GM denies the allegations in this paragraph.

40. GM denies the allegations in this paragraph.

41. GM denies the allegations in this paragraph.

**David Loehr**

42. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Colorado in 2023 from a GM-authorized retail dealership in Las Vegas, Nevada. GM further admits that the 2023 Chevrolet Colorado referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

43. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or

that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

44. GM denies the allegations in this paragraph.

45. GM denies the allegations in this paragraph.

46. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

47. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded, or disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

48. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

49. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

50. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

51. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

52. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

53. GM denies the allegations in this paragraph.

54. GM denies the allegations in this paragraph.

55. GM denies the allegations in this paragraph.

**CALIFORNIA**

**Dan Carnine**

56. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a GM vehicle in July 2018 from a GM-authorized retail dealership. GM further admits that this vehicle was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

57. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in

this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

58. GM denies the allegations in this paragraph.

59. GM denies the allegations in this paragraph.

60. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

61. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

62. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

63. GM denies the allegations in this paragraph.

64. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

65. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

66. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

67. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

68. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

69. GM denies the allegations in this paragraph.

70. GM denies the allegations in this paragraph.

71. GM denies the allegations in this paragraph.

**Donald Smith, Jr.**

72. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2021 Chevrolet Bolt in March 2021 from a GM-authorized retail dealership in California. GM further admits that the 2020 Chevrolet Bolt referenced

in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

73. Upon information and belief, GM admits that Plaintiff enrolled his vehicle in Smart Driver in March 2021. GM lacks knowledge or information sufficient to form a belief as to the reason Plaintiff enrolled his vehicle and denies those allegations on that basis. GM denies the remaining allegations in this paragraph.

74. GM denies the allegations in this paragraph.

75. GM denies the allegations in this paragraph.

76. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

77. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

78. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

79. GM denies the allegations in this paragraph.

80. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

81. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

82. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

83. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

84. GM denies the allegations in this paragraph.

85. GM denies the allegations in this paragraph.

86. GM denies the allegations in this paragraph.

**Nathaniel Haiden**

87. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Bolt in December 2022 from a GM-authorized retail

dealership in Monrovia, California. GM further admits that the 2023 Chevrolet Bolt referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

88. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

89. GM denies the allegations in this paragraph.

90. GM denies the allegations in this paragraph.

91. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

92. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

93. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

94. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

95. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

96. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

97. GM denies the allegations in this paragraph.

98. GM denies the allegations in this paragraph.

99. GM denies the allegations in this paragraph.

## CONNECTICUT

### Amy Brunet

100. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff

obtained a 2021 Cadillac Escalade from a GM-authorized retail dealership in Warwick, Rhode Island in March 2021. GM further admits that the 2021 Cadillac Escalade referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

101. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

102. GM denies the allegations in this paragraph.

103. GM denies the allegations in this paragraph.

104. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without her consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

105. GM denies the allegations in this paragraph.

106. GM denies the allegations in this paragraph.

107. GM denies the allegations in this paragraph.

## DELAWARE

## Michael Alamorian

108. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

109. Upon information and belief, GM admits that Plaintiff obtained a 2021 Cadillac CT5 on February 7, 2022 from a GM-authorized retail dealership in Wilmington, Delaware. GM further admits that the 2021 Cadillac CT5 referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

110. Upon information and belief, GM admits that Plaintiff obtained a 2024 GMC Sierra in May 2024 from a GM-authorized retail dealership in Elkton, Maryland. GM further admits that the 2024 GMC Sierra referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

111. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or

that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

112. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

113. GM denies the allegations in this paragraph.

114. GM denies the allegations in this paragraph.

115. GM denies that Plaintiff Alamorian's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

116. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

117. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

118. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

119. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

120. GM denies the allegations in this paragraph.

121. GM denies the allegations in this paragraph.

122. GM denies the allegations in this paragraph.

**FLORIDA**

**Romeo Chicco**

123. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2021 Cadillac XT6 on November 16, 2021 from a GM-authorized retail dealership in Delray Beach, Florida. GM further admits that the 2021 Cadillac XT6 referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

124. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

125. GM denies the allegations in this paragraph.

126. GM denies the allegations in this paragraph.

127. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

128. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

129. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

130. GM denies the allegations in this paragraph.

131. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

132. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

133. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

134. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

135. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

136. GM denies the allegations in this paragraph.

137. GM denies the allegations in this paragraph.

138. GM denies the allegations in this paragraph.

**Suzanne Block**

139. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those

allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2022 Buick Encore on January 11, 2022 from a GM-authorized retail dealership in Florida. GM further admits that the 2022 Buick Encore referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

140. GM denies the allegations in the first sentence of this paragraph. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

141. GM denies the allegations in this paragraph.

142. GM denies the allegations in this paragraph.

143. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without her consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

144. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

145. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

146. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided

to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

147. GM denies the allegations in this paragraph.

148. GM denies the allegations in this paragraph.

149. GM denies the allegations in this paragraph.

**Tory Skyers**

150. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2019 Cadillac CTS-V in March 2022 from an independent retail dealership in Tampa, FL. GM further admits that the 2019 Cadillac CTS-V referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

151. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or

that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

152. GM denies the allegations in this paragraph.

153. GM denies the allegations in this paragraph.

154. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

155. GM denies the allegations in this paragraph.

156. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

157. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

158. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

159. GM denies the allegations in this paragraph.

160. GM denies the allegations in this paragraph.

161. GM denies the allegations in this paragraph.

**GEORGIA**

**Plaintiff David Gaddis**

162. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2013 Chevrolet Corvette on January 12, 2014 from a GM-authorized retail dealership in Buford, Georgia. GM further admits that Plaintiff obtained a 2019 Chevrolet Corvette on August 10, 2019 from a GM-authorized retail dealership in Georgia. GM further admits that Plaintiff obtained a 2023 Chevrolet Camaro on September 14, 2024 from a GM-authorized retail dealership Decatur, Alabama. GM further admits that the 2013 Chevrolet Corvette, 2019 Chevrolet Corvette, and 2024 Chevrolet Camaro SS referenced in this paragraph were equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

163. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or

that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

164. GM denies the allegations in this paragraph.

165. GM denies the allegations in this paragraph.

166. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

167. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

168. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

169. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

170. GM denies the allegations in this paragraph.

171. GM denies the allegations in this paragraph.

172. GM denies the allegations in this paragraph.

**Stephen Griner**

173. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

174. Upon information and belief, GM admits that Plaintiff obtained a 2021 GMC Sierra 1500 in December 2021 from an independent retail dealership in Lake City, Florida. GM further admits that the 2021 GMC Sierra 1500 referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

175. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

176. GM denies the allegations in this paragraph.

177. GM denies the allegations in this paragraph.

178. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

179. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

180. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

181. GM denies the allegations in this paragraph.

182. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

183. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

184. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

185. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

186. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

187. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

188. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

189. GM denies the allegations in this paragraph.

190. GM denies the allegations in this paragraph.

191. GM denies the allegations in this paragraph.

**IDAHO**

**Pavel Gazhenko**

192. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 GM Sierra 1500 in May 2023. GM further admits that the 2023 GMC Sierra 1500 referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

193. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in

this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

194. GM denies the allegations in this paragraph.

195. GM denies the allegations in this paragraph.

196. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

197. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

198. GM denies the allegations in this paragraph.

199. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

200. GM denies the allegations in this paragraph.

201. GM denies the allegations in this paragraph.

202. GM denies the allegations in this paragraph.

**ILLINOIS**

**<u>Adam Dinitz</u>**

203. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2020 GMC Sierra HD Double Cab in late 2020 from an independent dealership in McHenry, Illinois. GM further admits that the 2020 GMC Sierra HD Double Cab referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

204. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

205. GM denies the allegations in this paragraph.

206. GM denies the allegations in this paragraph.

207. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

208. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

209. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

210. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

211. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

212. GM denies the allegations in this paragraph.

213. GM denies the allegations in this paragraph.

214. GM denies the allegations in this paragraph.

**Peter Gray**

215. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Bolt from a GM-authorized retail dealership in Villa Park,

Illinois in January 2024. GM further admits that the 2023 Chevrolet Bolt referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

216. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

217. GM denies the allegations in this paragraph.

218. GM denies the allegations in this paragraph.

219. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

220. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

221. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

222. GM denies the allegations in this paragraph.

223. GM denies the allegations in this paragraph.

224. GM denies the allegations in this paragraph.

225. GM denies the allegations in this paragraph.

**Jeffrey Horvath**

226. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 CT4 V Black Wing Cadillac in May 2023 from a GM-authorized retail dealership in Lansing, Michigan. GM further admits that the vehicle referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

227. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or

that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

228. GM denies the allegations in this paragraph.

229. GM denies the allegations in this paragraph.

230. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

231. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

232. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

233. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

234. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

235. GM denies the allegations in this paragraph.

236. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

237. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

238. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

239. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

240. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

241. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

242. GM denies the allegations in this paragraph.

243. GM denies the allegations in this paragraph.

244. GM denies the allegations in this paragraph.

**INDIANA**

**David Lima**

245. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2019 Chevrolet Corvette Grand Sport Convertible on April 18, 2020 from a GM-authorized retail dealership in Ohio. GM further admits that the 2019 Chevrolet Corvette Grand Sport Convertible referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

246. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

247. GM denies the allegations in this paragraph.

248. GM denies the allegations in this paragraph.

249. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

250. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

251. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

252. GM denies the allegations in this paragraph.

253. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

254. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

255. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

256. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

257. GM denies the allegations in this paragraph.

258. GM denies the allegations in this paragraph.

259. GM denies the allegations in this paragraph.

**KANSAS**

**Manuel Martinez Jr.**

260. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits Plaintiff obtained a 2019 GMC Yukon on May 10, 2019 from a GM-authorized retail dealership in Kansas City, Missouri. GM further admits that the 2019 GMC Yukon referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

261. GM denies the allegations in the first sentence of this paragraph. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

262. After a reasonable investigation, GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

263. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

264. GM denies the allegations in this paragraph.

265. GM denies the allegations in this paragraph.

266. GM denies the allegations in this paragraph.

267. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

268. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

269. GM denies the allegations in this paragraph.

270. GM denies the allegations in this paragraph.

271. GM denies the allegations in this paragraph.

**Kathleen Martinez**

272. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits Plaintiff obtained a 2019 GMC Yukon on May 10, 2019 from a GM-authorized retail dealership in Kansas City, Missouri. GM further admits that the 2019 GMC Yukon referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

273. GM denies the allegations in the first sentence of this paragraph. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

274. After a reasonable investigation, GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

275. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

276. GM denies the allegations in this paragraph.

277. GM denies the allegations in this paragraph.

278. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without her consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

279. GM denies the allegations in this paragraph.

280. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

281. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

282. GM denies the allegations in this paragraph.

283. GM denies the allegations in this paragraph.

284. GM denies the allegations in this paragraph.

**KENTUCKY**

**Donnie Ray Foley**

285. After a reasonable investigation, GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

286. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

287. GM denies the allegations in this paragraph.

288. GM denies the allegations in this paragraph.

289. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

290. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

291. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

292. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

293. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

294. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

295. GM denies the allegations in this paragraph.

296. GM denies the allegations in this paragraph.

297. GM denies the allegations in this paragraph.

**MARYLAND**

**Joseph McDaniels III**

298. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Bolt in June 2023 from a GM-authorized retail dealership in Silver Spring, Maryland. GM further admits that the 2023 Chevrolet Bolt referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

299. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

300. GM denies the allegations in this paragraph.

301. GM denies the allegations in this paragraph.

302. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

303. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

304. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

305. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

306. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

307. GM denies the allegations in this paragraph.

308. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

309. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided

to insurers without appropriate consent or that GM engaged in any misconduct. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding Plaintiff's insurance arrangements and denies those allegations on that basis.

310. GM denies the allegations in this paragraph.

311. GM denies the allegations in this paragraph.

312. GM denies the allegations in this paragraph.

## MICHIGAN

### Kenneth Brockington

313. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2021 Cadillac Escalade on May 8, 2021 from a GM-authorized retail dealership in Plymouth, Michigan. GM further admits that the 2021 Cadillac Escalade referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

314. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a

choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

315. Upon information and belief, GM admits that Plaintiff enrolled his vehicle in Smart Driver from May 8, 2021 until October 2022. GM lacks knowledge or information sufficient to form a belief as to the reason Plaintiff enrolled his vehicle and denies those allegations on that basis. GM denies the remaining allegations in this paragraph.

316. GM denies the allegations in this paragraph.

317. GM denies the allegations in this paragraph.

318. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

319. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

320. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

321. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

322. GM denies the allegations in this paragraph.

323. GM denies the allegations in this paragraph.

**Melvin Drews and Karen Drews**

324. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiffs obtained a 2019 Chevrolet Corvette on May 6, 2020 from a GM-authorized retail dealership in Merrillville, Indiana. GM further admits that Plaintiffs obtained a 2020 Buick Enclave on May 17, 2020 from Jim Winter Automotive Group in Jackson, Michigan. GM further admits that the 2019 Chevrolet Corvette and 2020 Buick Enclave referenced in this paragraph were equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

325. GM denies the allegations in the first sentence of this paragraph. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

326. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in

this paragraph to the extent they imply or suggest that Plaintiffs were not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiffs did not knowingly enroll. GM denies the remaining allegations in this paragraph.

327. GM denies the allegations in this paragraph.

328. GM denies the allegations in this paragraph.

329. GM denies that Plaintiffs' Driving Data was intercepted, accessed, recorded and disclosed by GM without their consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

330. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

331. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

332. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. The allegations in the second sentence of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

333. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

334. GM denies the allegations in this paragraph.

335. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

336. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

337. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

338. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

339. GM denies the allegations in this paragraph.

340. GM denies the allegations in this paragraph.

341. GM denies the allegations in this paragraph.

342. GM denies the allegations in this paragraph.

**Brian LaFalce**

343. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Equinox on December 29, 2022 from a GM-authorized

retail dealership in Grand Rapids, Michigan. GM further admits that the 2023 Chevrolet Equinox referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

344. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

345. GM denies the allegations in this paragraph.

346. GM denies the allegation in this paragraph.

347. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

348. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

349. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

350. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

351. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

352. GM denies the allegations in this paragraph.

353. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

354. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

355. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

356. GM denies the allegations in this paragraph.

357. GM denies the allegations in this paragraph.

358. GM denies the allegations in this paragraph.

359. GM denies the allegations in this paragraph.

**MISSISSIPPI**

**Grace Gilmore**

360. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2020 Chevrolet Spark in December 2019 from a GM-authorized retail dealership in Picayune, Mississippi. GM further admits that the 2020 Chevrolet Spark referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

361. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

362. GM denies the allegations in this paragraph.

363. GM denies the allegations in this paragraph.

364. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without her consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

365. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without her consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

366. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

367. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

368. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

369. GM denies the allegations in this paragraph.

370. GM denies the allegations in this paragraph.

371. GM denies the allegations in this paragraph.

**NEVADA**

**Jennifer Melberg**

372. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff

obtained a 2018 Chevrolet Camaro in May 2018 from a GM-authorized retail dealership in Las Vegas, Nevada. GM further admits that the 2018 Chevrolet Camaro referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

373. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

374. GM denies the allegations in this paragraph.

375. GM denies the allegations in this paragraph.

376. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without her consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

377. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

378. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

379. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

380. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

381. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

382. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

383. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

384. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

385. GM denies the allegations in this paragraph.

386. GM denies the allegations in this paragraph.

387. GM denies the allegations in this paragraph.

## NEW JERSEY

**Morris D. Gordin**

388. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Bolt EUV LT in December 2022 from a GM-authorized retail dealership in Livingston, New Jersey. GM further admits that the 2023 Chevrolet Bolt EUV LT referred to in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

389. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

390. GM denies the allegations in this paragraph.

391. GM denies the allegations in this paragraph.

392. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

393. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

394. GM denies the allegations in this paragraph.

395. GM denies the allegations in this paragraph.

396. GM denies the allegations in this paragraph.

397. GM denies the allegations in this paragraph.

**John Matthews**

398. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Bolt EUV in September 2023 from a GM-authorized retail dealership in Lakewood, New Jersey. GM further admits that the 2023 Chevrolet Bolt EUV referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

399. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a

choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

400. GM denies the allegations in this paragraph.

401. GM denies the allegations in this paragraph.

402. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

403. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

404. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

405. GM denies the allegations in this paragraph.

406. GM denies the allegations in this paragraph.

407. GM denies the allegations in this paragraph.

408. GM denies the allegations in this paragraph.

**Zachary Smith**

409. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those

allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Bolt EV 2LT in April 3, 2023 from a GM-authorized retail dealership in Westville, New Jersey. GM further admits that the 2023 Chevrolet Bolt EV 2LT referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

410. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

411. GM denies the allegations in this paragraph.

412. GM denies the allegations in this paragraph.

413. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

414. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

415. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

416. GM denies the allegations in this paragraph.

417. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

418. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

419. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

420. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

421. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

422. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

423. GM denies the allegations in this paragraph.

424. GM denies the allegations in this paragraph.

425. GM denies the allegations in this paragraph.

426. GM denies the allegations in this paragraph.

**NEW YORK**

**Joseph Davids**

427. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2021 Cadillac XT5 in 2021 from a GM-authorized retail dealership in Farmingdale, New York. GM further admits that the 2021 Cadillac XT5 referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

428. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

429. Upon information and belief, GM admits that Plaintiff obtained a 2024 Cadillac XT6 on February 6, 2024 from a GM-authorized retail dealership in

Farmingdale, New York. GM further admits that the 2024 Cadillac XT6 referenced in this paragraph was equipped with OnStar hardware and software.

430. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

431. GM denies the allegations in this paragraph.

432. GM denies the allegations in this paragraph.

433. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

434. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

435. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

436. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

437. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

438. GM denies the allegations in this paragraph.

439. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. GM denies the remaining allegations in this paragraph.

440. GM denies the allegations in this paragraph.

441. GM denies the allegations in this paragraph.

**Scott Smith**

442. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2022 Buick Encore GX in June 2022 from an independent dealership in Malone, New York. GM further admits that the 2022 Buick Encore GX referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

443. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

444. GM denies the allegations in this paragraph.

445. GM denies the allegations in this paragraph.

446. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

447. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

448. GM denies that Plaintiff Davids' Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

449. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

450. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

451. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

452. GM denies the allegations in this paragraph.

453. GM denies the allegations in this paragraph.

454. GM denies the allegations in this paragraph.

455. GM denies the allegations in this paragraph.

## NORTH CAROLINA

### Rickie Donovan Baker

456. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Corvette z51 in late 2023 from a GM-authorized retail dealership in Hickory, North Carolina. GM further admits that the 2023 Chevrolet Corvette z51 referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

457. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

458. GM denies the allegations in this paragraph.

459. GM denies the allegations in this paragraph.

460. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

461. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

462. GM denies the allegations in this paragraph.

463. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

464. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

465. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

466. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

467. GM denies the allegations in this paragraph.

468. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

469. GM denies the allegations in this paragraph.

470. GM denies the allegations in this paragraph.

471. GM denies the allegations in this paragraph.

**Thomas Fuhrer**

472. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2019 Chevrolet Cruze in 2019 from a GM-authorized retail dealership in Wilmington, North Carolina. GM further admits that the 2023 Chevrolet Cruze referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

473. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent

dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

474. Upon information and belief, GM admits that Plaintiff obtained a 2022 Chevrolet Colorado in 2022 from a GM-authorized retail dealership in Wilmington, North Carolina. GM further admits that the 2022 Chevrolet Colorado referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

475. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

476. GM denies the allegations in this paragraph.

477. GM denies the allegations in this paragraph.

478. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

479. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

480. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

481. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

482. GM denies the allegations in this paragraph.

483. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

484. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

485. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

486. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct.

487. GM denies the allegations in this paragraph.

488. GM denies the allegations in this paragraph.

489. GM denies the allegations in this paragraph.

## OHIO

### Peter Christie

490. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2019 Chevrolet Cruz in 2019 from a GM-authorized retail dealership in Warren, Ohio. GM further admits that the 2023 Chevrolet Cruze referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

491. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or

that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

492. GM denies the allegations in this paragraph.

493. GM denies the allegations in this paragraph.

494. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

495. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

496. GM denies the allegations in this paragraph.

497. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

498. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

499. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

500. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

501. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

502. GM denies the allegations in this paragraph.

503. GM denies the allegations in this paragraph.

504. GM denies the allegations in this paragraph.

**Julianne Kovein**

505. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

506. Upon information and belief, GM admits that Plaintiff obtained a 2016 GMC Acadia on February 25, 2016 from a GM-authorized retail dealership in Medina, Ohio. GM further admits that the 2016 GMC Acadia mentioned in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

507. Upon information and belief, GM admits that Plaintiff obtained a 2019 Chevrolet Traverse from a GM-authorized retail dealership in Akron, Ohio. GM further admits that the 2019 Chevrolet Traverse referenced in this paragraph was equipped with OnStar hardware and software. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

508. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Silverado in March 2023 from a GM-authorized retail dealership in Rittman, Ohio. GM further admits that the 2023 Chevrolet Silverado referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

509. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

510. GM denies the allegations in this paragraph.

511. GM denies the allegations in this paragraph.

512. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without her consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

513. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

514. GM denies the allegations in this paragraph.

515. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

516. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

517. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

518. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

519. GM denies the allegations in this paragraph.

520. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

521. GM denies the allegations in this paragraph.

522. GM denies the allegations in this paragraph.

523. GM denies the allegations in this paragraph.

**Samantha Horton and Christopher Horton**

524. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiffs obtained a 2023 Chevrolet Silverado 1500 LT on May 6, 2023 from a GM-authorized

retail dealership in Massillon, Ohio. GM further admits that the 2023 Chevrolet Silverado 1500 LT referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

525. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiffs were not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiffs did not knowingly enroll. GM denies the remaining allegations in this paragraph.

526. GM denies the allegations in this paragraph.

527. GM denies the allegations in this paragraph.

528. GM denies that Plaintiffs' Driving Data was intercepted, accessed, recorded and disclosed by GM without their consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

529. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

530. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

531. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

532. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

533. GM denies the allegations in this paragraph.

534. GM denies the allegations in this paragraph.

535. GM denies the allegations in this paragraph.

536. GM denies the allegations in this paragraph.

## OKLAHOMA

### Gregory Brakefield

537. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2021 Chevrolet Suburban in February 2021 from a GM-authorized retail dealership in Tulsa, Oklahoma. GM further admits that the 2021 Chevrolet Suburban referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

538. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in

this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

539. GM denies the allegations in this paragraph.

540. GM denies the allegations in this paragraph.

541. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

542. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

543. GM denies the allegations in this paragraph.

544. GM denies the allegations in this paragraph.

545. GM denies the allegations in this paragraph.

## OREGON

### Michael Montgomery

546. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff

obtained a 2019 GMC Sierra 1500 AT4 on February 22, 2019 from a GM-authorized retail dealership in Salem, Oregon. GM further admits that the 2019 GMC Sierra 1500 AT4 referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

547. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

548. GM denies the allegations in this paragraph.

549. GM denies the allegations in this paragraph.

550. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph regarding whether or when Plaintiff received a copy of any LexisNexis report and denies those allegations on that basis. GM denies the remaining allegations in the first sentence of this paragraph. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and denies those allegations on that basis.

551. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

552. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

553. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

554. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

555. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

556. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

557. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

558. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct.

559. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

560. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

561. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

562. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct.

563. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

564. GM denies the allegations in this paragraph.

565. GM denies the allegations in this paragraph.

566. GM denies the allegations in this paragraph.

**PENNSYLVANIA**

**Sean Willey**

567. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2021 Cadillac CT4 on January 9, 2024 from an independent dealership in

Lancaster, Pennsylvania. GM further admits that the 2021 Cadillac CT4 referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

568. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

569. GM denies the allegations in this paragraph.

570. GM denies the allegations in this paragraph.

571. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

572. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

573. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

574. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

575. GM denies the allegations in this paragraph, including any allegation that any of Plaintiff's Driving Data was uncontextualized, misleading, or provided to insurers without appropriate consent or that GM engaged in any misconduct.

576. GM denies the allegations in this paragraph.

577. GM denies the allegations in this paragraph.

578. GM denies the allegations in this paragraph.

**Omar Guc**

579. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Corvette Z06 in late 2023 from a GM-authorized retail dealership in Nashua, New Hampshire. GM further admits that the 2023 Chevrolet Corvette Z06 referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

580. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a

choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

581. GM denies the allegations in this paragraph.

582. GM denies the allegations in this paragraph.

583. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

584. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

585. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

586. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

587. GM denies the allegations in this paragraph.

588. GM denies the allegations in this paragraph.

589. GM denies the allegations in this paragraph.

## SOUTH CAROLINA

### Wallace Bruce Mason

590. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2024 Chevrolet Corvette Stingray and 2024 Chevrolet Silverado in November 2023 from a GM-authorized retail dealership in Newton, North Carolina. GM further admits that the vehicles referenced in this paragraph were equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

591. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

592. GM denies the allegations in this paragraph.

593. GM denies the allegations in this paragraph.

594. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

595. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

596. GM denies the allegations in this paragraph.

597. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

598. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

599. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

600. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

601. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

602. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

603. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

604. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

605. GM denies the allegations in this paragraph.

606. GM denies the allegations in this paragraph.

607. GM denies the allegations in this paragraph.

608. GM denies the allegations in this paragraph.

**SOUTH DAKOTA**

**Steven Angerhofer**

609. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff purchased a 2023 Chevrolet Corvette in March 2023 from a GM-authorized retail dealership in Pipestone, Minnesota. GM further admits that the 2023 Chevrolet Corvette referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

610. GM denies the allegations in this paragraph.

611. GM denies the allegations in this paragraph.

612. GM denies the allegations in this paragraph.

613. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

614. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

615. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

616. GM denies the allegations in this paragraph.

617. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis. .

618. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

619. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

620. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

621. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

622. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

623. GM denies the allegations in this paragraph.

624. GM denies the allegations in this paragraph.

625. GM denies the allegations in this paragraph.

626. GM denies the allegations in this paragraph.

**TEXAS**

**Jace Parkhurst**

627. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2024 GMC Yukon Denali in February 2024 from a GM-authorized retail dealership in Carrolton, Texas. GM further admits that the 2024 GMC Yukon Denali referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

628. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in

this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

629. GM denies the allegations in this paragraph.

630. GM denies the allegations in this paragraph.

631. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

632. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

633. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

634. GM denies the allegations in this paragraph.

635. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

636. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

637. GM denies the allegations in this paragraph.

638. GM denies the allegations in this paragraph.

639. GM denies the allegations in this paragraph.

**WASHINGTON**

**Taylor DeVilbiss**

640. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. Upon information and belief, GM admits that Plaintiff obtained a 2023 Chevrolet Colorado in 2023 from a GM-authorized retail dealership in Milwaukie, Oregon. GM further admits that the 2023 Chevrolet Colorado referenced in this paragraph was equipped with OnStar hardware and software. GM denies the remaining allegations in this paragraph.

641. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding events at the independent dealership and denies those allegations on that basis. GM denies the allegations in this paragraph to the extent they imply or suggest that Plaintiff was not given a choice regarding OnStar or Smart Driver, that GM engaged in any misconduct, or

that Plaintiff did not knowingly enroll. GM denies the remaining allegations in this paragraph.

642. GM denies the allegations in this paragraph.

643. GM denies the allegations in this paragraph.

644. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

645. GM denies that Plaintiff's Driving Data was intercepted, accessed, recorded and disclosed by GM without his consent. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies those allegations on that basis.

646. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

647. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

648. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

649. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

650. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

651. GM denies the allegations in this paragraph.

652. GM denies the allegations in this paragraph.

653. GM denies the allegations in this paragraph.

654. GM denies the allegations in this paragraph.

## ANSWERING THE SECTION TITLED "DEFENDANTS"

655. GM admits the allegations in the first, second, and third sentences of this paragraph as to the United States. GM further admits that, as of December 31, 2025, it, along with its affiliates, have manufacturing, assembly, distribution, office, or warehousing operations in 33 countries. GM further admits that it has a network of manufacturing plants and parts facilities in 19 states. GM denies any remaining allegations in this paragraph.

656. GM admits the allegations in the first and third sentences of this paragraph as to the United States. GM further admits that OnStar, LLC is a subsidiary of General Motors Company and that OnStar provides, among other things, communications, security, emergency services, navigation, diagnostics, and information services to GM vehicles in the United States. GM denies any remaining allegations in this paragraph.

657. GM admits the allegations in the first sentence of this paragraph. GM is not required to respond to the second sentence of this paragraph.

658. The allegations in this paragraph pertain to LexisNexis and are not directed at GM. Therefore, no response is required.

659. The allegations in this paragraph pertain to Verisk and are not directed at GM. Therefore, no response is required.

**ANSWERING THE SECTION TITLED "STATEMENT OF FACTS"**

660. GM admits the allegations in the first sentence of this paragraph. GM further admits that it has sold millions of vehicles under its four brands to a network of independent authorized retail dealers and that it sold approximately 2.6 million vehicles in the United States in 2023. GM further admits that the allegations in the third sentence of this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

661. GM admits that it launched the OnStar telematics system in 1996. GM further admits that the allegations in the second and third sentences of this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

662. GM admits that OnStar has been generally available in GM vehicles since the 2015 model year vehicles. GM further admits that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

663. GM admits that OnStar offers certain safety features, including emergency response services, vehicle diagnostics and maintenance checks, navigation, and stolen vehicle slowdown, among other services. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

664. With respect to the allegations in the first sentence of this paragraph, GM admits that telematics systems have enabled the collection of certain data from GM vehicles. With respect to the allegations in the second sentence of this paragraph, GM admits only that the allegations purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph and specifically denies that GM's conduct was "invasive" or wrongful.

665. GM denies the allegations in this paragraph that OnStar would be used to "spy on consumers" or result in invasions of privacy. With respect to the allegations in this paragraph that purport to quote or describe cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

666. GM denies the allegations in this paragraph.

**I. The importance of consumer privacy in the auto industry.**

667. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. With respect to the remaining allegations in this paragraph, GM admits the allegations purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

668. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. With respect to the remaining allegations in this paragraph, GM admits the allegations purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

669. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further specifically denies that it engaged in any misconduct and denies any remaining allegations in this paragraph.

670. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

671. GM denies the allegations in this paragraph, which purport to quote or describe a cited source and do not pertain to GM.

672. GM denies the allegations in this paragraph, which purport to quote or describe a cited source and do not pertain to GM.

673. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies that it engaged in any misconduct and denies any remaining allegations in this paragraph.

674. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and denies those allegations on that basis. With respect to the allegations in this paragraph that purport

to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies that it engaged in any misconduct and denies any remaining allegations in this paragraph.

675. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies that it engaged in any misconduct and denies any remaining allegations in this paragraph.

676. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies that it engaged in any misconduct and denies any remaining allegations in this paragraph.

677. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies that it engaged in any misconduct and denies any remaining allegations in this paragraph.

678. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies that it engaged in any misconduct and denies any remaining allegations in this paragraph.

679. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies that it engaged in any misconduct and denies any remaining allegations in this paragraph.

680. GM denies the allegations in this paragraph.

## II. GM transitions from automaker to data broker, amassing billions of miles of consumer Driving Data.

681. With respect to the allegations in the first and third sentences of this paragraph, GM admits only that the allegations purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. As to the allegations in the second sentence of this paragraph, GM admits only that it has shared certain data pursuant to the terms of written agreements, privacy statements and customer or user terms, the terms of which speak for themselves, and

to the extent the allegations misquote or mischaracterize those terms, GM denies the allegations. GM denies any remaining allegations in this paragraph.

682. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

683. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

684. GM denies the allegations in this paragraph.

685. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph pertaining to parties other than GM and denies those allegations on that basis. With respect to the remaining allegations in this paragraph, GM admits only that the allegations purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

686. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to

the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

687. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies that it engaged in any misconduct and denies any remaining allegations in this paragraph.

688. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

689. GM admits only that the allegations in this paragraph purport to quote or describe a cited source that does not pertain to GM. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

690. GM admits only that the allegations in this paragraph purport to quote or describe cited sources that do not pertain to GM. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize

the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

691. GM admits only that the allegations in this paragraph purport to quote or describe a cited source that does not pertain to GM. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

692. GM admits only that the allegations in this paragraph purport to quote or describe a cited source that does not pertain to GM. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

693. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

694. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the

extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

**A. GM sells consumers' Driving Data to Verisk, which uses it to develop products and power its insurance business.**

695. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too.

696. GM admits that it entered into a contract with Verisk in October 2015, the terms of which speak for themselves. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

697. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

698. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

699. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

700. GM admits that certain of its representatives attended the 2016 TU-Automotive Detroit Conference. With respect to the remaining allegations in this paragraph, GM states that they purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations.

701. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

702. GM denies the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, GM admits only that it shared certain data with Verisk pursuant to the terms of written agreements, the terms of which speak for themselves, and that it discontinued the Smart Driver program in 2024. GM denies the remaining allegations in this paragraph.

703. GM admits that it shared certain data with Verisk pursuant to the terms of written agreements, the terms of which speak for themselves. To the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM denies any remaining allegations in this paragraph.

704. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. With respect to the allegations in the first sentence of this paragraph which purport to quote or describe an agreement, GM states that the cited agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. With respect to the allegations in the second sentence of this paragraph, GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

705. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. With respect to the allegations in the first sentence of this paragraph, which purport to quote or describe an agreement, GM states that the cited agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM admits that the allegations in the second, third, and fourth sentences of this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

706. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

707. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies the remaining allegations in this paragraph.

708. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

709. GM admits only that the allegations in the first, second, and fourth sentences of this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM denies the remaining allegations in this paragraph.

710. GM admits only that the allegations in this paragraph purport to quote or describe an agreement. GM states that the cited agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM denies the remaining allegations in this paragraph.

711. GM admits only that the allegations in the first sentence of this paragraph purport to quote or describe an agreement. GM states that the cited agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second

and third sentences of this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM denies any remaining allegations in this paragraph.

712. GM denies the allegations in this paragraph.

713. GM denies the allegations in the first sentence of this paragraph. With respect to the allegations in the second and third sentences of this paragraph, GM admits only that those allegations purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

714. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

715. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

716. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

717. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

718. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

719. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

720. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the

extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

721. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

722. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

723. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

724. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this

paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too.

725. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too.

726. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too.

727. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves.

To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too.

728. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

729. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

730. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

731. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

732. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

733. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

734. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and

denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too.

735. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

736. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too.

737. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the

extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

### B. GM sells consumers' Driving Data to LexisNexis, which uses it to build its telematics business and expand its market share.

738. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

739. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

740. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the

extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

741. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

742. GM denies the allegations in this paragraph.

743. GM admits that it shared certain data with LexisNexis pursuant to the terms of written agreements, the terms of which speak for themselves. To the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM denies the remaining allegations in this paragraph.

744. GM admits that it shared certain data with LexisNexis pursuant to the terms of written agreements, the terms of which speak for themselves. GM denies the remaining allegations in this paragraph.

745. GM admits that it shared certain data with LexisNexis pursuant to the terms of written agreements, the terms of which speak for themselves. To the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM denies the remaining allegations in this paragraph.

746. GM states that the allegations in this paragraph appear to quote or describe an agreement. GM states that the agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegation. GM denies any remaining allegations in this paragraph.

747. GM admits that it shared certain data with LexisNexis pursuant to the terms of written agreements, the terms of which speak for themselves. To the extent the allegations misquote or mischaracterize the agreements, GM denies the allegations. GM denies any remaining allegations in this paragraph.

748. GM admits that the allegations in the first sentence of this paragraph purport to quote or describe an agreement. GM states that the cited agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that those allegations purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

749. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

750. GM denies the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, GM admits only that those allegations purport to quote or describe an agreement. GM states that the cited agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph and denies those allegations on that basis. GM denies any remaining allegations in this paragraph.

751. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

752. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

753. GM denies the allegations in the first sentence of this paragraph as to GM. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations this paragraph pertaining to parties other than GM and denies those allegations on that basis.

754. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and

denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

755. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

756. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

757. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

758. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the

extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

759. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

760. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

761. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

762. GM admits that it shared certain data with LexisNexis pursuant to the terms of written agreements, the terms of which speak for themselves. To the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. With respect to the remaining allegations in this paragraph, GM states that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

763. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

764. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

765. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the

extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

766. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

767. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

768. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

### C. GM secretly arranges to sell consumers' Driving Data to other third parties.

769. GM denies the allegations in this paragraph.

770. GM admits that the allegations in the first sentence of this paragraph purport to quote or describe allegations made by the Texas Attorney General regarding an agreement between Wejo Limited and GM. GM states that the cited agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. With respect to the allegations in the second sentence of this paragraph that purport to quote or describe other cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies the remaining allegations in this paragraph.

771. GM admits that it shared certain data with Wejo pursuant to the terms of written agreements, the terms of which speak for themselves. GM denies the remaining allegations in this paragraph.

772. GM admits that it shared certain data with Wejo pursuant to the terms of written agreements, the terms of which speak for themselves. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

773. GM admits that it shared certain data with Wejo pursuant to the terms of written agreements, the terms of which speak for themselves. GM admits that the allegations in the second sentence of this paragraph purport to quote or describe an agreement. GM states that the cited agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM denies any remaining allegations in this paragraph.

774. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

775. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

776. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and

denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

777. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

778. GM admits that it announced a collaboration with Inrix, Inc. in May 2022. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

779. GM admits that the allegations in this paragraph purport to quote or describe an agreement. GM states that the cited agreement speaks for itself, and to the extent the allegations misquote or mischaracterize the agreement, GM denies the allegations. GM denies any remaining allegations in this paragraph.

780. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

781. GM denies the allegations in this paragraph.

782. GM admits that it shared certain data with Jacobs pursuant to the terms of written agreements, the terms of which speak for themselves. With respect to the allegations in the second sentence of this paragraph, GM admits only that they purport to quote or summarize unproven allegations from a Petition filed by the Texas Attorney General, which does not state a claim for relief. GM denies any remaining allegations in this paragraph.

783. GM admits that Maxis is an internal analytics platform used by GM. GM further admits that Maxis was used with respect to certain data, including certain vehicle data. With respect to the allegations in this paragraph that purport to quote or describe cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

784. GM denies the allegations in the first sentence of this paragraph. With respect to the allegations in this paragraph that purport to quote or describe cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

785. GM admits only that the allegations in the first, third, fourth, sixth, and seventh sentences of this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies the remaining allegations in this paragraph.

**D. GM uses consumers' Driving Data to build a lucrative insurance enterprise.**

786. GM denies the allegations in this paragraph.

787. GM admits that it launched OnStar Insurance in November 2020. GM denies the allegations in the second sentence of this paragraph. With respect to the remaining allegations in this paragraph, GM states only that they purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations.

788. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and

to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies the remaining allegations in this paragraph.

789. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

790. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies the remaining allegations in this paragraph.

791. GM admits that OnStar Insurance was rebranded as General Motors Insurance in January 2024. With respect to the allegations in this paragraph that purport to quote or describe cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

## III. Defendants conceal their Driving Data scheme from impacted consumers while duplicitously claiming they have consent.

792. GM denies the allegations in this paragraph.

793. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to

the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

794. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. With respect to the allegations in the second and third sentences of this paragraph that purport to quote or describe cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

795. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

796. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

797. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this

paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

798. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM admits that it has collected certain data from consumers and shared that data with third parties with appropriate consent. GM denies any remaining allegations in this paragraph.

799. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

800. GM admits that GM and Verisk announced a partnership at the Insurance Telematics USA Conference in September 2015. With respect to the allegations in this paragraph that purport to quote or describe cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

801. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to

the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

802. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

803. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

804. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

805. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

806. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

807. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

808. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

809. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too.

810. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

811. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

812. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and

denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

813. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

814. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

815. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the

extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

816. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

817. GM admits that it is a member of the Alliance for Automotive Innovation, which issued the Consumer Privacy Protection Principles. GM also admits that the allegations in this paragraph purport to quote or describe a cited source published by the Alliance. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

818. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

819. GM admits that it is a member of the Alliance for Automotive Innovation, which issued the Consumer Privacy Protection Principles. GM further admits that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

820. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

821. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

822. GM denies the allegations in this paragraph.

## IV. To maximize the amount and quality of Driving Data collected from its consumers, GM upgraded its technology and launched Smart Driver.

823. GM denies the allegations in this paragraph.

824. GM admits that in or around 2010 it began manufacturing vehicles that could connect vehicle navigation systems to the internet. With respect to the allegations in this paragraph that purport to quote or describe various OnStar

websites, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

825. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

826. GM denies the allegations in the first sentence of this paragraph, except it admits that, from approximately 2015 to 2018, new vehicle owners or lessees could elect to enroll in five years of OnStar base connected services (then referred to as a "Basic" plan). With respect to the allegations in this paragraph that purport to quote or describe cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

827. GM admits that it launched Smart Driver services, but denies the remaining allegations in this paragraph.

828. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to

the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

829. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

830. GM denies the allegations in this paragraph.

831. GM denies the allegations in this paragraph.

832. GM denies the allegations in this paragraph.

833. GM denies the allegations in this paragraph.

834. GM admits that it collected certain driving behavior data from vehicles enrolled in the OnStar Smart Driver program upon certain conditions. GM denies that it collected this data in real time. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

835. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to

the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

836. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

837. GM denies the allegations in the first sentence of this paragraph. With respect to the allegations in this paragraph that purport to quote or describe cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

838. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

839. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies any remaining allegations in this paragraph.

840. GM denies the allegations in the first sentence of this paragraph. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

841. GM denies the allegations in this paragraph.

842. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

843. GM denies the allegations in this paragraph.

**V. GM used Smart Driver to surreptitiously and continuously collect consumers' Driving Data.**

844. GM admits that it collected certain driving behavior data from vehicles enrolled in the OnStar Smart Driver program upon certain conditions. GM denies the remaining allegations in this paragraph.

845. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

846. GM admits that GM vehicles contain sensors that can detect and record certain data, including many of the sensors alleged in this paragraph. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

847. GM admits that certain sensors or ECUs within some GM vehicles equipped with OnStar are connected to a central processing unit or central gateway. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

848. GM admits that certain ECUs within some GM vehicles equipped with OnStar are connected to gateways that transmit certain data to a telematics control unit ("TCU") which sends some information out of the vehicle to GM under certain conditions. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

849. GM admits that in some GM vehicles equipped with OnStar some vehicle ECUs transmit certain data through gateways to a TCU. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

850. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

851. GM admits that a TCU in GM vehicles equipped with OnStar sends certain information out of the vehicle to GM during vehicle operation and after vehicle trips have ended under certain conditions. GM denies the remaining allegations in this paragraph.

852. GM admits that a TCU in GM vehicles equipped with OnStar uses cellular connectivity and sends certain information from the vehicle to GM under certain conditions. GM denies the remaining allegations in this paragraph.

853. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to

the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

854. GM denies the allegations in this paragraph.

855. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that a TCU in GM vehicles equipped with OnStar sends certain data out of the vehicle to GM under certain conditions. GM denies any remaining allegations in this paragraph.

856. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that a TCU in GM vehicles equipped with OnStar sends certain data out of the vehicle to GM under certain conditions and that certain data collected by GM from the vehicle is linked to the vehicle's VIN. GM denies any remaining allegations in this paragraph.

857. GM denies the allegations in this paragraph.

## VI. Plaintiffs did not consent to Defendants' interception, sale, or use of their Driving Data.

858. GM denies the allegations in the first clause of this paragraph which allege that GM shared data without consent. With respect to the remaining allegations in this paragraph, which purport to quote or describe a letter from Senators Wyden and Markey, GM states that the cited source speaks for itself, and

to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

859. GM admits that it disclosed its data practices in various ways, including through the User Terms for Connected Vehicle Services and the U.S. Connected Services Privacy Statement. GM denies the remaining allegations in this paragraph.

860. GM denies the allegations in the first, second, third, fourth, and eighth sentences of this paragraph. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations and denies that it engaged in any misconduct.

**A. GM's OnStar Terms do not ask for consumers' consent.**

861. GM denies the allegations in this paragraph.

862. GM denies the allegations in this paragraph.

863. GM denies the allegations in this paragraph.

864. GM denies the allegations in the first and second sentences of this paragraph. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

865. GM admits that it revised the Smart Driver FAQ webpage referenced in this paragraph in 2024. Defendants deny the remaining allegations in this paragraph.

866. GM admits only that it used technical, administrative, and physical safeguards to protect customer information. GM denies the remaining allegations in this paragraph.

867. GM denies the allegations in this paragraph.

868. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies the remaining allegations in this paragraph.

869. GM denies the allegations in this paragraph.

870. GM denies the allegations in this paragraph, except that it admits that additional Smart Driver disclosures and opt-in procedures were available during the enrollment process.

### B. GM's Smart Driver Terms do not authorize the interception or sale of Plaintiffs' Driving Data to third parties.

871. GM admits that there were various methods to opt in to the Smart Driver program. GM further admits that it discontinued the Smart Driver program in 2024. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and

to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

## VII. GM structured OnStar and Smart Driver to force consumer participation.

872. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph and specifically denies that it engaged in any misconduct.

873. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

874. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe cited sources, which speak for themselves. To the extent the allegations misquote or mischaracterize the sources, GM denies the allegations on that basis too. GM denies all dark patterns allegations directed against it in this paragraph.

875. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

876. GM denies the allegations in this paragraph.

**A. GM told customers that OnStar was included with their purchase or made them pay for it.**

877. GM denies the allegations in this paragraph, except it admits that in 2014, GM introduced OnStar "Basic Plan" services included on 2015 vehicles for five years for customers who chose to enroll in such services.

878. GM admits that, from approximately 2015 to 2018, new vehicles included five years of base connected services for customers who chose to enroll in OnStar (then referred to as a "Basic" plan). GM further admits that, starting in 2018, new vehicles included ten years of base connected services for customers who chose to enroll in OnStar. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

879. GM admits only that the allegations in this paragraph purport to quote or describe a cited source and screenshot. GM states that the cited source speaks for

itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

880. GM denies the allegations in this paragraph.

881. GM admits only that the allegations in this paragraph (including the footnotes) purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies the remaining allegations in this paragraph.

882. GM admits that, beginning in 2022, GM began including 3-year pre-paid OnStar & Connected Services Plans in certain Buick, Cadillac, and GMC vehicles for $1,500, which would be available to customers who chose to enroll in OnStar. With respect to the allegations in this paragraph that purport to quote or describe cited sources, GM admits only that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the sources, GM denies the allegations. GM denies the remaining allegations in this paragraph.

883. GM denies the allegations in this paragraph.

**B. GM penalized dealership employees who failed to enroll consumers in OnStar.**

884. With respect to the allegations in first and second sentences of this paragraph, GM admits only that it offered certain performance-based programs to its independent authorized dealerships, including certain programs related to

customer enrollment in OnStar. With respect to the allegations in the third sentence of this paragraph, GM admits only that the allegations purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

885. GM denies the allegations in this paragraph.

886. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

887. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

888. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

889. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too. GM denies any remaining allegations in this paragraph.

890. GM denies the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, GM admits only that the allegations purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

### C. GM designed a deceptive "onboarding process" to establish OnStar's uninterrupted data connection.

891. GM denies the allegations in this paragraph.

892. GM denies the allegations in this paragraph.

893. GM denies the allegations in this paragraph, except it admits that customers could enroll in OnStar and Connected Vehicle Services through OnStar Online Enrollment and that a "Blue Button Welcome Call" could be initiated from inside the vehicle.

894. GM admits that it provided authorized dealerships with an OnStar Online Enrollment system, which included, among other things, a process to allow dealership employees to enter a VIN, look up or assist a customer in creating an OnStar account, and allow customers to enroll in additional services. During that process, customers were presented with the opportunity to accept the applicable OnStar user terms and privacy statement and, during certain time periods, to opt into Smart Driver. GM denies the remaining allegations in this paragraph.

**1. GM's online enrollment at the dealership forced customers to have OnStar even if they did not consent to the terms.**

895. GM denies the allegations this paragraph.

896. GM admits only that the allegations in this paragraph purport to quote, describe, or contain a partial screenshot of a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations and denies that it engaged in any misconduct.

897. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM denies the remaining allegations in this paragraph and denies that it engaged in any misconduct.

898. GM denies the allegations in this paragraph.

899. GM denies the allegations in this paragraph.

900. GM denies the allegations in the first sentence of this paragraph. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

901. GM denies the allegations in this paragraph.

902. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

903. GM admits that it offered certain free trials for OnStar services, and such offers were sometimes made by email. GM denies any remaining allegations in this paragraph.

904. GM denies the allegations in this paragraph.

### 2. GM threatened to take away services included with OnStar if the customer did not "opt in" to Smart Driver.

905. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

906. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

907. GM denies the allegations in this paragraph.

908. GM denies the allegations in the first sentence of this paragraph. With respect to the allegations in this paragraph that purport to quote or describe a cited source, GM admits only that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

909. GM denies the allegations in this paragraph.

910. GM denies the allegations in this paragraph

911. GM denies the allegations in this paragraph.

**D. GM made it difficult for consumers to learn that they were enrolled in OnStar or Smart Driver without their consent.**

912. GM denies the allegations in the first sentence of this paragraph. As to the allegations in the second sentence of this paragraph, GM admits only that the allegations purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph.

**E. GM instituted deceptive cancellation requirements.**

913. GM admits that customers could opt out of Smart Driver. GM denies any remaining allegations in this paragraph.

914. GM denies the allegations in this paragraph, except it admits that opting out of Smart Driver did not cancel a customer's OnStar subscription or deactivate Onstar.

915. With respect to the allegations in the first sentence of this paragraph, GM admits only that the allegations purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies the remaining allegations in this paragraph.

**VIII. The information collected by GM and shared with LexisNexis and Verisk is inaccurate, flawed, and materially misleading.**

916. GM denies that allegations in this paragraph.

917. GM denies that allegations in this paragraph.

918. GM denies the allegations in the first sentence of this paragraph. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM denies any remaining allegations in this paragraph.

919. GM denies the allegations in this paragraph.

920. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph pertaining to parties other than GM and denies those allegations on that basis. With respect to the allegations in the second sentence of this paragraph, GM admits only that the allegations purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

921. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

922. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

923. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

924. GM admits that Smart Driver defined late night driving as between 12 a.m. and 4 a.m. GM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

925. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

926. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

927. GM denies the allegations in this paragraph.

928. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

929. GM denies the allegations in this paragraph.

930. GM denies the allegations in this paragraph.

931. GM denies the allegations in this paragraph.

## IX. Consumer advocates and regulators expose Defendants' surreptitious Driving Data practices.

### A. *The Mozilla Foundation* sparks a congressional investigation and call for FTC action.

932. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

933. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

934. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the

extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

935. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

936. GM admits that it received the cited letter from Senator Markey, the content of which speaks for itself. To the extent the allegations misquote or mischaracterize the letter, GM denies the allegations.

937. GM admits that it sent a letter to Senator Markey on December 31, 2023. GM denies that the letter was evasive or misleading.

938. GM admits only that the allegations in this paragraph purport to quote or describe its letter to Senator Markey. GM states that its letter to Senator Markey speaks for itself, and to the extent the allegations in this paragraph misquote or mischaracterize its response, GM denies the allegations.

939. GM admits only that the allegations in this paragraph purport to quote or describe its letter to Senator Markey. GM states that the cited letter speaks for itself, and to the extent the allegations in this paragraph misquote or mischaracterize it, GM denies the allegations.

940. GM admits only that the allegations in this paragraph purport to quote or describe its letter to Senator Markey. GM states that the cited letter speaks for

itself, and to the extent the allegations in this paragraph misquote or mischaracterize it, GM denies the allegations.

941. GM admits only that the allegations in this paragraph purport to quote or describe its letter to Senator Markey. GM states that the cited letter speaks for itself, and to the extent the allegations in this paragraph misquote or mischaracterize it, GM denies the allegations.

942. GM admits only that the allegations in this paragraph purport to quote or describe its letter to Senator Markey. GM states that its letter to Senator Markey speaks for itself, and to the extent the allegations in this paragraph misquote or mischaracterize it, GM denies the allegations.

943. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the remaining allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

**B. *The New York Times* investigates and reveals Defendants' data collection scheme.**

944. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to

the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

945. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

946. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

947. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

948. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

**X. Public outcry and litigation prompt some Defendants to stop some of their illegal sharing practices.**

**A. Within days of the litigation commencing, GM stops sharing Driving Data with LexisNexis and Verisk.**

949. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph pertaining to parties other than GM and denies those allegations on that basis. The remaining allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

950. GM admits only that the allegations in this paragraph purport to quote or describe cited sources. GM states that the cited sources speak for themselves, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

951. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations. GM denies any remaining allegations in this paragraph and denies that it engaged in any misconduct.

952. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to

the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

953. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

954. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

955. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

956. GM admits only that the allegations in this paragraph purport to quote or describe a cited source. GM states that the cited source speaks for itself, and to the extent the allegations misquote or mischaracterize the source, GM denies the allegations.

### B. Verisk discontinues its telematics exchange shortly after the litigation is commenced.

957. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

958. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

### C. LexisNexis continues to market its telematics exchange: "shrouded in secrecy."

959. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the

extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

960. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

961. GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis. GM further states that the allegations in this paragraph purport to quote or describe a cited source, which speaks for itself. To the extent the allegations misquote or mischaracterize the source, GM denies the allegations on that basis too.

## ANSWERING THE SECTION TITLED "TOLLING"

962. GM denies the allegations in this paragraph.

## ANSWERING THE SECTION TITLED "CLASS ACTION ALLEGATIONS"

963. GM admits that Plaintiffs purport to bring this action as a putative class action on behalf of the "Nationwide Class," the "FCRA Subclass" and the "State Subclass[es]" described in this paragraph. GM denies that Plaintiffs have stated a viable claim and denies that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure. GM denies any remaining allegations in this paragraph.

964. GM admits that Plaintiffs purport to limit the putative classes as alleged in this paragraph. GM denies that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and denies any remaining allegations in this paragraph.

965. GM admits that Plaintiffs purport to seek a class period as alleged in this paragraph. GM denies that Plaintiffs have stated a viable claim and denies that any class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure. GM denies any remaining allegations in this paragraph.

966. GM denies the allegations in this paragraph.

967. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations in this paragraph.

968. GM denies the allegations in this paragraph.

969. GM denies the allegations in this paragraph.

970. GM denies the allegations in this paragraph.

971. GM denies the allegations in this paragraph.

972. GM denies the allegations in this paragraph.

973. GM admits that Plaintiffs purport to reserve the right to seek certification of a class action with respect to particular issues as alleged in this paragraph. GM denies the remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE NATIONWIDE CLASS

## COUNT 1

## VIOLATION OF THE FEDERAL WIRETAP ACT

**18 U.S.C. §§ 2510, *et seq.***

*On Behalf of Plaintiffs and the Nationwide Class Against GM*

974. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

975. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to summarize the Federal Wiretap Act. GM denies the allegations in this paragraph to the extent they suggest that GM violated the Federal Wiretap Act. GM denies any remaining allegations in this paragraph.

976. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2511(1)(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

977. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. §§ 2511(1)(c)–(d). GM

denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

978. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2520(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

979. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2510(4). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

980. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2510(12). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

981. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2510(5). GM denies the

allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

982. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2510(8). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

983. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2510(6). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

984. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

985. GM denies the allegations in this paragraph.

986. GM denies the allegations in this paragraph.

987. GM denies the allegations in this paragraph.

988. GM denies the allegations in this paragraph.

989. GM denies the allegations in this paragraph.

990. GM denies the allegations in this paragraph.

991. GM denies the allegations in this paragraph.

992. GM denies the allegations in this paragraph.

993. GM denies the allegations in this paragraph.

994. GM denies the allegations in this paragraph.

995. GM denies the allegations in this paragraph.

996. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**COUNT 2**

**VIOLATION OF THE FEDERAL WIRETAP ACT**

**18 U.S.C. §§ 2510, *et seq.***

*On Behalf of Plaintiffs and the Nationwide Class Against Verisk and LexisNexis*

997. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

998. GM incorporates its responses to Plaintiffs' allegations in paragraphs 974–996 as if fully set forth herein.

999. The allegations in this paragraph pertain to LexisNexis and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

1000. The allegations in this paragraph pertain to Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to parties other than GM and denies those allegations on that basis.

1001. GM denies the allegations in this paragraph.

1002. GM denies the allegations in this paragraph.

1003. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1004. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1005. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1006. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1007. GM denies the allegations in this paragraph.

1008. GM denies the allegations in this paragraph.

1009. GM denies the allegations in this paragraph.

1010. GM denies the allegations in this paragraph.

1011. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**COUNT 3**

**VIOLATION OF THE STORED COMMUNICATIONS ACT**

**18 U.S.C. §§ 2701, *et seq.***

*On Behalf of Plaintiffs and the Nationwide Class Against GM*

1012. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1013. GM incorporates its responses to Plaintiffs' allegations in paragraphs 974–1011 as if fully set forth herein.

1014. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote or summarize 18 U.S.C. §§ 2701, 2707. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1015. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1016. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2510(12). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1017. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2510(15). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1018. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 U.S.C. § 2510(17). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1019. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1020. GM denies the allegations in this paragraph.

1021. GM denies the allegations in this paragraph.

1022. GM denies the allegations in this paragraph.

1023. GM denies the allegations in this paragraph.

1024. GM denies the allegations in this paragraph.

1025. GM denies the allegations in this paragraph.

1026. GM denies the allegations in this paragraph.

1027. GM denies the allegations in this paragraph.

1028. GM denies the allegations in this paragraph.

1029. GM denies the allegations in this paragraph.

1030. GM denies the allegations in this paragraph.

1031. GM denies the allegations in this paragraph.

1032. GM denies the allegations in this paragraph.

1033. GM denies the allegations in this paragraph.

1034. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**COUNT 4**

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**

**18 U.S.C. § 1030 *et seq.***

*On Behalf of Plaintiffs and the Nationwide Class Against GM*

1035. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1036. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1037. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1038. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1039. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1040. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1041. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1042. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1043. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1044. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1045. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1046. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1047. The allegations in this paragraph pertain to Plaintiffs' Computer Fraud and Abuse Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## COUNT 5

## INVASION OF PRIVACY

*Against All Defendants on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1048. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1049. GM denies the allegations in this paragraph.

1050. GM denies the allegations in this paragraph.

1051. GM denies the allegations in this paragraph.

1052. GM denies the allegations in this paragraph.

1053. GM denies the allegations in this paragraph.

1054. GM denies the allegations in this paragraph.

1055. GM denies the allegations in this paragraph.

1056. GM admits that it shared certain driving data with LexisNexis, Verisk, and other third parties pursuant to the terms of written agreements, the terms of which speak for themselves. GM denies the remaining allegations in this paragraph.

1057. GM denies the allegations in this paragraph.

1058. GM denies the allegations in this paragraph.

1059. GM denies the allegations in this paragraph.

1060. GM denies the allegations in this paragraph.

1061. GM denies the allegations in this paragraph.

1062. GM denies the allegations in this paragraph.

1063. GM denies the allegations in this paragraph.

1064. GM denies the allegations in this paragraph.

1065. GM denies the allegations in this paragraph.

1066. GM denies the allegations in this paragraph.

1067. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 6

## CIVIL CONSPIRACY TO COMMIT INVASION OF PRIVACY

*Against All Defendants on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1068. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1069. GM denies the allegations in this paragraph.

1070. GM denies the allegations in this paragraph.

1071. GM denies the allegations in this paragraph.

1072. GM denies the allegations in this paragraph.

1073. GM denies the allegations in this paragraph.

1074. Certain allegations in this paragraph pertain to Plaintiffs' misappropriation of personal information claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations. GM denies the remaining allegations in this paragraph.

1075. GM denies the allegations in this paragraph.

1076. GM denies the allegations in this paragraph.

1077. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**COUNT 7**

**UNJUST ENRICHMENT**

*Against All Defendants on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1078. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1079. GM denies the allegations in this paragraph.

1080. GM denies the allegations in this paragraph.

1081. GM denies the allegations in this paragraph.

1082. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**COUNT 8**

**BREACH OF CONTRACT**

*Against GM on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1083. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1084. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations in this paragraph.

1085. GM denies the allegations in this paragraph.

1086. GM denies the allegations in this paragraph.

1087. GM denies the allegations in this paragraph.

1088. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**COUNT 9**

**TRESPASS TO CHATTELS**

*Against all Defendants on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1089. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1090. The allegations in this paragraph pertain to Plaintiffs' Trespass to Chattels claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1091. The allegations in this paragraph pertain to Plaintiffs' Trespass to Chattels claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1092. The allegations in this paragraph pertain to Plaintiffs' Trespass to Chattels claim, which was dismissed by the Court's April 22, 2026 Order (ECF

No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1093. The allegations in this paragraph pertain to Plaintiffs' Trespass to Chattels claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1094. The allegations in this paragraph pertain to Plaintiffs' Trespass to Chattels claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1095. The allegations in this paragraph pertain to Plaintiffs' Trespass to Chattels claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## CLAIMS ON BEHALF OF THE FCRA SUBCLASS

## COUNT 10

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. §§ 1681, *et seq.* ("FCRA")

*On Behalf of Plaintiffs and the FCRA Subclass Against Verisk and LexisNexis*

1096. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1097. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1098. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1099. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1100. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1101. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1102. GM denies the allegations in this paragraph.

1103. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1104. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1105. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1106. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1107. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1108. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1109. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1110. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## CLAIMS ON BEHALF OF THE ALABAMA SUBCLASS

## COUNT 11

## ALABAMA DECEPTIVE TRADE PRACTICES ACT

**Ala. Code §§ 8-19-1, *et seq.***

*Against All Defendants*

1111. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1112. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations.

1113. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations.

1114. GM admits that Plaintiff's counsel sent a letter purporting to provide pre-suit notice on the date alleged in this paragraph but denies that this letter adequately provided GM with notice as required by the statute.

1115. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1116. GM denies the allegations in this paragraph.

1117. GM denies the allegations in this paragraph.

1118. GM denies the allegations in this paragraph.

1119. GM denies the allegations in this paragraph.

1120. GM denies the allegations in this paragraph.

1121. GM denies the allegations in this paragraph.

1122. GM denies the allegations in this paragraph.

1123. GM denies the allegations in this paragraph.

1124. GM denies the allegations in this paragraph.

1125. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE ARIZONA SUBCLASS

## COUNT 12

## ARIZONA CONSUMER FRAUD ACT

**Ariz. Rev. Stat. §§ 44-1521, *et seq.***

*Against all Defendants*

1126. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1127. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations.

1128. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations.

1129. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations.

1130. GM denies the allegations in this paragraph.

1131. GM denies the allegations in this paragraph.

1132. GM denies the allegations in this paragraph.

1133. GM denies the allegations in this paragraph.

1134. GM denies the allegations in this paragraph.

1135. GM denies the allegations in this paragraph.

1136. GM denies the allegations in this paragraph.

1137. GM denies the allegations in this paragraph.

1138. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE CALIFORNIA SUBCLASS

## COUNT 13

## CALIFORNIA CONSTITUTIONAL INVASION OF PRIVACY
**California Constitution, Article I, Section 1**

*Against All Defendants*

1139. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1140. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize the California Constitution. GM denies the allegations in this paragraph to the extent they suggest that GM violated the California Constitution. GM denies any remaining allegations in this paragraph.

1141. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Article I, Section 1 of the California Constitution. GM denies the allegations in this paragraph to the extent they suggest that GM violated the California Constitution. GM denies any remaining allegations in this paragraph.

1. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Proposition 11 to amend the

California Constitution. GM denies the allegations in this paragraph to the extent they suggest that GM violated the California Constitution. GM denies any remaining allegations in this paragraph.

1142. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1143. GM denies the allegations in this paragraph.

1144. GM denies the allegations in this paragraph.

1145. GM denies the allegations in this paragraph.

1146. GM denies the allegations in this paragraph.

1147. GM denies the allegations in this paragraph.

1148. GM denies the allegations in this paragraph.

1149. GM denies the allegations in this paragraph.

1150. The allegations in this paragraph pertain in part to Plaintiffs' claim for monetary damages under their California Constitutional invasion of privacy claim. The Court dismissed Plaintiffs' claims for money damages under this claim in its April 22, 2026 order and opinion (ECF No. 203), so no response is required in that regard. GM further responds that it denies that Plaintiffs are entitled to any relief.

## COUNT 14

## CALIFORNIA INVASION OF PRIVACY ACT — WIRETAPPING LAW

**Cal. Pen. Code § 631**

*Against All Defendants*

1151. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1152. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize California Penal Code§ 630. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1153. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1154. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize the California Wiretapping Act. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1155. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations.

1156. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations.

1157. GM denies the allegations in this paragraph.

1158. GM denies the allegations in this paragraph.

1159. GM denies the allegations in this paragraph.

1160. GM denies the allegations in this paragraph.

1161. GM denies the allegations in this paragraph.

1162. GM denies the allegations in this paragraph.

1163. GM denies the allegations in this paragraph.

1164. GM denies the allegations in this paragraph.

1165. GM denies the allegations in this paragraph.

1166. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1167. GM denies the allegations in this paragraph.

1168. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1169. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1170. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1171. GM denies the allegations in this paragraph.

1172. GM denies the allegations in this paragraph.

1173. GM denies the allegations in this paragraph.

1174. GM denies the allegations in this paragraph.

1175. GM denies the allegations in this paragraph.

1176. GM denies the allegations in this paragraph.

1177. GM denies the allegations in this paragraph.

1178. GM denies the allegations in this paragraph.

1179. GM denies the allegations in this paragraph.

## COUNT 15

## CALIFORNIA INVASION OF PRIVACY ACT — ELECTRONIC TRACKING DEVICE

**Cal. Pen. Code § 637.7**

*Against GM*

1180. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1181. The allegations in this paragraph pertain to Plaintiffs' California Invasion of Privacy Act — Electronic Tracking Device claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1182. The allegations in this paragraph pertain to Plaintiffs' California Invasion of Privacy Act — Electronic Tracking Device claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1183. The allegations in this paragraph pertain to Plaintiffs' California Invasion of Privacy Act — Electronic Tracking Device claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1184. The allegations in this paragraph pertain to Plaintiffs' California Invasion of Privacy Act — Electronic Tracking Device claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1185. The allegations in this paragraph pertain to Plaintiffs' California Invasion of Privacy Act — Electronic Tracking Device claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1186. The allegations in this paragraph pertain to Plaintiffs' California Invasion of Privacy Act — Electronic Tracking Device claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1187. The allegations in this paragraph pertain to Plaintiffs' California Invasion of Privacy Act — Electronic Tracking Device claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1188. The allegations in this paragraph pertain to Plaintiffs' California Invasion of Privacy Act — Electronic Tracking Device claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## COUNT 16

## CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT

**Cal. Pen. Code §§ 502, *et seq.***

*Against GM*

1189. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1190. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1191. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1192. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1193. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1194. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1195. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1196. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1197. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1198. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1199. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1200. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1201. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1202. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1203. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1204. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1205. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1206. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1207. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1208. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1209. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1210. The allegations in this paragraph pertain to Plaintiffs' California Computer Access and Data Fraud Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## COUNT 17

## CALIFORNIA CONSUMER PRIVACY ACT
**Cal. Civ. Code §§ 1798.100, *et seq.***

*Against All Defendants*

1211. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1212. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1213. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026

Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1214. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1215. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1216. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1217. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1218. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026

Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1219. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1220. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1221. The allegations in this paragraph pertain to Plaintiffs' California Consumer Privacy Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

**COUNT 18**

**CALIFORNIA UNFAIR COMPETITION LAW**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

*Against All Defendants*

1222. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1223. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Cal. Bus. & Prof. Code § 17200. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1224. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1225. GM denies the allegations in this paragraph.

1226. GM denies the allegations in this paragraph.

1227. GM denies the allegations in this paragraph.

1228. GM denies the allegations in this paragraph.

1229. GM denies the allegations in this paragraph.

1230. GM denies the allegations in this paragraph.

1231. GM denies the allegations in this paragraph.

1232. GM denies the allegations in this paragraph.

1233. GM denies the allegations in this paragraph.

1234. GM denies the allegations in this paragraph.

1235. GM denies the allegations in this paragraph.

1236. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 19

## CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

**Cal. Civ. Code §§ 1750, *et seq.***

*Against GM*

1237. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1238. The allegations in this paragraph pertain to Plaintiffs' California Consumer Legal Remedies Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1239. The allegations in this paragraph pertain to Plaintiffs' California Consumer Legal Remedies Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1240. The allegations in this paragraph pertain to Plaintiffs' California Consumer Legal Remedies Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1241. The allegations in this paragraph pertain to Plaintiffs' California Consumer Legal Remedies Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1242. The allegations in this paragraph pertain to Plaintiffs' California Consumer Legal Remedies Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1243. The allegations in this paragraph pertain to Plaintiffs' California Consumer Legal Remedies Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1244. The allegations in this paragraph pertain to Plaintiffs' California Consumer Legal Remedies Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

2. The allegations in this paragraph pertain to Plaintiffs' California Consumer Legal Remedies Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

3. The allegations in this paragraph pertain to Plaintiffs' California Consumer Legal Remedies Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations

**COUNT 20**

**CALIFORNIA FALSE ADVERTISING LAW**

**Cal. Bus. & Prof. Code §§ 17500, *et seq.***

*Against GM*

1245. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1246. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Cal. Bus. & Prof. Code § 17500. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1247. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, GM denies the allegations.

1248. GM denies the allegations in this paragraph.

1249. GM denies the allegations in this paragraph.

1250. GM denies the allegations in this paragraph.

1251. GM denies the allegations in this paragraph.

1252. GM denies the allegations in this paragraph.

## CLAIMS ON BEHALF OF THE CONNECTICUT SUBCLASS

## COUNT 21

## CONNECTICUT UNFAIR TRADE PRACTICES ACT

**Conn. Gen. Stat. §§ 42-110a, *et seq.***

*Against All Defendants*

1253. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1254. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Conn. Gen. Stat. § 41-110b(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1255. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1256. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1257. GM denies the allegations in this paragraph.

1258. GM denies the allegations in this paragraph.

1259. GM denies the allegations in this paragraph.

1260. GM denies the allegations in this paragraph.

1261. GM denies the allegations in this paragraph.

1262. GM denies the allegations in this paragraph.

1263. GM denies the allegations in this paragraph.

1264. GM denies the allegations in this paragraph.

1265. GM denies the allegations in this paragraph.

1266. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE DELAWARE SUBCLASS

## COUNT 22

## DELAWARE CONSUMER FRAUD ACT

**6 Del. Code §§ 2511, *et seq.***

*Against GM*

1267. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1268. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 6 Del. Code § 2513(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1269. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1270. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 6 Del. Code § 2511. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1271. GM denies the allegations in this paragraph.

1272. GM denies the allegations in this paragraph.

1273. GM denies the allegations in this paragraph.

1274. GM denies the allegations in this paragraph.

1275. GM denies the allegations in this paragraph.

1276. GM denies the allegations in this paragraph.

1277. GM denies the allegations in this paragraph.

1278. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 23

## DELAWARE WIRETAPING, ELECTRONIC SUVEILLANCE AND INTERCEPTION OF COMMUNICATIONS LAW

**Del. Stat. Tit. 11 §§ 24011, *et seq.***

*Against All Defendants*

1279. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1280. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 11 Del. Stat. § 2402(a)(1). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1281. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 11 Del. Stat. §§ 2402(a)(2)–(3). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1282. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 11 Del. Stat. § 2401(5). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1283. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 11 Del. Stat. § 2401(10). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1284. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1285. GM denies the allegations in this paragraph.

1286. GM denies the allegations in this paragraph.

1287. GM denies the allegations in this paragraph.

1288. GM denies the allegations in this paragraph.

1289. GM denies the allegations in this paragraph.

1290. GM denies the allegations in this paragraph.

1291. GM denies the allegations in this paragraph.

1292. GM denies the allegations in this paragraph.

1293. GM denies the allegations in this paragraph.

1294. GM denies the allegations in this paragraph.

1295. GM denies the allegations in this paragraph.

1296. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1297. GM denies the allegations in this paragraph.

1298. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1299. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1300. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1301. GM denies the allegations in this paragraph.

1302. GM denies the allegations in this paragraph.

1303. GM denies the allegations in this paragraph.

1304. GM denies the allegations in this paragraph.

1305. GM denies the allegations in this paragraph.

1306. GM admits that Plaintiffs purport to seek certain monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE FLORIDA SUBCLASS

## COUNT 24

## FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

**Fla. Stat. §§ 501.201, *et seq.***

*Against All Defendants*

1307. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1308. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Fla. Stat. § 501.204. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1309. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1310. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1311. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1312. GM denies the allegations in this paragraph.

1313. GM denies the allegations in this paragraph.

1314. GM denies the allegations in this paragraph.

1315. GM denies the allegations in this paragraph.

1316. GM denies the allegations in this paragraph.

1317. GM denies the allegations in this paragraph.

1318. GM denies the allegations in this paragraph.

1319. GM denies the allegations in this paragraph.

1320. GM denies the allegations in this paragraph.

1321. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 25

## FLORIDA SECURITY OF COMMUNICATIONS ACT

**Fla. Stat. §§ 934.01, *et seq.***

*Against All Defendants*

1322. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1323. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Fla. Stat. § 934.03(1)(a). GM denies

the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1324. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1325. GM denies the allegations in this paragraph.

1326. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Fla. Stat. § 934.03(c). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1327. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Fla. Stat. § 934.03(d). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1328. GM denies the allegations in this paragraph.

1329. GM denies the allegations in this paragraph.

1330. GM denies the allegations in this paragraph.

1331. GM denies the allegations in this paragraph.

1332. GM denies the allegations in this paragraph.

1333. GM denies the allegations in this paragraph.

1334. GM denies the allegations in this paragraph.

1335. GM denies the allegations in this paragraph.

1336. GM denies the allegations in this paragraph.

1337. GM denies the allegations in this paragraph.

1338. GM denies the allegations in this paragraph.

1339. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1340. GM denies the allegations in this paragraph.

1341. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1342. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1343. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1344. GM denies the allegations in this paragraph.

1345. GM denies the allegations in this paragraph.

1346. GM denies the allegations in this paragraph that pertain to GM. No response is required to the extent the allegations in this paragraph pertain to LexisNexis. To the extent a response is required, GM denies the allegations.

1347. GM denies the allegations in this paragraph.

1348. GM denies the allegations in this paragraph.

1349. GM denies the allegations in this paragraph.

1350. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE GEORGIA SUBCLASS

## COUNT 26

## VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT

**Ga. Code Ann. §§ 10-1-370, *et seq.***

*Against GM*

1351. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1352. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1353. GM denies the allegations in this paragraph.

1354. GM denies the allegations in this paragraph.

1355. GM denies the allegations in this paragraph.

1356. GM denies the allegations in this paragraph.

1357. GM denies the allegations in this paragraph.

1358. GM denies the allegations in this paragraph.

1359. GM denies the allegations in this paragraph.

1360. GM denies the allegations in this paragraph.

1361. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**COUNT 27**

**RECOVERY OF EXPENSES OF LITIGATION**

**O.C.G.A. §§ 13-6-11, *et seq.***

*Against GM*

1362. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1363. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize O.C.G.A. § 13-6-11. GM denies the allegations in this paragraph to the extent they suggest that Plaintiffs are entitled to

any recovery under the cited statute. GM denies any remaining allegations in this paragraph.

1364. GM denies the allegations in this paragraph.

1365. GM admits that Plaintiffs purport to seek certain monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**CLAIMS ON BEHALF OF THE IDAHO SUBCLASS**

**COUNT 28**

**IDAHO CONSUMER PROTECTION ACT,**

**Idaho Code §§ 48-601, *et seq*.**

*Against All Defendants*

1366. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1367. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1368. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1369. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1370. GM denies the allegations in this paragraph.

1371. GM denies the allegations in this paragraph.

1372. GM denies the allegations in this paragraph.

1373. GM denies the allegations in this paragraph.

1374. GM denies the allegations in this paragraph.

1375. GM denies the allegations in this paragraph.

1376. GM denies the allegations in this paragraph.

1377. GM denies the allegations in this paragraph.

1378. GM denies the allegations in this paragraph.

1379. GM denies the allegations in this paragraph.

1380. GM denies the allegations in this paragraph.

1381. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE ILLINOIS SUBCLASS

## COUNT 29

## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

**815 Ill. Comp. Stat. §§ 505, *et seq*.**

*Against All Defendants*

1382. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein

1383. The allegations in this paragraph pertain to Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act claim, which was dismissed in part as against the Illinois Subclass and dismissed in full as against Plaintiff Gray by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required as against Plaintiff Gray. Further, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1384. The allegations in this paragraph pertain to Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act claim, which was dismissed in part as against the Illinois Subclass and dismissed in full as against Plaintiff Gray by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required as against Plaintiff Gray. Further, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1385. The allegations in this paragraph pertain to Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act claim, which was dismissed in part as against the Illinois Subclass and dismissed in full as against Plaintiff Gray by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required as against Plaintiff Gray. Further, the allegations in this paragraph contain legal

conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1386. GM denies the allegations in this paragraph.

1387. GM denies the allegations in this paragraph.

1388. GM denies the allegations in this paragraph.

1389. GM denies the allegations in this paragraph.

1390. GM denies the allegations in this paragraph.

1391. GM denies the allegations in this paragraph.

1392. GM denies the allegations in this paragraph.

1393. The allegations in this paragraph pertain to Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act claim, which was dismissed in part as against the Illinois Subclass and dismissed in full as against Plaintiff Gray by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required as against Plaintiff Gray. To the extent a response is required, GM denies the allegations.

1394. The allegations in this paragraph pertain to Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act claim, which was dismissed in part as against the Illinois Subclass and dismissed in full as against Plaintiff Gray by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required as

against Plaintiff Gray. To the extent a response is required, GM denies the allegations.

1395. GM denies the allegations in this paragraph.

1396. GM denies the allegations in this paragraph.

1397. The allegations in this paragraph pertain to Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act claim, which was dismissed in part as against the Illinois Subclass and dismissed in full as against Plaintiff Gray by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required as against Plaintiff Gray. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 30

## ILLINOIS WIRETAPING, ELECTRONIC SUVEILLANCE AND INTERCEPTION OF COMMUNICATIONS LAW

**720 ILCS 5/14-1, *et seq.***

*Against All Defendants*

1398. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1399. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 720 ILCS 5/14-2(a)(3). GM denies

the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1400. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 720 ILCS 5/14-2(a)(5). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1401. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1402. GM denies the allegations in this paragraph.

1403. GM denies the allegations in this paragraph.

1404. GM denies the allegations in this paragraph.

1405. GM denies the allegations in this paragraph.

1406. GM denies the allegations in this paragraph.

1407. GM denies the allegations in this paragraph.

1408. GM denies the allegations in this paragraph.

1409. GM denies the allegations in this paragraph.

1410. GM denies the allegations in this paragraph.

1411. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1412. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1413. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1414. GM denies the allegations in this paragraph.

1415. GM denies the allegations in this paragraph.

1416. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE INDIANA SUBCLASS

## COUNT 31

## INDIANA DECEPTIVE CONSUMER SALES ACT

**Ind. Code §§ 24-5-0.5-1, *et seq*.**

*Against All Defendants*

1417. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein..

1418. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1419. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1420. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1421. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1422. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1423. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1424. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1425. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1426. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1427. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1428. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1429. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1430. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1431. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1432. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1433. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1434. The allegations in this paragraph pertain to Plaintiffs' Indiana Deceptive Consumer Sales Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## CLAIMS ON BEHALF OF THE KANSAS SUBCLASS

## COUNT 32

## KANSAS CONSUMER PROTECTION ACT

**Kan. Stat. Ann. §§ 50-623, *et seq*.**

*Against All Defendants*

1435. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1436. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize K.S.A. §§ 50-623, *et seq*. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1437. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1438. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1439. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1440. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1441. GM denies the allegations in this paragraph.

1442. GM denies the allegations in this paragraph.

1443. GM denies the allegations in this paragraph.

1444. GM denies the allegations in this paragraph.

1445. GM denies the allegations in this paragraph.

1446. GM denies the allegations in this paragraph.

1447. GM denies the allegations in this paragraph.

1448. GM denies the allegations in this paragraph.

1449. GM denies the allegations in this paragraph.

1450. GM denies the allegations in this paragraph.

1451. GM denies the allegations in this paragraph.

1452. GM denies the allegations in this paragraph.

1453. GM denies the allegations in this paragraph.

1454. GM denies the allegations in this paragraph.

1455. GM denies the allegations in this paragraph.

1456. GM denies the allegations in this paragraph.

1457. GM denies the allegations in this paragraph.

1458. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE KENTUCKY SUBCLASS

## COUNT 33

## KENTUCKY CONSUMER PROTECTION ACT

**Ky. Rev. Stat. §§ 367.110, *et seq*.**

*Against all Defendants*

1459. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1460. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1461. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1462. GM denies the allegations in this paragraph.

1463. GM denies the allegations in this paragraph.

1464. GM denies the allegations in this paragraph.

1465. GM denies the allegations in this paragraph.

1466. GM denies the allegations in this paragraph.

1467. GM denies the allegations in this paragraph.

1468. GM denies the allegations in this paragraph.

1469. GM denies the allegations in this paragraph.

1470. GM denies the allegations in this paragraph.

1471. GM denies the allegations in this paragraph.

1472. GM denies the allegations in this paragraph.

1473. GM denies the allegations in this paragraph.

1474. GM denies the allegations in this paragraph.

1475. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**CLAIMS ON BEHALF OF THE MARYLAND SUBCLASS**

**COUNT 34**

**VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT**

**Md. Comm. Code §§ 13-301, *et seq*.**

*Against GM*

1476. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1477. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1478. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1479. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1480. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1481. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1482. GM denies the allegations in this paragraph.

1483. GM denies the allegations in this paragraph.

1484. GM denies the allegations in this paragraph.

1485. GM denies the allegations in this paragraph.

1486. GM denies the allegations in this paragraph.

1487. GM denies the allegations in this paragraph.

1488. GM denies the allegations in this paragraph.

1489. GM denies the allegations in this paragraph.

1490. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 35

## MARYLAND WIRETAPING AND ELECTRONIC SURVEILLANCE ACT

**Md. Code. Ann., Cts. & Jud. Proc. §§ 10-401 *et seq.***

*Against All Defendants*

1491. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1492. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Md. Code Ann., Cts. & Jud. Proc. § 10-402(a)(1). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1493. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Md. Code Ann., Cts. & Jud. Proc. §§ 10-402(a)(2)–(3). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1494. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Md. Code, Cts. & Jud. Proc. § 10-402(a) and *Holmes v. State*, 236 Md. App. 636, 649 (2018). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1495. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Md. Code, Cts. & Jud. Proc. § 10-401(14). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1496. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Md. Code, Cts. & Jud. Proc. § 10-410(5)(i). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1497. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this

paragraph purports to quote from or summarize Md. Code, Cts. & Jud. Proc. § 10-401(4). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1498. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Md. Code, Cts. & Jud. Proc. § 10-401(10). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1499. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Md. Code, Cts. & Jud. Proc. § 10-410(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1500. GM denies the allegations in this paragraph.

1501. GM denies the allegations in this paragraph.

1502. GM denies the allegations in this paragraph.

1503. GM denies the allegations in this paragraph.

1504. GM denies the allegations in this paragraph.

1505. GM denies the allegations in this paragraph.

1506. GM denies the allegations in this paragraph.

1507. GM denies the allegations in this paragraph.

1508. GM denies the allegations in this paragraph.

1509. GM denies the allegations in this paragraph.

1510. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1511. GM denies the allegations in this paragraph.

1512. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1513. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1514. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1515. GM denies the allegations in this paragraph.

1516. GM denies the allegations in this paragraph.

1517. GM denies the allegations in this paragraph.

1518. GM denies the allegations in this paragraph.

1519. GM denies the allegations in this paragraph.

1520. GM denies the allegations in this paragraph.

1521. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 36

## MARYLAND STORED WIRE AND ELECTRONIC COMMUNICATIONS AND TRANSACTIONAL RECORDS ACCESS ACT
**Md. Cts. & Jud. Pro. §§ 10-4A-01 *et seq.***

*Against GM*

1522. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1523. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Md. Cts. & Jud. Pro. § 10-4A-02(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1524. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1525. GM denies the allegations in this paragraph.

1526. GM denies the allegations in this paragraph.

1527. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize the Md. Cts. & Jud. Pro. § 10-4A-01(b)(9). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1528. GM denies the allegations in this paragraph.

1529. GM denies the allegations in this paragraph.

1530. GM denies the allegations in this paragraph.

1531. GM denies the allegations in this paragraph.

1532. GM denies the allegations in this paragraph.

1533. GM denies the allegations in this paragraph.

1534. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize the Md. Cts. & Jud. Pro. § 10-4A-

08(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1535. GM denies the allegations in this paragraph.

1536. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE MASSACHUSETTS SUBCLASS

## COUNT 37

## MASSACHUSETTS CONSUMER PROTECTION ACT

**Mass. Gen. Laws Ann. Ch. 93A, §§ 1, *et seq.***

*Against All Defendants*

1537. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1538. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1539. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1540. GM denies the allegations in this paragraph.

1541. GM denies the allegations in this paragraph.

1542. GM denies the allegations in this paragraph.

1543. GM denies the allegations in this paragraph.

1544. GM denies the allegations in this paragraph.

1545. GM denies the allegations in this paragraph.

1546. GM denies the allegations in this paragraph.

1547. GM denies the allegations in this paragraph.

1548. GM denies the allegations in this paragraph.

1549. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 38

## MASSACHUSETTS WIRETAP ACT
**Mass. Gen. Stat. 272 §§ 99, *et seq.***

*Against All Defendants*

1550. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1551. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1552. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF

No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1553. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1554. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1555. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1556. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1557. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF

No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1558. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1559. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1560. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1561. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1562. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF

No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1563. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1564. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1565. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1566. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1567. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF

No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1568. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1569. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1570. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1571. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1572. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF

No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1573. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1574. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1575. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1576. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1577. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF

No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1578. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1579. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1580. The allegations in this paragraph pertain to Plaintiffs' Massachusetts Wiretap Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

**CLAIMS ON BEHALF OF THE MICHIGAN SUBCLASS**

**COUNT 39**

**VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT**

**Mich. Comp. Laws Ann. §§ 445.901, *et seq*.**

*Against GM*

1581. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein

1582. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1583. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1584. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1585. GM denies the allegations in this paragraph.

1586. GM denies the allegations in this paragraph.

1587. GM denies the allegations in this paragraph.

1588. GM denies the allegations in this paragraph.

1589. GM denies the allegations in this paragraph.

1590. GM denies the allegations in this paragraph.

1591. GM denies the allegations in this paragraph.

1592. GM denies the allegations in this paragraph.

1593. GM denies the allegations in this paragraph.

1594. GM denies the allegations in this paragraph.

1595. GM denies the allegations in this paragraph.

1596. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE MISSISSIPPI SUBCLASS

## COUNT 40

## VIOLATION OF THE MISSISSIPPI CONSUMER PROTECTION ACT

**Miss. Code. §§ 75-24-1, *et seq.***

*Against All Defendants*

1597. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1598. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1599. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1600. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1601. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026

Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1602. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1603. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1604. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1605. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026

Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

2. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1606. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1607. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1608. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1609. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026

Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1610. The allegations in this paragraph pertain to Plaintiffs' Mississippi Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## CLAIMS ON BEHALF OF THE NEBRASKA SUBCLASS

## COUNT 41

## NEBRASKA WIRETAP LAW

**Neb. Rev. Stat. §§ 86-271 *et seq.***

*Against All Defendants*

1611. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1612. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Neb. Rev. Stat. § 86-290. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1613. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Neb. Rev. Stat. § 86-290. GM denies

the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1614. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1615. GM incorporates its responses to Plaintiffs' allegations relating to the elements and definitions under the FWA/ECPA as if fully set forth herein.

1616. GM denies the allegations in this paragraph.

1617. GM denies the allegations in this paragraph.

1618. GM denies the allegations in this paragraph.

1619. GM denies the allegations in this paragraph.

1620. GM denies the allegations in this paragraph.

1621. GM denies the allegations in this paragraph.

1622. GM denies the allegations in this paragraph.

1623. GM denies the allegations in this paragraph.

1624. GM denies the allegations in this paragraph.

1625. GM denies the allegations in this paragraph.

1626. GM denies the allegations in this paragraph.

1627. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1628. GM denies the allegations in this paragraph.

1629. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1630. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1631. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1632. GM denies the allegations in this paragraph.

1633. GM denies the allegations in this paragraph.

1634. GM denies the allegations in this paragraph.

1635. GM denies the allegations in this paragraph.

1636. GM denies the allegations in this paragraph.

1637. GM denies the allegations in this paragraph.

1638. GM denies the allegations in this paragraph.

1639. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**COUNT 42**

**NEBRASKA STORED COMMUNICATIONS LAW**

**Neb. Rev. Stat. §§ 86-271 *et seq.***

*Against GM*

1640. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1641. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Neb. Rev. Stat. § 86-2,104. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1642. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1643. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize the Neb. Rev. Stat. § 86-276. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1644. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Neb. Rev. Stat. § 86-277. GM denies

the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1645. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize the Neb. Rev. Stat. § 86-278. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1646. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Neb. Rev. Stat. § 86-279. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1647. GM incorporates its responses to Plaintiffs' and Nebraska Subclass Members' allegations relating to the Federal Stored Communications Act as if fully set forth herein.

1648. GM denies the allegations in this paragraph.

1649. GM denies the allegations in this paragraph.

1650. GM denies the allegations in this paragraph.

1651. GM denies the allegations in this paragraph.

1652. GM denies the allegations in this paragraph.

1653. GM denies the allegations in this paragraph.

1654. GM denies the allegations in this paragraph.

1655. GM denies the allegations in this paragraph.

1656. GM denies the allegations in this paragraph.

1657. GM denies the allegations in this paragraph.

1658. GM denies the allegations in this paragraph.

1659. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE NEW HAMPSHIRE SUBCLASS

## COUNT 43

## NEW HAMPSHIRE WIRETAPPING AND EAVESDROPPING ACT

**N.H. Rev. Stat. Ann. §§ 570-A:1 *et seq.***

1660. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1661. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize N.H. Rev. Stat. Ann. §§ 570-A:2, I(a), (c), (d). GM denies the allegations in this paragraph to the extent they suggest

that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1662. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize N.H. Rev. Stat. Ann. § 570-A:1(III). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1663. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize N.H. Rev. Stat. Ann. § 570-A:1(I). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1664. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize N.H. Rev. Stat. Ann. § 570-A:1(VII). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1665. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize N.H. Rev. Stat. Ann. § 570-A:1(IX).

GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1666. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1667. GM incorporates its responses to Plaintiffs' and New Hampshire Subclass Members' allegations relating to the FWA/ECPA as if fully set forth herein.

1668. GM denies the allegations in this paragraph.

1669. GM denies the allegations in this paragraph.

1670. GM denies the allegations in this paragraph.

1671. GM denies the allegations in this paragraph.

1672. GM denies the allegations in this paragraph.

1673. GM denies the allegations in this paragraph.

1674. GM denies the allegations in this paragraph.

1675. GM denies the allegations in this paragraph.

1676. GM denies the allegations in this paragraph.

1677. GM denies the allegations in this paragraph.

1678. GM denies the allegations in this paragraph.

1679. GM denies the allegations in this paragraph.

1680. GM denies the allegations in this paragraph.

1681. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1682. GM denies the allegations in this paragraph.

1683. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1684. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1685. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1686. GM denies the allegations in this paragraph.

1687. GM denies the allegations in this paragraph.

1688. GM denies the allegations in this paragraph.

1689. GM denies the allegations in this paragraph.

1690. GM denies the allegations in this paragraph.

1691. GM denies the allegations in this paragraph.

1692. GM denies the allegations in this paragraph.

1693. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE NEVADA SUBCLASS

## COUNT 44

## NEVADA DECEPTIVE TRADE PRACTICES ACT

**Nev. Rev. Stat. §§ 598.0903 *et seq.***

*Against All Defendants*

1694. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1695. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1696. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1697. GM denies the allegations in this paragraph.

1698. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1699. GM denies the allegations in this paragraph.

1700. GM denies the allegations in this paragraph.

1701. GM denies the allegations in this paragraph.

1702. GM denies the allegations in this paragraph.

1703. GM denies the allegations in this paragraph.

1704. GM denies the allegations in this paragraph.

1705. GM denies the allegations in this paragraph.

1706. GM denies the allegations in this paragraph.

1707. GM denies the allegations in this paragraph.

1708. GM denies the allegations in this paragraph.

1709. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE NEW JERSEY SUBCLASS

## COUNT 45

## NEW JERSEY CONSUMER FRAUD ACT

**N.J. Stat. Ann. §§ 56:8-1, *et seq*.**

*Against GM*

1710. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1711. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1712. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1713. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize N.J. Stat. Ann. §§ 56:8-1*, et seq*. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1714. GM denies the allegations in this paragraph.

1715. GM denies the allegations in this paragraph.

1716. GM denies the allegations in this paragraph.

1717. GM denies the allegations in this paragraph.

1718. GM denies the allegations in this paragraph.

1719. GM denies the allegations in this paragraph.

1720. GM denies the allegations in this paragraph.

1721. GM denies the allegations in this paragraph.

1722. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE NEW YORK SUBCLASS

## COUNT 46

## VIOLATION OF NEW YORK GENERAL BUSINESS LAW

**N.Y. Gen. Bus. Law § 349**

*Against All Defendants*

1723. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1724. GM denies the allegations in this paragraph.

1725. GM denies the allegations in this paragraph.

1726. GM denies the allegations in this paragraph.

1727. GM denies the allegations in this paragraph.

1728. GM denies the allegations in this paragraph.

1729. GM denies the allegations in this paragraph.

1730. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 47

## VIOLATION OF NEW YORK GENERAL BUSINESS LAW

**N.Y. Gen. Bus. Law § 350**

*Against GM*

1731. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1732. GM denies the allegations in this paragraph.

1733. GM denies the allegations in this paragraph.

1734. GM denies the allegations in this paragraph.

1735. GM denies the allegations in this paragraph.

1736. GM denies the allegations in this paragraph.

1737. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 48

## VIOLATION OF NEW YORK GENERAL BUSINESS LAW

**N.Y. Gen. Bus. Law §§ 899-aa; 899-bb (SHIELD Act)**

*Against All Defendants*

1738. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1739. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1740. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1741. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1742. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1743. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1744. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1745. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1746. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1747. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1748. The allegations in this paragraph pertain to Plaintiffs' New York General Business Law claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## COUNT 49

## VIOLATION OF NEW YORK CIVIL RIGHTS LAW §§ 50 AND 51

*Against All Defendants*

1749. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1750. The allegations in this paragraph pertain to Plaintiffs' New York Civil Rights Law §§ 50 and 51 claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1751. The allegations in this paragraph pertain to Plaintiffs' New York Civil Rights Law §§ 50 and 51 claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1752. The allegations in this paragraph pertain to Plaintiffs' New York Civil Rights Law §§ 50 and 51 claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1753. The allegations in this paragraph pertain to Plaintiffs' New York Civil Rights Law §§ 50 and 51 claim, which was dismissed by the Court's April 22, 2026

Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1754. The allegations in this paragraph pertain to Plaintiffs' New York Civil Rights Law §§ 50 and 51 claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1755. The allegations in this paragraph pertain to Plaintiffs' New York Civil Rights Law §§ 50 and 51 claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1756. The allegations in this paragraph pertain to Plaintiffs' New York Civil Rights Law §§ 50 and 51 claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## CLAIMS ON BEHALF OF THE NORTH CAROLINA SUBCLASS

## COUNT 50

## VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
**N.C. Gen. Stat. §§ 75-1.1, *et seq.***

*Against All Defendants*

1757. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1758. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1759. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1760. GM denies the allegations in this paragraph.

1761. GM denies the allegations in this paragraph.

1762. GM denies the allegations in this paragraph.

1763. GM denies the allegations in this paragraph.

1764. GM denies the allegations in this paragraph.

1765. GM denies the allegations in this paragraph.

1766. GM denies the allegations in this paragraph.

1767. GM denies the allegations in this paragraph.

1768. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE OHIO SUBCLASS

## COUNT 51

## VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT

**Ohio Rev. Code §§ 1345.01, *et seq.***

*Against GM*

1769. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1770. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1771. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Ohio Rev. Code §§ 1345.01(A), (C). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1772. GM denies the allegations in this paragraph.

1773. GM denies the allegations in this paragraph.

1774. GM denies the allegations in this paragraph.

1775. GM denies the allegations in this paragraph.

1776. GM denies the allegations in this paragraph.

1777. GM denies the allegations in this paragraph.

1778. GM denies the allegations in this paragraph.

1779. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE OKLAHOMA SUBCLASS

## COUNT 52

## OKLAHOMA CONSUMER PROTECTION ACT

**15 Okla. Stat. §§ 751, *et seq.***

*Against all Defendants*

1780. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1781. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 15 Okla. Stat. § 753. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1782. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote or summarize 15 Okla. Stat. § 752(1). GM denies the

allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1783. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote or summarize 15 Okla. Stat. § 752(2). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1784. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote or summarize 15 Okla. Stat. §§ 752(14) and 753(21). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1785. GM denies the allegations in this paragraph.

1786. GM denies the allegations in this paragraph.

1787. GM denies the allegations in this paragraph.

1788. GM denies the allegations in this paragraph.

1789. GM denies the allegations in this paragraph.

1790. GM denies the allegations in this paragraph.

1791. GM denies the allegations in this paragraph.

1792. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**CLAIMS ON BEHALF OF THE OREGON SUBCLASS**

**COUNT 53**

**OREGON UNLAWFUL TRADE PRACTICES ACT**

**Or. Rev. Stat. §§ 646.605, *et seq.***

*Against GM*

1793. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1794. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Or. Rev. Stat. § 646.608(1). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1795. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Or. Rev. Stat. § 646.605(4). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1796. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Or. Rev. Stat. § 646.605(6)(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1797. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Or. Rev. Stat. § 646.605(1)(e). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1798. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Or. Rev. Stat. § 646.605(1)(g). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1799. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Or. Rev. Stat. § 646.605(1)(i). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1800. GM denies the allegations in this paragraph.

1801. GM denies the allegations in this paragraph.

1802. GM denies the allegations in this paragraph.

1803. GM denies the allegations in this paragraph.

1804. GM denies the allegations in this paragraph.

1805. GM denies the allegations in this paragraph.

1806. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**CLAIMS ON BEHALF OF THE PENNSYLVANNIA SUBCLASS**

**COUNT 54**

**UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

**73 Pa. Stat. §§ 201-1, *et seq*.**

*Against All Defendants*

1807. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1808. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize the Pennsylvania UTPCP. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1809. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote and summarize 73 Pa. Stat. § 201-2(2). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1810. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote and summarize 73 Pa. Stat. § 201-2(3). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1811. GM denies the allegations in this paragraph.

1812. GM denies the allegations in this paragraph.

1813. GM denies the allegations in this paragraph.

1814. GM denies the allegations in this paragraph.

1815. GM denies the allegations in this paragraph.

1816. GM denies the allegations in this paragraph.

1817. GM denies the allegations in this paragraph.

1818. GM denies the allegations in this paragraph.

1819. GM denies the allegations in this paragraph.

1820. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## COUNT 55

## PENNSYLVANIA WIRETAPPING AND ELECTRONIC SURVEILLANCE CONTROL ACT (WESCA)

**18 Pa. Const. Stat. §§ 5701, *et seq.***

*Against All Defendants*

1821. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1822. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 Pa. Cons. Stat. § 5703(1). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1823. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 Pa. Cons. Stat. §§ 5703(1)–(3). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1824. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 Pa. Cons. Stat. § 5725(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1825. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 Pa. Cons. Stat. § 5702. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1826. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 Pa. C.S.A. § 5702. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1827. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1828. GM denies the allegations in this paragraph.

1829. GM denies the allegations in this paragraph.

1830. GM denies the allegations in this paragraph.

1831. GM denies the allegations in this paragraph.

1832. GM denies the allegations in this paragraph.

1833. GM denies the allegations in this paragraph.

1834. GM denies the allegations in this paragraph.

1835. GM denies the allegations in this paragraph.

1836. GM denies the allegations in this paragraph.

1837. GM denies the allegations in this paragraph.

1838. GM denies the allegations in this paragraph.

1839. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1840. GM denies the allegations in this paragraph.

1841. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1842. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1843. The allegations in this paragraph pertain to LexisNexis and Verisk and are not directed at GM. Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1844. GM denies the allegations in this paragraph.

1845. GM denies the allegations in this paragraph.

1846. GM denies the allegations in this paragraph.

1847. GM denies the allegations in this paragraph.

1848. GM denies the allegations in this paragraph.

1849. GM denies the allegations in this paragraph.

1850. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**COUNT 56**

**PENNSYLVANIA UNLAWFUL ACCESS TO STORED COMMUNICATIONS ACT**

**18 Pa. C.S. § 5741**

*Against GM*

1851. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1852. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this

paragraph purports to quote from or summarize 18 Pa. C.S. § 5741. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1853. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1854. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 Pa. C.S.A. § 5702. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1855. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 Pa. C.S.A. § 5702. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1856. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize 18 Pa. C.S.A. § 5702. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1857. GM denies the allegations in this paragraph.

1858. GM denies the allegations in this paragraph.

1859. GM denies the allegations in this paragraph.

1860. GM denies the allegations in this paragraph.

1861. GM denies the allegations in this paragraph.

1862. GM denies the allegations in this paragraph.

1863. GM denies the allegations in this paragraph.

1864. GM denies the allegations in this paragraph.

1865. GM denies the allegations in this paragraph.

1866. GM denies the allegations in this paragraph.

1867. GM denies the allegations in this paragraph.

1868. GM denies the allegations in this paragraph.

1869. GM denies the allegations in this paragraph.

1870. GM denies the allegations in this paragraph.

1871. GM denies the allegations in this paragraph.

1872. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

**CLAIMS ON BEHALF OF THE RHODE ISLAND SUBCLASS**

**COUNT 57**

**RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT**

**R.I. Gen. Laws §§ 6-13.1-1, *et seq.***

*Against All Defendants*

1873. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1874. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize R.I. Gen. Laws § 6-13.1-2. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1875. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1876. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1877. GM denies the allegations in this paragraph.

1878. GM denies the allegations in this paragraph.

1879. GM denies the allegations in this paragraph.

1880. GM denies the allegations in this paragraph.

1881. GM denies the allegations in this paragraph.

1882. GM denies the allegations in this paragraph.

1883. GM denies the allegations in this paragraph.

1884. GM denies the allegations in this paragraph.

1885. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE SOUTH CAROLINA SUBCLASS

## COUNT 58

## UNFAIR TRADE PRACTICES ACT

**S.C. Code §§ 39-5-10, *et seq*.**

*Against all Defendants*

1886. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1887. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize S.C. Code § 39-5-10(a). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1888. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize S.C. Code § 39-5-10(a). GM denies

the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1889. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize S.C. Code § 39-5-10(b). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1890. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize the South Carolina UTPA. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1891. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote or summarize 15 U.S.C. § 45(n). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1892. GM denies the allegations in this paragraph.

1893. GM denies the allegations in this paragraph.

1894. GM denies the allegations in this paragraph.

1895. GM denies the allegations in this paragraph.

1896. GM denies the allegations in this paragraph.

1897. GM denies the allegations in this paragraph.

1898. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE SOUTH DAKOTA SUBCLASS

## COUNT 59

## DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION LAW

**S.D. Codified Laws §§ 37-24-1 *et seq*.**

*Against GM*

1899. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1900. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize S.D. Codified L. § 37-24-1(8). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1901. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote or summarize S.D. Codified L. § 37-24-1(13). GM

denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1902. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote or summarize S.D. Codified L. § 37-24-6(1). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1903. GM denies the allegations in this paragraph.

1904. GM denies the allegations in this paragraph.

1905. GM denies the allegations in this paragraph.

1906. GM denies the allegations in this paragraph.

1907. GM denies the allegations in this paragraph.

1908. GM denies the allegations in this paragraph.

1909. GM denies the allegations in this paragraph.

1910. GM denies the allegations in this paragraph.

1911. GM denies the allegations in this paragraph.

1912. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE TEXAS SUBCLASS

## COUNT 60

## TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

**Tex. Bus. & Com. Code §§ 17.41, *et seq.***

*Against GM*

1913. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973, as if fully set forth herein.

1914. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1915. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1916. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1917. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1918. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1919. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1920. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1921. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1922. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1923. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1924. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1925. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1926. The allegations in this paragraph pertain to Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## CLAIMS ON BEHALF OF THE UTAH SUBCLASS

## COUNT 61

## UTAH TRUTH IN ADVERTISING ACT

**Utah Code Ann. §§ 13.11a-1, *et seq.***

*Against GM*

1927. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1928. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1929. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1930. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1931. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order

(ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1932. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1933. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1934. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1935. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1936. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order

(ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1937. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1938. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1939. The allegations in this paragraph pertain to Plaintiffs' Utah Truth In Advertising Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

## CLAIMS ON BEHALF OF THE VERMONT SUBCLASS

## COUNT 62

## VERMONT CONSUMER PROTECTION ACT

**Vt. Stat. Ann. Tit. 9 §§ 2451, *et seq.***

*Against GM*

1940. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1941. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote or summarize Vt. Stat. Ann. tit. 9, § 2451. GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1942. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1943. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1944. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1945. GM denies the allegations in this paragraph.

1946. GM denies the allegations in this paragraph.

1947. GM denies the allegations in this paragraph.

1948. GM denies the allegations in this paragraph.

1949. GM denies the allegations in this paragraph.

1950. GM denies the allegations in this paragraph.

1951. GM denies the allegations in this paragraph.

1952. GM denies the allegations in this paragraph.

1953. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE VIRGINIA SUBCLASS

## COUNT 63

## VIRGINIA CONSUMER PROTECTION ACT

**Va. Code Ann. §§ 59.1-196, *et seq.***

*Against GM*

1954. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1955. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote or summarize Va. Code Ann. § 59.1-200(14). GM denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1956. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1957. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1958. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1959. GM denies the allegations in this paragraph.

1960. GM denies the allegations in this paragraph.

1961. GM denies the allegations in this paragraph.

1962. GM denies the allegations in this paragraph.

1963. GM denies the allegations in this paragraph.

1964. GM denies the allegations in this paragraph.

1965. GM denies the allegations in this paragraph.

1966. GM denies the allegations in this paragraph.

1967. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE WASHINGTON SUBCLASS

## COUNT 64

## WASHINGTON CONSUMER PROTECTION ACT

**Wash. Rev. Code §§ 19.86.010, *et seq.***

*Against GM*

1968. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1969. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM admits only that this paragraph purports to quote from or summarize Wash. Rev. Code § 19.86.020. GM

denies the allegations in this paragraph to the extent they suggest that GM violated the cited statute. GM denies any remaining allegations in this paragraph.

1970. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, GM denies the allegations.

1971. GM denies the allegations in this paragraph.

1972. GM denies the allegations in this paragraph.

1973. GM denies the allegations in this paragraph.

1974. GM denies the allegations in this paragraph.

1975. GM denies the allegations in this paragraph.

1976. GM denies the allegations in this paragraph.

1977. GM denies the allegations in this paragraph.

1978. GM denies the allegations in this paragraph.

1979. GM admits that Plaintiffs purport to seek certain monetary and non-monetary relief as described in this paragraph. GM denies that Plaintiffs are entitled to any such relief. GM denies any remaining allegations in this paragraph.

## CLAIMS ON BEHALF OF THE WEST VIRGINIA SUBCLASS

## COUNT 65

## WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

**W. Va. Code Ann. §§ 46A-6-101, *et seq.***

*Against GM*

1980. GM incorporates its responses to Plaintiffs' allegations in paragraphs 1–973 as if fully set forth herein.

1981. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1982. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1983. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1984. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026

Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1985. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1986. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1987. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1988. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1989. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026

Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1990. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1991. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1992. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

1993. The allegations in this paragraph pertain to Plaintiffs' West Virginia Credit and Protection Act claim, which was dismissed by the Court's April 22, 2026 Order (ECF No. 203). Therefore, no response is required. To the extent a response is required, GM denies the allegations.

**ANSWERING THE SECTION TITLED "REQUEST FOR RELIEF"**

The paragraphs under the heading "Request for Relief" on pages 612 to 613 of the Master Complaint, including the numbered and unnumbered paragraphs, do not contain allegations to which a response is required. To the extent these paragraphs of the Master Complaint contain any allegations to which a response is required, GM denies the allegations. GM denies that Plaintiffs are entitled to any relief whatsoever from GM, including but not limited to the relief requested under the heading labeled "Request for Relief" on pages 612 through 613 of the Master Complaint.

GM denies any and all allegations in the Master Complaint that are not expressly admitted herein, or that are neither admitted nor denied for lack of information or knowledge sufficient to form a belief as to the truth or falsity of the allegations.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in the Master Complaint, and without admitting or acknowledging that GM bears the burden of proof as to any of them, GM asserts the following additional defenses. GM intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including, but not limited to, those defenses listed in Federal Rule of Civil Procedure 8(c).

## FIRST DEFENSE

The Master Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs' and putative class members' claims do not satisfy Rule 23's requirements to sustain a class action because, among other things, individual issues of consent, knowledge, expectations of privacy, causation, damages, data transmissions and usage, insurance-related decisions, and standing predominate, defeating the commonality, predominance, typicality, and superiority requirements. Moreover, a rigorous choice-of-law analysis, which the Court acknowledged would be necessary at class certification, precludes class certification.

**THIRD DEFENSE**

Plaintiffs lack standing to assert their claims under Article III of the United States Constitution because, among other reasons, Plaintiffs suffered no concrete injury traceable to GM.

**FOURTH DEFENSE**

Plaintiffs lack statutory and prudential standing to assert their state-law statutory claims.

**FIFTH DEFENSE**

Plaintiffs did not suffer an economic injury or monetary loss, as required to assert several of their state-law statutory claims.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they are preempted by federal law, including but not limited to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

**SEVENTH DEFENSE**

Plaintiffs' alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by GM, and those third parties were the sole cause of any such damages.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not

suffered any recoverable form of damages.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise due care and diligence to avoid or mitigate any damages Plaintiffs allegedly sustained.

## TENTH DEFENSE

Any recovery Plaintiffs may receive is subject to a set off if any damages are awarded against GM, in the amount of any damages or settlement amounts recovered by Plaintiffs with respect to the same alleged damages. GM is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source. Any claim for restitution, disgorgement, or similar relief must be offset and reduced by the value consumers received from the vehicles purchased or leased, and the connected vehicle services they received, including driving diagnostics, navigation, emergency assistance, enhanced security, and insight into driving behaviors. To the extent any Plaintiff separately recovers any damages or other award related to his or her enrollment in OnStar or Smart Driver services, restitution, disgorgement, or similar relief in this case should also be offset by those amounts.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged

damages, if any, were not reasonably foreseeable and because Plaintiffs' alleged damages are supported with only speculation and conjecture.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by lack of actual or proximate causation.

**THIRTEENTH DEFENSE**

Plaintiffs' alleged premium increases or other alleged economic injuries were caused by insurers' independent underwriting decisions made using multiple factors rather than by any specific information provided by GM, and Plaintiffs cannot prove that GM's alleged conduct was a substantial factor in those decisions.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, or unclean hands, including, without limitation, because Plaintiffs already made their personal driving behavior public, because that information was already publicly available, and because Plaintiffs voluntarily enrolled in or used OnStar, Smart Driver, and related connected vehicle services while aware of or having access to disclosures regarding GM's data practices.

**FIFTEENTH DEFENSE**

GM at all times acted in good faith and in compliance with applicable laws and regulations.

## SIXTEENTH DEFENSE

To the extent Plaintiffs seek exemplary or punitive damages, such awards are prohibited here under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as various state Constitutions and statutes, due to the lack of any actual damages suffered by Plaintiffs and the gross disparity between the allegations of harm and the magnitude of Plaintiffs' claimed damages.

## SEVENTEENTH DEFENSE

To the extent Plaintiffs seek exemplary or punitive damages, the Master Complaint is devoid of facts that constitute a cause of action allowing for such an award.

## EIGHTEENTH DEFENSE

Plaintiffs are barred from recovering in excess of any statutory caps on punitive damages that may apply in this action.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot maintain claims in a representative capacity under their state-law statutory causes of action, including for those states where they do not reside.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the statutes or regulations upon which Plaintiffs rely do not provide individuals with a private right

of action.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely upon any alleged misrepresentations or omissions of GM or, alternatively, Plaintiffs' reliance was not reasonable or justified.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, due to the absence of any material misrepresentations, misleading disclosures, or omissions made by GM to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to satisfy conditions precedent to suing under the statutes on which Plaintiffs base some or all of their claims, including but not limited to Plaintiffs' failure to provide the requisite written demands.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations or statutes of repose.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs consented to GM's alleged conduct, including, but not limited to the alleged collection, use,

and sharing of their Driving Data.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' Driving Data was not sensitive or subject to any reasonable expectation of privacy.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' statutory claims are barred, in whole or in part, because any alleged conduct by or on behalf of GM does not meet the statutory definitions of the conduct governed by those statutes.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' statutory claims are barred, in whole or in part, because GM does not meet the statutory definitions of the entities governed by those statutes.

## TWENTY-NINTH DEFENSE

Plaintiffs and putative class members cannot recover from GM to the extent that such class recovery would deprive GM of its due process rights to assert individualized defenses to claims of class members.

## THIRTIETH DEFENSE

Plaintiffs' claims for violation of federal and state wiretap and stored communications acts are barred, in whole or in part, because the Driving Data allegedly collected by GM is non-content "record information" and not "information concerning the substance, purport, or meaning" of any communication as required

to state a claim under the Federal Wiretap Act, 18 U.S.C. § 2511, *et seq.* (the "FWA"), the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* (the "SCA"), and state-law analogs.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap and stored communications acts are barred, in whole or in part, because the Driving Data allegedly collected by GM is not an "electronic communication" required to state a claim under the FWA, the SCA, and state-law analogs.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts are barred, in whole or in part, because the Driving Data allegedly collected by GM is excluded from the definition of "electronic communication" under the "tracking device" exceptions of the FWA and state wiretap analogs.

**THIRTY-THIRD DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts are barred, in whole or in part, under the party exception because GM was a party to the allegedly intercepted communications.

**THIRTY-FOURTH DEFENSE**

To the extent that Plaintiffs seek statutory damages for their federal and state wiretap and stored communications claims, such claims are barred, in whole or in

part, because Plaintiffs lack a statutory basis for seeking such damages.

**THIRTY-FIFTH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts are barred, in whole or in part, because GM did not "intercept" any of Plaintiffs' electronic communications in violation of the FWA and state wiretap analogs.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap and stored communications acts are barred, in whole or in part, because Plaintiffs consented to GM's alleged collection of Driving Data.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap and stored communications acts are barred, in whole or in part, because GM lacked the requisite mental state under the FWA, the SCA, and state-law analogs required to state a claim.

**THIRTY-EIGHTH DEFENSE**

Plaintiffs' claims for violation of federal and state stored communications acts are barred, in whole or in part, because the ECUs, TCUs, and other devices in Plaintiffs' vehicles are not "facilities" under the SCA and state-law analogs.

**THIRTY-NINTH DEFENSE**

Plaintiffs' claims for violation of federal and state stored communications acts

are barred, in whole or in part, because GM did not "access" Plaintiffs' Driving Data when it was in "electronic storage" as required to state a claim under the SCA and state-law analogs.

**FORTIETH DEFENSE**

Plaintiffs' claims for violation of federal and state stored communications acts are barred, in whole or in part, because GM did not "access" Plaintiffs' Driving Data "without authorization" or in "exce[ss]" of its authorization as required to state a claim under the SCA and state-law analogs.

**FORTY-FIRST DEFENSE**

Plaintiffs' claims for violation of federal and state stored communications acts are barred, in whole or in part, because GM's alleged conduct was authorized by "the person or entity providing a wire or electronic communications service" under the exceptions of the SCA and state-law analogs.

**FORTY-SECOND DEFENSE**

Plaintiffs' claims for violation of federal and state stored communications acts are barred, in whole or in part, because GM's alleged conduct was authorized by a "user" of "a wire or electronic communications service" and any communications were "intended" for GM under the SCA and state-law analogs.

**FORTY-THIRD DEFENSE**

Plaintiffs' claim for invasion of privacy through an intrusion upon seclusion

theory is barred, in whole or in part, because GM did not intrude into Plaintiffs' vehicles or private affairs.

**FORTY-FOURTH DEFENSE**

Plaintiffs' invasion of privacy claim is barred, in whole or in part, because GM's alleged collection, use, and sharing of Driving Data is not offensive, outrageous, or egregious conduct required to state a claim for invasion of privacy.

**FORTY-FIFTH DEFENSE**

Plaintiffs' civil conspiracy claim is barred, in whole or in part, because GM did not conspire to collect, use, share, or disclose Plaintiffs' Driving Data.

**FORTY-SIXTH DEFENSE**

Plaintiffs' civil conspiracy claim is barred, in whole or in part, because GM's arm's-length business relationships with its Co-Defendants cannot serve as the basis for a civil conspiracy claim to commit an invasion of privacy.

**FORTY-SEVENTH DEFENSE**

Plaintiffs' civil conspiracy to commit an invasion of privacy claim is barred, in whole or in part, because Plaintiffs' invasion of privacy claim fails and Plaintiffs cannot maintain a civil conspiracy claim without an underlying tort.

**FORTY-EIGHTH DEFENSE**

Plaintiffs' unjust enrichment claim is barred, in whole or in part, because Plaintiffs conferred no direct benefit on GM.

**FORTY-NINTH DEFENSE**

Plaintiffs' unjust enrichment claim is barred, in whole or in part, to the extent that any benefits to Plaintiffs from the use of their Driving Data exceeded any "gains" to GM.

**FIFTIETH DEFENSE**

Plaintiffs' unjust enrichment claim is barred, in whole or in part, because GM was not unjustly enriched by Plaintiffs' Driving Data.

**FIFTY-FIRST DEFENSE**

Plaintiffs' unjust enrichment claim is barred, in whole or in part, because Plaintiffs never expected to be paid by GM for their Driving Data.

**FIFTY-SECOND DEFENSE**

Plaintiffs' unjust enrichment claim is barred, in whole or in part, because they suffered no detriment caused by GM.

**FIFTY-THIRD DEFENSE**

Plaintiffs' unjust enrichment claim is barred, in whole or in part, because Plaintiffs entered into an express contract with GM when they enrolled in OnStar.

**FIFTY-FOURTH DEFENSE**

Plaintiffs' unjust enrichment claim is barred, in whole or in part, because other adequate remedies at law exist for Plaintiffs' alleged injuries.

**FIFTY-FIFTH DEFENSE**

Plaintiffs' claims for violations of state consumer statutes are barred, in whole or in part, because GM's conduct was not unfair, abusive, deceptive, unlawful, immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

**FIFTY-SIXTH DEFENSE**

Plaintiffs' claims for violations of state consumer statutes are barred, in whole or in part, because Plaintiffs did not suffer an economic injury caused by any allegedly unfair, fraudulent, or deceptive business practices or false advertising by GM.

**FIFTY-SEVENTH DEFENSE**

Plaintiffs' claims for violations of state consumer statutes are barred, in whole or in part, because GM made no misleading or deceptive statements or conduct toward any consumers.

**FIFTY-EIGHTH DEFENSE**

Plaintiffs' claims for violations of state consumer statutes are barred, in whole or in part, because GM did not engage in any egregious or aggravating circumstances that caused Plaintiffs actual injuries.

**FIFTY-NINTH DEFENSE**

Plaintiffs' claims for violations of state consumer statutes are barred, in whole

or in part, because Plaintiffs did not rely on any alleged misrepresentations or omissions made by GM.

**SIXTIETH DEFENSE**

Plaintiffs' claims for violations of state consumer statutes are barred, in whole or in part, to the extent they are based on alleged representations or misrepresentations that do not rise above the level of puffery or opinion, which are not actionable under the statutes.

**SIXTY-FIRST DEFENSE**

Plaintiffs' claims for violations of state consumer statutes are barred, in whole or in part, because GM lacked the requisite scienter to state a claim under those statutes.

**SIXTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because GM provided all necessary information for consumers to assess GM's products and services.

**SIXTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because GM's user terms and privacy statements disclosed GM's collection, use, and sharing of Driving Data.

**SIXTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by applicable limitations of liability in the User Terms for Connected Vehicle Services and the Appendix to User

Terms agreed to by Plaintiffs, which provide that both GM and consumers who agreed to the User Terms shall not be liable in any way for any "indirect, special, punitive or consequential damages" or "amounts for loss of income, profits or savings" incurred in connection with Connected Vehicle Services and which limit GM's aggregate liability to $100. These limitations apply whether the alleged damages arise from "negligence, tort, or breach of contract" and "survive any termination" of the agreement.

**SIXTY-FIFTH DEFENSE**

Plaintiffs' claim for injunctive relief is barred, in whole or in part, because Plaintiffs have an adequate remedy at law for any alleged injury.

**SIXTY-SIXTH DEFENSE**

Plaintiffs' claim for injunctive relief is barred, in whole or in part, because GM has ceased collecting, using, and sharing Driving Data, eliminating any allegedly imminent threat of future harm or need for any prospective relief.

**SIXTY-SEVENTH DEFENSE**

Plaintiffs' claim for declaratory relief is barred, in whole or in part, because it is not a freestanding cause of action and is merely coextensive with Plaintiffs' other claims.

**SIXTY-EIGHTH DEFENSE**

Plaintiffs' breach of contract claim is barred, in whole or in part, because the

User Terms for Connected Vehicle Services and the U.S. Connected Services Privacy Statement expressly permitted GM's collection, use, and sharing of Driving Data, and GM did not breach any contractual obligation owed to Plaintiffs.

**SIXTY-NINTH DEFENSE**

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is barred, in whole or in part, because the express terms of any contract between Plaintiffs and GM permitted GM's conduct, and the implied covenant cannot be used to override or contradict the express terms of the parties' agreement.

**SEVENTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches due to Plaintiffs' unreasonable delay in asserting their claims and the resulting prejudice to GM.

**SEVENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged tolling of the applicable statutes of limitations is inapplicable where the facts underlying Plaintiffs' claims were publicly available, disclosed in GM's privacy statements and user terms, and discoverable through the exercise of reasonable diligence.

**SEVENTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs voluntarily purchased or leased GM vehicles equipped with connected vehicle technology,

voluntarily enrolled in or used OnStar and related connected vehicle services, and voluntarily agreed to the terms governing those services.

**SEVENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the binding arbitration provisions in the User Terms for Connected Vehicle Services agreed to by Plaintiffs, to the extent applicable.

**SEVENTY-FOURTH DEFENSE**

Plaintiffs' state-law statutory claims are barred, in whole or in part, because they failed to provide the requisite pre-suit notice of their claims.

**SEVENTY-FIFTH DEFENSE**

To the extent that Plaintiffs ask the Court to exercise general personal jurisdiction over GM, Plaintiffs' claims are barred, in whole or in part, because the Court lacks authority to exercise general personal jurisdiction over GM in Georgia and because any such exercise of general personal jurisdiction would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**RESERVATION OF RIGHTS TO ASSERT FURTHER DEFENSES**

GM expressly and specifically reserves the right to amend this pleading to add, remove, or modify defenses based on legal theories, facts, and circumstances that may be divulged through discovery or further legal analysis of Plaintiffs'

positions in this litigation.

## JURY TRIAL DEMANDED

GM demands a trial by jury on all claims triable by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 17, 2026

By: /s/ *Susan M. Clare*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Susan M. Clare
Georgia Bar No. 262830
John C. Toro
Georgia Bar No. 175145
Peter Starr
Georgia Bar No. 648453
Matthew B. Rosenthal
Georgia Bar No. 871852
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
dbalser@kslaw.com
sclare@kslaw.com
jtoro@kslaw.com
pstarr@kslaw.com
mrosenthal@kslaw.com

*Attorneys for Defendants*
*General Motors LLC and OnStar, LLC*

**RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Susan M. Clare*
Susan M. Clare
Georgia Bar No. 262830
*Attorney for Defendants General Motors LLC and OnStar, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the clerk of Court using the CM/ECF system which automatically sends e-mail notification to such filing to any attorneys of record.

This 17th day of June, 2026.

*/s/ Susan M. Clare*
Susan M. Clare
Georgia Bar No. 262830
*Attorney for Defendants General Motors LLC and OnStar, LLC*