**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection Litigation | MDL Docket No. 3115<br><br>Case No. 1:24-md-3115-TWT |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S ANSWER TO PLAINTIFFS' MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), by counsel, submits the following Answer to the Master Consolidated Class Action Complaint (the "MCC") filed by Plaintiffs (ECF No. 109). LNRS denies all allegations in the MCC that it does not explicitly admit. LNRS does not purport to answer on behalf of Defendants General Motors LLC ("GM"), OnStar LLC ("OnStar"), or Verisk Analytics, Inc. ("Verisk") (collectively, the "Co-Defendants"), even if the allegations to which it responds pertain to both LNRS and any of the Co-Defendants. LNRS responds to each numbered paragraph in the MCC as follows:

## INTRODUCTION

1. No answer is necessary to paragraph 1 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

2. No answer is necessary to the extent the allegations in paragraph 2 of the MCC are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 2 of the MCC.

3. No answer is necessary to the extent the allegations in paragraph 3 of the MCC are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 3 of the MCC.

4. LNRS admits Plaintiffs purport to bring a putative class action based on the allegations alleged in the MCC. LNRS denies that this matter may be properly maintained against it as a class action. LNRS denies the remaining allegations in paragraph 4 of the MCC relating to Plaintiff's alleged personal knowledge or information and belief for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

5. LNRS denies the allegations in paragraph 5 of the MCC.

## JURISDICTION AND VENUE

6. No answer is necessary to the allegations in paragraph 6 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

7. No answer is necessary to the allegations in paragraph 7 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

8. No answer is necessary to the extent the allegations in paragraph 8 of the MCC are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits that it is registered to do business in Georgia and conducts business in the Northern District of Georgia. No answer is necessary to the remaining allegations in paragraph 8 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

9. No answer is necessary to the allegations in paragraph 9 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

## PLAINTIFFS

10. LNRS admits Plaintiffs purport to bring a putative class action against LNRS. LNRS denies that this matter may be properly maintained against it as a class action. LNRS denies the remaining allegations in paragraph 10 of the MCC.

11. LNRS denies the allegations in paragraph 11 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the allegations in paragraph 11 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

## ALABAMA

### Chad Weaver

12. No answer is necessary to paragraph 12 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 12 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

13. No answer is necessary to paragraph 13 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 13 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

14. No answer is necessary to paragraph 14 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 14 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 14 of the MCC.

15. No answer is necessary to paragraph 15 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 15 of the MCC.

16. The allegations in paragraph 16 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 16 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 16 of the MCC.

17. No answer is necessary to paragraph 17 of the MCC because the allegations are directed at GM and Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 17 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

18. No answer is necessary to paragraph 18 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 18 of the MCC.

19. No answer is necessary to paragraph 19 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 19 of the MCC.

20. LNRS denies the allegations in paragraph 20 of the MCC relating to Plaintiff Weaver's insurance coverage for lack of knowledge or information

sufficient to form a belief as to the truth of the matters alleged. LNRS denies the allegations in paragraph 20 of the MCC that USAA accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 16 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data" (which LNRS defines herein to refer to the driving behavior data and customer data furnished by GM pursuant the August 1, 2019 Data License Agreement and Schedule A of the Statement of Work 001). LNRS denies any remaining allegations in paragraph 20 of the MCC.

21. LNRS denies the allegations in paragraph 21 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

22. No answer is necessary to paragraph 22 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 22 of the MCC.

23. No answer is necessary to paragraph 23 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 23 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 23 of the MCC.

24. No answer is necessary to paragraph 24 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 24 of the MCC.

25. LNRS denies the allegations in paragraph 25 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 25 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 25 of the MCC.

## ARIZONA

### Brian Johnson

26. No answer is necessary to paragraph 26 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 26 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

27. No answer is necessary to paragraph 27 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 27 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

28. No answer is necessary to paragraph 28 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 28 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 28 of the MCC.

29. No answer is necessary to paragraph 29 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 29 of the MCC.

30. The allegations in paragraph 30 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 30 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 30 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 30 of the MCC.

31. No answer is necessary to paragraph 31 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 31 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

32. No answer is necessary to paragraph 32 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 32 of the MCC.

33. No answer is necessary to paragraph 33 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 33 of the MCC.

34. LNRS denies the allegations in paragraph 34 of the MCC relating to Plaintiff Johnson's insurance coverage for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the allegations in paragraph 34 of the MCC that American Family accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 30 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 34 of the MCC.

35. LNRS denies the allegations in paragraph 35 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

36. LNRS denies the allegations in paragraph 36 of the MCC that the identified insurer carriers accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 30 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 36 of the MCC.

37. LNRS denies the allegations in paragraph 37 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

38. No answer is necessary to paragraph 38 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 38 of the MCC.

39. No answer is necessary to paragraph 39 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 39 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 39 of the MCC.

40. No answer is necessary to paragraph 40 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 40 of the MCC.

41. LNRS denies the allegations in paragraph 41 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 41 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 41 of the MCC.

**David Loehr**

42. No answer is necessary to paragraph 42 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 42 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

43. No answer is necessary to paragraph 43 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 43 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

44. No answer is necessary to paragraph 44 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 44 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 44 of the MCC.

45. No answer is necessary to paragraph 45 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 45 of the MCC.

46. The allegations in paragraph 46 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 46 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 46 of the MCC.

47. No answer is necessary to paragraph 47 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 47 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

48. No answer is necessary to paragraph 48 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 48 of the MCC.

49. LNRS denies the allegations in paragraph 49 of the MCC relating to Plaintiff Loehr's insurance coverage for lack of knowledge or information sufficient

to form a belief as to the truth of the matters alleged. LNRS denies the allegations in paragraph 49 of the MCC that State Farm accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 46 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 49 of the MCC.

50. LNRS denies the allegations in paragraph 50 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

51. LNRS denies the allegations in paragraph 51 of the MCC relating to Plaintiff seeking auto insurance quotes for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 51 of the MCC that Progressive accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 46 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 51 of the MCC.

52. No answer is necessary to paragraph 52 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 52 of the MCC.

53. No answer is necessary to paragraph 53 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 53 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 53 of the MCC.

54. No answer is necessary to paragraph 54 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 54 of the MCC.

55. LNRS denies the allegations in paragraph 55 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 55 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 55 of the MCC.

## CALIFORNIA

### Dan Carnine

56. No answer is necessary to paragraph 56 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 56 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

57. No answer is necessary to paragraph 57 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 57 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

58. No answer is necessary to paragraph 58 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 58 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 58 of the MCC.

59. No answer is necessary to paragraph 59 to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 59 of the MCC.

60. The allegations in paragraph 60 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 60 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 60 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or

information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 60 of the MCC.

61. The allegations in paragraph 61 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 61 are contrary to the document itself, they are denied. LNRS denies any remaining allegations in paragraph 61 of the MCC.

62. LNRS denies the allegations in paragraph 62 of the MCC.

63. No answer is necessary to paragraph 63 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 63 of the MCC.

64. LNRS denies the allegations in paragraph 64 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

65. LNRS denies the allegations in paragraph 65 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

66. LNRS denies the allegations in paragraph 66 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

67. LNRS denies the allegations in paragraph 67 of the MCC that USAA or GEICO accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 60 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies the remaining allegations in paragraph 67 of the MCC.

68. LNRS denies the allegations in paragraph 68 of the MCC.

69. No answer is necessary to paragraph 69 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 69 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 69 of the MCC.

70. No answer is necessary to paragraph 70 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 70 of the MCC.

71. LNRS denies the allegations in paragraph 71 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 71 of the MCC to the extent the allegations are

directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 71 of the MCC.

**Donald Smith, Jr.**

72. No answer is necessary to paragraph 72 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 72 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

73. No answer is necessary to paragraph 73 of the MCC because the allegations are directed at OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 73 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

74. No answer is necessary to paragraph 74 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 74 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 74 of the MCC.

75. No answer is necessary to paragraph 75 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 75 of the MCC.

76. The allegations in paragraph 76 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 76 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 76 of the MCC.

77. No answer is necessary to paragraph 77 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 77 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

78. No answer is necessary to paragraph 78 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 78 of the MCC.

79. No answer is necessary to paragraph 79 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 79 of the MCC.

80. LNRS denies the allegations in paragraph 80 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

81. LNRS denies the allegations in paragraph 81 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

82. LNRS denies the allegations in paragraph 82 of the MCC relating to Plaintiff seeking auto insurance for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the allegations in paragraph 82 of the MCC that USAA accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 76 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies the remaining allegations in paragraph 82 of the MCC.

83. No answer is necessary to paragraph 83 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 83 of the MCC.

84. No answer is necessary to paragraph 84 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 84 of the MCC relating to Plaintiff's decision to lease or enroll in Smart Driver for lack of knowledge or

information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 84 of the MCC.

85. No answer is necessary to paragraph 85 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 85 of the MCC.

86. LNRS denies the allegations in paragraph 86 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 86 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 86 of the MCC.

**Nathaniel Haiden**

87. No answer is necessary to paragraph 87 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 87 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

88. No answer is necessary to paragraph 88 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 88 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

89. No answer is necessary to paragraph 89 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 89 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 89 of the MCC.

90. No answer is necessary to paragraph 90 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 90 of the MCC.

91. The allegations in paragraph 91 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 91 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 91 of the MCC.

92. No answer is necessary to paragraph 92 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 92 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

93. No answer is necessary to paragraph 93 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the remaining allegations in paragraph 93 of the MCC.

94. LNRS denies the allegations in paragraph 94 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

95. LNRS denies the allegations in paragraph 95 of the MCC relating to Plaintiff seeking auto insurance from State Farm for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the allegations in paragraph 95 of the MCC that State Farm accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 91 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies the remaining allegations in paragraph 95 of the MCC.

96. No answer is necessary to paragraph 96 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 96 of the MCC.

97. No answer is necessary to paragraph 97 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 97 of the MCC relating to

Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 97 of the MCC.

98. No answer is necessary to paragraph 98 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 98 of the MCC.

99. LNRS denies the allegations in paragraph 99 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 99 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 99 of the MCC.

## CONNECTICUT

### Amy Brunet

100. No answer is necessary to paragraph 100 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 100 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

101. No answer is necessary to paragraph 101 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 101 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

102. No answer is necessary to paragraph 102 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 102 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 102 of the MCC.

103. No answer is necessary to paragraph 103 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 103 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

104. No answer is necessary to paragraph 104 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 104 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

105. No answer is necessary to paragraph 105 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 105 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

106. No answer is necessary to paragraph 106 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 106 of the MCC.

107. LNRS denies the allegations in paragraph 107 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 107 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 107 of the MCC.

## DELAWARE

### Michael Alamorian

108. LNRS denies the allegations in paragraph 108 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

109. No answer is necessary to paragraph 109 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 109 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

110. No answer is necessary to paragraph 110 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 110 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

111. No answer is necessary to paragraph 111 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 111 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

112. No answer is necessary to paragraph 112 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 112 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

113. No answer is necessary to paragraph 113 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 113 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 113 of the MCC.

114. No answer is necessary to paragraph 114 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 114 of the MCC.

115. The allegations in paragraph 115 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 115 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 115 of the MCC.

116. The allegations in paragraph 116 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 116 are contrary

to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 116 of the MCC.

117. LNRS denies the allegations in paragraph 117 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

118. LNRS denies the allegations in paragraph 118 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

119. No answer is necessary to paragraph 119 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 119 of the MCC.

120. No answer is necessary to paragraph 120 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 120 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 120 of the MCC.

121. No answer is necessary to paragraph 121 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 121 of the MCC.

122. LNRS denies the allegations in paragraph 122 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 122 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 122 of the MCC.

**FLORIDA**

**Romeo Chicco**

123. No answer is necessary to paragraph 123 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 123 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

124. No answer is necessary to paragraph 124 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 124 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

125. No answer is necessary to paragraph 125 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 125 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 125 of the MCC.

126. No answer is necessary to paragraph 126 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 126 of the MCC.

127. The allegations in paragraph 127 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 127 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 127 of the MCC.

128. No answer is necessary to paragraph 128 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 128 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

129. No answer is necessary to paragraph 129 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 129 of the MCC.

130. No answer is necessary to paragraph 130 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 130 of the MCC.

131. LNRS denies the allegations in paragraph 131 of the MCC relating to Plaintiff Chicco's insurance coverage and insurance claims for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the allegations in paragraph 131 of the MCC that Farmers Insurance accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 127 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 131 of the MCC.

132. LNRS denies the allegations in paragraph 132 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

133. LNRS denies the allegations in paragraph 133 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

134. LNRS denies the allegations in paragraph 134 of the MCC that Progressive, GEICO, or Liberty Mutual accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 127 (referencing LexisNexis Consumer Disclosure

Report), and further denies that GEICO or Liberty Mutual accessed any "LexisNexis Report" that "included his Driving Data." LNRS admits only that it furnished a Telematics OnDemand Report to Progressive on or about December 18, 2023. LNRS denies any remaining allegations in paragraph 134 of the MCC.

135. No answer is necessary to paragraph 135 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 135 of the MCC.

136. No answer is necessary to paragraph 136 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 136 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 136 of the MCC.

137. No answer is necessary to paragraph 137 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 137 of the MCC.

138. LNRS denies the allegations in paragraph 138 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 138 of the MCC to the extent the allegations are

directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 138 of the MCC.

**Suzanne Block**

139. No answer is necessary to paragraph 139 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 139 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

140. No answer is necessary to paragraph 140 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 140 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

141. No answer is necessary to paragraph 141 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 141 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 141 of the MCC.

142. No answer is necessary to paragraph 142 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 142 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

143. No answer is necessary to paragraph 143 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 143 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

144. LNRS denies the allegations in paragraph 144 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

145. LNRS denies the allegations in paragraph 145 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

146. No answer is necessary to paragraph 146 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 146 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

147. No answer is necessary to paragraph 147 of the MCC because the allegations are directed at GM and Verisk. To the extent a response is required, LNRS denies the allegations in paragraph 147 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

148. No answer is necessary to paragraph 148 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 148 of the MCC.

149. LNRS denies the allegations in paragraph 149 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 149 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 149 of the MCC.

**Tory Skyers**

150. No answer is necessary to paragraph 150 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 150 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

151. No answer is necessary to paragraph 151 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 151 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

152. No answer is necessary to paragraph 152 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 152 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 152 of the MCC.

153. No answer is necessary to paragraph 153 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 153 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

154. No answer is necessary to paragraph 154 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 154 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

155. No answer is necessary to paragraph 155 of the MCC to the extent they are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 155 of the MCC.

156. LNRS denies the allegations in paragraph 156 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

157. LNRS denies the allegations in paragraph 157 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

158. No answer is necessary to paragraph 158 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 158 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

159. No answer is necessary to paragraph 159 of the MCC because the allegations are directed at GM and Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 159 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

160. No answer is necessary to paragraph 160 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 160 of the MCC.

161. LNRS denies the allegations in paragraph 161 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 161 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 161 of the MCC.

## GEORGIA

### Plaintiff David Gaddis

162. No answer is necessary to paragraph 162 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 162 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

163. No answer is necessary to paragraph 163 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 163 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

164. No answer is necessary to paragraph 164 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 164 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 164 of the MCC.

165. No answer is necessary to paragraph 165 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 165 of the MCC.

166. No answer is necessary to paragraph 166 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 166 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

167. LNRS denies the allegations in paragraph 167 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

168. LNRS denies the allegations in paragraph 168 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

169. No answer is necessary to paragraph 169 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 169 of the MCC.

170. No answer is necessary to paragraph 170 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 170 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 170 of the MCC.

171. No answer is necessary to paragraph 171 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 171 of the MCC.

172. LNRS denies the allegations in paragraph 172 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 172 of the MCC to the extent the allegations are

directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 172 of the MCC.

**Stephen Griner**

173. No answer is necessary to paragraph 173 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 173 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

174. No answer is necessary to paragraph 174 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 174 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

175. No answer is necessary to paragraph 175 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 175 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

176. No answer is necessary to paragraph 176 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 176 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 176 of the MCC.

177. No answer is necessary to paragraph 177 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 177 of the MCC.

178. The allegations in paragraph 178 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 178 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 178 of the MCC.

179. The allegations in paragraph 179 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 179 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 179 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 179 of the MCC.

180. LNRS denies the allegations in paragraph 180 of the MCC.

181. No answer is necessary to paragraph 181 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 181 of the MCC.

182. LNRS denies the allegations in paragraph 182 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

183. LNRS denies the allegations in paragraph 183 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

184. LNRS denies the allegations in paragraph 184 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

185. LNRS denies the allegations in paragraph 185 of the MCC that State Farm accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 178 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies the remaining allegations in paragraph 185 of the MCC.

186. LNRS denies the allegations in paragraph 186 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

187. LNRS denies the allegations in paragraph 187 of the MCC that GEICO accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 178 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 187 of the MCC.

188. No answer is necessary to paragraph 188 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 188 of the MCC.

189. No answer is necessary to paragraph 189 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 189 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 189 of the MCC.

190. No answer is necessary to paragraph 190 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 190 of the MCC.

191. LNRS denies the allegations in paragraph 191 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the

remaining allegations in paragraph 191 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 191 of the MCC.

## IDAHO

### Pavel Gazhenko

192. No answer is necessary to paragraph 192 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 192 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

193. No answer is necessary to paragraph 193 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 193 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

194. No answer is necessary to paragraph 194 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 194 of the MCC for lack of knowledge or information sufficient to form

a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 194 of the MCC.

195. No answer is necessary to paragraph 195 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 195 of the MCC.

196. The allegations in paragraph 196 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 196 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 196 of the MCC.

197. LNRS denies the allegations in paragraph 197 of the MCC.

198. No answer is necessary to paragraph 198 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 198 of the MCC.

199. LNRS denies the allegations in paragraph 199 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

200. No answer is necessary to paragraph 200 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 200 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief

as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 200 of the MCC.

201. No answer is necessary to paragraph 201 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 201 of the MCC.

202. LNRS denies the allegations in paragraph 202 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 202 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 202 of the MCC.

## ILLINOIS

### Adam Dinitz

203. No answer is necessary to paragraph 203 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 203 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

204. No answer is necessary to paragraph 204 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 204 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

205. No answer is necessary to paragraph 205 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 205 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 205 of the MCC.

206. No answer is necessary to paragraph 206 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 206 of the MCC.

207. The allegations in paragraph 207 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 207 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 207 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 207 of the MCC.

208. No answer is necessary to paragraph 208 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 208 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

209. No answer is necessary to paragraph 209 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 209 of the MCC.

210. LNRS denies the allegations in paragraph 210 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

211. LNRS denies the allegations in paragraph 211 of the MCC relating to Plaintiff seeking auto insurance quotes for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the allegations in paragraph 211 of the MCC that Progressive Insurance accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 207 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report on or about March 15, 2023," which "included his Driving Data." LNRS denies any remaining allegations in paragraph 211 of the MCC.

212. No answer is necessary to paragraph 212 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 212 of the MCC relating to

Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 212 of the MCC.

213. No answer is necessary to paragraph 213 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 213 of the MCC.

214. LNRS denies the allegations in paragraph 214 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 214 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 214 of the MCC.

**Peter Gray**

215. No answer is necessary to paragraph 215 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 215 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

216. No answer is necessary to paragraph 216 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 216 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

217. No answer is necessary to paragraph 217 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 217 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 217 of the MCC.

218. No answer is necessary to paragraph 218 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 218 of the MCC.

219. The allegations in paragraph 219 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 219 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 219 of the MCC.

220. No answer is necessary to paragraph 220 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 220 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

221. No answer is necessary to paragraph 221 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 221 of the MCC.

222. No answer is necessary to paragraph 222 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 222 of the MCC.

223. No answer is necessary to paragraph 223 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 223 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 223 of the MCC.

224. No answer is necessary to paragraph 224 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 224 of the MCC.

225. LNRS denies the allegations in paragraph 225 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the

remaining allegations in paragraph 225 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 225 of the MCC.

**Jeffrey Horvath**

226. No answer is necessary to paragraph 226 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 226 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

227. No answer is necessary to paragraph 227 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 227 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

228. No answer is necessary to paragraph 228 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 228 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 228 of the MCC.

229. No answer is necessary to paragraph 229 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 229 of the MCC.

230. The allegations in paragraph 230 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 230 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 230 of the MCC.

231. The allegations in paragraph 231 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 231 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 231 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 231 of the MCC.

232. No answer is necessary to paragraph 232 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 232 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

233. No answer is necessary to paragraph 233 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 233 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

234. No answer is necessary to paragraph 234 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 234 of the MCC.

235. No answer is necessary to paragraph 235 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 235 of the MCC.

236. LNRS denies the allegations in paragraph 236 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

237. LNRS denies the allegations in paragraph 237 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

238. LNRS denies the allegations in paragraph 238 of the MCC that State Farm accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 230 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report," which "included his Driving Data." LNRS denies any remaining allegations in paragraph 238 of the MCC.

239. LNRS denies the allegations in paragraph 239 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

240. No answer is necessary to paragraph 240 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, the allegations in paragraph 240 refer to documents which speak for themselves. To the extent the allegations in paragraph 240 are contrary to the documents themselves, they are denied. LNRS denies the allegations in the final sentence of paragraph 240 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

241. LNRS denies the allegations in paragraph 241 of the MCC.

242. No answer is necessary to paragraph 242 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 242 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 242 of the MCC.

243. No answer is necessary to paragraph 243 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 243 of the MCC.

244. LNRS denies the allegations in paragraph 244 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 244 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 244 of the MCC.

## INDIANA

### David Lima

245. No answer is necessary to paragraph 245 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 245 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

246. No answer is necessary to paragraph 246 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 246 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

247. No answer is necessary to paragraph 247 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 247 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 247 of the MCC.

248. No answer is necessary to paragraph 248 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 248 of the MCC.

249. The allegations in paragraph 249 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 249 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 249 of the MCC.

250. No answer is necessary to paragraph 250 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 250 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

251. No answer is necessary to paragraph 251 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 251 of the MCC.

252. No answer is necessary to paragraph 252 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 252 of the MCC.

253. LNRS denies the allegations in paragraph 253 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

254. LNRS denies the allegations in paragraph 254 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

255. LNRS denies the allegations in paragraph 255 of the MCC that the identified carriers accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 249 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report," which "included his Driving Data." LNRS denies any remaining allegations in paragraph 255 of the MCC.

256. LNRS denies the allegations in paragraph 256 of the MCC.

257. No answer is necessary to paragraph 257 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 257 of the MCC relating to Plaintiff's enrollment in OnStar for lack of knowledge or information sufficient to

form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 257 of the MCC.

258. No answer is necessary to paragraph 258 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 258 of the MCC.

259. LNRS denies the allegations in paragraph 259 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 259 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 259 of the MCC.

## KANSAS

### Manuel Martinez Jr.

260. No answer is necessary to paragraph 260 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 260 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

261. No answer is necessary to paragraph 261 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 261 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

262. No answer is necessary to paragraph 262 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 262 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

263. No answer is necessary to paragraph 263 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 263 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

264. No answer is necessary to paragraph 264 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 264 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 264 of the MCC.

265. No answer is necessary to paragraph 265 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 265 of the MCC.

266. No answer is necessary to paragraph 266 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 266 of the MCC.

267. LNRS denies the allegations in paragraph 267 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

268. No answer is necessary to paragraph 268 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 268 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

269. No answer is necessary to paragraph 269 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 269 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 269 of the MCC.

270. No answer is necessary to paragraph 270 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 270 of the MCC.

271. LNRS denies the allegations in paragraph 271 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 271 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 271 of the MCC.

**Kathleen Martinez**

272. No answer is necessary to paragraph 272 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 272 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

273. No answer is necessary to paragraph 273 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 273 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

274. No answer is necessary to paragraph 274 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 274 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

275. No answer is necessary to paragraph 275 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 275 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

276. No answer is necessary to paragraph 276 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 276 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 276 of the MCC.

277. No answer is necessary to paragraph 277 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 277 of the MCC.

278. No answer is necessary to paragraph 278 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 278 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

279. No answer is necessary to paragraph 279 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 279 of the MCC.

280. LNRS denies the allegations in paragraph 280 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

281. No answer is necessary to paragraph 281 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 281 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

282. No answer is necessary to paragraph 282 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 282 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief

as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 282 of the MCC.

283. No answer is necessary to paragraph 283 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 283 of the MCC.

284. LNRS denies the allegations in paragraph 284 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 284 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 284 of the MCC.

## **KENTUCKY**

### Donnie Ray Foley

285. No answer is necessary to paragraph 285 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 285 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

286. No answer is necessary to paragraph 286 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 286 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

287. No answer is necessary to paragraph 287 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 287 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 287 of the MCC.

288. No answer is necessary to paragraph 288 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 288 of the MCC.

289. The allegations in paragraph 289 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 289 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 289 of the MCC.

290. No answer is necessary to paragraph 290 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 290 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

291. No answer is necessary to paragraph 291 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 291 of the MCC.

292. LNRS denies the allegations in paragraph 292 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

293. LNRS denies the allegations in paragraph 293 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

294. No answer is necessary to paragraph 294 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 294 of the MCC.

295. No answer is necessary to paragraph 295 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 295 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 295 of the MCC.

296. No answer is necessary to paragraph 296 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 296 of the MCC.

297. LNRS denies the allegations in paragraph 297 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 297 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 297 of the MCC.

## MARYLAND

### Joseph McDaniels III

298. No answer is necessary to paragraph 298 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 298 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

299. No answer is necessary to paragraph 299 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 299 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

300. No answer is necessary to paragraph 300 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 300 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 300 of the MCC.

301. No answer is necessary to paragraph 301 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 301 of the MCC.

302. The allegations in paragraph 302 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 302 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 302 of the MCC.

303. The allegations in paragraph 303 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 303 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 303 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or

information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 303 of the MCC.

304. The allegations in paragraph 304 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 304 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 304 of the MCC.

305. LNRS denies the allegations in paragraph 305 of the MCC.

306. No answer is necessary to paragraph 306 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 306 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

307. No answer is necessary to paragraph 307 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 307 of the MCC.

308. LNRS denies the allegations in paragraph 308 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

309. LNRS denies the allegations in paragraph 309 of the MCC.

310. No answer is necessary to paragraph 310 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 310 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 310 of the MCC.

311. No answer is necessary to paragraph 311 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 311 of the MCC.

312. LNRS denies the allegations in paragraph 312 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 312 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 312 of the MCC.

## MICHIGAN

### Kenneth Brockington

313. No answer is necessary to paragraph 313 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 313 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

314. No answer is necessary to paragraph 314 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 314 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

315. No answer is necessary to paragraph 315 of the MCC because the allegations are directed at OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 315 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

316. No answer is necessary to paragraph 316 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 316 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 316 of the MCC.

317. No answer is necessary to paragraph 317 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 317 of the MCC.

318. The allegations in paragraph 318 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 318 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 318 of the MCC.

319. The allegations in paragraph 319 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 319 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 319 of the MCC.

320. LNRS denies the allegations in paragraph 320 of the MCC.

321. No answer is necessary to paragraph 321 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 321 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

322. No answer is necessary to paragraph 322 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 322 of the MCC.

323. LNRS denies the allegations in paragraph 323 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 323 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 323 of the MCC.

**Melvin Drews and Karen Drews**

324. No answer is necessary to paragraph 324 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 324 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

325. No answer is necessary to paragraph 325 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 325 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

326. No answer is necessary to paragraph 326 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 326 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

327. No answer is necessary to paragraph 327 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 327 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 327 of the MCC.

328. No answer is necessary to paragraph 328 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 328 of the MCC.

329. The allegations in paragraph 329 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 329 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 329 of the MCC.

330. The allegations in paragraph 330 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 330 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 330 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or

information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 330 of the MCC.

331. The allegations in paragraph 331 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 331 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 331 of the MCC.

332. No answer is necessary to paragraph 332 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 332 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

333. The allegations in paragraph 333 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 333 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 333 of the MCC.

334. No answer is necessary to paragraph 334 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 334 of the MCC.

335. LNRS denies the allegations in paragraph 335 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

336. LNRS denies the allegations in paragraph 336 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

337. LNRS denies the allegations in paragraph 337 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

338. LNRS denies the allegations in paragraph 338 of the MCC that insurers accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 329 (referencing LexisNexis Consumer Disclosure Report) or accessed any LexisNexis report which "included their Driving Data." LNRS denies the remaining allegations in paragraph 338 of the MCC.

339. LNRS denies the allegations in paragraph 339 of the MCC.

340. No answer is necessary to paragraph 340 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 340 of the MCC.

341. No answer is necessary to paragraph 341 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 341 of the MCC.

342. LNRS denies the allegations in paragraph 342 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 342 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 342 of the MCC.

**Brian LaFalce**

343. No answer is necessary to paragraph 343 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 343 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

344. No answer is necessary to paragraph 344 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 344 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

345. No answer is necessary to paragraph 345 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 345 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 345 of the MCC.

346. No answer is necessary to paragraph 346 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 346 of the MCC.

347. The allegations in paragraph 347 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 347 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 347 of the MCC.

348. The allegations in paragraph 348 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 348 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 348 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 348 of the MCC.

349. No answer is necessary to paragraph 349 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 349 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

350. No answer is necessary to paragraph 350 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 350 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

351. No answer is necessary to paragraph 351 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 351 of the MCC.

352. No answer is necessary to paragraph 352 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 352 of the MCC.

353. LNRS denies the allegations in paragraph 353 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

354. LNRS denies the allegations in paragraph 354 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

355. LNRS denies the allegations in paragraph 355 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

356. No answer is necessary to paragraph 356 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 356 of the MCC.

357. No answer is necessary to paragraph 357 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 357 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 357 of the MCC.

358. No answer is necessary to paragraph 358 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 358 of the MCC.

359. LNRS denies the allegations in paragraph 359 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to

form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 359 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 359 of the MCC.

## MISSISSIPPI

### Grace Gilmore

360. No answer is necessary to paragraph 360 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 360 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

361. No answer is necessary to paragraph 361 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 361 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

362. No answer is necessary to paragraph 362 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 362 of the MCC for lack of knowledge or information sufficient to form

a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 362 of the MCC.

363. No answer is necessary to paragraph 363 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 363 of the MCC.

364. The allegations in paragraph 364 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 364 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 364 of the MCC.

365. No answer is necessary to paragraph 365 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 365 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

366. No answer is necessary to paragraph 366 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 366 of the MCC.

367. LNRS denies the allegations in paragraph 367 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

368. LNRS denies the allegations in paragraph 368 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

369. No answer is necessary to paragraph 369 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 369 of the MCC.

370. No answer is necessary to paragraph 370 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 370 of the MCC.

371. LNRS denies the allegations in paragraph 371 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 371 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 371 of the MCC.

## NEVADA

### Jennifer Melberg

372. No answer is necessary to paragraph 372 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 372 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

373. No answer is necessary to paragraph 373 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 373 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

374. No answer is necessary to paragraph 374 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 374 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 374 of the MCC.

375. No answer is necessary to paragraph 375 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 375 of the MCC.

376. The allegations in paragraph 376 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 376 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 376 of the MCC.

377. LNRS denies the allegations in paragraph 377 of the MCC.

378. The allegations in paragraph 378 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 378 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 378 of the MCC.

379. No answer is necessary to paragraph 379 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 379 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

380. No answer is necessary to paragraph 380 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 380 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

381. LNRS denies the allegations in paragraph 381 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

382. No answer is necessary to paragraph 382 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS,

LNRS denies the allegations in the first two sentences of paragraph 382 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 382 of the MCC.

383. LNRS denies the allegations in paragraph 383 of the MCC that Allstate accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 376 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included her Driving Data." LNRS denies any remaining allegations in paragraph 383 of the MCC.

384. LNRS denies the allegations in paragraph 384 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

385. No answer is necessary to paragraph 385 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 385 of the MCC.

386. No answer is necessary to paragraph 386 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 386 of the MCC.

387. LNRS denies the allegations in paragraph 387 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to

form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 387 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 387 of the MCC.

## NEW JERSEY

### Morris D. Gordin

388. No answer is necessary to paragraph 388 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 388 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

389. No answer is necessary to paragraph 389 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 389 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

390. No answer is necessary to paragraph 390 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 390 of the MCC for lack of knowledge or information sufficient to form

a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 390 of the MCC.

391. No answer is necessary to paragraph 391 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 391 of the MCC.

392. The allegations in paragraph 392 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 392 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 392 of the MCC.

393. LNRS denies the allegations in paragraph 393 of the MCC.

394. No answer is necessary to paragraph 394 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 394 of the MCC.

395. No answer is necessary to paragraph 395 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 395 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 395 of the MCC.

396. No answer is necessary to paragraph 396 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 396 of the MCC.

397. LNRS denies the allegations in paragraph 397 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 397 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 397 of the MCC.

**John Matthews**

398. No answer is necessary to paragraph 398 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 398 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

399. No answer is necessary to paragraph 399 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 399 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

400. No answer is necessary to paragraph 400 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 400 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 400 of the MCC.

401. No answer is necessary to paragraph 401 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 401 of the MCC.

402. The allegations in paragraph 402 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 402 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 402 of the MCC.

403. No answer is necessary to paragraph 403 of the MCC to the extent the allegations are directed at OnStar. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 403 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 403 of the MCC.

404. LNRS denies the allegations in paragraph 404 of the MCC.

405. No answer is necessary to paragraph 405 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 405 of the MCC.

406. No answer is necessary to paragraph 406 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 406 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 406 of the MCC.

407. No answer is necessary to paragraph 407 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 407 of the MCC.

408. LNRS denies the allegations in paragraph 408 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 408 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 408 of the MCC.

**Zachary Smith**

409. No answer is necessary to paragraph 409 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 409 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

410. No answer is necessary to paragraph 410 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 410 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

411. No answer is necessary to paragraph 411 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 411 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 411 of the MCC.

412. No answer is necessary to paragraph 412 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 412 of the MCC.

413. The allegations in paragraph 413 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 413 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 413 of the MCC.

414. No answer is necessary to paragraph 414 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 414 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

415. No answer is necessary to paragraph 415 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 415 of the MCC.

416. No answer is necessary to paragraph 416 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 416 of the MCC.

417. LNRS denies the allegations in paragraph 417 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

418. LNRS denies the allegations in paragraph 418 of the MCC that Liberty Insurance Associates accessed his LexisNexis Consumer Disclosure Report,

*see* MCC ¶ 413 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 418 of the MCC.

419. LNRS denies the allegations in paragraph 419 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

420. LNRS denies the allegations in paragraph 420 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

421. LNRS denies the allegations in paragraph 421 of the MCC that State Farm accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 413 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 421 of the MCC.

422. LNRS denies the allegations in paragraph 422 of the MCC that Geico accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 413 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 422 of the MCC.

423. No answer is necessary to paragraph 423 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 423 of the MCC.

424. No answer is necessary to paragraph 424 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 424 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 424 of the MCC.

425. No answer is necessary to paragraph 425 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 425 of the MCC.

426. LNRS denies the allegations in paragraph 426 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 426 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 426 of the MCC.

## NEW YORK

### Joseph Davids

427. No answer is necessary to paragraph 427 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 427 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

428. No answer is necessary to paragraph 428 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 428 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

429. No answer is necessary to paragraph 429 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 429 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

430. No answer is necessary to paragraph 430 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 430 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

431. No answer is necessary to paragraph 431 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 431 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 431 of the MCC.

432. No answer is necessary to paragraph 432 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 432 of the MCC.

433. The allegations in paragraph 433 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 433 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 433 of the MCC.

434. The allegations in paragraph 434 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 434 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 434 of the MCC.

435. No answer is necessary to paragraph 435 of the MCC because the allegations are directed at GM and Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 435 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

436. No answer is necessary to paragraph 436 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 436 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

437. No answer is necessary to paragraph 437 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 437 of the MCC.

438. No answer is necessary to paragraph 438 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 438 of the MCC.

439. No answer is necessary to paragraph 439 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 439 of the MCC relating to Plaintiff's lease or purchase for lack of knowledge or information sufficient to form

a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 439 of the MCC.

440. No answer is necessary to paragraph 440 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 440 of the MCC.

441. LNRS denies the allegations in paragraph 441 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 441 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 441 of the MCC.

**Scott Smith**

442. No answer is necessary to paragraph 442 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 442 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

443. No answer is necessary to paragraph 443 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 443 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

444. No answer is necessary to paragraph 444 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 444 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 444 of the MCC.

445. No answer is necessary to paragraph 445 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 445 of the MCC.

446. The allegations in paragraph 446 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 446 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 446 of the MCC.

447. The allegations in paragraph 447 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 447 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 447 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or

information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 447 of the MCC.

448. No answer is necessary to paragraph 448 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 448 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

449. No answer is necessary to paragraph 449 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 449 of the MCC.

450. LNRS denies the allegations in paragraph 450 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

451. LNRS denies the allegations in paragraph 451 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

452. No answer is necessary to paragraph 452 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 452 of the MCC.

453. No answer is necessary to paragraph 453 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 453 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 453 of the MCC.

454. No answer is necessary to paragraph 454 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 454 of the MCC.

455. LNRS denies the allegations in paragraph 455 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 455 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 455 of the MCC.

## NORTH CAROLINA

### Rickie Donovan Baker

456. No answer is necessary to paragraph 456 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 456 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

457. No answer is necessary to paragraph 457 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 457 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

458. No answer is necessary to paragraph 458 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 458 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 458 of the MCC.

459. No answer is necessary to paragraph 459 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 459 of the MCC.

460. The allegations in paragraph 460 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 460 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 460 of the MCC.

461. LNRS denies the allegations in paragraph 461 of the MCC.

462. No answer is necessary to paragraph 462 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 462 of the MCC.

463. LNRS denies the allegations in paragraph 463 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

464. LNRS denies the allegations in paragraph 464 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

465. LNRS denies the allegations in paragraph 465 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

466. LNRS denies the allegations in paragraph 466 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

467. No answer is necessary to paragraph 467 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 467 of the MCC.

468. The allegations in paragraph 468 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 468 are contrary to the document itself, they are denied.

469. No answer is necessary to paragraph 469 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 469 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 469 of the MCC.

470. No answer is necessary to paragraph 470 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 470 of the MCC.

471. LNRS denies the allegations in paragraph 471 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 471 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 471 of the MCC.

**Thomas Fuhrer**

472. No answer is necessary to paragraph 472 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 472 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

473. No answer is necessary to paragraph 473 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 473 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

474. No answer is necessary to paragraph 474 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 474 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

475. No answer is necessary to paragraph 475 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 475 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

476. No answer is necessary to paragraph 476 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 476 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 476 of the MCC.

477. No answer is necessary to paragraph 477 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 477 of the MCC.

478. The allegations in paragraph 478 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 478 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 478 of the MCC.

479. The allegations in paragraph 479 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 479 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 479 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or

information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 479 of the MCC.

480. No answer is necessary to paragraph 480 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 480 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

481. No answer is necessary to paragraph 481 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 481 of the MCC.

482. No answer is necessary to paragraph 482 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 482 of the MCC.

483. LNRS denies the allegations in paragraph 483 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

484. LNRS denies the allegations in paragraph 484 of the MCC that USAA accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 478 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report"

which "included his Driving Data." LNRS denies any remaining allegations in paragraph 484 of the MCC.

485. LNRS denies the allegations in paragraph 485 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

486. LNRS denies the allegations in paragraph 486 of the MCC.

487. No answer is necessary to paragraph 487 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 487 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 487 of the MCC.

488. No answer is necessary to paragraph 488 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 488 of the MCC.

489. LNRS denies the allegations in paragraph 489 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 489 of the MCC to the extent the allegations are

directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 489 of the MCC.

## OHIO

### Peter Christie

490. No answer is necessary to paragraph 490 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 490 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

491. No answer is necessary to paragraph 491 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 491 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

492. No answer is necessary to paragraph 492 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 492 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 492 of the MCC.

493. No answer is necessary to paragraph 493 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 493 of the MCC.

494. The allegations in paragraph 494 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 494 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 494 of the MCC.

495. LNRS denies the allegations in paragraph 495 of the MCC.

496. No answer is necessary to paragraph 496 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 496 of the MCC.

497. LNRS denies the allegations in paragraph 497 of the MCC relating to Plaintiff Christie's insurance coverage for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the allegations in paragraph 497 of the MCC that Safeco Insurance accessed his LexisNexis Consumer Disclosure Report or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 497 of the MCC.

498. LNRS denies the allegations in paragraph 498 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

499. LNRS denies the allegations in paragraph 499 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

500. LNRS denies the allegations in paragraph 500 of the MCC that the identified insurance carriers accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 494 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 500 of the MCC.

501. LNRS denies the allegations in paragraph 501 of the MCC.

502. No answer is necessary to paragraph 502 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 502 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 502 of the MCC.

503. No answer is necessary to paragraph 503 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 503 of the MCC.

504. LNRS denies the allegations in paragraph 504 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 504 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 504 of the MCC.

**Julianne Kovein**

505. No answer is necessary to paragraph 505 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 505 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

506. No answer is necessary to paragraph 506 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 506 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

507. No answer is necessary to paragraph 507 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 507 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

508. No answer is necessary to paragraph 508 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 508 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

509. No answer is necessary to paragraph 509 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 509 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

510. No answer is necessary to paragraph 510 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 510 of the MCC for lack of knowledge or information sufficient to form

a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 510 of the MCC.

511. No answer is necessary to paragraph 511 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 511 of the MCC.

512. No answer is necessary to paragraph 512 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 512 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

513. No answer is necessary to paragraph 513 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 513 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

514. No answer is necessary to paragraph 514 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 514 of the MCC.

515. LNRS denies the allegations in paragraph 515 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

516. LNRS denies the allegations in paragraph 516 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

517. LNRS denies the allegations in paragraph 517 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

518. No answer is necessary to paragraph 518 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 518 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

519. No answer is necessary to paragraph 519 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 519 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

520. LNRS denies the allegations in paragraph 520 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

521. No answer is necessary to paragraph 521 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 521 of the MCC relating to Plaintiff's lease and/or purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 521 of the MCC.

522. No answer is necessary to paragraph 522 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 522 of the MCC.

523. LNRS denies the allegations in paragraph 523 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 523 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 523 of the MCC.

**Samantha Horton and Christopher Horton**

524. No answer is necessary to paragraph 524 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 524 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

525. No answer is necessary to paragraph 525 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 525 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

526. No answer is necessary to paragraph 526 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 526 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 526 of the MCC.

527. No answer is necessary to paragraph 527 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 527 of the MCC.

528. The allegations in paragraph 528 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 16 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 528 of the MCC.

529. LNRS denies the allegations in paragraph 529 of the MCC.

530. LNRS denies the allegations in paragraph 530 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

531. LNRS denies the allegations in paragraph 531 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

532. LNRS denies the allegations in paragraph 532 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

533. LNRS denies the allegations in paragraph 533 of the MCC.

534. No answer is necessary to paragraph 534 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 534 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief

as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 534 of the MCC.

535. No answer is necessary to paragraph 535 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 535 of the MCC.

536. LNRS denies the allegations in paragraph 536 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 536 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 536 of the MCC.

## OKLAHOMA

### Gregory Brakefield

537. No answer is necessary to paragraph 537 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 537 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

538. No answer is necessary to paragraph 538 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 538 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

539. No answer is necessary to paragraph 539 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 539 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 539 of the MCC.

540. No answer is necessary to paragraph 540 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 540 of the MCC.

541. The allegations in paragraph 541 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 541 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 541 of the MCC.

542. LNRS denies the allegations in paragraph 542 of the MCC.

543. No answer is necessary to paragraph 543 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 543 of the MCC.

544. No answer is necessary to paragraph 544 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 544 of the MCC.

545. LNRS denies the allegations in paragraph 545 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 545 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 545 of the MCC.

## **OREGON**

### Michael Montgomery

546. No answer is necessary to paragraph 546 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 546 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

547. No answer is necessary to paragraph 547 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 547 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

548. No answer is necessary to paragraph 548 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 548 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 548 of the MCC.

549. No answer is necessary to paragraph 549 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 549 of the MCC.

550. The allegations in paragraph 550 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 550 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 550 of the MCC.

551. The allegations in paragraph 551 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 551 are contrary to the document itself, they are denied. LNRS denies the allegations in paragraph 551 of the MCC relating to Plaintiff's alleged "free trial" for lack of knowledge or

information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 551 of the MCC.

552. The allegations in paragraph 552 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 552 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 552 of the MCC.

553. The allegations in paragraph 553 refer to documents which speak for themselves. To the extent the allegations in paragraph 553 are contrary to the documents themselves, they are denied. LNRS denies any remaining allegations in paragraph 553 of the MCC.

554. LNRS denies the allegations in paragraph 554 of the MCC.

555. LNRS denies the allegations in paragraph 555 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

556. LNRS denies the allegations in paragraph 556 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

557. LNRS denies the allegations in paragraph 557 of the MCC that Pemco accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 550 (referencing LexisNexis Consumer Disclosure Report) or accessed any “LexisNexis Report”

which "included his Driving Data." LNRS denies any remaining allegations in paragraph 557 of the MCC.

558. LNRS denies the allegations in paragraph 558 of the MCC.

559. LNRS denies the allegations in paragraph 559 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

560. LNRS denies the allegations in paragraph 560 of the MCC that USAA accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 550 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 560 of the MCC.

561. LNRS denies the allegations in paragraph 561 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

562. LNRS denies the allegations in paragraph 562 of the MCC.

563. No answer is necessary to paragraph 563 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 563 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

564. No answer is necessary to paragraph 564 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 564 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 564 of the MCC.

565. No answer is necessary to paragraph 565 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 565 of the MCC.

566. LNRS denies the allegations in paragraph 566 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 566 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 566 of the MCC.

## PENNSYLVANIA

### Sean Willey

567. No answer is necessary to paragraph 567 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 567 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

568. No answer is necessary to paragraph 568 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 568 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

569. No answer is necessary to paragraph 569 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 569 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 569 of the MCC.

570. No answer is necessary to paragraph 570 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 570 of the MCC.

571. The allegations in paragraph 571 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 571 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 571 of the MCC.

572. LNRS denies the allegations in paragraph 572 of the MCC.

573. LNRS denies the allegations in paragraph 573 of the MCC relating to Plaintiff Willey's insurance coverage for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the allegations in paragraph 573 of the MCC that State Farm Insurance accessed Plaintiff's LexisNexis Consumer Disclosure Report, *see* MCC ¶ 571 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 573 of the MCC.

574. LNRS denies the allegations in paragraph 574 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

575. LNRS denies the allegations in paragraph 575 of the MCC.

576. No answer is necessary to paragraph 576 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 576 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 576 of the MCC.

577. No answer is necessary to paragraph 577 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 577 of the MCC.

578. LNRS denies the allegations in paragraph 578 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 578 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 578 of the MCC.

**Omar Guc**

579. No answer is necessary to paragraph 579 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 579 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

580. No answer is necessary to paragraph 580 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 580 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

581. No answer is necessary to paragraph 581 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 581 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 581 of the MCC.

582. No answer is necessary to paragraph 582 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 582 of the MCC.

583. The allegations in paragraph 583 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 583 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 583 of the MCC.

584. No answer is necessary to paragraph 584 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 584 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

585. No answer is necessary to paragraph 585 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 585 of the MCC.

586. No answer is necessary to paragraph 586 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 586 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

587. No answer is necessary to paragraph 587 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 587 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 587 of the MCC.

588. No answer is necessary to paragraph 588 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 588 of the MCC.

589. LNRS denies the allegations in paragraph 589 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the

remaining allegations in paragraph 589 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 589 of the MCC.

## SOUTH CAROLINA

### Wallace Bruce Mason

590. No answer is necessary to paragraph 590 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 590 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

591. No answer is necessary to paragraph 591 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 591 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

592. No answer is necessary to paragraph 592 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 592 of the MCC for lack of knowledge or information sufficient to form

a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 592 of the MCC.

593. No answer is necessary to paragraph 593 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 593 of the MCC.

594. The allegations in paragraph 594 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 594 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 594 of the MCC.

595. LNRS denies the allegations in paragraph 595 of the MCC.

596. No answer is necessary to paragraph 596 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 596 of the MCC.

597. LNRS denies the allegations in paragraph 597 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

598. LNRS denies the allegations in paragraph 598 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

599. LNRS denies the allegations in paragraph 599 of the MCC that USAA accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 594 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 599 of the MCC.

600. LNRS denies the allegations in paragraph 600 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

601. LNRS denies the allegations in paragraph 601 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

602. LNRS denies the allegations in paragraph 602 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

603. LNRS denies the allegations in paragraph 603 of the MCC that Progressive accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 594 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 603 of the MCC.

604. LNRS denies the allegations in paragraph 604 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

605. LNRS denies the allegations in paragraph 605 of the MCC.

606. No answer is necessary to paragraph 606 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 606 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 606 of the MCC.

607. No answer is necessary to paragraph 607 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 607 of the MCC.

608. LNRS denies the allegations in paragraph 608 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 608 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 608 of the MCC.

## SOUTH DAKOTA

### Steven Angerhofer

609. No answer is necessary to paragraph 609 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 609 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

610. No answer is necessary to paragraph 610 of the MCC because the allegations are directed at OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 610 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

611. No answer is necessary to paragraph 611 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 611 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 611 of the MCC.

612. No answer is necessary to paragraph 612 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 612 of the MCC.

613. The allegations in paragraph 613 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 613 are contrary to the document itself, they are denied. To the extent a response is required, LNRS denies the remaining allegations in paragraph 613 of the MCC.

614. No answer is necessary to paragraph 614 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 614 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

615. No answer is necessary to paragraph 615 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 615 of the MCC.

616. No answer is necessary to paragraph 616 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 616 of the MCC.

617. LNRS denies the allegations in paragraph 617 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

618. LNRS denies the allegations in paragraph 618 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

619. LNRS denies the allegations in paragraph 619 of the MCC that American Family Insurance accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 613 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 619 of the MCC.

620. LNRS denies the allegations in paragraph 620 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

621. LNRS denies the allegations in paragraph 621 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

622. LNRS denies the allegations in paragraph 622 of the MCC that Progressive accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 613 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis

Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 622 of the MCC.

623. No answer is necessary to paragraph 623 of the MCC to the extent that Plaintiffs' allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 623 of the MCC.

624. No answer is necessary to paragraph 624 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 624 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 624 of the MCC.

625. No answer is necessary to paragraph 625 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 625 of the MCC.

626. LNRS denies the allegations in paragraph 626 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 626 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 626 of the MCC.

## TEXAS

### Jace Parkhurst

627. No answer is necessary to paragraph 627 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 627 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

628. No answer is necessary to paragraph 628 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 628 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

629. No answer is necessary to paragraph 629 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 629 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 629 of the MCC.

630. No answer is necessary to paragraph 630 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 630 of the MCC.

631. The allegations in paragraph 631 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 631 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 631 of the MCC.

632. No answer is necessary to paragraph 632 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 632 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

633. No answer is necessary to paragraph 633 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 633 of the MCC.

634. No answer is necessary to paragraph 634 of the MCC to the extent the allegations are directed at Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 634 of the MCC.

635. LNRS denies the allegations in paragraph 635 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

636. No answer is necessary to paragraph 636 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 636 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

637. No answer is necessary to paragraph 637 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 637 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 637 of the MCC.

638. No answer is necessary to paragraph 638 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 638 of the MCC.

639. LNRS denies the allegations in paragraph 639 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the

remaining allegations in paragraph 639 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 639 of the MCC.

## WASHINGTON

### Taylor DeVilbiss

640. No answer is necessary to paragraph 640 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 640 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

641. No answer is necessary to paragraph 641 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 641 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

642. No answer is necessary to paragraph 642 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 642 of the MCC for lack of knowledge or information sufficient to form

a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 642 of the MCC.

643. No answer is necessary to paragraph 643 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 643 of the MCC.

644. The allegations in paragraph 644 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 644 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 644 of the MCC.

645. No answer is necessary to paragraph 645 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 645 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

646. No answer is necessary to paragraph 646 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 646 of the MCC.

647. LNRS denies the allegations in paragraph 647 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

648. LNRS denies the allegations in paragraph 648 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

649. LNRS denies the allegations in paragraph 649 of the MCC that State Farm accessed his LexisNexis Consumer Disclosure Report, *see* MCC ¶ 644 (referencing LexisNexis Consumer Disclosure Report) or accessed any "LexisNexis Report" which "included his Driving Data." LNRS denies any remaining allegations in paragraph 649 of the MCC.

650. LNRS denies the allegations in paragraph 650 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

651. LNRS denies the allegations in paragraph 651 of the MCC.

652. No answer is necessary to paragraph 652 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 652 of the MCC relating to Plaintiff's purchase for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 652 of the MCC.

653. No answer is necessary to paragraph 653 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 653 of the MCC.

654. LNRS denies the allegations in paragraph 654 of the MCC relating to Plaintiff's alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 654 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the remaining allegations relate to LNRS, LNRS denies the allegations in paragraph 654 of the MCC.

## DEFENDANTS

655. No answer is necessary to paragraph 655 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 655 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

656. No answer is necessary to paragraph 656 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 656 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

657. No answer is necessary to paragraph 657 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 657 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

658. LNRS admits it is registered with the Georgia Secretary of State and conducts business in Georgia. No answer is necessary with respect to the allegations in paragraph 658 of the MCC relating to a principal place of business because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 658 of the MCC.

659. No answer is necessary to paragraph 659 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 659 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**STATEMENT OF FACTS**

660. No answer is necessary to paragraph 660 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 660 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

661. No answer is necessary to the allegations in paragraph 661 of the MCC to the extent that they are directed at GM and OnStar. To the extent the allegations relate to LNRS, the allegations in paragraph 661 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 661 are contrary to the document itself, they are denied.

662. No answer is necessary to paragraph 662 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 662 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

663. No answer is necessary to paragraph 663 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 663 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

664. No answer is necessary to paragraph 664 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 664 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged

665. No answer is necessary to paragraph 665 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 665 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

666. No answer is necessary to paragraph 666 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 666 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

667. LNRS denies the allegations in paragraph 667 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

668. No answer is necessary to paragraph 668 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 668 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

669. LNRS denies the allegations in paragraph 669 of the MCC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

670. LNRS denies the allegations in paragraph 670 of the MCC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

671. LNRS denies the allegations in paragraph 671 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

672. LNRS denies the allegations in paragraph 672 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

673. LNRS denies the allegations in paragraph 673 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

674. LNRS denies the allegations in paragraph 674 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

675. LNRS denies the allegations in paragraph 675 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

676. LNRS denies the allegations in paragraph 676 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

677. LNRS denies the allegations in paragraph 677 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

678. LNRS denies the allegations in paragraph 678 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

679. LNRS denies the allegations in paragraph 679 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

680. No answer is necessary to the extent the allegations in paragraph 680 of the MCC are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 680 of the MCC.

681. No answer is necessary to paragraph 681 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 681 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

682. No answer is necessary to paragraph 682 of the MCC because the allegations are directed at the Co-Defendants, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 682 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

683. No answer is necessary to paragraph 683 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 683 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

684. No answer is necessary to paragraph 684 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 684 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

685. No answer is necessary to paragraph 685 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, the LNRS denies the allegations in paragraph 685 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

686. LNRS denies the allegations in paragraph 686 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

687. No answer is necessary to paragraph 687 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 687 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

688. No answer is necessary to paragraph 688 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 688 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

689. LNRS denies the allegations in paragraph 689 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

690. LNRS denies the allegations in paragraph 690 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

691. LNRS denies the allegations in paragraph 691 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

692. LNRS denies the allegations in paragraph 692 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

693. No answer is necessary to paragraph 693 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 693 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

694. No answer is necessary to the allegations in paragraph 694 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, the allegations in paragraph 694 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 694 are contrary to the documents themselves, they are denied.

695. No answer is necessary to paragraph 695 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 695 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

696. No answer is necessary to paragraph 696 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 696 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

697. No answer is necessary to paragraph 697 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 697 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

698. No answer is necessary to paragraph 698 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 698 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

699. No answer is necessary to paragraph 699 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 699 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

700. No answer is necessary to paragraph 700 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 700 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

701. No answer is necessary to paragraph 701 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 701 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

702. No answer is necessary to paragraph 702 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 702 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

703. No answer is necessary to paragraph 703 of the MCC because the allegations are directed at the Co-Defendants, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 703 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

704. No answer is necessary to paragraph 704 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 704 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

705. No answer is necessary to paragraph 705 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 705 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

706. No answer is necessary to paragraph 706 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 706 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

707. No answer is necessary to paragraph 707 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 707 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

708. No answer is necessary to paragraph 708 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 708 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

709. No answer is necessary to paragraph 709 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 709 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

710. No answer is necessary to paragraph 710 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 710 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

711. No answer is necessary to paragraph 711 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 711 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

712. No answer is necessary to paragraph 712 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 712 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

713. No answer is necessary to paragraph 713 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 713 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

714. No answer is necessary to paragraph 714 of the MCC because the allegations are directed at Verisk , and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 714 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

715. No answer is necessary to paragraph 715 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 715 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

716. No answer is necessary to paragraph 716 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 716 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

717. No answer is necessary to paragraph 717 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 717 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

718. No answer is necessary to paragraph 718 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 718 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

719. No answer is necessary to paragraph 719 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 719 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

720. No answer is necessary to paragraph 720 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 720 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

721. No answer is necessary to paragraph 721 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 721 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

722. No answer is necessary to paragraph 722 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 722 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

723. No answer is necessary to paragraph 723 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 723 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

724. No answer is necessary to paragraph 724 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 724 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

725. No answer is necessary to paragraph 725 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 725 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

726. No answer is necessary to paragraph 726 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 726 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

727. No answer is necessary to paragraph 727 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 727 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

728. No answer is necessary to paragraph 728 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 728 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

729. No answer is necessary to paragraph 729 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 729 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

730. No answer is necessary to paragraph 730 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 730 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

731. No answer is necessary to paragraph 731 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 731 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

732. No answer is necessary to paragraph 732 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 732 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

733. No answer is necessary to paragraph 733 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 733 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

734. No answer is necessary to paragraph 734 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 734 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

735. No answer is necessary to paragraph 735 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 735 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

736. No answer is necessary to paragraph 736 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 736 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

737. No answer is necessary to paragraph 737 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 737 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

738. The allegations in paragraph 738 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 738 are contrary to the documents themselves, they are denied. LNRS denies any remaining allegations in paragraph 738 of the MCC.

739. The allegations in paragraph 739 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 739 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 739 of the MCC.

740. The allegations in paragraph 740 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 740 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 740 of the MCC.

741. The allegations in paragraph 741 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 741 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 741 of the MCC.

742. LNRS admits only that LNRS and GM entered into an agreement for GM to furnish Driving Data to LNRS. LNRS denies the remaining allegations in paragraph 742 of the MCC.

743. No answer is necessary to paragraph 743 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS admits only that LNRS and GM entered into an agreement for GM to furnish Driving Data to LNRS. The allegations in paragraph 743 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 743 are contrary

to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 743 of the MCC.

744. No answer is necessary to paragraph 744 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 744 of the MCC.

745. LNRS denies the allegations in paragraph 745 of the MCC.

746. LNRS admits that it may have used Driving Data to calculate a driving score. LNRS denies the remaining allegations in paragraph 746 of the MCC.

747. The allegations in paragraph 747 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 747 are contrary to the document itself, they are denied.

748. The allegations in paragraph 748 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 748 are contrary to the documents themselves, they are denied. LNRS denies any remaining allegations in paragraph 748 of the MCC.

749. LNRS denies the allegations in paragraph 749 of the MCC.

750. No answer is necessary to paragraph 750 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, the allegations in paragraph 750 of the MCC refer to a document, which speaks for itself.

To the extent the allegations in paragraph 750 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 750 of the MCC.

751. The allegations in paragraph 751 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 751 are contrary to the document itself, they are denied. LNRS denies any remaining allegations in paragraph 751 of the MCC.

752. The allegations in paragraph 752 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 752 are contrary to the document itself, they are denied. LNRS denies any remaining allegations in paragraph 752 of the MCC.

753. No answer is necessary to paragraph 753 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, the allegations in paragraph 753 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 753 are contrary to the document itself, they are denied. LNRS denies the remaining allegations contained in paragraph 753 of the MCC.

754. The allegations in paragraph 754 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 754 are contrary

to the document itself, they are denied. LNRS denies the remaining allegations contained in paragraph 754 of the MCC.

755. The allegations in paragraph 755 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 755 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 755 of the MCC.

756. The allegations in paragraph 756 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 756 are contrary to the documents, they are denied. LNRS denies any remaining allegations contained in paragraph 756 of the MCC.

757. The allegations in paragraph 757 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 757 are contrary to the documents, they are denied. LNRS denies the remaining allegations contained in paragraph 757 of the MCC.

758. The allegations in paragraph 758 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 758 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 758 of the MCC.

759. The allegations in paragraph 759 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 759 are contrary

to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 759 of the MCC.

760. The allegations in paragraph 760 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 760 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 760 of the MCC.

761. The allegations in paragraph 761 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 761 are contrary to the document itself, they are denied. LNRS denies the remaining allegations contained in paragraph 761 of the MCC.

762. LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 762 of the MCC.

763. The allegations in paragraph 763 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 763 are contrary to the document itself, they are denied.

764. The allegations in paragraph 764 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 764 are contrary to the document itself, they are denied. LNRS denies the remaining allegations contained in paragraph 764 of the MCC.

765. The allegations in paragraph 765 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 765 are contrary to the document itself, they are denied.

766. The allegations in paragraph 766 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 766 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 766 of the MCC.

767. The allegations in paragraph 767 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 767 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 767 of the MCC.

768. The allegations in paragraph 768 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 768 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 768 of the MCC.

769. No answer is necessary to paragraph 769 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 769 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

770. No answer is necessary to paragraph 770 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 770 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

771. No answer is necessary to paragraph 771 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 771 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

772. No answer is necessary to paragraph 772 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 772 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

773. No answer is necessary to paragraph 773 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 773 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

774. LNRS denies the allegations in paragraph 774 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

775. LNRS denies the allegations in paragraph 775 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

776. LNRS denies the allegations in paragraph 776 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

777. LNRS denies the allegations in paragraph 777 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

778. No answer is necessary to paragraph 778 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 778 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

779. No answer is necessary to paragraph 779 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 779 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

780. LNRS denies the allegations in paragraph 780 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

781. No answer is necessary to paragraph 781 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 781 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

782. No answer is necessary to paragraph 782 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 782 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

783. No answer is necessary to paragraph 783 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 783 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

784. No answer is necessary to paragraph 784 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 784 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

785. No answer is necessary to paragraph 785 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 785 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

786. No answer is necessary to paragraph 786 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 786 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

787. No answer is necessary to paragraph 787 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 787 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

788. No answer is necessary to paragraph 788 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 788 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

789. No answer is necessary to paragraph 789 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, the LNRS denies the allegations in paragraph 789 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

790. No answer is necessary to paragraph 790 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 790 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

791. No answer is necessary to paragraph 791 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 791 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

792. No answer is necessary to paragraph 792 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 792 of the MCC.

793. No answer is necessary to paragraph 793 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 793 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

794. No answer is necessary to paragraph 794 of the MCC because the allegations are directed at OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 794 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

795. No answer is necessary to paragraph 795 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 795 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

796. No answer is necessary to paragraph 796 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 796 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

797. No answer is necessary to paragraph 797 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 797 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

798. No answer is necessary to paragraph 798 of the MCC to the extent that Plaintiffs' allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 798 of the MCC.

799. No answer is necessary to paragraph 799 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 799 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

800. No answer is necessary to paragraph 800 of the MCC because the allegations are directed at the Co-Defendants, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the

allegations in paragraph 800 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

801. No answer is necessary to paragraph 801 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 801 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

802. No answer is necessary to paragraph 802 of the MCC because the allegations are directed at the Co-Defendants, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 802 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

803. No answer is necessary to paragraph 803 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 803 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

804. No answer is necessary to paragraph 804 of the MCC because the allegations are directed at Verisk and GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 804 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

805. No answer is necessary to paragraph 805 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 805 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

806. No answer is necessary to paragraph 806 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 806 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

807. No answer is necessary to paragraph 807 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 807 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

808. The allegations in paragraph 808 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 808 are contrary

to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 808 of the MCC.

809. The allegations in paragraph 809 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 809 are contrary to the document itself, they are denied. LNRS denies any remaining allegations in paragraph 809 of the MCC.

810. No answer is necessary to paragraph 810 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 810 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

811. No answer is necessary to paragraph 811 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 811 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

812. No answer is necessary to paragraph 812 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 812 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

813. No answer is necessary to paragraph 813 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 813 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

814. No answer is necessary to paragraph 814 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, the allegations in paragraph 814 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 814 are contrary to the document itself, they are denied. LNRS denies any remaining allegations in paragraph 814 of the MCC.

815. The allegations in paragraph 815 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 815 are contrary to the document itself, they are denied. LexisNexis Risk denies any remaining allegations in paragraph 815 of the MCC.

816. The allegations in paragraph 816 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 816 are contrary to the document itself, they are denied.

817. No answer is necessary to paragraph 817 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations set forth in paragraph 817 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

818. LNRS denies the allegations set forth in paragraph 818 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

819. LNRS denies the allegations set forth in paragraph 819 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

820. LNRS denies the allegations set forth in paragraph 820 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

821. LNRS denies the allegations set forth in paragraph 821 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

822. No answer is necessary to paragraph 822 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 822 of the MCC.

823. No answer is necessary to paragraph 823 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 823 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

824. No answer is necessary to paragraph 824 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 824 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

825. No answer is necessary to paragraph 825 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 825 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

826. No answer is necessary to paragraph 826 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, the LNRS denies the allegations in paragraph 826 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

827. No answer is necessary to paragraph 827 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 827 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

828. No answer is necessary to paragraph 828 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 828 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

829. No answer is necessary to paragraph 829 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 829 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

830. No answer is necessary to paragraph 830 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 830 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

831. No answer is necessary to paragraph 831 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 831 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

832. No answer is necessary to paragraph 832 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 832 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

833. No answer is necessary to paragraph 833 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 833 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

834. No answer is necessary to paragraph 834 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 834 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

835. No answer is necessary to paragraph 835 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 835 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

836. No answer is necessary to paragraph 836 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 836 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

837. No answer is necessary to paragraph 837 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 837 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

838. No answer is necessary to paragraph 838 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 838 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

839. No answer is necessary to paragraph 839 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 839 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

840. No answer is necessary to paragraph 840 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 840 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

841. No answer is necessary to paragraph 841 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 841 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

842. No answer is necessary to paragraph 842 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 842 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

843. No answer is necessary to paragraph 843 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 843 of the MCC.

844. No answer is necessary to paragraph 844 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 844 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

845. No answer is necessary to paragraph 845 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 845 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

846. No answer is necessary to paragraph 846 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 846 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

847. No answer is necessary to paragraph 847 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 847 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

848. No answer is necessary to paragraph 848 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 848 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

849. No answer is necessary to paragraph 849 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 849 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

850. No answer is necessary to paragraph 850 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 850 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

851. No answer is necessary to paragraph 851 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 851 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

852. No answer is necessary to paragraph 852 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 852 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

853. No answer is necessary to paragraph 853 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 853 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

854. No answer is necessary to paragraph 854 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 854 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

855. No answer is necessary to paragraph 855 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 855 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

856. No answer is necessary to paragraph 856 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 856 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

857. LNRS denies the allegations in paragraph 857 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

858. No answer is necessary to paragraph 858 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 858 of the MCC.

859. No answer is necessary to paragraph 859 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to

LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 859 of the MCC.

860. No answer is necessary to paragraph 860 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 860 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

861. No answer is necessary to paragraph 861 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies any remaining allegations in paragraph 861 of the MCC.

862. No answer is necessary to paragraph 862 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 862 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

863. No answer is necessary to paragraph 863 of the MCC to the extent that the allegations are directed at Verisk and GM. To the extent the allegations

relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies any remaining allegations in paragraph 863 of the MCC.

864. No answer is necessary to paragraph 864 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 864 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

865. No answer is necessary to paragraph 865 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 865 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

866. No answer is necessary to paragraph 866 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 866 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

867. No answer is necessary to paragraph 867 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 867 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

868. No answer is necessary to paragraph 868 of the MCC because the allegations are directed at the Co-Defendants, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 868 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

869. No answer is necessary to paragraph 869 of the MCC to the extent that the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 869 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

870. No answer is necessary to paragraph 870 of the MCC to the extent that the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 870 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

871. No answer is necessary to paragraph 871 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 871 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

872. No answer is necessary to paragraph 872 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 872 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

873. The allegations in paragraph 873 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 873 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 873 of the MCC.

874. The allegations in paragraph 874 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 874 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 874 of the MCC.

875. The allegations in paragraph 875 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 875 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 875 of the MCC.

876. No answer is necessary to paragraph 876 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 876 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

877. No answer is necessary to paragraph 877 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 877 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

878. No answer is necessary to paragraph 878 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 878 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

879. No answer is necessary to paragraph 879 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 879 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

880. No answer is necessary to paragraph 880 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 880 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

881. No answer is necessary to paragraph 881 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 881 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

882. No answer is necessary to paragraph 882 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 882 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

883. No answer is necessary to paragraph 883 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 883 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

884. No answer is necessary to paragraph 884 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 884 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

885. No answer is necessary to paragraph 885 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 885 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

886. No answer is necessary to paragraph 886 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 886 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

887. No answer is necessary to paragraph 887 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 887 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

888. No answer is necessary to paragraph 888 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 888 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

889. No answer is necessary to paragraph 889 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 889 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

890. No answer is necessary to paragraph 890 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 890 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

891. No answer is necessary to paragraph 891 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 891 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

892. No answer is necessary to paragraph 892 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 892 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

893. No answer is necessary to paragraph 893 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 893 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

894. No answer is necessary to paragraph 894 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 894 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

895. No answer is necessary to paragraph 895 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 895 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

896. No answer is necessary to paragraph 896 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 896 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

897. No answer is necessary to paragraph 897 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the remaining allegations in paragraph 897 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

898. No answer is necessary to paragraph 898 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 898 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

899. No answer is necessary to paragraph 899 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 899 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

900. No answer is necessary to paragraph 900 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 900 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

901. No answer is necessary to paragraph 901 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 901 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

902. No answer is necessary to paragraph 902 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 902 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

903. No answer is necessary to paragraph 903 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 903 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

904. No answer is necessary to paragraph 904 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 904 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

905. No answer is necessary to paragraph 905 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 905 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

906. No answer is necessary to paragraph 906 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 906 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

907. No answer is necessary to paragraph 907 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 907 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

908. No answer is necessary to paragraph 908 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 908 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

909. No answer is necessary to paragraph 909 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 909 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

910. No answer is necessary to paragraph 910 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 910 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

911. No answer is necessary to paragraph 911 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 911 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

912. No answer is necessary to paragraph 912 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 912 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

913. No answer is necessary to paragraph 913 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 913 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

914. No answer is necessary to paragraph 914 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the remaining allegations in paragraph 914 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

915. No answer is necessary to paragraph 915 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 915 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

916. LNRS denies the allegations in paragraph 916 of the MCC.

917. No answer is necessary to paragraph 917 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, the allegations in paragraph 917 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 917 are contrary to the documents themselves, they are denied. LNRS denies the remaining allegations in paragraph 917 of the MCC.

918. No answer is necessary to paragraph 918 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 918 of the MCC.

919. No answer is necessary to paragraph 919 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the remaining allegations in paragraph 919 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

920. No answer is necessary to paragraph 920 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 920 of the MCC. The remaining allegations in paragraph 920 of the MCC refer to a document which speaks for itself. To the extent the allegations in paragraph 920 are contrary to the document itself, they are denied.

921. The allegations in paragraph 921 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 921 are contrary to the documents themselves, they are denied. LNRS denies the remaining allegations in paragraph 921 of the MCC.

922. No answer is necessary to paragraph 922 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations are directed at LNRS, the allegations in paragraph 922 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 922 are contrary to the documents themselves, they are denied.

923. No answer is necessary to paragraph 923 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations are directed at LNRS, the allegations in paragraph 923 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 923 are contrary to the documents themselves, they are denied.

924. No answer is necessary to paragraph 924 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations are directed at LNRS, the allegations in paragraph 924 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 924 are contrary to the documents themselves, they are denied. LNRS denies any remaining allegations in paragraph 924 of the MCC.

925. No answer is necessary to paragraph 925 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations are directed at LNRS, the allegations in paragraph 925 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 925 are contrary to the documents themselves, they are denied. LNRS denies any remaining allegations in paragraph 925 of the MCC.

926. The allegations in paragraph 926 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 926 are contrary

to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 926 of the MCC.

927. No answer is necessary to paragraph 927 of the MCC to the extent that the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 927 of the MCC.

928. No answer is necessary to paragraph 928 of the MCC to the extent that the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 928 of the MCC.

929. No answer is necessary to paragraph 929 of the MCC to the extent that the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 929 of the MCC.

930. No answer is necessary to paragraph 930 of the MCC to the extent that the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 930 of the MCC.

931. No answer is necessary to paragraph 931 of the MCC to the extent that the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 931 of the MCC.

932. LNRS denies the allegations in paragraph 932 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

933. LNRS denies the allegations in paragraph 933 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

934. LNRS denies the allegations in paragraph 934 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

935. LNRS denies the allegations in paragraph 935 of the MCC for lack of knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

936. No answer is necessary to paragraph 936 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 936 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

937. No answer is necessary to paragraph 937 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 937 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

938. No answer is necessary to paragraph 938 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 938 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

939. No answer is necessary to paragraph 939 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 939 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

940. No answer is necessary to paragraph 940 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 940 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

941. No answer is necessary to paragraph 941 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 941 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

942. No answer is necessary to paragraph 942 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 942 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

943. No answer is necessary to paragraph 943 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 943 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

944. No answer is necessary to paragraph 944 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. The allegations in paragraph 944 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 944 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 944 of the MCC.

945. No answer is necessary to paragraph 945 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. The allegations in paragraph 945 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 945 are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 945 of the MCC.

946. The allegations in paragraph 946 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 946 are contrary to the document itself, they are denied.

947. No answer is necessary to paragraph 947 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 947 of the MCC.

948. No answer is necessary to paragraph 948 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. The allegations in paragraph 948 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 948

are contrary to the document itself, they are denied. LNRS denies the remaining allegations in paragraph 948 of the MCC.

949. No answer is necessary to paragraph 949 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 949 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

950. No answer is necessary to paragraph 950 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. The allegations in paragraph 950 of the MCC refer to documents, which speak for themselves. To the extent the allegations in paragraph 950 are contrary to the documents themselves, they are denied. LNRS denies the remaining allegations in paragraph 950 of the MCC.

951. No answer is necessary to paragraph 951 of the MCC to the extent the allegations are directed at Gm and Verisk. To the extent the allegations relate to LNRS, LNRS admits only that GM terminated its agreement to furnish Driving Data to LNRS in March 2024. LNRS denies the remaining allegations in paragraph 951 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

952. No answer is necessary to paragraph 952 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 952 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

953. No answer is necessary to paragraph 953 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM terminated its agreement to furnish Driving Data to LNRS in March 2024. LNRS denies the remaining allegations in paragraph 953 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

954. No answer is necessary to paragraph 954 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 954 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

955. No answer is necessary to paragraph 955 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 955 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

956. No answer is necessary to paragraph 956 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 956 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

957. No answer is necessary to paragraph 957 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 957 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

958. No answer is necessary to paragraph 958 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 958 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

959. The allegations in paragraph 959 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 959 are contrary

to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 959 of the MCC.

960. The allegations in paragraph 960 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 960 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 960 of the MCC.

961. The allegations in paragraph 961 of the MCC refer to a document, which speaks for itself. To the extent the allegations in paragraph 961 are contrary to the document itself, they are denied. LNRS denies any remaining allegations contained in paragraph 961 of the MCC.

## TOLLING

962. No answer is necessary to the allegations in paragraph 962 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 962 of the MCC.

## PUTATIVE CLASS ACTION ALLEGATIONS

963. LNRS admits that Plaintiffs purport to bring this action on behalf of a class. LNRS further admits that Plaintiffs purport to define the class and subclasses as stated in paragraph 963 of the MCC. LNRS denies that this matter may be

properly maintained against it as a class action as defined in paragraph 963 or otherwise. LNRS denies any remaining allegations in paragraph 963 of the MCC.

964. LNRS admits that Plaintiffs purport to bring this action on behalf of a class. LNRS further admits that Plaintiffs purport to define the class and subclasses as stated in paragraph 963 of the MCC, excluding those persons identified in paragraph 964 of the MCC. LNRS denies that this matter may be properly maintained against it as a class action as defined in paragraphs 963 and 964 or otherwise. LNRS denies any remaining allegations in paragraph 964 of the MCC.

965. LNRS admits that Plaintiffs purport to bring this action on behalf of a class. LNRS further admits that Plaintiffs purport to define the class period as stated in paragraph 965 of the MCC. LNRS denies that this matter may be properly maintained against it as a class action. LNRS denies any remaining allegations in paragraph 965 of the MCC.

966. LNRS denies the allegations in paragraph 966 of the MCC.

967. No answer is necessary to the allegations in paragraph 967 of the MCC because they only contain legal conclusions. To the extent that the allegations in paragraph 967 are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 967 of the MCC.

968. No answer is necessary to the allegations in paragraph 968 of the MCC because they only contain legal conclusions. To the extent that the allegations

in paragraph 968 are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 968 of the MCC.

969. No answer is necessary to the allegations in paragraph 969 of the MCC because they only contain legal conclusions. To the extent that the allegations in paragraph 969 are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 969 of the MCC.

970. No answer is necessary to the allegations in paragraph 970 of the MCC because they only contain legal conclusions. To the extent that the allegations in paragraph 970 are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 970 of the MCC.

971. No answer is necessary to the allegations in paragraph 971 of the MCC because they only contain legal conclusions. To the extent that the allegations in paragraph 971 are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 971 of the MCC.

972. No answer is necessary to the allegations in paragraph 972 of the MCC because they only contain legal conclusions. To the extent that the allegations in paragraph 972 are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 972 of the MCC.

973. No answer is necessary to the allegations in paragraph 973 of the MCC because they only contain legal conclusions. To the extent that the allegations

in paragraph 973 are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 973 of the MCC.

**ALLEGED CLAIMS ON BEHALF**
**OF THE PUTATIVE NATIONWIDE CLASS**
**CLAIM 1**
**ALLEGED VIOLATION OF THE FEDERAL WIRETAP ACT,**
**18 U.S.C. §§ 2510, et seq.**

*On Behalf of Plaintiffs and the Nationwide Class Against GM*

974. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

975. No answer is necessary to the allegations in paragraph 975 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

976. No answer is necessary to the allegations in paragraph 976 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

977. No answer is necessary to the allegations in paragraph 977 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

978. No answer is necessary to the allegations in paragraph 978 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

979. No answer is necessary to the allegations in paragraph 979 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

980. No answer is necessary to the allegations in paragraph 980 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

981. No answer is necessary to the allegations in paragraph 981 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

982. No answer is necessary to the allegations in paragraph 982 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

983. No answer is necessary to the allegations in paragraph 983 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

984. No answer is necessary to paragraph 984 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 984 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

985. No answer is necessary to paragraph 985 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

986. No answer is necessary to paragraph 986 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 986 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

987. No answer is necessary to paragraph 987 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 987 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

988. No answer is necessary to paragraph 988 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 988 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

989. No answer is necessary to paragraph 989 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 989 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

990. LNRS denies the allegations in paragraph 990 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 990.

991. LNRS denies the allegations in paragraph 991 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 991 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 991 of the MCC.

992. No answer is necessary to paragraph 992 of the MCC because the allegations are directed at GM. To the extent a response is required, no answer is necessary to the allegations in paragraph 992 of the MCC because they only contain legal conclusions. To the extent those legal conclusions are contrary to law, they are denied. LNRS denies any remaining allegations in paragraph 992.

993. No answer is necessary to paragraph 993 of the MCC because the allegations are directed at GM. To the extent a response is required, no answer is necessary to the allegations in paragraph 993 of the MCC because they only contain legal conclusions. To the extent those legal conclusions are contrary to law, they are denied. LNRS denies any remaining allegations in paragraph 993.

994. No answer is necessary to paragraph 994 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 994 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

995. No answer is necessary to paragraph 995 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 995 of the MCC.

996. No answer is necessary to paragraph 996 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 996 of the MCC for lack of knowledge or information sufficient to form

a belief as to the truth of the matters alleged. LNRS denies any remaining allegations in paragraph 996 of the MCC.

**CLAIM 2**

**ALLEGED VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. §§ 2510, et seq.**

*On Behalf of Plaintiffs and the Nationwide Class Against Verisk and LexisNexis*

997. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

998. LNRS incorporates its responses and denials to paragraphs 974 through 996 of the MCC as if fully restated.

999. No answer is necessary to the allegations in paragraph 999 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1000. No answer is necessary to paragraph 1000 of the MCC because the allegations are directed at Verisk, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1000 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1001. No answer is necessary to paragraph 1001 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1001 of the MCC.

1002. No answer is necessary to paragraph 1002 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1002 of the MCC.

1003. No answer is necessary to paragraph 1003 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1003 of the MCC.

1004. No answer is necessary to paragraph 1004 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1004 of the MCC.

1005. No answer is necessary to paragraph 1005 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1005 of the MCC.

1006. No answer is necessary to paragraph 1006 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1006 of the MCC.

1007. No answer is necessary to paragraph 1007 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1007 of the MCC.

1008. No answer is necessary to paragraph 1008 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to

LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1008 of the MCC.

1009. No answer is necessary to paragraph 1009 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1009 of the MCC.

1010. LNRS denies the allegations in paragraph 1010 of the MCC.

1011. LNRS denies the allegations in paragraph 1011 of the MCC.

## CLAIM 3

## ALLEGED VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701, et seq.

*On Behalf of Plaintiffs and the Nationwide Class Against GM*

1012. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1013. LNRS incorporates its responses and denials relating to the elements and definitions under the FWA/ECPA set forth above.

1014. No answer is necessary to the allegations in paragraph 1014 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1015. No answer is necessary to the allegations in paragraph 1015 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1016. No answer is necessary to the allegations in paragraph 1016 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1017. No answer is necessary to the allegations in paragraph 1017 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1018. No answer is necessary to the allegations in paragraph 1018 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1019. No answer is necessary to paragraph 1019 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1019 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1020. No answer is necessary to paragraph 1020 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1020 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1021. No answer is necessary to paragraph 1021 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1021 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1022. LNRS denies the allegations in paragraph 1022 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1022 of the MCC.

1023. No answer is necessary to the allegations in paragraph 1023 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1023 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1024. No answer is necessary to paragraph 1024 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1024 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1025. No answer is necessary to paragraph 1025 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1025 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1026. No answer is necessary to paragraph 1026 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1026 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1027. No answer is necessary to paragraph 1027 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1027 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1028. No answer is necessary to paragraph 1028 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1028 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1029. No answer is necessary to paragraph 1029 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1029 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1030. No answer is necessary to paragraph 1030 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1030 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1031. No answer is necessary to paragraph 1031 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1031 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1032. No answer is necessary to paragraph 1032 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished

Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1032 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1033. No answer is necessary to paragraph 1033 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1033 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1034. No answer is necessary to paragraph 1034 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1034 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## CLAIM 4

## ALLEGED VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT 18 U.S.C. § 1030 et seq.

*On Behalf of Plaintiffs and the Nationwide Class Against GM*

1035. No answer is necessary to paragraph 1035 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1036. No answer is necessary to paragraph 1036 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1037. No answer is necessary to paragraph 1037 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1038. No answer is necessary to paragraph 1038 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1039. No answer is necessary to paragraph 1039 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1040. No answer is necessary to paragraph 1040 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1041. No answer is necessary to paragraph 1041 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1042. No answer is necessary to paragraph 1042 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1043. No answer is necessary to paragraph 1043 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1044. No answer is necessary to paragraph 1044 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1045. No answer is necessary to paragraph 1045 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1046. No answer is necessary to paragraph 1046 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

1047. No answer is necessary to paragraph 1047 of the MCC because it only contains allegations relating to the Computer Fraud and Abuse Act claim, which the Court dismissed.

## CLAIM 5

## ALLEGED INVASION OF PRIVACY

*Against All Defendants on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1048. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1049. No answer is necessary to the allegations in paragraph 1049 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied. LNRS denies the remaining allegations in paragraph 1049 of the MCC.

1050. LNRS denies the allegations in paragraph 1050 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1050 of the MCC.

1051. LNRS denies the allegations in paragraph 1051 of the MCC.

1052. No answer is necessary to paragraph 1052 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1052 of the MCC.

1053. No answer is necessary to paragraph 1053 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1053 of the MCC.

1054. LNRS denies the allegations in paragraph 1054 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. No answer is necessary to the remaining allegations in paragraph 1054 of the MCC to the extent the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1054.

1055. No answer is necessary to paragraph 1055 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1055 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1056. No answer is necessary to the allegations in paragraph 1056 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1056 of the MCC.

1057. No answer is necessary to paragraph 1057 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1057 of the MCC.

1058. No answer is necessary to paragraph 1058 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1058 of the MCC.

1059. No answer is necessary to paragraph 1059 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1059 of the MCC.

1060. No answer is necessary to paragraph 1060 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1060 of the MCC.

1061. No answer is necessary to paragraph 1061 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1061 of the MCC.

1062. No answer is necessary to paragraph 1062 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms

of the parties' contract. LNRS denies the remaining allegations in paragraph 1062 of the MCC.

1063. No answer is necessary to paragraph 1063 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1063 of the MCC.

1064. No answer is necessary to paragraph 1064 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1064 of the MCC.

1065. No answer is necessary to paragraph 1065 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1065 of the MCC.

1066. No answer is necessary to paragraph 1066 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1066 of the MCC.

1067. No answer is necessary to paragraph 1067 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1067 of the MCC.

## CLAIM 6

## ALLEGED CIVIL CONSPIRACY TO COMMIT INVASION OF PRIVACY

*Against All Defendants on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1068. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1069. No answer is necessary to paragraph 1069 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1069 of the MCC.

1070. No answer is necessary to paragraph 1070 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1070 of the MCC.

1071. No answer is necessary to paragraph 1071 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1071 of the MCC.

1072. No answer is necessary to paragrap1072 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1072 of the MCC.

1073. No answer is necessary to paragraph 1073 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1073 of the MCC.

1074. No answer is necessary to paragraph 1074 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1074 of the MCC. No answer is necessary to the allegations in paragraph 1074 relating to "misappropriation of personal information" to the extent that allegation relates to a theory of "misappropriation of likeness," which the Court dismissed.

1075. No answer is necessary to paragraph 1075 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1075 of the MCC.

1076. No answer is necessary to paragraph 1076 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1076 of the MCC.

1077. LNRS denies the allegations in paragraph 1077 of the MCC.

## CLAIM 7

## ALLEGED UNJUST ENRICHMENT

*Against All Defendants on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1078. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1079. No answer is necessary to paragraph 1079 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1079 of the MCC.

1080. No answer is necessary to paragraph 1080 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1080 of the MCC.

1081. No answer is necessary to paragraph 1081 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1081 of the MCC.

1082. No answer is necessary to paragraph 1082 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1082 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## CLAIM 8

## ALLEGED BREACH OF CONTRACT

*Against GM on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1083. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1084. No answer is necessary to paragraph 1084 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits Plaintiffs purport to plead this claim in the alternative. LNRS denies the remaining allegations in paragraph 1084 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1085. No answer is necessary to paragraph 1085 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1085 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1086. No answer is necessary to paragraph 1086 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1086 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1087. No answer is necessary to paragraph 1087 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1087 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1088. No answer is necessary to paragraph 1088 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1088 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## CLAIM 9

## ALLEGED TRESPASS TO CHATTELS

*Against all Defendants on Behalf of Plaintiffs and the Nationwide Class, or Alternatively, on Behalf of Plaintiffs and the Statewide Subclasses*

1089. No answer is necessary to paragraph 1089 of the MCC because it only contains allegations relating to Plaintiffs' trespass to chattels claim, which the Court dismissed.

1090. No answer is necessary to paragraph 1090 of the MCC because it only contains allegations relating to Plaintiffs' trespass to chattels claim, which the Court dismissed.

1091. No answer is necessary to paragraph 1091 of the MCC because it only contains allegations relating to Plaintiffs' trespass to chattels claim, which the Court dismissed.

1092. No answer is necessary to paragraph 1092 of the MCC because it only contains allegations relating to Plaintiffs' trespass to chattels claim, which the Court dismissed.

1093. No answer is necessary to paragraph 1093 of the MCC because it only contains allegations relating to Plaintiffs' trespass to chattels claim, which the Court dismissed.

1094. No answer is necessary to paragraph 1094 of the MCC because it only contains allegations relating to Plaintiffs' trespass to chattels claim, which the Court dismissed.

1095. No answer is necessary to paragraph 1095 of the MCC because it only contains allegations relating to Plaintiffs' trespass to chattels claim, which the Court dismissed.

## ALLEGED CLAIMS ON BEHALF OF THE FCRA SUBCLASS

## CLAIM 10

### ALLEGED WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, et seq. ("FCRA")

*On Behalf of Plaintiffs and the FCRA Subclass Against Verisk and LexisNexis*

1096. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1097. LNRS admits only that Plaintiffs purports to bring this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") against Verisk and LNRS. No answer is necessary to the extent the allegations in paragraph 1097 of the MCC relate to Plaintiffs Brunet, Gray, Brockington, Gordin, Matthews, Brakefield, Davids, Guc, and Parkhurst whose FCRA claim the Court dismissed. LNRS denies the remaining allegations in paragraph 1097 of the MCC, and denies that it violated the FCRA or that Plaintiffs are entitled to any relief against LNRS.

1098. No answer is necessary to the extent the allegations in paragraph 1098 of the MCC relate to Plaintiffs Brunet, Gray, Brockington, Gordin, Matthews, Brakefield, Davids, Guc, and Parkhurst whose FCRA claim the Court dismissed. No answer is necessary to the remaining allegations in paragraph 1098 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1099. No answer is necessary to the allegations in paragraph 1099 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1100. No answer is necessary to the allegations in paragraph 1100 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1101. No answer is necessary to the extent the allegations in paragraph 1101 of the MCC relate to Plaintiffs Brunet, Gray, Brockington, Gordin, Matthews, Brakefield, Davids, Guc, and Parkhurst whose FCRA claim the Court dismissed. No answer is necessary to paragraph 1101 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS admits that under certain circumstances it acts as a "consumer reporting agency" as that term is defined in the FCRA. LNRS denies the remaining allegations in paragraph 1101 of the MCC.

1102. No answer is necessary to paragraph 1102 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1102 of the MCC.

1103. No answer is necessary to paragraph 1103 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1103 of the MCC. No answer is necessary to the allegations in paragraph 1103 of the MCC relating to "an impermissible purpose and use of data under the FCRA" because the Court held Plaintiffs failed to invoke 15 U.S.C. §§ 1681b and 1681e(a) in the MCC.

1104. No answer is necessary to the allegations in paragraph 1104 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1105. No answer is necessary to the extent the allegations in paragraph 1105 of the MCC relate to Plaintiffs Brunet, Gray, Brockington, Gordin, Matthews, Brakefield, Davids, Guc, and Parkhurst whose FCRA claim the Court dismissed. No answer is necessary to paragraph 1105 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS admits that under certain circumstances it acts as a "consumer reporting agency" as that term is defined in the FCRA. LNRS denies the remaining allegations in paragraph 1105 of the MCC.

1106. No answer is necessary to the extent the allegations in paragraph 1106 of the MCC relate to Plaintiffs Brunet, Gray, Brockington, Gordin, Matthews, Brakefield, Davids, Guc, and Parkhurst whose FCRA claim the Court dismissed. No answer is necessary to paragraph 1106 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1106 of the MCC.

1107. No answer is necessary to the extent the allegations in paragraph 1107 of the MCC relate to Plaintiffs Brunet, Gray, Brockington, Gordin, Matthews, Brakefield, Davids, Guc, and Parkhurst whose FCRA claim the Court dismissed. No answer is necessary to paragraph 1107 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1107 of the MCC.

1108. No answer is necessary to paragraph 1108 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1108 of the MCC.

1109. No answer is necessary to paragraph 1109 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1109 of the MCC. To the extent the allegations in paragraph 1109 of the MCC relate to alleged "damages arising out of the lack of context provided within their consumer reports," no answer is necessary

because the Court has held those Plaintiffs "may not pursue their FCRA claim under 15 U.S.C. § 1681n due to their failure to sufficiently plead that a willful violation occurred."

1110. No answer is necessary to paragraph 1110 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1110 of the MCC.

## ALLEGED CLAIMS ON BEHALF OF THE ALABAMA SUBCLASS

## CLAIM 11

### ALABAMA DECEPTIVE TRADE PRACTICES ACT
### Ala. Code §§ 8-19-1, et seq.

*Against All Defendants*

1111. No answer is necessary to paragraph 1111 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1112. No answer is necessary to paragraph 1112 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in

paragraph 1112 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1113. No answer is necessary to paragraph 1113 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1113 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1114. No answer is necessary to paragraph 1114 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1114 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1115. No answer is necessary to paragraph 1115 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1115 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1116. No answer is necessary to paragraph 1116 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1116 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1117. No answer is necessary to paragraph 1117 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1117 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1118. No answer is necessary to paragraph 1118 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1118 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1119. No answer is necessary to paragraph 1119 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim,

which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1119 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1120. No answer is necessary to paragraph 1120 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1120 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1121. No answer is necessary to paragraph 1121 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1121 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1122. No answer is necessary to paragraph 1122 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in

paragraph 1122 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1123. No answer is necessary to paragraph 1123 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1123 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1124. No answer is necessary to paragraph 1124 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1124 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1125. No answer is necessary to paragraph 1125 of the MCC because it only contains allegations relating to the Alabama Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1125 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE ARIZONA SUBCLASS

## CLAIM 12

### ARIZONA CONSUMER FRAUD ACT
### Ariz. Rev. Stat. §§ 44-1521, et seq.

*Against all Defendants*

1126. No answer is necessary to paragraph 1126 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1127. No answer is necessary to paragraph 1127 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1127 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1128. No answer is necessary to paragraph 1128 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph

1128 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1129. No answer is necessary to paragraph 1129 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1129 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1130. No answer is necessary to paragraph 1130 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1130 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1131. No answer is necessary to paragraph 1131 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1131 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1132. No answer is necessary to paragraph 1132 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1132 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1133. No answer is necessary to paragraph 1133 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1133 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1134. No answer is necessary to paragraph 1134 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1134 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1135. No answer is necessary to paragraph 1135 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which

the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1135 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1136. No answer is necessary to paragraph 1136 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1136 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1137. No answer is necessary to paragraph 1137 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1137 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1138. No answer is necessary to paragraph 1138 of the MCC because it only contains allegations relating to the Arizona Consumer Fraud Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph

1138 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**ALLEGED CLAIMS ON BEHALF OF THE CALIFORNIA SUBCLASS**

**CLAIM 13**

**CALIFORNIA CONSTITUTIONAL INVASION OF PRIVACY**
**California Constitution, Article I, Section 1**

*Against All Defendants*

1139. No answer is necessary to paragraph 1139 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1140. No answer is necessary to paragraph 1140 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1140 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1141. No answer is necessary to paragraph 1141 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still

required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1141 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1142. No answer is necessary to paragraph 1142 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1142 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1143. No answer is necessary to paragraph 1143 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1143 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1144. No answer is necessary to paragraph 1144 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the

allegations in paragraph 1144 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1145. No answer is necessary to paragraph 1145 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1145 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1146. No answer is necessary to paragraph 1146 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1146 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1147. No answer is necessary to paragraph 1147 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1147 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1148. No answer is necessary to paragraph 1148 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1148 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1149. No answer is necessary to paragraph 1149 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1149 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1150. No answer is necessary to paragraph 1150 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1150 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1151. No answer is necessary to paragraph 1151 of the MCC because it only contains allegations relating to the California Constitutional Invasion of Privacy

claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1151 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## CLAIM 14

## CALIFORNIA INVASION OF PRIVACY ACT — WIRETAPPING LAW Cal. Pen. Code §§ 631

*Against All Defendants*

1152. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1153. No answer is necessary to the allegations in paragraph 1153 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1154. No answer is necessary to the allegations in paragraph 1154 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1155. No answer is necessary to the allegations in paragraph 1155 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1156. No answer is necessary to the allegations in paragraph 1156 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1157. No answer is necessary to the allegations in paragraph 1157 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1158. No answer is necessary to paragraph 1158 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1158 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1159. No answer is necessary to paragraph 1159 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1159 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1160. No answer is necessary to paragraph 1160 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1160 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1161. No answer is necessary to paragraph 1161 of the MCC because the allegations are directed at OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1161 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1162. LNRS denies the allegations in paragraph 1162 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1162 of the MCC.

1163. No answer is necessary to paragraph 1163 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1163 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1164. No answer is necessary to paragraph 1164 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1164 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1165. No answer is necessary to paragraph 1165 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the allegations in paragraph 1165 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1166. No answer is necessary to paragraph 1166 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1166 of the MCC.

1167. No answer is necessary to paragraph 1167 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1167 of the MCC.

1168. No answer is necessary to paragraph 1168 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1168 of the MCC.

1169. No answer is necessary to paragraph 1169 of the MCC to the extent the allegations are directed at Verisk . To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1169 of the MCC.

1170. No answer is necessary to paragraph 1170 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1170 of the MCC.

1171. No answer is necessary to paragraph 1171 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1171 of the MCC.

1172. No answer is necessary to paragraph 1172 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1172 of the MCC.

1173. No answer is necessary to paragraph 1173 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1173 of the MCC.

1174. No answer is necessary to paragraph 1174 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1174 of the MCC.

1175. No answer is necessary to paragraph 1175 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1175 of the MCC.

1176. No answer is necessary to paragraph 1176 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1176 of the MCC.

1177. No answer is necessary to paragraph 1177 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1177 of the MCC.

1178. No answer is necessary to paragraph 1178 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1178 of the MCC.

1179. No answer is necessary to paragraph 1179 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1179 of the MCC.

1180. LNRS denies the allegations in paragraph 1180 of the MCC, and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 15

## CALIFORNIA INVASION OF PRIVACY ACT — ELECTRONIC TRACKING DEVICE
## Cal. Pen. Code § 637.7

*Against GM*

1181. No answer is necessary to paragraph 1181 of the MCC because Claim 15 of the MCC has been withdrawn. To the extent a response is required, LNRS denies the allegations in paragraph 1181 of the MCC.

1182. No answer is necessary to paragraph 1182 of the MCC because Claim 15 of the MCC has been withdrawn. To the extent a response is required, LNRS denies the allegations in paragraph 1182 of the MCC.

1183. No answer is necessary to paragraph 1183 of the MCC because Claim 15 of the MCC has been withdrawn. To the extent a response is required, LNRS denies the allegations in paragraph 1183 of the MCC.

1184. No answer is necessary to paragraph 1184 of the MCC because Claim 15 of the MCC has been withdrawn. To the extent a response is required, LNRS denies the allegations in paragraph 1184 of the MCC.

1185. No answer is necessary to paragraph 1185 of the MCC because Claim 15 of the MCC has been withdrawn. To the extent a response is required, LNRS denies the allegations in paragraph 1185 of the MCC.

1186. No answer is necessary to paragraph 1186 of the MCC because Claim 15 of the MCC has been withdrawn. To the extent a response is required, LNRS denies the allegations in paragraph 1186 of the MCC.

1187. No answer is necessary to paragraph 1187 of the MCC because Claim 15 of the MCC has been withdrawn. To the extent a response is required, LNRS denies the allegations in paragraph 1187 of the MCC.

1188. No answer is necessary to paragraph 1188 of the MCC because Claim 15 of the MCC has been withdrawn. To the extent a response is required, LNRS denies the allegations in paragraph 1188 of the MCC.

1189. No answer is necessary to paragraph 1189 of the MCC because Claim 15 of the MCC has been withdrawn. To the extent a response is required, LNRS denies the allegations in paragraph 1189 of the MCC.

## CLAIM 16

**CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT**
**Cal. Pen. Code §§ 502, et seq.**

*Against GM*

1190. No answer is necessary to paragraph 1190 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1191. No answer is necessary to paragraph 1191 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1192. No answer is necessary to paragraph 1192 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1193. No answer is necessary to paragraph 1193 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1194. No answer is necessary to paragraph 1194 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1195. No answer is necessary to paragraph 1195 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1196. No answer is necessary to paragraph 1196 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1197. No answer is necessary to paragraph 1197 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1198. No answer is necessary to paragraph 1198 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1199. No answer is necessary to paragraph 1199 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1200. No answer is necessary to paragraph 1200 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1201. No answer is necessary to paragraph 1201 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1202. No answer is necessary to paragraph 1202 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1203. No answer is necessary to paragraph 1203 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1204. No answer is necessary to paragraph 1204 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1205. No answer is necessary to paragraph 1205 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1206. No answer is necessary to paragraph 1206 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1207. No answer is necessary to paragraph 1207 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1208. No answer is necessary to paragraph 1208 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1209. No answer is necessary to paragraph 1209 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1210. No answer is necessary to paragraph 1210 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

1211. No answer is necessary to paragraph 1211 of the MCC because it only contains allegations relating to the California Computer Data Access and Fraud Act claim, which the Court dismissed.

## CLAIM 17

## CALIFORNIA CONSUMER PRIVACY ACT
**Cal. Civ. Code §§ 1798.100, et seq.**

*Against All Defendants*

1212. No answer is necessary to paragraph 1212 of the MCC because it only contains allegations relating to Plaintiffs' California Consumer Privacy Act ("CCPA") claim, which the Court dismissed.

1213. No answer is necessary to paragraph 1213 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

1214. No answer is necessary to paragraph 1214 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

1215. No answer is necessary to paragraph 1215 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

1216. No answer is necessary to paragraph 1216 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

1217. No answer is necessary to paragraph 1217 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

1218. No answer is necessary to paragraph 1218 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

1219. No answer is necessary to paragraph 1219 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

1220. No answer is necessary to paragraph 1220 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

1221. No answer is necessary to paragraph 1221 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

1222. No answer is necessary to paragraph 1222 of the MCC because it only contains allegations relating to Plaintiffs' CCPA claim, which the Court dismissed.

## CLAIM 18

## CALIFORNIA UNFAIR COMPETITION LAW
## Cal. Bus. & Prof. Code §§ 17200, et seq.

*Against All Defendants*

1223. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1224. No answer is necessary to the allegations in paragraph 1224 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1225. No answer is necessary to the allegations in paragraph 1225 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1226. No answer is necessary to paragraph 1226 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1226 of the MCC.

1227. No answer is necessary to paragraph 1227 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1227 of the MCC.

1228. No answer is necessary to paragraph 1228 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM

furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1228 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1229. No answer is necessary to paragraph 1229 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1229 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1230. No answer is necessary to paragraph 1230 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1230 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1231. No answer is necessary to paragraph 1231 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1231 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1232. No answer is necessary to paragraph 1232 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1232 of the MCC.

1233. No answer is necessary to paragraph 1233 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1233 of the MCC.

1234. No answer is necessary to paragraph 1234 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1234 of the MCC.

1235. No answer is necessary to paragraph 1235 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1235 of the MCC.

1236. No answer is necessary to paragraph 1236 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the remaining allegations in paragraph 1236 of the MCC.

1237. LNRS denies the allegations set forth in paragraph 1237 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 19

## CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
## Cal. Civ. Code §§ 1750, et seq.

*Against GM*

1238. No answer is necessary to paragraph 1238 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

1239. No answer is necessary to paragraph 1239 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

1240. No answer is necessary to paragraph 1240 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

1241. No answer is necessary to paragraph 1241 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

1242. No answer is necessary to paragraph 1242 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

1243. No answer is necessary to paragraph 1243 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

1244. No answer is necessary to paragraph 1244 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

1245. No answer is necessary to paragraph 1245 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

1246. No answer is necessary to paragraph 1246 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

1247. No answer is necessary to paragraph 1247 of the MCC because it only contains allegations relating to Plaintiffs' Consumer Legal Remedies Act claim, which the Court dismissed.

## CLAIM 20

**CALIFORNIA FALSE ADVERTISING LAW**
**Cal. Bus. & Prof. Code §§ 17500, et seq.**

*Against GM*

1248. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1249. No answer is necessary to the allegations in paragraph 1249 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1250. No answer is necessary to the allegations in paragraph 1250 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1251. No answer is necessary to paragraph 1251 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1251 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1252. No answer is necessary to paragraph 1252 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1252 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1253. No answer is necessary to paragraph 1253 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1253 of the MCC.

1254. No answer is necessary to paragraph 1254 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1254 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1255. No answer is necessary to paragraph 1255 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1255 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE CONNECTICUT SUBCLASS

## CLAIM 21

### CONNECTICUT UNFAIR TRADE PRACTICES ACT
### Conn. Gen. Stat. §§ 42-110a, et seq.

*Against All Defendants*

1256. No answer is necessary to paragraph 1256 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1257. No answer is necessary to paragraph 1257 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1257 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1258. No answer is necessary to paragraph 1258 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1258 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1259. No answer is necessary to paragraph 1259 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1259 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1260. No answer is necessary to paragraph 1260 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim,

which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1260 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1261. No answer is necessary to paragraph 1261 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1261 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1262. No answer is necessary to paragraph 1262 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1262 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1263. No answer is necessary to paragraph 1263 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in

paragraph 1263 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1264. No answer is necessary to paragraph 1264 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1264 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1265. No answer is necessary to paragraph 1265 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1265 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1266. No answer is necessary to paragraph 1266 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1266 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1267. No answer is necessary to paragraph 1267 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1267 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1268. No answer is necessary to paragraph 1268 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1268 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1269. No answer is necessary to paragraph 1269 of the MCC because it only contains allegations relating to the Connecticut Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1269 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE DELAWARE SUBCLASS

## CLAIM 22

### DELAWARE CONSUMER FRAUD ACT
### 6 Del. Code §§ 2511, et seq.

*Against GM*

1270. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1271. No answer is necessary to the allegations in paragraph 1271 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1272. No answer is necessary to the allegations in paragraph 1272 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1273. No answer is necessary to paragraph 1273 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1273 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1274. No answer is necessary to paragraph 1274 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM

furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1274 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1275. No answer is necessary to paragraph 1275 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1275 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1276. No answer is necessary to paragraph 1276 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1276 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1277. No answer is necessary to paragraph 1277 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1277 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1278. No answer is necessary to paragraph 1278 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1278 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1279. No answer is necessary to paragraph 1279 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1279 of the MCC.

1280. No answer is necessary to paragraph 1280 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1280 of the MCC.

1281. LNRS denies the allegations set forth in paragraph 1281 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 23

## DELAWARE WIRETAPPING, ELECTRONIC SURVEILLANCE AND INTERCEPTION OF COMMUNICATIONS LAW
## Del. Stat. Tit. 11 §§ 24011, et seq.

*Against All Defendants*

1282. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1283. No answer is necessary to the allegations in paragraph 1283 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1284. No answer is necessary to the allegations in paragraph 1284 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1285. No answer is necessary to the allegations in paragraph 1285 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1286. No answer is necessary to the allegations in paragraph 1286 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1287. No answer is necessary to the allegations in paragraph 1287 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1288. No answer is necessary to the allegations in paragraph 1288 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1289. No answer is necessary to paragraph 1289 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1289 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1290. LNRS denies the allegations in paragraph 1290 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1290 of the MCC.

1291. No answer is necessary to paragraph 1291 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1291 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1292. No answer is necessary to paragraph 1292 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1292 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1293. No answer is necessary to paragraph 1293 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1293 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1294. No answer is necessary to paragraph 1294 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1294 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1295. No answer is necessary to paragraph 1295 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1295 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1296. No answer is necessary to paragraph 1296 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1296 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1297. No answer is necessary to paragraph 1297 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the allegations in paragraph 1297 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1298. No answer is necessary to paragraph 1298 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1298 of the MCC.

1299. No answer is necessary to paragraph 1299 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1299 of the MCC.

1300. No answer is necessary to paragraph 1300 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1300 of the MCC.

1301. No answer is necessary to paragraph 1301 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1301 of the MCC.

1302. No answer is necessary to paragraph 1302 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1302 of the MCC.

1303. No answer is necessary to paragraph 1303 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1303 of the MCC.

1304. No answer is necessary to paragraph 1304 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1304 of the MCC.

1305. No answer is necessary to paragraph 1305 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1305 of the MCC.

1306. No answer is necessary to paragraph 1306 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1306 of the MCC.

1307. No answer is necessary to paragraph 1307 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1307 of the MCC.

1308. LNRS denies the allegations in paragraph 1308 of the MCC.

1309. LNRS denies the allegations set forth in paragraph 1309 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

**ALLEGED CLAIMS ON BEHALF OF THE FLORIDA SUBCLASS**

**CLAIM 24**

**FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**
**Fla. Stat. §§ 501.201, et seq.**

*Against All Defendants*

1310. No answer is necessary to paragraph 1310 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1311. No answer is necessary to paragraph 1311 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1311 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1312. No answer is necessary to paragraph 1312 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act

claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1312 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1313. No answer is necessary to paragraph 1313 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1313 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1314. No answer is necessary to paragraph 1314 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1314 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1315. No answer is necessary to paragraph 1315 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the

allegations in paragraph 1315 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1316. No answer is necessary to paragraph 1316 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1316 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1317. No answer is necessary to paragraph 1317 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1317 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1318. No answer is necessary to paragraph 1318 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1318 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1319. No answer is necessary to paragraph 1319 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1319 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1320. No answer is necessary to paragraph 1320 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1320 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1321. No answer is necessary to paragraph 1321 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1321 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1322. No answer is necessary to paragraph 1322 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act

claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1322 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1323. No answer is necessary to paragraph 1323 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1323 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1324. No answer is necessary to paragraph 1324 of the MCC because it only contains allegations relating to the Florida Unfair and Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1324 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## CLAIM 25

## FLORIDA SECURITY OF COMMUNICATIONS ACT
## Fla. Stat. §§ 934.01, et seq.

*Against All Defendants*

1325. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1326. No answer is necessary to the allegations in paragraph 1326 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1327. No answer is necessary to the allegations in paragraph 1327 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1328. No answer is necessary to the allegations in paragraph 1328 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1329. No answer is necessary to the allegations in paragraph 1329 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1330. No answer is necessary to the allegations in paragraph 1330 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1331. No answer is necessary to paragraph 1331 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1331 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1332. No answer is necessary to paragraph 1332 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1332 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1333. LNRS denies the allegations in paragraph 1333 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1333 of the MCC.

1334. No answer is necessary to paragraph 1334 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1334 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1335. No answer is necessary to paragraph 1335 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1335 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1336. No answer is necessary to paragraph 1336 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1336 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1337. No answer is necessary to paragraph 1337 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1337 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1338. No answer is necessary to paragraph 1338 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1338 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1339. No answer is necessary to paragraph 1339 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1339 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1340. No answer is necessary to paragraph 1340 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the allegations in paragraph 1340 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1341. No answer is necessary to paragraph 1341 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1341 of the MCC.

1342. No answer is necessary to paragraph 1342 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1342 of the MCC.

1343. No answer is necessary to paragraph 1343 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1343 of the MCC.

1344. No answer is necessary to paragraph 1344 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1344 of the MCC.

1345. No answer is necessary to paragraph 1345 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1345 of the MCC.

1346. No answer is necessary to paragraph 1346 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1346 of the MCC.

1347. No answer is necessary to paragraph 1347 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1347 of the MCC.

1348. No answer is necessary to paragraph 1348 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1348 of the MCC.

1349. No answer is necessary to paragraph 1349 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1349 of the MCC.

1350. No answer is necessary to paragraph 1350 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1350 of the MCC.

1351. LNRS denies the allegations in paragraph 1351 of the MCC.

1352. No answer is necessary to paragraph 1352 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1352 of the MCC.

1353. LNRS denies the allegations set forth in paragraph 1353 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## ALLEGED CLAIMS ON BEHALF OF THE GEORGIA SUBCLASS

## CLAIM 26

## ALLEGED VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT, Ga. Code Ann. §§ 10-1-370, et seq.

*Against GM*

1354. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1355. No answer is necessary to the allegations in paragraph 1355 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1356. No answer is necessary to paragraph 1356 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1356 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

by:

1357. No answer is necessary to paragraph 1357 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1357 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1358. No answer is necessary to paragraph 1358 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the

remaining allegations in paragraph 1358 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1359. No answer is necessary to paragraph 1359 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1359 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1360. No answer is necessary to paragraph 1360 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1360 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1361. No answer is necessary to paragraph 1361 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1361 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1362. No answer is necessary to paragraph 1362 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1362 of the MCC.

1363. No answer is necessary to paragraph 1363 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1363 of the MCC.

1364. LNRS denies the allegations set forth in paragraph 1364 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 27

## RECOVERY OF EXPENSES OF LITIGATION
## O.C.G.A. §§ 13-6-11, et seq.

*Against GM*

1365. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1366. No answer is necessary to the allegations in paragraph 1366 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1367. No answer is necessary to paragraph 1367 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1367 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1368. No answer is necessary to paragraph 1368 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1368 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE IDAHO SUBCLASS

## CLAIM 28

### IDAHO CONSUMER PROTECTION ACT,
### Idaho Code §§ 48-601, et seq.

*Against All Defendants*

1369. No answer is necessary to paragraph 1369 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1370. No answer is necessary to paragraph 1370 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1370 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1371. No answer is necessary to paragraph 1371 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1371 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1372. No answer is necessary to paragraph 1372 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1372 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1373. No answer is necessary to paragraph 1373 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1373 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1374. No answer is necessary to paragraph 1374 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the

Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1374 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1375. No answer is necessary to paragraph 1375 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1375 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1376. No answer is necessary to paragraph 1376 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1376 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1377. No answer is necessary to paragraph 1377 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1377

of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1378. No answer is necessary to paragraph 1378 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1378 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1379. No answer is necessary to paragraph 1379 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1379 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1380. No answer is necessary to paragraph 1380 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1380 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1381. No answer is necessary to paragraph 1381 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1381 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1382. No answer is necessary to paragraph 1382 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1382 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1383. No answer is necessary to paragraph 1383 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1383 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1384. No answer is necessary to paragraph 1384 of the MCC because it only contains allegations relating to the Idaho Consumer Protection Act claim, which the

Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1384 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE ILLINOIS SUBCLASS

## CLAIM 29

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 Ill. Comp. Stat. §§ 505, et seq.

*Against All Defendants*

1385. No answer is necessary to paragraph 1385 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1386. No answer is necessary to paragraph 1386 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1386 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1387. No answer is necessary to paragraph 1387 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1387 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1388. No answer is necessary to paragraph 1388 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1388 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1389. No answer is necessary to paragraph 1389 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1389 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1390. No answer is necessary to paragraph 1390 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business

Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1390 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1391. No answer is necessary to paragraph 1391 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1391 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1392. No answer is necessary to paragraph 1392 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1392 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1393. No answer is necessary to paragraph 1393 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the

allegations in paragraph 1393 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1394. No answer is necessary to paragraph 1394 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1394 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1395. No answer is necessary to paragraph 1395 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1395 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1396. No answer is necessary to paragraph 1396 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1396 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1397. No answer is necessary to paragraph 1397 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1397 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1398. No answer is necessary to paragraph 1398 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1398 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1399. No answer is necessary to paragraph 1399 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1399 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1400. No answer is necessary to paragraph 1400 of the MCC because it only contains allegations relating to the Illinois Consumer Fraud and Deceptive Business

Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1400 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## CLAIM 30

### ILLINOIS WIRETAPPING, ELECTRONIC SURVEILLANCE AND INTERCEPTION OF COMMUNICATIONS LAW 720 ILCS 5/14-1, et seq.

*Against All Defendants*

1401. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1402. No answer is necessary to the allegations in paragraph 1402 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1403. No answer is necessary to the allegations in paragraph 1403 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1404. No answer is necessary to the allegations in paragraph 1404 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1405. No answer is necessary to the allegations in paragraph 1405 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1406. LNRS denies the allegations in paragraph 1406 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1406 of the MCC.

1407. No answer is necessary to paragraph 1407 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1407 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1408. No answer is necessary to paragraph 1408 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1408 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1409. No answer is necessary to paragraph 1409 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1409 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1410. No answer is necessary to paragraph 1410 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1410 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1411. No answer is necessary to paragraph 1411 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1411 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1412. No answer is necessary to paragraph 1412 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1412 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1413. No answer is necessary to paragraph 1413 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1413 of the MCC.

1414. No answer is necessary to paragraph 1414 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1414 of the MCC.

1415. No answer is necessary to paragraph 1415 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the remaining allegations in paragraph 1415 of the MCC.

1416. No answer is necessary to paragraph 1416 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1416 of the MCC.

1417. No answer is necessary to paragraph 1417 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1417 of the MCC.

1418. No answer is necessary to paragraph 1418 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1418 of the MCC.

1419. LNRS denies the allegations set forth in paragraph 1419 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## ALLEGED CLAIMS ON BEHALF OF THE INDIANA SUBCLASS

## CLAIM 31

### INDIANA DECEPTIVE CONSUMER SALES ACT, Ind. Code §§ 24-5-0.5-1, et seq.

*Against All Defendants*

1420. No answer is necessary to paragraph 1420 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1421. No answer is necessary to paragraph 1421 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1422. No answer is necessary to paragraph 1422 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1423. No answer is necessary to paragraph 1423 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1424. No answer is necessary to paragraph 1424 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1425. No answer is necessary to paragraph 1425 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1426. No answer is necessary to paragraph 1426 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1427. No answer is necessary to paragraph 1427 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1428. No answer is necessary to paragraph 1428 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1429. No answer is necessary to paragraph 1429 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1430. No answer is necessary to paragraph 1430 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1431. No answer is necessary to paragraph 1431 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1432. No answer is necessary to paragraph 1432 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1433. No answer is necessary to paragraph 1433 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1434. No answer is necessary to paragraph 1434 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1435. No answer is necessary to paragraph 1435 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1436. No answer is necessary to paragraph 1436 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

1437. No answer is necessary to paragraph 1437 of the MCC because it only contains allegations relating to the Indiana Deceptive Consumer Sales Act claim, which the Court dismissed.

## ALLEGED CLAIMS ON BEHALF OF THE KANSAS SUBCLASS

## CLAIM 32

### KANSAS CONSUMER PROTECTION ACT, Kan. Stat. Ann. §§ 50-623, et seq.

*Against All Defendants*

1438. No answer is necessary to paragraph 1438 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1439. No answer is necessary to paragraph 1439 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which

the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1439 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1440. No answer is necessary to paragraph 1440 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1440 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1441. No answer is necessary to paragraph 1441 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1441 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1442. No answer is necessary to paragraph 1442 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph

1442 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1443. No answer is necessary to paragraph 1443 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1443 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1444. No answer is necessary to paragraph 1444 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1444 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1445. No answer is necessary to paragraph 1445 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1445 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1446. No answer is necessary to paragraph 1446 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1446 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1447. No answer is necessary to paragraph 1447 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1447 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1448. No answer is necessary to paragraph 1448 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1448 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1449. No answer is necessary to paragraph 1449 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which

the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1449 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1450. No answer is necessary to paragraph 1450 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1450 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1451. No answer is necessary to paragraph 1451 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1451 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1452. No answer is necessary to paragraph 1452 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph

1452 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1453. No answer is necessary to paragraph 1453 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1453 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1454. No answer is necessary to paragraph 1454 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1454 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1455. No answer is necessary to paragraph 1455 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1455 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1456. No answer is necessary to paragraph 1456 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1456 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1457. No answer is necessary to paragraph 1457 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1457 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1458. No answer is necessary to paragraph 1458 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1458 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1459. No answer is necessary to paragraph 1459 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which

the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1459 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1460. No answer is necessary to paragraph 1460 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1460 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1461. No answer is necessary to paragraph 1461 of the MCC because it only contains allegations relating to the Kansas Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1461 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE KENTUCKY SUBCLASS

## CLAIM 33

### KENTUCKY CONSUMER PROTECTION ACT, Ky. Rev. Stat. §§ 367.110, et seq.

*Against all Defendants*

1462. No answer is necessary to paragraph 1462 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1463. No answer is necessary to paragraph 1463 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1463 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1464. No answer is necessary to paragraph 1464 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1464 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1465. No answer is necessary to paragraph 1465 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the

claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1465 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1466. No answer is necessary to paragraph 1466 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1466 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1467. No answer is necessary to paragraph 1467 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1467 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1468. No answer is necessary to paragraph 1468 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph

1468 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1469. No answer is necessary to paragraph 1469 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1469 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1470. No answer is necessary to paragraph 1470 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1470 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1471. No answer is necessary to paragraph 1471 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1471 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1472. No answer is necessary to paragraph 1472 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1472 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1473. No answer is necessary to paragraph 1473 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1473 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1474. No answer is necessary to paragraph 1474 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1474 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1475. No answer is necessary to paragraph 1475 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which

the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1475 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1476. No answer is necessary to paragraph 1476 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1476 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1477. No answer is necessary to paragraph 1477 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1477 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1478. No answer is necessary to paragraph 1478 of the MCC because it only contains allegations relating to the Kentucky Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph

1478 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE MARYLAND SUBCLASS

## CLAIM 34

## ALLEGED VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
## Md. Comm. Code §§ 13-301, et seq.

*Against GM*

1479. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1480. No answer is necessary to the allegations in paragraph 1480 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1481. No answer is necessary to the allegations in paragraph 1481 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1482. No answer is necessary to the allegations in paragraph 1482 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1483. No answer is necessary to paragraph 1483 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1483 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1484. No answer is necessary to paragraph 1484 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1484 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1485. No answer is necessary to paragraph 1485 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1485 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1486. No answer is necessary to paragraph 1486 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1486 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1487. No answer is necessary to paragraph 1487 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1487 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1488. No answer is necessary to paragraph 1488 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1488 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1489. No answer is necessary to paragraph 1489 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1489 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1490. No answer is necessary to paragraph 1490 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1490 of the MCC.

1491. No answer is necessary to paragraph 1491 of the MCC to the extent that Plaintiffs' allegations are directed at the Co-Defendants. LNRS denies the remaining allegations in paragraph 1491 of the MCC.

1492. No answer is necessary to paragraph 1492 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1492 of the MCC.

1493. LNRS denies the allegations set forth in paragraph 1493 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 35

## MARYLAND WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT,
## Md. Code. Ann., Cts. & Jud. Proc. §§ 10-401 et seq.

*Against All Defendants*

1494. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1495. No answer is necessary to the allegations in paragraph 1495 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1496. No answer is necessary to the allegations in paragraph 1496 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1497. No answer is necessary to the allegations in paragraph 1497 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1498. No answer is necessary to the allegations in paragraph 1498 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1499. No answer is necessary to the allegations in paragraph 1499 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1500. No answer is necessary to the allegations in paragraph 1500 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1501. No answer is necessary to the allegations in paragraph 1501 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1502. No answer is necessary to the allegations in paragraph 1502 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1503. No answer is necessary to the allegations in paragraph 1503 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1504. No answer is necessary to paragraph 1504 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1504 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1505. No answer is necessary to paragraph 1505 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1505 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1506. No answer is necessary to paragraph 1506 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1506 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1507. LNRS denies the allegations in paragraph 1507 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient

to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1507 of the MCC.

1508. No answer is necessary to paragraph 1508 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1508 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1509. No answer is necessary to paragraph 1509 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1509 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1510. No answer is necessary to paragraph 1510 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1510 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1511. No answer is necessary to paragraph 1511 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished

Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1511 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1512. No answer is necessary to paragraph 1512 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1512 of the MCC.

1513. No answer is necessary to paragraph 1513 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1513 of the MCC.

1514. No answer is necessary to paragraph 1514 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1514 of the MCC.

1515. No answer is necessary to paragraph 1515 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1515 of the MCC.

1516. No answer is necessary to paragraph 1516 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1516 of the MCC.

1517. No answer is necessary to paragraph 1517 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1517 of the MCC.

1518. No answer is necessary to paragraph 1518 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1518 of the MCC.

1519. No answer is necessary to paragraph 1519 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1519 of the MCC.

1520. No answer is necessary to paragraph 1520 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1520 of the MCC.

1521. No answer is necessary to paragraph 1521 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1521 of the MCC.

1522. LNRS denies the allegations in paragraph 1522 of the MCC.

1523. No answer is necessary to paragraph 1523 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1523 of the MCC.

1524. LNRS denies the allegations set forth in paragraph 1524 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 36

## MARYLAND STORED WIRE AND ELECTRONIC COMMUNICATIONS AND TRANSACTIONAL RECORDS ACCESS ACT
## Md. Cts. & Jud. Pro. §§ 10-4A-01 et seq.

*Against GM*

1525. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1526. No answer is necessary to the allegations in paragraph 1526 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1527. No answer is necessary to the allegations in paragraph 1527 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1528. No answer is necessary to the allegations in paragraph 1528 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1529. No answer is necessary to the allegations in paragraph 1529 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1530. No answer is necessary to the allegations in paragraph 1530 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1531. No answer is necessary to paragraph 1531 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1531 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1532. No answer is necessary to paragraph 1532 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1532 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1533. No answer is necessary to paragraph 1533 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1533 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1534. No answer is necessary to paragraph 1534 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1534 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1535. No answer is necessary to paragraph 1535 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1535 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1536. No answer is necessary to paragraph 1536 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1536 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1537. No answer is necessary to the allegations in paragraph 1537 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1538. No answer is necessary to paragraph 1538 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1538 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1539. LNRS denies the allegations set forth in paragraph 1539 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

**ALLEGED CLAIMS ON BEHALF OF THE MASSACHUSETTS SUBCLASS**

**CLAIM 37**

**MASSACHUSETTS CONSUMER PROTECTION ACT**
**Mass. Gen. Laws Ann. Ch. 93A, §§ 1, et seq.**

*Against All Defendants*

1540. No answer is necessary to paragraph 1540 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1541. No answer is necessary to paragraph 1541 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1541 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1542. No answer is necessary to paragraph 1542 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1542 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1543. No answer is necessary to paragraph 1543 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1543 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1544. No answer is necessary to paragraph 1544 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1544 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1545. No answer is necessary to paragraph 1545 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim,

which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1545 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1546. No answer is necessary to paragraph 1546 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1546 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1547. No answer is necessary to paragraph 1547 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1547 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1548. No answer is necessary to paragraph 1548 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in

paragraph 1548 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1549. No answer is necessary to paragraph 1549 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1549 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1550. No answer is necessary to paragraph 1550 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1550 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1551. No answer is necessary to paragraph 1551 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1551 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1552. No answer is necessary to paragraph 1552 of the MCC because it only contains allegations relating to the Massachusetts Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1552 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## CLAIM 38

### MASSACHUSETTS WIRETAP ACT
### Mass. Gen. Stat. 272 §§ 99, et seq.

*Against All Defendants*

1553. No answer is necessary to paragraph 1553 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1554. No answer is necessary to paragraph 1554 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1555. No answer is necessary to paragraph 1555 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1556. No answer is necessary to paragraph 1556 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1557. No answer is necessary to paragraph 1557 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1558. No answer is necessary to paragraph 1558 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1559. No answer is necessary to paragraph 1559 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1560. No answer is necessary to paragraph 1560 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1561. No answer is necessary to paragraph 1561 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1562. No answer is necessary to paragraph 1562 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1563. No answer is necessary to paragraph 1563 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1564. No answer is necessary to paragraph 1564 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1565. No answer is necessary to paragraph 1565 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1566. No answer is necessary to paragraph 1566 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1567. No answer is necessary to paragraph 1567 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1568. No answer is necessary to paragraph 1568 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1569. No answer is necessary to paragraph 1569 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1570. No answer is necessary to paragraph 1570 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1571. No answer is necessary to paragraph 1571 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1572. No answer is necessary to paragraph 1572 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1573. No answer is necessary to paragraph 1573 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1574. No answer is necessary to paragraph 1574 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1575. No answer is necessary to paragraph 1575 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1576. No answer is necessary to paragraph 1576 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1577. No answer is necessary to paragraph 1577 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1578. No answer is necessary to paragraph 1578 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1579. No answer is necessary to paragraph 1579 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1580. No answer is necessary to paragraph 1580 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1581. No answer is necessary to paragraph 1581 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1582. No answer is necessary to paragraph 1582 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

1583. No answer is necessary to paragraph 1583 of the MCC because it only contains allegations relating to the Massachusetts Wiretap Act claim, which the Court dismissed.

## ALLEGED CLAIMS ON BEHALF OF THE MICHIGAN SUBCLASS

## CLAIM 39

### ALLEGED VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT
### Mich. Comp. Laws Ann. §§ 445.901, et seq.

*Against GM*

1584. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1585. No answer is necessary to the allegations in paragraph 1585 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1586. No answer is necessary to paragraph 1586 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1586 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1587. No answer is necessary to paragraph 1587 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1587 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1588. No answer is necessary to paragraph 1588 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1588 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1589. No answer is necessary to paragraph 1589 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1589 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1590. No answer is necessary to paragraph 1590 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1590 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1591. No answer is necessary to paragraph 1591 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1591 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1592. No answer is necessary to paragraph 1592 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1592 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1593. No answer is necessary to paragraph 1593 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1593 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1594. No answer is necessary to paragraph 1594 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1594 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1595. No answer is necessary to paragraph 1595 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1595 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1596. No answer is necessary to paragraph 1596 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1596 of the MCC.

1597. No answer is necessary to paragraph 1597 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1597 of the MCC.

1598. No answer is necessary to paragraph 1598 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1598 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1599. LNRS denies the allegations set forth in paragraph 1599 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## ALLEGED CLAIMS ON BEHALF OF THE MISSISSIPPI SUBCLASS

## CLAIM 40

### ALLEGED VIOLATION OF THE MISSISSIPPI CONSUMER PROTECTION ACT
### Miss. Code. §§ 75-24-1, et seq.

*Against All Defendants*

1600. No answer is necessary to paragraph 1600 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1601. No answer is necessary to paragraph 1601 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1602. No answer is necessary to paragraph 1602 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1603. No answer is necessary to paragraph 1603 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1604. No answer is necessary to paragraph 1604 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1605. No answer is necessary to paragraph 1605 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1606. No answer is necessary to paragraph 1606 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1607. No answer is necessary to paragraph 1607 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1608. No answer is necessary to paragraph 1608 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1609. No answer is necessary to paragraph 1609 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1610. No answer is necessary to paragraph 1610 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1611. No answer is necessary to paragraph 1611 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1612. No answer is necessary to paragraph 1612 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1613. No answer is necessary to paragraph 1613 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1614. No answer is necessary to paragraph 1614 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

1615. No answer is necessary to paragraph 1615 of the MCC because it only contains allegations relating to the Mississippi Consumer Protection Act claim, which the Court dismissed.

## ALLEGED CLAIMS ON BEHALF OF THE NEBRASKA SUBCLASS

## CLAIM 41

### NEBRASKA WIRETAP LAW
### Neb. Rev. Stat. §§ 86-271 et seq.

*Against All Defendants*

1616. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1617. No answer is necessary to the allegations in paragraph 1617 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1618. No answer is necessary to the allegations in paragraph 1618 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1619. No answer is necessary to the allegations in paragraph 1619 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1620. LNRS incorporates its responses and denials relating to the elements and definitions under the FWA/ECPA, set forth above.

1621. No answer is necessary to the allegations in paragraph 1621 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1622. No answer is necessary to paragraph 1622 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1622 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1623. No answer is necessary to paragraph 1623 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1623 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1624. LNRS denies the allegations in paragraph 1624 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1624 of the MCC.

1625. No answer is necessary to paragraph 1625 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1625 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1626. No answer is necessary to paragraph 1626 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1626 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1627. No answer is necessary to paragraph 1627 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1627 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1628. No answer is necessary to paragraph 1628 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1628 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1629. No answer is necessary to paragraph 1629 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1629 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1630. No answer is necessary to paragraph 1630 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the allegations in paragraph 1630 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1631. No answer is necessary to paragraph 1631 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1631 of the MCC.

1632. No answer is necessary to paragraph 1632 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1632 of the MCC.

1633. No answer is necessary to paragraph 1633 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1633 of the MCC.

1634. No answer is necessary to paragraph 1634 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1634 of the MCC.

1635. No answer is necessary to paragraph 1635 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1635 of the MCC.

1636. No answer is necessary to paragraph 1636 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the remaining allegations in paragraph 1636 of the MCC.

1637. No answer is necessary to paragraph 1637 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1637 of the MCC.

1638. No answer is necessary to paragraph 1638 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1638 of the MCC.

1639. No answer is necessary to paragraph 1639 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1639 of the MCC.

1640. No answer is necessary to paragraph 1640 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1640 of the MCC.

1641. No answer is necessary to paragraph 1641 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1641 of the MCC.

1642. No answer is necessary to the allegations in paragraph 1642 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1643. No answer is necessary to paragraph 1643 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1643 of the MCC.

1644. LNRS denies the allegations set forth in paragraph 1644 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 42

### NEBRASKA STORED COMMUNICATIONS LAW
### Neb. Rev. Stat. §§ 86-271 et seq.

*Against GM*

1645. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1646. No answer is necessary to the allegations in paragraph 1646 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1647. No answer is necessary to the allegations in paragraph 1647 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1648. No answer is necessary to the allegations in paragraph 1648 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1649. No answer is necessary to the allegations in paragraph 1649 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1650. No answer is necessary to the allegations in paragraph 1650 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1651. No answer is necessary to the allegations in paragraph 1651 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1652. LNRS incorporates its responses and denials relating to the Federal Stored Communications Act set forth above as if fully restated.

1653. No answer is necessary to paragraph 1653 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1653 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1654. No answer is necessary to paragraph 1654 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1654 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1655. No answer is necessary to paragraph 1655 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1655 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1656. No answer is necessary to paragraph 1656 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1656 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1657. No answer is necessary to paragraph 1657 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1657 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1658. No answer is necessary to paragraph 1658 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1658 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1659. No answer is necessary to paragraph 1659 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1659 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1660. No answer is necessary to paragraph 1660 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1660 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1661. No answer is necessary to paragraph 1661 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1661 of the MCC.

1662. No answer is necessary to paragraph 1662 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1662 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1663. No answer is necessary to paragraph 1663 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1663 of the MCC.

1664. No answer is necessary to paragraph 1664 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations set forth in paragraph 1664 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## ALLEGED CLAIMS ON BEHALF OF THE NEW HAMPSHIRE SUBCLASS

## CLAIM 43

## NEW HAMPSHIRE WIRETAPPING AND EAVESDROPPING ACT
## N.H. Rev. Stat. Ann. §§ 570-A:1 et seq.

1665. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1666. No answer is necessary to the allegations in paragraph 1666 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1667. No answer is necessary to the allegations in paragraph 1667 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1668. No answer is necessary to the allegations in paragraph 1668 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1669. No answer is necessary to the allegations in paragraph 1669 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1670. No answer is necessary to the allegations in paragraph 1670 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1671. No answer is necessary to the allegations in paragraph 1671 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1672. LNRS incorporates its responses and denials relating to the FWA/ECPA, set forth above as if fully restated.

1673. No answer is necessary to the allegations in paragraph 1673 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1674. No answer is necessary to paragraph 1674 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1674 of the MCC.

1675. No answer is necessary to the allegations in paragraph 1675 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1676. No answer is necessary to paragraph 1676 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1676 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1677. No answer is necessary to paragraph 1677 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1677 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1678. LNRS denies the allegations in paragraph 1678 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1678 of the MCC.

1679. No answer is necessary to paragraph 1679 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1679 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1680. No answer is necessary to paragraph 1680 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1680 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1681. No answer is necessary to paragraph 1681 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1681 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1682. No answer is necessary to paragraph 1682 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1682 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1683. No answer is necessary to paragraph 1683 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1683 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1684. No answer is necessary to paragraph 1684 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1684 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1685. No answer is necessary to paragraph 1685 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1685 of the MCC.

1686. No answer is necessary to paragraph 1686 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1686 of the MCC.

1687. No answer is necessary to paragraph 1687 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1687 of the MCC.

1688. No answer is necessary to paragraph 1688 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1688 of the MCC.

1689. No answer is necessary to paragraph 1689 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1689 of the MCC.

1690. No answer is necessary to paragraph 1690 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1690 of the MCC.

1691. No answer is necessary to paragraph 1691 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1691 of the MCC.

1692. No answer is necessary to paragraph 1692 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1692 of the MCC.

1693. No answer is necessary to paragraph 1693 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1693 of the MCC.

1694. No answer is necessary to paragraph 1694 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1694 of the MCC.

1695. No answer is necessary to paragraph 1695 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1695 of the MCC.

1696. No answer is necessary to the allegations in paragraph 1696 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1697. No answer is necessary to paragraph 1697 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1697 of the MCC.

1698. LNRS denies the allegations set forth in paragraph 1698 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## ALLEGED CLAIMS ON BEHALF OF THE NEVADA SUBCLASS

## CLAIM 44

**NEVADA DECEPTIVE TRADE PRACTICES ACT**
**Nev. Rev. Stat. §§ 598.0903 et seq.**

*Against All Defendants*

1699. No answer is necessary to paragraph 1699 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1700. No answer is necessary to paragraph 1700 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1700 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1701. No answer is necessary to paragraph 1701 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1701 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1702. No answer is necessary to paragraph 1702 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as

to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1702 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1703. No answer is necessary to paragraph 1703 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1703 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1704. No answer is necessary to paragraph 1704 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1704 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1705. No answer is necessary to paragraph 1705 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in

paragraph 1705 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1706. No answer is necessary to paragraph 1706 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1706 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1707. No answer is necessary to paragraph 1707 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1707 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1708. No answer is necessary to paragraph 1708 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1708 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1709. No answer is necessary to paragraph 1709 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1709 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1710. No answer is necessary to paragraph 1710 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1710 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1711. No answer is necessary to paragraph 1711 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1711 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1712. No answer is necessary to paragraph 1712 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim,

which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1712 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1713. No answer is necessary to paragraph 1713 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1713 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1714. No answer is necessary to paragraph 1714 of the MCC because it only contains allegations relating to the Nevada Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1714 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## **ALLEGED CLAIMS ON BEHALF OF THE NEW JERSEY SUBCLASS**

## **CLAIM 45**

### **NEW JERSEY CONSUMER FRAUD ACT,**
### **N.J. Stat. Ann. §§ 56:8-1, et seq.**

*Against GM*

1715. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1716. No answer is necessary to the allegations in paragraph 1716 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1717. No answer is necessary to the allegations in paragraph 1717 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1718. No answer is necessary to the allegations in paragraph 1718 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1719. No answer is necessary to paragraph 1719 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1719 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1720. No answer is necessary to paragraph 1720 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1720 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1721. No answer is necessary to paragraph 1721 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the allegations in paragraph 1721 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1722. No answer is necessary to paragraph 1722 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1722 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1723. No answer is necessary to paragraph 1723 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1723 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1724. No answer is necessary to paragraph 1724 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1724 of the MCC.

1725. No answer is necessary to paragraph 1725 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1725 of the MCC.

1726. No answer is necessary to paragraph 1726 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1726 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies any remaining allegations relating to "Defendants" in paragraph 1726 of the MCC.

1727. LNRS denies the allegations set forth in paragraph 1727 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## ALLEGED CLAIMS ON BEHALF OF THE NEW YORK SUBCLASS

## CLAIM 46

## ALLEGED VIOLATION OF NEW YORK GENERAL BUSINESS LAW, N.Y. Gen. Bus. Law §§ 349

*Against All Defendants*

1728. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1729. No answer is necessary to paragraph 1729 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1729 of the MCC.

1730. No answer is necessary to paragraph 1730 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1730 of the MCC.

1731. No answer is necessary to paragraph 1731 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1731 of the MCC.

1732. No answer is necessary to paragraph 1732 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1732 of the MCC.

1733. No answer is necessary to paragraph 1733 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1733 of the MCC.

1734. No answer is necessary to paragraph 1734 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1734 of the MCC.

1735. LNRS denies the allegations set forth in paragraph 1735 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 47

## ALLEGED VIOLATION OF NEW YORK GENERAL BUSINESS LAW N.Y. Gen. Bus. Law §§ 350

*Against GM*

1736. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1737. No answer is necessary to the allegations in paragraph 1737 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1738. No answer is necessary to paragraph 1738 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished

Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1738 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1739. No answer is necessary to paragraph 1739 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1739 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1740. No answer is necessary to paragraph 1740 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1740 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1741. No answer is necessary to paragraph 1741 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1741 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1742. LNRS denies the allegations set forth in paragraph 1742 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 48

## ALLEGED VIOLATION OF NEW YORK GENERAL BUSINESS LAW N.Y. Gen. Bus. Law §§ 899-aa; 899-bb (SHIELD Act)

*Against All Defendants*

1743. No answer is necessary to paragraph 1743 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1744. No answer is necessary to paragraph 1744 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1745. No answer is necessary to paragraph 1745 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1746. No answer is necessary to paragraph 1746 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1747. No answer is necessary to paragraph 1747 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1748. No answer is necessary to paragraph 1748 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1749. No answer is necessary to paragraph 1749 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1750. No answer is necessary to paragraph 1750 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1751. No answer is necessary to paragraph 1751 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1752. No answer is necessary to paragraph 1752 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

1753. No answer is necessary to paragraph 1753 of the MCC because it only contains allegations relating to the N.Y. Gen. Bus. Law § 899-aa and N.Y. Gen. Bus. Law § 899-bb claim, which the Court dismissed.

## CLAIM 49

## ALLEGED VIOLATION OF NEW YORK CIVIL RIGHTS LAW §§ 50 AND 51

*Against All Defendants*

1754. No answer is necessary to paragraph 1754 of the MCC because it only contains allegations relating to the New York Civil Rights Law §§ 50 and 51 claim, which the Court dismissed.

1755. No answer is necessary to paragraph 1755 of the MCC because it only contains allegations relating to the New York Civil Rights Law §§ 50 and 51 claim, which the Court dismissed.

1756. No answer is necessary to paragraph 1756 of the MCC because it only contains allegations relating to the New York Civil Rights Law §§ 50 and 51 claim, which the Court dismissed.

1757. No answer is necessary to paragraph 1757 of the MCC because it only contains allegations relating to the New York Civil Rights Law §§ 50 and 51 claim, which the Court dismissed.

1758. No answer is necessary to paragraph 1758 of the MCC because it only contains allegations relating to the New York Civil Rights Law §§ 50 and 51 claim, which the Court dismissed.

1759. No answer is necessary to paragraph 1759 of the MCC because it only contains allegations relating to the New York Civil Rights Law §§ 50 and 51 claim, which the Court dismissed.

1760. No answer is necessary to paragraph 1760 of the MCC because it only contains allegations relating to the New York Civil Rights Law §§ 50 and 51 claim, which the Court dismissed.

1761. No answer is necessary to paragraph 1761 of the MCC because it only contains allegations relating to the New York Civil Rights Law §§ 50 and 51 claim, which the Court dismissed.

## ALLEGED CLAIMS ON BEHALF OF THE NORTH CAROLINA SUBCLASS

## CLAIM 50

## ALLEGED VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT N.C. Gen. Stat. §§ 75-1.1, *et seq.*

*Against All Defendants*

1762. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1763. No answer is necessary to the allegations in paragraph 1763 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1764. No answer is necessary to the allegations in paragraph 1764 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1765. No answer is necessary to paragraph 1765 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1765 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1766. No answer is necessary to paragraph 1766 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1766 of the MCC.

1767. No answer is necessary to paragraph 1767 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1767 of the MCC.

1768. No answer is necessary to paragraph 1768 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1768 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1769. No answer is necessary to paragraph 1769 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1769 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1770. No answer is necessary to paragraph 1770 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1770 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1771. No answer is necessary to paragraph 1771 of the MCC to the extent the allegations are directed at GM and Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1771 of the MCC.

1772. No answer is necessary to paragraph 1772 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1772 of the MCC.

1773. LNRS denies the allegations set forth in paragraph 1773 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

**ALLEGED CLAIMS ON BEHALF OF THE OHIO SUBCLASS**

**CLAIM 51**

**ALLEGED VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT**
**Ohio Rev. Code §§ 1345.01, et seq.**

*Against GM*

1774. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1775. No answer is necessary to the allegations in paragraph 1775 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1776. No answer is necessary to the allegations in paragraph 1776 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1777. No answer is necessary to the allegations in paragraph 1777 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1778. No answer is necessary to paragraph 1778 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against

LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1778 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1779. No answer is necessary to paragraph 1779 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1779 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1780. No answer is necessary to paragraph 1780 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1780 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1781. No answer is necessary to paragraph 1781 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the

remaining allegations in paragraph 1781 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1782. No answer is necessary to paragraph 1782 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1782 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1783. No answer is necessary to paragraph 1783 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1783 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1784. LNRS denies the allegations set forth in paragraph 1784 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## ALLEGED CLAIMS ON BEHALF OF THE OKLAHOMA SUBCLASS

## CLAIM 52

### OKLAHOMA CONSUMER PROTECTION ACT, 15 Okla. Stat. §§ 751, et seq.

*Against all Defendants*

1785. No answer is necessary to paragraph 1785 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1786. No answer is necessary to paragraph 1786 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1786 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1787. No answer is necessary to paragraph 1787 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1787 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1788. No answer is necessary to paragraph 1788 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the

claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1788 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1789. No answer is necessary to paragraph 1789 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1789 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1790. No answer is necessary to paragraph 1790 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1790 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1791. No answer is necessary to paragraph 1791 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph

1791 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1792. No answer is necessary to paragraph 1792 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1792 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1793. No answer is necessary to paragraph 1793 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1793 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1794. No answer is necessary to paragraph 1794 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1794 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1795. No answer is necessary to paragraph 1795 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1795 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1796. No answer is necessary to paragraph 1796 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1796 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1797. No answer is necessary to paragraph 1797 of the MCC because it only contains allegations relating to the Oklahoma Consumer Protection Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1797 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE OREGON SUBCLASS

## CLAIM 53

### OREGON UNLAWFUL TRADE PRACTICES ACT, Or. Rev. Stat. §§ 646.605, et seq.

*Against GM*

1798. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1799. No answer is necessary to the allegations in paragraph 1799 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1800. No answer is necessary to the allegations in paragraph 1800 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1801. No answer is necessary to the allegations in paragraph 1801 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1802. No answer is necessary to the allegations in paragraph 1802 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1803. No answer is necessary to the allegations in paragraph 1803 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1804. No answer is necessary to the allegations in paragraph 1804 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1805. No answer is necessary to paragraph 1805 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1805 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1806. No answer is necessary to paragraph 1806 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1806 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1807. No answer is necessary to paragraph 1807 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1807 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1808. No answer is necessary to paragraph 1808 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1808 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1809. No answer is necessary to paragraph 1809 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1809 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1810. No answer is necessary to paragraph 1810 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1810 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1811. LNRS denies the allegations set forth in paragraph 1811 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

**ALLEGED CLAIMS ON BEHALF OF THE PENNSYLVANIA SUBCLASS**

**CLAIM 54**

**UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**
**73 Pa. Stat. §§ 201-1 et seq.**

*Against All Defendants*

1812. No answer is necessary to paragraph 1812 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1813. No answer is necessary to paragraph 1813 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1813 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1814. No answer is necessary to paragraph 1814 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the

allegations in paragraph 1814 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1815. No answer is necessary to paragraph 1815 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1815 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1816. No answer is necessary to paragraph 1816 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1816 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1817. No answer is necessary to paragraph 1817 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1817 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1818. No answer is necessary to paragraph 1818 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1818 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1819. No answer is necessary to paragraph 1819 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1819 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1820. No answer is necessary to paragraph 1820 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1820 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1821. No answer is necessary to paragraph 1821 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection

Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1821 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1822. No answer is necessary to paragraph 1822 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1822 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1823. No answer is necessary to paragraph 1823 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1823 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1824. No answer is necessary to paragraph 1824 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the

allegations in paragraph 1824 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1825. No answer is necessary to paragraph 1825 of the MCC because it only contains allegations relating to the Unfair Trade Practices and Consumer Protection Law claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1825 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## CLAIM 55

## PENNSYLVANIA WIRETAPPING AND ELECTRONIC SURVEILLANCE CONTROL ACT (WESCA) 18 Pa. Const. Stat. §§ 5701 et seq.

*Against All Defendants*

1826. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1827. No answer is necessary to the allegations in paragraph 1827 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1828. No answer is necessary to the allegations in paragraph 1828 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1829. No answer is necessary to the allegations in paragraph 1829 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1830. No answer is necessary to the allegations in paragraph 1830 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1831. No answer is necessary to the allegations in paragraph 1831 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1832. No answer is necessary to the allegations in paragraph 1832 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1833. No answer is necessary to the allegations in paragraph 1833 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1834. No answer is necessary to paragraph 1834 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the

remaining allegations in paragraph 1834 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1835. No answer is necessary to paragraph 1835 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1835 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1836. LNRS denies the allegations in paragraph 1836 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1836 of the MCC.

1837. No answer is necessary to paragraph 1837 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1837 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1838. No answer is necessary to paragraph 1838 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1838 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1839. No answer is necessary to paragraph 1839 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1839 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1840. No answer is necessary to paragraph 1840 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1840 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1841. No answer is necessary to paragraph 1841 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1841 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1842. No answer is necessary to paragraph 1842 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished

Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1842 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1843. No answer is necessary to paragraph 1843 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1843 of the MCC.

1844. No answer is necessary to paragraph 1844 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1844 of the MCC.

1845. No answer is necessary to paragraph 1845 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1845 of the MCC.

1846. No answer is necessary to paragraph 1846 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1846 of the MCC.

1847. No answer is necessary to paragraph 1847 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1847 of the MCC.

1848. No answer is necessary to paragraph 1848 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1848 of the MCC.

1849. No answer is necessary to paragraph 1849 of the MCC to the extent the allegations are directed at Verisk. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1849 of the MCC.

1850. No answer is necessary to paragraph 1850 of the MCC to the extent the allegations are directed at Verisk and GM. To the extent the allegations relate to LNRS, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1850 of the MCC.

1851. No answer is necessary to paragraph 1851 of the MCC to the extent the allegations are directed at GM. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1851 of the MCC.

1852. No answer is necessary to paragraph 1852 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1852 of the MCC.

1853. No answer is necessary to the allegations in paragraph 1853 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1854. No answer is necessary to paragraph 1854 of the MCC to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to LNRS, LNRS denies the allegations in paragraph 1854 of the MCC.

1855. LNRS denies the allegations set forth in paragraph 1855 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## CLAIM 56

## PENNSYLVANIA UNLAWFUL ACCESS TO STORED COMMUNICATIONS ACT 18 Pa. C.S. §§ 5741

*Against GM*

1856. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1857. No answer is necessary to the allegations in paragraph 1857 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1858. No answer is necessary to the allegations in paragraph 1858 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1859. No answer is necessary to the allegations in paragraph 1859 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1860. No answer is necessary to the allegations in paragraph 1860 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1861. No answer is necessary to the allegations in paragraph 1861 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1862. No answer is necessary to paragraph 1862 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1862 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1863. No answer is necessary to paragraph 1863 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1863 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1864. LNRS denies the allegations in paragraph 1864 of the MCC relating to Plaintiffs' alleged state of mind for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged. LNRS denies the remaining allegations in paragraph 1864 of the MCC.

1865. No answer is necessary to paragraph 1865 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1865 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1866. No answer is necessary to paragraph 1866 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1866 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1867. No answer is necessary to paragraph 1867 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1867 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1868. No answer is necessary to paragraph 1868 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1868 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1869. No answer is necessary to paragraph 1869 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1869 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1870. No answer is necessary to paragraph 1870 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1870 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1871. No answer is necessary to paragraph 1871 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1871 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1872. No answer is necessary to paragraph 1872 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1872 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1873. No answer is necessary to paragraph 1873 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1873 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1874. No answer is necessary to paragraph 1874 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1874 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1875. No answer is necessary to paragraph 1875 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1875 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1876. No answer is necessary to paragraph 1876 of the MCC to the extent that Plaintiffs' allegations are directed at the Co-Defendants. LNRS denies the remaining allegations in paragraph 1876 of the MCC.

1877. LNRS denies the allegations set forth in paragraph 1877 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

**ALLEGED CLAIMS ON BEHALF OF THE RHODE ISLAND SUBCLASS**

**CLAIM 57**

**RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT**
**R.I. Gen. Laws §§ 6-13.1-1, et seq.**

*Against All Defendants*

1878. No answer is necessary to paragraph 1878 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1879. No answer is necessary to paragraph 1879 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1879 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1880. No answer is necessary to paragraph 1880 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act

claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1880 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1881. No answer is necessary to paragraph 1881 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1881 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1882. No answer is necessary to paragraph 1882 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1882 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1883. No answer is necessary to paragraph 1883 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the

allegations in paragraph 1883 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1884. No answer is necessary to paragraph 1884 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1884 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1885. No answer is necessary to paragraph 1885 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1885 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1886. No answer is necessary to paragraph 1886 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1886 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1887. No answer is necessary to paragraph 1887 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1887 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1888. No answer is necessary to paragraph 1888 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1888 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1889. No answer is necessary to paragraph 1889 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1889 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1890. No answer is necessary to paragraph 1890 of the MCC because it only contains allegations relating to the Rhode Island Deceptive Trade Practices Act

claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1890 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE SOUTH CAROLINA SUBCLASS

### CLAIM 58

### UNFAIR TRADE PRACTICES ACT

### S.C. Code §§ 39-5-10, et seq.

*Against all Defendants*

1891. No answer is necessary to paragraph 1891 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1892. No answer is necessary to paragraph 1892 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1892 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1893. No answer is necessary to paragraph 1893 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1893 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1894. No answer is necessary to paragraph 1894 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1894 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1895. No answer is necessary to paragraph 1895 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1895 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1896. No answer is necessary to paragraph 1896 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court

dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1896 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1897. No answer is necessary to paragraph 1897 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1897 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1898. No answer is necessary to paragraph 1898 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1898 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1899. No answer is necessary to paragraph 1899 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1899

of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1900. No answer is necessary to paragraph 1900 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1900 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1901. No answer is necessary to paragraph 1901 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1901 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1902. No answer is necessary to paragraph 1902 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1902 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1903. No answer is necessary to paragraph 1903 of the MCC because it only contains allegations relating to the Unfair Trade Practices Act claim, which the Court dismissed as to LNRS. To the extent a response is still required as to the claim remaining against GM and OnStar, LNRS denies the allegations in paragraph 1903 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## ALLEGED CLAIMS ON BEHALF OF THE SOUTH DAKOTA SUBCLASS

## CLAIM 59

### DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION LAW
### S.D. Codified Laws §§ 37-24-1 et seq.

*Against GM*

1904. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1905. No answer is necessary to the allegations in paragraph 1905 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1906. No answer is necessary to the allegations in paragraph 1906 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1907. No answer is necessary to the allegations in paragraph 1907 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1908. No answer is necessary to paragraph 1908 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1908 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1909. No answer is necessary to paragraph 1909 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1909 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1910. No answer is necessary to paragraph 1910 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1910 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1911. No answer is necessary to paragraph 1911 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1911 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1912. No answer is necessary to paragraph 1912 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1912 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1913. No answer is necessary to paragraph 1913 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1913 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1914. No answer is necessary to paragraph 1914 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1914 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1915. No answer is necessary to paragraph 1915 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1915 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1916. No answer is necessary to paragraph 1916 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1916 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1917. LNRS denies the allegations set forth in paragraph 1917 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## ALLEGED CLAIMS ON BEHALF OF THE TEXAS SUBCLASS

## CLAIM 60

## TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT
## Tex. Bus. & Com. Code §§ 17.41

*Against GM*

1918. No answer is necessary to paragraph 1918 of the MCC because it only contains allegations relating to Plaintiffs' Texas Deceptive Trade Practices Consumer Protection Act ("TDTPA") claim, which the Court dismissed.

1919. No answer is necessary to paragraph 1919 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1920. No answer is necessary to paragraph 1920 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1921. No answer is necessary to paragraph 1921 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1922. No answer is necessary to paragraph 1922 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1923. No answer is necessary to paragraph 1923 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1924. No answer is necessary to paragraph 1924 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1925. No answer is necessary to paragraph 1925 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1926. No answer is necessary to paragraph 1926 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1927. No answer is necessary to paragraph 1927 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1928. No answer is necessary to paragraph 1928 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1929. No answer is necessary to paragraph 1929 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1930. No answer is necessary to paragraph 1930 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

1931. No answer is necessary to paragraph 1931 of the MCC because it only contains allegations relating to Plaintiffs' TDTPA claim, which the Court dismissed.

## ALLEGED CLAIMS ON BEHALF OF THE UTAH SUBCLASS

## CLAIM 61

### UTAH TRUTH IN ADVERTISING ACT
### Utah Code Ann. §§ 13.11a-1, et seq.

*Against GM*

1932. No answer is necessary to paragraph 1932 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1933. No answer is necessary to paragraph 1933 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1934. No answer is necessary to paragraph 1934 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1935. No answer is necessary to paragraph 1935 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1936. No answer is necessary to paragraph 1936 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1937. No answer is necessary to paragraph 1937 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1938. No answer is necessary to paragraph 1938 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1939. No answer is necessary to paragraph 1939 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1940. No answer is necessary to paragraph 1940 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1941. No answer is necessary to paragraph 1941 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1942. No answer is necessary to paragraph 1942 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1943. No answer is necessary to paragraph 1943 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

1944. No answer is necessary to paragraph 1944 of the MCC because it only contains allegations relating to the Utah Truth in Advertising Act claim, which the Court dismissed.

**ALLEGED CLAIMS ON BEHALF OF THE VERMONT SUBCLASS**

**CLAIM 62**

**VERMONT CONSUMER PROTECTION ACT**
**Vt. Stat. Ann. Tit. 9 §§ 2451, et seq.**

*Against GM*

1945. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1946. No answer is necessary to the allegations in paragraph 1946 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1947. No answer is necessary to the allegations in paragraph 1947 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1948. No answer is necessary to the allegations in paragraph 1948 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1949. No answer is necessary to the allegations in paragraph 1949 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1950. No answer is necessary to paragraph 1950 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations

against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1950 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1951. No answer is necessary to paragraph 1951 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1951 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1952. No answer is necessary to paragraph 1952 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1952 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1953. No answer is necessary to paragraph 1953 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1953 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1954. No answer is necessary to paragraph 1954 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1954 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1955. No answer is necessary to paragraph 1955 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1955 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1956. No answer is necessary to paragraph 1956 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1956 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1957. No answer is necessary to paragraph 1957 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1957 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1958. LNRS denies the allegations set forth in paragraph 1958 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

**ALLEGED CLAIMS ON BEHALF OF THE VIRGINIA SUBCLASS**

**CLAIM 63**

**VIRGINIA CONSUMER PROTECTION ACT**
**Va. Code Ann. §§ 59.1-196, et seq.**

*Against GM*

1959. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1960. No answer is necessary to the allegations in paragraph 1960 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1961. No answer is necessary to the allegations in paragraph 1961 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1962. No answer is necessary to the allegations in paragraph 1962 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1963. No answer is necessary to the allegations in paragraph 1963 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1964. No answer is necessary to paragraph 1964 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1964 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1965. No answer is necessary to paragraph 1965 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1965 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1966. No answer is necessary to paragraph 1966 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1966 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1967. No answer is necessary to paragraph 1967 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1967 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1968. No answer is necessary to paragraph 1968 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1968 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1969. No answer is necessary to paragraph 1969 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1969 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1970. No answer is necessary to paragraph 1970 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1970 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1971. No answer is necessary to paragraph 1971 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1971 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1972. LNRS denies the allegations set forth in paragraph 1972 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

## ALLEGED CLAIMS ON BEHALF OF THE WASHINGTON SUBCLASS

## CLAIM 64

### WASHINGTON CONSUMER PROTECTION ACT
### Wash. Rev. Code §§ 19.86.010, et seq.

*Against GM*

1973. LNRS incorporates its responses and denials to paragraphs 1 through 973 of the MCC as if fully restated.

1974. No answer is necessary to the allegations in paragraph 1974 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1975. No answer is necessary to the allegations in paragraph 1975 of the MCC because they only contain legal conclusions. To the extent those allegations are contrary to law, they are denied.

1976. No answer is necessary to paragraph 1976 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1976 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1977. No answer is necessary to paragraph 1977 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS admits only that GM furnished Driving Data to LNRS per the terms of the parties' contract. LNRS denies the remaining allegations in paragraph 1977 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1978. No answer is necessary to paragraph 1978 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1978 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1979. No answer is necessary to paragraph 1979 of the MCC because the allegations are directed at GM and OnStar, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1979 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1980. No answer is necessary to paragraph 1980 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1980 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1981. No answer is necessary to paragraph 1981 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1981 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1982. No answer is necessary to paragraph 1982 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in paragraph 1982 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1983. No answer is necessary to paragraph 1983 of the MCC because the allegations are directed at GM, and Plaintiffs fail to state any allegations against LNRS. To the extent a response is required, LNRS denies the allegations in

paragraph 1983 of the MCC for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1984. LNRS denies the allegations set forth in paragraph 1984 of the MCC and denies that it violated the law or that Plaintiffs are entitled to any relief against LNRS.

**ALLEGED CLAIMS ON BEHALF OF THE WEST VIRGINIA SUBCLASS**

**CLAIM 65**

**WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**
**W. Va. Code Ann. §§ 46A-6-101, et seq.**

*Against GM*

1985. No answer is necessary to paragraph 1985 of the MCC because it only contains allegations relating to Plaintiffs' West Virginia Consumer Credit and Protection Act ("WVCCPA") claim, which the Court dismissed.

1986. No answer is necessary to paragraph 1986 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1987. No answer is necessary to paragraph 1987 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1988. No answer is necessary to paragraph 1988 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1989. No answer is necessary to paragraph 1989 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1990. No answer is necessary to paragraph 1990 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1991. No answer is necessary to paragraph 1991 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1992. No answer is necessary to paragraph 1992 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1993. No answer is necessary to paragraph 1993 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1994. No answer is necessary to paragraph 1994 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1995. No answer is necessary to paragraph 1995 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1996. No answer is necessary to paragraph 1996 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1997. No answer is necessary to paragraph 1997 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

1998. No answer is necessary to paragraph 1998 of the MCC because it only contains allegations relating to Plaintiffs' WVCCPA claim, which the Court dismissed.

## REQUEST FOR RELIEF

LNRS denies that Plaintiffs are entitled to obtain any of the relief requested in the Request for Relief section of the MCC and its subparts and denies that Plaintiffs are entitled to any relief whatsoever.

**DEMAND FOR JURY TRIAL**

LNRS admits that Plaintiff purports to demand a trial by jury. LNRS denies any remaining allegations in the Demand for Jury Trial of Plaintiff's Complaint.

LNRS denies all the remaining allegations in Plaintiffs' MCC to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiffs for any of the requests for relief set forth in Plaintiffs' MCC.

**ADDITIONAL DEFENSES**

Without admitting any of the allegations in the MCC, and without admitting or acknowledging that LNRS bears the burden of proof as to any of them, LNRS asserts the following additional defenses. LNRS intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including, but not limited to, those defenses listed in Federal Rule of Civil Procedure 8(c).

**FIRST DEFENSE**

The MCC fails to the extent that it does not state a claim upon which the Court may grant relief.

**SECOND DEFENSE**

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, including because Plaintiffs and putative class members claims do not satisfy the Rule 23 requirements to sustain a class

action because, among other things, individual issues of consent, knowledge, expectation of privacy, data flows, insurer use, insurance purchased, and damages predominate and classes are not ascertainable, defeating commonality, predominance, typicality, and superiority.

**THIRD DEFENSE**

Plaintiffs' claims fail to the extent that Plaintiffs lack standing, including Article III standing because Plaintiffs suffered no concrete injury traceable to LNRS.

**FOURTH DEFENSE**

Plaintiffs' state law consumer protection claims are barred to the extent they lack statutory or prudential standing to assert them and/or fail to satisfy the statutory definitions/requirements to assert their claims, including against an entity with which they had no direct relationship and that did not transact with individual consumers.

**FIFTH DEFENSE**

Plaintiffs' claims are barred to the extent that they are preempted by federal law, including but not limited to by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

**SIXTH DEFENSE**

Plaintiffs' alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by LNRS, and those third parties were the sole cause of any such damages.

**SEVENTH DEFENSE**

Plaintiffs' claims fail because they have not suffered any recoverable form of damages.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their failure to exercise due care and diligence to avoid or mitigate any damages allegedly sustained.

**NINTH DEFENSE**

The alleged damages suffered by Plaintiffs, if any, were caused by the superseding and intervening acts of others whose conduct LNRS did not control.

**TENTH DEFENSE**

Any recovery Plaintiffs receive is subject to a set off if any damages are awarded against LNRS, in the amount of any damages or settlement amounts recovered by Plaintiffs with respect to the same alleged damages. LNRS is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs' alleged damages, if any, were not reasonably foreseeable and because Plaintiffs' alleged damages are supported only with speculation and conjecture.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by lack of actual or proximate causation.

**THIRTEENTH DEFENSE**

Any alleged premium increases or other economic injuries were caused by independent underwriting decisions of insurers using multiple factors rather than by any specific LNRS data point or report, and Plaintiffs cannot prove that LNRS' alleged conduct was a substantial factor in such decisions.

**FOURTEENTH DEFENSE**

Plaintiffs' claim for injunctive relief fails because any risk of future harm is speculative and not sufficiently concrete or imminent to justify injunctive or declaratory relief under Article III and traditional equity principles.

**FIFTEENTH DEFENSE**

Plaintiffs' claim for injunctive relief fails because Plaintiffs have an adequate remedy at law for any alleged injury.

**SIXTEENTH DEFENSE**

Plaintiffs' claim for declaratory relief fails on the basis that it is not a freestanding cause of action and/or is merely coextensive with the claims asserted.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, or unclean hands including, without limitation, because Plaintiffs previously made their personal information public and/or because that information was previously publicly exposed.

**EIGHTEENTH DEFENSE**

LNRS at all times acted in good faith and in compliance with applicable laws and regulations.

**NINETEENTH DEFENSE**

To the extent Plaintiffs seek exemplary or punitive damages, such awards are prohibited here under the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTIETH DEFENSE**

To the extent Plaintiffs seek exemplary or punitive damages, the MCC is devoid of facts sufficient to constitute a cause of action allowing for such an award.

**TWENTY-FIRST DEFENSE**

Plaintiffs are barred from recovering in excess of any statutory caps on punitive damages that may apply in this action.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims fail, in part, because Plaintiffs cannot maintain claims in a representative capacity under their state-law statutory causes of action, including for those states where they are not citizens.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims fail to the extent the statutes or regulations upon which Plaintiffs rely do not provide individuals with a private right of action.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs did not rely upon any alleged misrepresentations or omissions of LNRS or, alternatively, such reliance was not reasonable or justified.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims fail due to their failure to satisfy conditions precedent to suing under the laws on which Plaintiffs base some or all of their claims, including but not limited to Plaintiffs' failure to provide requisite written demands.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims fail due to the absence of any material misrepresentations, misleading disclosures, and/or omissions made by LNRS to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' state law consumer protection claims are barred because LNRS' conduct did not rise to the level of being unfair, abusive, deceptive, or unlawful, and LNRS' conduct was not immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

## TWENTY-EIGHTH DEFENSE

Some of Plaintiffs' state law consumer protection claims are barred because Plaintiffs have not purchased consumer goods or services from LNRS for primarily household purposes.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred to the extent they fall outside the applicable statute of limitations or are barred by the doctrine of laches.

## THIRTIETH DEFENSE

The MCC fails to the extent it does not allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs consented to LNRS' and Co-Defendants' alleged conduct in the MCC.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims are barred to the extent that any driving data at issue for Plaintiffs or putative class members was not sensitive or subject to any reasonable expectation of privacy.

**THIRTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' consent to the alleged collection, use, and sharing of their Driving Data.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' statutory claims are barred, in whole or in part, because LNRS and any alleged conduct on behalf of LNRS does not meet the statutory definitions of the entities and conduct governed by those statutes.

**THIRTY-FIFTH DEFENSE**

Plaintiffs' claims under Section 1681e(b) of the FCRA fail because LNRS, at all times relevant to Plaintiffs' claims, followed reasonable procedures to assure maximum possible accuracy of the information in its consumer reports regarding Plaintiffs, including because LNRS and its insurance carrier customers understood that Driving Data is associated with how Plaintiffs' vehicles on a household level

were being driven as insurers underwrite automobile insurance policies on a household level.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims under Section 1681e(b) of the FCRA fail to the extent LNRS reported accurate information relating to Plaintiffs because LNRS and its insurance carrier customers understood that Driving Data is associated with how Plaintiffs' vehicles on a household level were being driven as insurers underwrite automobile insurance policies on a household level.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims under Section 1681e(b) of the FCRA fail to the extent Plaintiffs lack damages arising from the alleged inaccurate reporting by LNRS.

**THIRTY-EIGHTH DEFENSE**

Plaintiff and the putative class members cannot recover from LNRS as a class action to the extent to which such class recovery would deprive LNRS of its due process rights to assert individualized defenses to claims of class members.

**THIRTY-NINTH DEFENSE**

Plaintiff cannot recover from LNRS individually or as a class action for punitive damages to the extent any award of punitive damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the

United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.

**FORTIETH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because the Driving Data received by LNRS is non-content "record information" and not "information concerning the substance, purport, or meaning" of any communication as required to state a claim under the Federal Wiretap Act, 18 U.S.C. § 2511, *et seq.* (the "FWA") or state wiretap analogs.

**FORTY-FIRST DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because the Driving Data received by LNRS is not an "electronic communication" required to state a claim under the FWA or state wiretap analogs.

**FORTY-SECOND DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because the Driving Data is excluded from "electronic communication" under the "tracking device" exception.

**FORTY-THIRD DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because the Driving Data does not qualify as "contents" of an "electronic communication" required to state a claim under the FWA or state wiretap analogs.

**FORTY-FOURTH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because LNRS did not "intercept" any of Plaintiffs' electronic communications in violation of the FWA or state wiretap analogs. All Driving Data LNRS received had already been collected, stored, and transmitted by GM and/or OnStar, and was delivered to LNRS via post-collection data feeds.

**FORTY-FIFTH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because LNRS' receipt of Driving Data from GM was not done "contemporaneously" with the recording of such Driving Data by Plaintiffs' vehicles as required to state a claim under the FWA.

**FORTY-SIXTH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because GM was a "party" to the communications and thus exempt under the FWA and therefore, there was no underlying FWA violation for LNRS to "know" or have reason to know about when receiving Driving Data from GM.

**FORTY-SEVENTH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because the "party exception" bars Plaintiffs' FWA and state wiretap analog claims against LNRS.

**FORTY-EIGHTH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because LNRS reasonably believed that GM lawfully obtained all Driving Data, including by consumer enrollment, privacy notices, and contract representations that GM had the necessary rights and consents, and LNRS reasonably relied on such representations and had no reason to know of any alleged defect in consent or interception to arise to a violation of the FWA and the state wiretap analogs.

**FORTY-NINTH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because LNRS did not "procure" or "endeavor to procure" any interception required to state a claim under the FWA or the state wiretap analogs.

**FIFTIETH DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because LNRS did not know or have reason to know the Driving Data it received from GM was allegedly intercepted in violation of the FWA and state wiretap analogs.

**FIFTY-FIRST DEFENSE**

Plaintiffs' claims for violation of federal and state wiretap acts fail because LNRS lacked the requisite scienter and mental state under the FWA and state wiretap analogs required to state a claim under each statute.

**FIFTY-SECOND DEFENSE**

Plaintiffs' claim for violation of the FCRA fails to the extent that they did not suffer an adverse action traceable to LNRS.

**FIFTY-THIRD DEFENSE**

Plaintiffs' claim for invasion of privacy through an intrusion upon seclusion fails because LNRS did not intrude into Plaintiffs' vehicles or private affairs.

**FIFTH-FOURTH DEFENSE**

Plaintiffs' invasion of privacy claim fails because LNRS' passive receipt of Driving Data from GM does not arise to an invasion of privacy through an intrusion upon seclusion.

**FIFTY-FIFTH DEFENSE**

Plaintiffs' invasion of privacy claim fails because Plaintiffs had no reasonable expectation of privacy in how they drove their vehicles or in their Driving Data.

**FIFTY-SIXTH DEFENSE**

Plaintiffs' invasion of privacy claim fails because LNRS' use of Driving Data in performing its services as a consumer reporting agency under the FCRA is not outrageous or egregious conduct required to state a claim for invasion of privacy.

**FIFTY-SEVENTH DEFENSE**

Plaintiffs' civil conspiracy claim fails because LNRS did not conspire with Co-Defendants to collect, use, or disclose Plaintiffs' Driving Data.

**FIFTY-EIGHTH DEFENSE**

Plaintiffs' civil conspiracy claim fails because LNRS' arm's-length business relationship with GM cannot serve as the basis for a civil conspiracy claim to commit an invasion of privacy.

**FIFTY-NINTH DEFENSE**

Plaintiffs' civil conspiracy to commit an invasion of privacy claim fails because Plaintiffs' invasion of privacy claim fails, and Plaintiffs cannot maintain a civil conspiracy claim without an underlying tort.

**SIXTIETH DEFENSE**

Plaintiffs' unjust enrichment claim fails because Plaintiffs conferred no direct benefit on LNRS.

**SIXTY-FIRST DEFENSE**

Plaintiffs' unjust enrichment claim fails to the extent that any benefits to Plaintiffs from the use of their driving data exceeded any "gains" to LNRS.

**SIXTY-SECOND DEFENSE**

Plaintiffs' unjust enrichment claim fails because LNRS was not unjustly enriched by the receipt of Plaintiffs' Driving Data. Rather, LNRS paid GM for Plaintiffs' Driving Data in an arm's length commercial exchange.

**SIXTY-THIRD DEFENSE**

Plaintiffs' unjust enrichment claim fails because Plaintiffs did not expect remuneration from LNRS.

**SIXTY-FOURTH DEFENSE**

Plaintiffs' claim for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* fails because Plaintiffs did not suffer an economic injury caused by any unfair, fraudulent, or deceptive business practices or false advertising by LNRS.

**SIXTY-FIFTH DEFENSE**

Plaintiffs' claim for violation of the New York General Business Law § 349 fails because LNRS' business is not "consumer-oriented" within the meaning of the statute.

**SIXTY-SIXTH DEFENSE**

Plaintiffs' claim for violation of the New York General Business Law § 349 fails because LNRS made no misleading or deceptive statements or conduct towards any consumers.

**SIXTY-SEVENTH DEFENSE**

Plaintiffs' claim for violation of the New York General Business Law § 349 fails because Plaintiffs cannot show that any misleading or deceptive act by LNRS caused any alleged injury.

**SIXTY-EIGHTH DEFENSE**

Plaintiffs' claim for violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.* ("NCUDTPA") fails because Plaintiffs are not consumers of LNRS.

**SIXTY-NINTH DEFENSE**

Plaintiffs' claim for violation of the NCUDTPA fails because Plaintiffs did not suffer an economic injury caused by any unfair, fraudulent, or deceptive business practices or false advertising by LNRS.

**SEVENTIETH DEFENSE**

Plaintiffs' claim for violation of the NCUDTPA fails because LNRS did not engage in any egregious or aggravating circumstances to cause Plaintiffs' an actual injury.

**SEVENTY-FIRST DEFENSE**

Plaintiffs' claim for violation of the NCUDTPA fails because Plaintiffs did not rely on any LNRS representation.

**SEVENTY-SECOND DEFENSE**

Plaintiffs are not entitled to injunctive relief against LNRS because LNRS has ceased receiving Driving Data from GM, and to the extent it retains historical data, it no longer uses or furnishes that data for new underwriting decisions, eliminating any imminent threat of future harm or need for any prospective relief.

**SEVENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory negligence and/or comparative fault, to the extent Plaintiffs' own negligent acts, errors, and omissions contributed to any alleged damages they claim to have suffered.

**SEVENTY-FOURTH DEFENSE**

Plaintiffs' claim for a willful violation under Section 1681e(b) of the FCRA fails under the standards set forth in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

**SEVENTY-FIFTH DEFENSE**

Under applicable law, LNRS does not owe a common law duty of care to Plaintiffs.

**SEVENTY-SIXTH DEFENSE**

Plaintiffs' claims fail, in whole or in part, due to a lack of privity with LNRS.

**SEVENTY-SEVENTH DEFENSE**

Plaintiffs voluntarily assumed the risk of any harm resulting from the acts alleged in the MCC, including by enrolling in or using connected vehicle services and features that collect and transmit driving data, and Plaintiffs therefore may not recover for any alleged harm.

**SEVENTY-EIGHTH DEFENSE**

Plaintiffs' MCC fails to plead claims sounding in fraud with the particularity required by Federal Rule of Civil Procedure 9(b) and fails to plead that LNRS acted with scienter.

**SEVENTY-NINTH DEFENSE**

Plaintiffs' claims under foreign state consumer protection or deceptive trade practice laws are barred by the Dormant Commerce Clause and the Due Process Clause of the United States Constitution. Some or all of Plaintiffs' claims under foreign state consumer protection or deceptive trade practice laws are further barred because those laws do not apply to conduct occurring outside of those states.

**EIGHTIETH DEFENSE**

LNRS incorporates by reference any defenses raised by Co-Defendants.

## RESERVATION OF RIGHT TO ASSERT FURTHER DEFENSES

LNRS reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE**, LNRS requests that the Court enter a judgment:

1. denying Plaintiffs any and all relief in this case;
2. dismissing Plaintiffs’ claims in their entirety;
3. dismissing this case with prejudice;
4. awarding LNRS its costs and attorneys’ fees incurring in this case; and
5. granting LNRS all other remedies that the Court deems just and proper.

Dated: June 17, 2026

Respectfully submitted,

/s/ *Ronald I. Raether, Jr.*
Ronald I. Raether, Jr. (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
100 Spectrum Center Drive
Suite 1500
Irvine, California 92618
Tel: (949) 622-2700
ron.raether@troutman.com

Julie Hoffmeister Smith (*pro hac vice*)
Timothy J. St. George (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
1001 Haxall Point
Richmond, Virginia 23219
Tel: (804) 697-1200
julie.hoffmeister@troutman.com
timothy.st.george@troutman.com

Cindy D. Hanson
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Tel: (404) 885-3000
cindy.hanson@troutman.com
*Attorneys for Defendant LexisNexis Risk Solutions Inc.*

## RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Ronald I. Raether, Jr.*
Ronald I. Raether, Jr.

*Attorney for Defendant LexisNexis Risk Solutions Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to all ECF registered participants.

DATED this 17th day of June, 2026.

*/s/ Ronald I. Raether, Jr.*
Ronald I. Raether, Jr.

*Attorney for Defendant LexisNexis Risk Solutions Inc.*