**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | No. 1:24-md-3115-TWT<br>GM/OnStar Defendants |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS GENERAL MOTORS LLC AND ONSTAR, LLC'S MOTION FOR PARTIAL RECONSIDERATION**

Plaintiffs notify the Court of the Supreme Court's recent decision in *Chatrie v. United States*, No. 25-112, 609 U.S. ___ (June 29, 2026), attached as Exhibit A.

In *Chatrie*, the Supreme Court held that an individual retains a legitimate expectation of privacy in their location data generated by Google's "Location History" service—even though the individual activated the service and even though Google collected and stored the data on its servers. Slip op. at 2–4. *Chatrie* interprets the Fourth Amendment, not the Federal Wiretap Act (FWA). Its reasoning, however, reinforces this Court's refusal to dismiss Plaintiffs' FWA claim and further undermines the arguments GM improperly recycles in its motion for reconsideration.

*First*, *Chatrie* supports the Court's refusal to apply the "party exception" at the pleading stage. *See* Doc. 203 at 35. In its motion, GM asserts that even if

Plaintiffs intended to communicate their driving data only with themselves, GM was a participant in the communication because the data passed through GM's servers before Plaintiffs could view it. Doc. 226-1 (Mot.) at 10–14. *Chatrie* involved a similar data flow: Google collected, stored, and processed the user's location data on its servers, and the user could then view the data on his phone. Slip op. at 3–4. Yet the Supreme Court rejected the government's argument that the user had shared the data with Google, such that the third-party doctrine barred him from invoking the Fourth Amendment's protection.[1] *Id.* at 24–29. The Court held that a "user is not to be viewed as sharing private information with third parties . . . just by doing the ordinary things cell-phone users do" (that is, using the apps and services provided). *Id.* at 28–29. In other words, a connected-service provider's role in collecting private information and returning it to its author does not make the provider a participant in the communication. *See id.*

That users "voluntarily" activate Google's Location History service did not change the analysis, *Chatrie* made clear, particularly given "how and why Google users turn on Location History." *Id.* at 26. The Court noted that Google (like GM) prompts the user to turn on the service, often warns that the device will not work correctly otherwise, and does not tell the user "quite what he is signing up for." *Id.*

[1] The third-party doctrine holds that by communicating information to a third party, an individual gives up all Fourth Amendment rights in the information exposed. *United States v. Miller*, 425 U.S. 435, 443 (1976).

For example, Google never discloses how often it will record the user's location, how precise the data will be, or that Google might disclose all that "minute-by-minute" information to others. *Id.* at 26–27. "In those circumstances," the Court explained, "it is hard to see how any user is, in the normal sense, 'sharing' with third parties a comprehensive catalog of his physical movements." *Id.* at 27 (quoting *Carpenter v. United States*, 585 U.S. 296, 314 (2018)). *Chatrie* thus undermines the premise of GM's intermediary theory: that by merely using a connected service, a consumer communicates their data with the service's provider.

*Second*, *Chatrie* reinforces this Court's conclusion that Plaintiffs' driving data constitutes "contents" under the FWA, which GM again asks the Court to treat as non-content record information. *See* Mot. at 17. *Chatrie* did not address the FWA's "contents" element. But "the statutorily prescribed line between a communication's contents and non-content information" is a line intended to be "identical to the constitutional distinction drawn" under the Fourth Amendment between contents (in which an individual may have a reasonable expectation of privacy) and record information (in which an individual does not). *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 136 (3d Cir. 2015) (quoting H.R. Rep. No. 107-236, at 53 (2001)).[2] And in holding that an individual has a reasonable

[2] In dicta, the Ninth Circuit in *In re Zynga Privacy Litigation* remarked that its cases addressing the contents/non-content record information distinction under the Fourth

expectation of privacy in their location data under the Fourth Amendment, *Chatrie* placed that data on the contents side of the line: it is "a personal journal of a user's movements," the Supreme Court stated, akin to emails and calendar entries. Slip op. at 18. *Chatrie*'s characterization of location data as substantive supports this Court's refusal to hold that Plaintiffs' driving data—which captures not only location history but also other "granular details of the vehicle's operation"—is categorically non-content record information under the FWA. Doc. 203 at 23, 28.

Amendment were "largely irrelevant to [the] enterprise of statutory interpretation" under the FWA. 750 F.3d 1098, 1108 (9th Cir. 2014). But *Zynga* did not explain why, and as the Eleventh Circuit has recognized, "the Supreme Court's reasoning" on an issue may be "instructive" even when "it arose in a slightly different context." *Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013).

Date: July 10, 2026

Respectfully submitted,

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com

/s/ *Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

***MDL Co-Lead Counsel***

Bryan L. Clobes
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com

Amy Keller
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel: (312)214-7900
akeller@dicellolevitt.com

***OnStar Track Co-Lead Counsel***

Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 24th Floor
New York, New York 10169
Tel: (212) 223-4478
jguglielmo@scott-scott.com

Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com

***LNRS/Verisk Track Co-Lead Counsel***

Kiley L. Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: (805) 270-7100
Kgrombacher@bradleygrombacher.com

Emily E. Hughes
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
eeh@millerlawpc.com

P. Graham Maiden
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9670
gmaiden@motleyrice.com

Thomas E. Loeser
**COTCHETT, PITRE & MCCARTHY LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel: (206) 802-1272
tloeser@cpmlegal.com

Adam E. Polk
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
apolk@girardsharp.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com

***OnStar Track Steering Committee***

Gayle M. Blatt
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, California 92101
Tel: (619) 238-1811
gmb@cglaw.com

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Rd., Suite 200
Montvale, New Jersey 07645
Tel: (201) 391-7000
ggraifman@kgglaw.com

Jennifer M. French
**JENNIFER M. FRENCH, APC**
1050 University Ave. E107 80
San Diego, California 92103
(858) 205-4119
jenn@frenchlawapc.com

Chris Springer
**KELLER ROHRBACK LLP**
801 Garden Street, Suite 301
Santa Barbara, California 93101
Tel: (805) 456-1496
cspringer@kellerrohrback.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

*LNRS/Verisk Track Steering Committee*

M. Brandon Smith
**CHILDERS, SCHLUETER & SMITH LLC**
1932 N. Druid Hills Road, Suite 100
Atlanta, Georgia 30319
Tel: (404) 419-9500
bsmith@cssfirm.com

*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send email notification to all counsel of record. I further certify that the foregoing was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1.

DATED July 10, 2026.

/s/ *John R. Bevis*
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com

*Attorney for Plaintiffs*